IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELANIE CHAMBERS, by and through her mother and next friend GAIL TATUM, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 2:06-CV-0083-WKW |
| PACTIV CORPORATION, a/k/a PACTIV, and LOUISIANA-PACIFIC CORPORATION, ) ) ) ) | |
| Defendants. ) ) | |

**DEFENDANT LOUISIANA PACIFIC CORPORATION'S PARTIAL
OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff's "Motion to Allow Amended Complaint," filed April 24, 2006, seeks leave to delete Count Nine ("Spoliation") as a cause of action, but to incorporate certain spoliation allegations into the Complaint's general allegations.

Because Count Nine fails to state a valid claim as a matter of law for the reasons described in prior briefing, Louisiana-Pacific has no objection to the deletion of Count Nine.  Louisiana-Pacific *does* object, however, to Plaintiff's request for leave to reassert spoliation claims elsewhere in a Second Amended Complaint.  Louisiana-Pacific states the following grounds for this partial objection to Plaintiff's "Motion to Allow Amended Complaint."

1.

Plaintiff's First Amended Complaint ("Complaint") asserts that unspecified laws required Louisiana-Pacific to maintain unspecified Facility records for an unspecified

period of time. Compl., ¶¶ 146-47, 149-51. Critically, Plaintiff concedes that any possibly-destroyed records are "not necessary for adequate proof of Plaintiff's claim." *Id.* at ¶ 144.[1]  Plaintiff further concedes uncertainty about whether any spoliation actually occurred at all. *Id.* (alleging that these unspecified records "*may have been* subject to spoliation or destruction.") (emphasis added).

2.

Under Alabama law, spoliation cannot create a presumption of liability unless the allegedly-destroyed materials are the critical or "key evidence" of Plaintiff's claims. *Vesta Fire Ins. Corp. v. Milam & Co. Constr.*, 901 So. 2d 84, 95 (Ala. 2004) (quoting *Wal-Mart Stores, Inc. v. Goodman*, 789 So. 2d 166, 176 (Ala. 2000)).

3.

Accordingly, Plaintiff cannot create an inference of Louisiana-Pacific's "guilt, culpability or awareness of [its] liability" under Alabama law having already conceded that the allegedly-destroyed documents are not material to Plaintiff's claims.  *See* Proposed Second Amended Compl., ¶ 104.  Regardless of where Plaintiff wants to assert spoliation allegations, these allegations do not entitle Plaintiff to any presumption of liability as a matter of law.

4.

This Court should therefore deny Plaintiff's request for leave to re-assert spoliation allegations in any amended Complaint.

---

[1] Apparently attempting to correct this plain legal deficiency, Plaintiff's Proposed "First Amended Complaint" reverses course and asserts for first time that the allegedly-destroyed documents are "material."  *See* ¶ 103.  Plaintiff's "Motion to Allow Amended Complaint" offers no explanation for this pleading inconsistency.

2

ATL01/12224159v1

This 17th day of May, 2006.

        /s/ Dennis R. Bailey
        Dennis R. Bailey
        ASB No. 4845-I71D
        R. Austin Huffaker
        ASB NO. 3422-F55R

        Counsel for Defendant Louisiana-Pacific
          Corporation

OF COUNSEL:

RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

H. Thomas Wells, Jr.

John A. Earnhardt

E. Bryan Nichols

/s/ Dennis R. Bailey  
Of Counsel