IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C., who sues by and through her mother and next friend, GAIL TATUM, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 2:06cv83-LES (LEAD CASE) |
| PACTIV CORPORATION, *et al.*, ) ) | |
| Defendants. ) | |

**O R D E R**

Now pending before the court is the defendants' joint motion to compel production of witness statements (doc. # 48).[1] On July 10, 2006, the court heard oral argument on the motion. The defendants seek the immediate production of witness statements of ten (10) witnesses based on the plaintiffs' representations that the witnesses have impaired memories, are suffering cognitive deficiencies and will be unable to recall with information with sufficient detail during their depositions. The plaintiffs argue that the prior videotaped witness statements constitute work product and are protected from discovery at this juncture by *Hickman v. Taylor*, 329 U.S. 495 (1947).

---

[1] The same motions have been filed in the other nine cases. *See 2:06cv84-LES, Phillips v. Pactiv Corp., et al.,* Doc. # 51; *2:06cv85-LES, Thompson v. Pactiv Corp., et al.,* Doc. # 54; *2:06cv86-LES, Edwards v. Pactiv Corp., et al.,* Doc. # 52; *2:06cv186-LES, Madden v. Pactiv Corp., et al.,* Doc. # 56; *2:06cv187-LES, Davis v. Pactiv Corp., et al.,* Doc. # 57; *2:06cv188-LES, Douglas v. Pactiv Corp., et al.,* Doc. # 57; *2:06cv189-LES, Thompson v. Pactiv Corp., et al.,* Doc. # 55; *2:06cv190-LES, Kelley v. Pactiv Corp., et al.,* Doc. # 54; and *2:06cv191-LES, Cravey v. Pactiv Corp., et al.,* Doc. # 21. By virtue of the consolidation order previously entered in these cases, this order resolves these motions.

The parties have agreed to an expedited deposition schedule to permit both discovery and preservation depositions within the next two months. The defendants are scheduled to take discovery depositions first and then, after a short interval, the plaintiffs will take preservation depositions. In light of the foregoing, and for the reasons as stated in open court, it is

ORDERED as follows:

1. That, to the extent that the motion to compel production of witness statements (doc. # 48) seeks the immediate production of the witness statements, the motion be and is hereby DENIED without prejudice.

2. That, in the event the defendants can demonstrate that during the discovery depositions the plaintiffs were unable to recall the events about which they were being deposed, the plaintiffs be and are hereby DIRECTED to produce that witness's statement prior to the taking of the preservation depositions unless objections are filed as provided in paragraph 4 of this order.

3. That, in the event the plaintiffs are required to produce a witness's prior statement, at the time of the preservation deposition, the defendants be and are hereby PERMITTED to further depose the witness regarding his or her prior statement.

4. That the parties shall have seven (7) calendar days after the conclusion of each witness's discovery deposition to object to proceeding in the manner described herein. Before filing objections counsel for all parties are DIRECTED to confer in a good faith effort

to resolve any dispute or objections.

    Done this 12th day of July, 2006.


                                      /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE