**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

M.C., Who Sues
By and Through Her Mother and Next
of Friend Gail Tatum,                                                                 **PLAINTIFF**

VERSUS                          CIVIL ACTION NO. 2:06-CV-00083-LES-CSC

                                                                                 **(LEAD CASE)**

**PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,**                                **DEFENDANTS**

**PLAINTIFFS' PROPOSED SCHEDULING ORDER**

   **SECTION 1**.  A pretrial hearing of this case is scheduled for , 2007, at _____ in the Chambers of United States District/Magistrate Judge , The Frank M. Johnson, Jr. Federal Building and United States Courthouse, Montgomery, Alabama, and the first trial group in these consolidated cases is set for trial during the term of court commencing on _____, 2007, in _____, Alabama.  (The first trial group in these consolidated cases will be ready for trial in September 2007).

   **SECTION 2**.  This order applies to all cases in this group of cases that have been consolidated for discovery purposes.  The court finds that consolidation of all cases for a common trial is impractical, although they involve common questions of law and fact.  The court finds that, pursuant to Fed.R.Civ.P. 42(a), a joint trial of a group of plaintiffs in actions that involve common questions of law and fact will tend to avoid unnecessary costs or delay.

   It is therefore ordered that plaintiffs' attorneys shall file a list of three (3) separate trial groups that shall be comprised of no more than four (4) plaintiffs.  The court will issue a separate order consolidating the plaintiffs in each separate trial group for a common trial.  Cases involving claims for wrongful death shall not be consolidated with cases for claims for personal injury or property damage.

In the event a plaintiff named in a designated trial group dies during the pendency of this action, and a claim for wrongful death arises, that deceased plaintiff's claim shall be transferred to a trial group, if one exists, in which all claims are for wrongful death.

Individual discovery on the pending plaintiffs who have not been designated into a trial group shall be stayed, except for the following agreed upon case evaluation process:

    A.    Plaintiffs' counsel shall provide defendants' counsel with specific exposure, occupational, and medical history information in a format to be agreed by the parties, taking into consideration the needs of the defendants and the burden on the plaintiffs. Plaintiffs' counsel shall provide such information for one hundred (200) plaintiffs each month, beginning 60 days after the entry of this order.

    B.    Counsel for defendants may provide plaintiffs' counsel with information release forms for medical documents, social security documents, employment documents, or other relevant discoverable documents. Plaintiffs' counsel shall return executed information release forms to defendants for two hundred (200) plaintiffs each month, beginning 90 days after receipt of the information release form from the defendants. All information release forms shall remain in effect during the pendency of discovery in this cause, and the defendants may use the information release forms throughout the pendency of discovery; provided, however, that seven (7) days prior to using any information release form, the defendants' counsel shall disclose to the plaintiffs' counsel the entity to which the form is to be delivered; provided further that fourteen (14) days after receiving responsive documents, the defendants' counsel shall provide the plaintiffs' counsel with copies of all documents received, together with a copy of the defendants' document request and other correspondence with the third party.

    C.    Failure to timely furnish specific exposure, occupational, and medical history information or information release forms by non-trial group designated plaintiffs shall be grounds for dismissal, with prejudice, of the delinquent plaintiffs' claims;

provided, however, that such plaintiffs shall be provided an opportunity to cure and the defendants shall, thirty (30) days prior to filing a request for dismissal based on this provision, notify the plaintiffs' counsel in writing of any claimed deficiencies.

**SECTION 3.** As provided in Fed.R.Civ.P. 16(d), a final pretrial conference in the case of the first trial group is set in chambers for _____, 2007, in Montgomery Alabama at ___.m. at the Frank M. Johnson, Jr. Federal Building and United States Courthouse. This conference shall be attended by at least one of the attorneys who will try the case for each of the parties. The court will address the matters provided for in Rule 16(c). All motions that have not been submitted or ruled on will be heard at this time. The parties are DIRECTED to jointly prepare a proposed pretrial order consistent with the outline attached to this order. The plaintiff shall insure that the original of the proposed pretrial order is received by the court NOT LATER THAN FIVE BUSINESS days prior to the pretrial conference.

**SECOND TRIAL GROUP TRIAL SETTING:** Jury selection is set for December 10, 2007, commencing at 10:00 a.m., in Montgomery, Alabama before United States District Judge Lyle E. Strom in the second designated trial group. The second designated trial group is set for trial commencing immediately after jury selection in Montgomery, Alabama.

**THIRD TRIAL GROUP TRIAL SETTING:** Jury selection is set for February 25, 2008, commencing at 10:00 a.m., in Montgomery, Alabama before United States District Judge Lyle E. Strom in the third designated trial group. The third designated trial group is set for trial commencing immediately after jury selection in Montgomery, Alabama.

**SECTION 4.** Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **(90) DAYS** prior to the pretrial hearing. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 5.** On or before **TWENTY-ONE (21) DAYS** after the deadline for the filing of dispositive motions, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not less than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation". This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. Information about mediation is attached to this order.

**SECTION 6.** Any motions to amend the pleadings and to add parties shall be filed at least 30 days prior to the pre-trial hearing.

**SECTION 7.** The failure to file a response to any motion – either dispositive or non-dispositive – within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 8**. All discovery shall be completed 60 days prior to the pre-trial hearing, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 11 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 9.** The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiffs – 120 days before the pre-trial conference.

From the defendants – 90 days before the pre-trial conference.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

LEGAL02/30152586v1

**SECTION 10.**  60 days before the pre-trial conference, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Paragraph 10.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 11.**  30 days before the pre-trial conference, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial.  Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be sued, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment.  Except to the extent written objections are served and filed 14 days before the pre-trial conference, each party shall be deemed to have agreed that one of the conditions for admissibility under rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 12**.  30 days before the pre-trial conference, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be sued at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written objections are served and filed no later than two weeks before the pre-trial conference, the evidence shall be deemed genuine and admissible in evidence.  The written</u>

objections shall set forth the grounds and legal authorities. All trial exhibits must be premarked prior to trial.

**SECTION 13.** Except to the extent of any conflict with deadlines set out above, the Discovery Plan contained in the Report of Parties Planning Meeting, filed on November 9, 2006, is adopted and incorporated herein.

**SECTION 14.** The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, **ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY**. Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

**SECTION 15**. In cases involving jury trials, the **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

**SECTION 16**. If any party has an objection to these deadlines, the party should inform the Court within **14** days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

DONE this _____ day of _____, 2006.

LEGAL02/30152586v1