# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**M.C., Who Sues**
**By and Through Her Mother and Next**
**of Friend Gail Tatum,**                                                **PLAINTIFF**

**VERSUS**              **CIVIL ACTION NO. 2:06-CV-00083-LES-CSC**

                                                                **(LEAD CASE)**

**PACTIV CORPORATION and**
**LOUISIANA-PACIFIC CORPORATION,**                        **DEFENDANTS**

## DEFENDANTS' PROPOSED SCHEDULING ORDER

**SECTION 1**.   Pretrial hearings and trial settings in these consolidated cases will be determined following the completion of the initial discovery schedule set forth in SECTION 2.

**SECTION 2**.   The deadlines and timing of discovery shall be as follows:

Within 30 days of the Court's resolution of the Defendants' motions to dismiss, the parties will exchange the information required by Rule 26(a)(1).

Within 30 days of the resolution of the motions to dismiss, each Plaintiff shall provide the affidavits requested in Defendants' Motion for a *Lone Pine* Case Management Order.

Within 30 days of the resolution of the motions to dismiss, each Plaintiff shall provide signed authorizations for the disclosure of protected health information; release of disability information; release of employment information; and release of worker's compensation information, along with a list of medical providers and prior and current employers.

Within 14 days thereafter, the parties shall serve any written discovery and may commence any other fact discovery. Additionally,

Defendants will shall serve subpoenas on those third-parties necessary to obtain records subject to Plaintiffs' authorizations.

Within 60 days thereafter, the parties shall respond to written discovery.

Within 180 days thereafter, Defendants shall conduct depositions and independent medical examinations of an initial group of individual Plaintiffs on a rolling basis. Defendants are prepared to depose as many as 4 plaintiffs each day during this period for a total of 300 or more Plaintiffs.

Within 60 days thereafter, initial fact discovery shall close for those Plaintiffs whose depositions and independent medical examinations are completed per the preceding paragraph. Depositions, independent medical examinations, and other discovery of remaining Plaintiffs shall continue.

No later than 30 days after the close of this initial fact discovery, Plaintiffs shall (i) disclose the names of all expert witnesses that may provide testimony at trial of these initial plaintiffs, and (ii) produce all expert reports.

Within 60 days thereafter, Defendants shall take depositions of Plaintiffs' expert witnesses.

Within 30 days thereafter, Defendants shall (i) disclose the names of all expert witnesses that may provide testimony at trial of these initial plaintiffs, and (ii) produce all expert reports.

Within 60 days thereafter, Plaintiffs shall take depositions of Defendants' expert witnesses.

Within 30 days thereafter, Defendants shall serve any motions and memoranda in support of summary judgment or other dispositive motions and any motion to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).or similar case law ("<u>Daubert</u> Motions").

Plaintiffs shall serve their: (1) responses and memoranda in support for any opposition to summary judgment or other dispostive motions; and (2) opposition to any <u>Daubert</u> Motions filed by Defendants, on or before 45

days following the date on which Defendants file such motions.

Defendants shall serve their reply memoranda in support of dispositive motions and any <u>Daubert</u> Motions 14 days following the date on which Plaintiffs file opposition to any such motions.

Defendants respectfully request that the Court schedule a hearing on any dispositve motions and/or <u>Daubert</u> Motions.

Once the Court has ruled on dispositive motions and <u>Daubert</u> Motions, the parties will confer to provide a joint proposed trial format and schedule for any remaining Plaintiffs and claims.

**SECTION 3.**  As provided in Fed.R.Civ.P. 16(d), and in SECTION 1 herein, final pretrial conferences will be scheduled following the completion of the initial discovery schedule, and set in chambers for _____, in Montgomery Alabama at the Frank M. Johnson, Jr. Federal Building and United States Courthouse.  These conferences shall be attended by at least one of the attorneys who will try the case for each of the parties.  The court will address the matters provided for in Rule 16(c).  All motions that have not been submitted or ruled on will be heard at this time.  The parties are DIRECTED to jointly prepare a proposed pretrial order consistent with the outline attached to this order.  The plaintiff shall insure that the original of the proposed pretrial order is received by the court NOT LATER THAN FIVE BUSINESS days prior to the pretrial conference.

**SECTION 4.**  Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed as set forth in SECTION 2 herein, and no later than **(90) DAYS** prior to the pretrial hearing.  A brief and all supporting evidence shall be filed with any such motion.  In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 5.**  On or before **TWENTY-ONE (21) DAYS** after the deadline for the filing of dispositive motions, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage

in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not less than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation". This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. Information about mediation is attached to this order.

**SECTION 6.** Any motions to amend the pleadings and to add parties shall be filed within 30 days following the deadline for Rule 26(a)(1) disclosures.

**SECTION 7.** The failure to file a response to any motion – either dispositive or non-dispositive – within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 8**. All discovery shall be completed as set forth in SECTION 2 herein, and no later than 60 days prior to the pre-trial hearing, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 11 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 9.** The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, in accordance with the schedule set forth in SECTION 2.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 10.** 60 days before the pre-trial conference, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately

identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Paragraph 10.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 11.**  30 days before the pre-trial conference, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial.  Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be sued, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment.  Except to the extent written objections are served and filed 14 days before the pre-trial conference, each party shall be deemed to have agreed that one of the conditions for admissibility under rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 12**.  30 days before the pre-trial conference, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be sued at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written objections are served and filed no later than two weeks before the pre-trial conference, the evidence shall be deemed genuine and admissible in evidence.  The written objections shall set forth the grounds and legal authorities.  All trial exhibits must be premarked prior to trial.</u>

**SECTION 13.**  Except to the extent of any conflict with deadlines set out above, the Discovery Plan contained in the Report of Parties Planning Meeting, filed on November 9, 2006, is adopted and incorporated herein.

**SECTION 14.**  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, **ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY**.  Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions.  The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

**SECTION 15**.  In cases involving jury trials, the **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

**SECTION 16**.  If any party has an objection to these deadlines, the party should inform the Court within **14** days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties.  Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

DONE this _____ day of _____, 2006.