IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GAIL BEDSOLE TATUM as Mother and Administratrix of the Estate of MELANIE CHAMBERS, a Deceased Minor Child,<br><br>Plaintiff,<br><br>v.<br><br>PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:06-cv-83-LES-CSC<br>)  (LEAD CASE)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT LOUISIANA-PACIFIC'S MOTION TO DISMISS COUNTS ONE, THREE, AND SIX OF THE THIRD AMENDED COMPLAINT**

Defendant Louisiana-Pacific Corporation ("Louisiana-Pacific") moves to dismiss Counts One, Three, and Six of Plaintiff's Third Amended Complaint filed on behalf of the Estate of Melanie Chambers.[1] As briefed in Louisiana-Pacific's prior "Memorandum of Law in Support of Motion to Dismiss" (doc. # 15) and "Reply In Support of Motion to Dismiss" (doc. # 27), Counts One, Three, and Six of the Plaintiff's Third Amended Complaint still fail as a matter of law.[2] Additionally, to the extent the Court does not

---

[1] Louisiana-Pacific previously filed Motions to Dismiss, or in the Alternative, For More Definite Statement, in nine other related cases: *Phillips v. Pactiv Corp.*, Civ. No. 2:06-cv-00084-LES-CSC; *Thompson v. Pactiv Corp.*, Civ. No. 2:06-cv-00085-LES-CSC; *Edwards v. Pactiv Corp.*, Civ. No. 2:06-cv-00086-LES-CSC; *Madden v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00186-LES-CSC; *Davis v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00187-LES-CSC; *Douglas v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00188-LES-CSC; *Thompson v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00189-LES-CSC; *Kelley v. v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00190-LES-CSC; and *Cravey v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00191-LES-CSC. In response to the pending complaint in each case, Louisiana-Pacific hereby renews its previous motion to dismiss, or in the alternative, for more definite statement, filed March 22, 2006, for the reasons set forth in Louisiana-Pacific's supporting briefs.

[2] Although the Third Amended Complaint also includes a claim for conspiracy (Count Five), Louisiana-Pacific's understanding, based on the November 30, 2006 hearing before this Court, is that Plaintiff does not intend to assert a conspiracy claim. To the extent the Third Amended

dismiss Counts One, Three, and Six in their entirety, Louisiana-Pacific renews its prior Motion for More Definite Statement because Plaintiff still fails, despite several amendments to the original Complaint, to give adequate notice of the basis for her claims.

1. **Counts One, Three, and Six of the Third Amended Complaint Are Barred by Alabama's Two-Year Statute of Limitations and Must Be Dismissed.**

Counts One (Negligence), Three (Negligence *Per Se*) and Six (Failure to Warn) are subject to a two- year statute of limitations established by Ala. Code §6-2-38. *See* Louisiana-Pacific's prior Memorandum of Law at pp. 4-5. This two-year statute of limitations began running on the date of Decedent's last exposure to emissions from the Facility's operations. *Id*. Because it is undisputed that Facility operations ceased no later than 1999, the last possible date that Decedent could have filed these claims was 2001. *Id*. Counts One, Three, and Six are therefore time-barred and must be dismissed.

2. **Count Three of the Third Amended Complaint Also Fails to State a Valid Claim Under Alabama Law.**

As set forth at pp. 6-7 of Louisiana-Pacific's prior Memorandum of Law, "not every violation of a statute or ordinance constitutes negligence *per se*." *Parker Bldg. Servs. Co. v. Lightsey*, 2005 WL 1415413, at *3 (Ala. 2005). Instead, Plaintiff must allege that (i) the purportedly-violated statutes and regulations were intended to protect a specific class of persons, <u>and</u> (ii) that the <u>Decedent</u> belonged to that protected class. *See* Louisiana-Pacific's prior Memorandum of Law at pp. 6-7. As applied here, the Third Amended Complaint references a laundry list of federal and state statutes and regulations that Defendants allegedly violated but still fails to allege that *any* of these statutes or

---

Complaint purports to state a claim for conspiracy, Louisiana-Pacific submits that it fails as a matter of law for the reasons set forth at pp. 9-11 of Louisiana-Pacific's prior Memorandum of Law and should likewise be dismissed.

regulations were intended to protect a specific class of persons as opposed to the public at large. Nor does the Third Amended Complaint allege that Decedent belonged to any such specially-protected class. Thus, Count Three must be dismissed.

**3. Louisiana-Pacific is Entitled to A More Definite Statement of Plaintiff's Claims.**

Finally, Louisiana-Pacific renews its prior Motion for More Definite Statement to the extent that this Court does not dismiss Counts One, Three, and Six. Despite Plaintiff's modest amendments, the Third Amended Complaint still fails to provide adequate information about the alleged exposures and injuries that form the basis of Decedent's claims. For the reasons set forth at pp. 17-19 of Louisiana-Pacific's prior Memorandum, this Court should require Plaintiff to provide a more definite statement of her claims against Louisiana-Pacific, including (i) the specific chemical(s) that allegedly caused the injury or disease that led to Decedent's death and (ii) the circumstances surrounding *this Decedent's* alleged exposure to such chemical(s).

## CONCLUSION

For the foregoing reasons (and all other reasons set forth in Louisiana-Pacific's prior briefing), Counts One, Three, and Six of the Third Amended Complaint should be dismissed pursuant to Alabama's applicable two-year statute of limitations. Additionally, Rule 12(b)(6) requires this Court to dismiss Plaintiff's Negligence *Per Se* claim for failure to state a valid cause of action under Alabama law. Finally, if it does not dismiss Counts One, Three, and Six, this Court should grant Louisiana-Pacific's renewed Motion for More Definite Statement and require Plaintiff to provide a more definite statement of Decedent's alleged exposures and the chemical(s) that Plaintiff contends caused Decedent's death.

LEGAL02/30179809v1

Respectfully submitted this 6th day of December, 2006.

/s/Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Mark R. TerMolen

John C. Berghoff, Jr.

Matthew C. Sostrin

John A. Earnhardt

H. Thomas Wells, Jr.

/s/Orlyn O. Lockard, III
Of Counsel