IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GAIL BEDSOLE TATUM, as Mother      )
and Administratrix of the          )
Estate of MELANIE CHAMBERS, a      )
deceased minor child,              )
                                   )
             Plaintiff,            )    CIVIL ACTION NO. 2:06CV83-LES
                                   )              (LEAD CASE)
        v.                         )
                                   )
PACTIV CORPORATION and             )        MEMORANDUM AND ORDER
LOUISIANA-PACIFIC CORPORATION,     )
                                   )
             Defendants.           )
_____    )


        This matter is before the Court on motions to dismiss
and for a more definite statement filed by defendants, Pactiv
Corporation ("Pactiv") and Louisiana-Pacific Corporation("LP")
(Filing Nos. 109 and 110 in 2:06CV83).  Having reviewed the
motions, the parties' briefs, and the applicable law, the Court
finds the motions to dismiss will be denied without prejudice.[1]

**BACKGROUND**

        Plaintiff is the mother, custodial parent, and
administratrix of the estate of Melanie Chambers, a deceased
minor child, who allegedly died due to exposure to toxic
chemicals and hazardous waste released into the environment from
a wood treatment facility that was formerly owned and operated by

_____

        [1] The defendants' motions to dismiss (Filing Nos. 109 and 110)
pertain to the third amended complaint (Filing No. 103).  The parties
have agreed to adopt and incorporate the arguments set forth in the
briefing that was filed in conjunction with the defendants' original
motions to dismiss (Filing Nos. 13, 15, 21, 26, 27).

Pactiv and LP (collectively, "defendants") in Lockhart, Alabama
(Filing No. 103 ("Third Amended Complaint") ¶¶ 6,7). The third
amended complaint alleges Pactiv or its predecessors assumed
ownership and began operation of the facility some time prior to
1960 (*Id.* ¶ 10). LP began ownership and operation of the
facility in November 1983 (*Id.* ¶ 40).

Plaintiff alleges six causes of action against the
defendants: count one is negligence causing death; count two is
recklessness causing death; count three is negligence per se
causing death; count four is intentional tort causing death;
count five is conspiracy;[2] and count six is failure to warn.
Defendants argue several grounds for dismissal of the third
amended complaint, in its entirety or in part, or for a more
definite statement of plaintiff's claims.[3]

### STANDARD OF REVIEW

The Court "may only grant a Rule 12(b)(6) motion to
dismiss where it is demonstrated 'beyond doubt that the plaintiff
can prove no set of facts in support of his claim which would
entitle him to relief.'" *Day v. Taylor*, 400 F.3d 1272, 1275
(11th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46

---

[2] On December 6, 2006, plaintiff filed notice of dismissal of the
conspiracy count (Filing No. 111).

[3] In the reply briefing, defendants argue that the exhibits
attached to plaintiff's opposition brief are improper at this stage of
the litigation and should be stricken and disregarded. The Court
agrees.

(1957)).  The Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations in the complaint as true.  *Id.*  The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim.  *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

**DISCUSSION**

**I.    Statute of Limitations**

Defendant LP makes various arguments that the causes of action are barred by the applicable limitations periods. Plaintiff opposes such arguments.  Both parties present fact-intensive arguments as to the accrual of the actions and the applicability of the federally required commencement date codified in 42 U.S.C. § 9658(a)(1).

The Court finds dismissal based on statute of limitations grounds is premature.  It is not clear from the face of the complaint that this action is barred, and the preliminary briefing on this issue has demonstrated the existence of factual disputes as to when the alleged injuries accrued.  Further discovery is appropriate on this issue; therefore, the motions to dismiss on statute of limitations grounds will be denied without prejudice.  *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845-46 (11th Cir. 2004).

## II.  Rule of Repose

Defendant Pactiv argues that plaintiff's claims have been extinguished by the operation of Alabama's twenty-year rule of repose.  Pactiv cites *Morgan v. Exxon Corp.,* 869 So.2d 446, 448 (Ala. 2003), claiming the twenty-year period begins "from the moment that the actions giving rise to the claim occurred."  On the other hand, plaintiff cites *American General Life and Accident Ins. Co. v. Underwood*, 886 So.2d 807, 812 (Ala. 2004), arguing the time period does not begin to run until "all of the essential elements of [the] claim coexist so that the plaintiff could validly file suit."

*Morgan*, the case Pactiv relies upon, is an anomaly and is not in accord with a long line of Alabama cases decided before and after *Morgan*.  *Morgan* quoted language from *Moore v. Liberty Nat'l Ins. Co.,* 108 F. Supp. 2d 1266, 1275 (N.D. Ala. 2000), which purportedly relied upon *Tierce v. Ellis,* 624 So.2d 553, 554 (Ala. 1993).  However, the rule recited in *Tierce* does not support *Moore's* interpretation of the rule of repose.  Instead, *Tierce* determined Alabama's rule of repose "bars actions that have not been commenced within 20 years from the time they could have been commenced."  *Tierce*, 624 So.2d at 554.  The rule in *Tierce* is in line with various Alabama decisions.  *See American General Life and Acc. Ins. Co. v. Underwood*, 886 So.2d 807, 812 (Ala. 2004); *Ex parte Liberty Nat. Life Ins. Co.*, 825 So.2d 758,

-4-

764-65 (Ala. 2002); *Boshell v. Keith*, 418 So.2d 89, 91 (Ala. 1982).

Even if Pactiv's interpretation of the rule of repose were correct, granting Pactiv's motion to dismiss on rule of repose grounds would be inappropriate at this stage of the litigation. Pactiv argues that the rule of repose was triggered no later than November 1983, when it ceased operations at the wood treatment facility. That argument depends on Pactiv's assertion that Pactiv ceased operations at the facility in November, 1983. The third amended complaint does not allege that Pactiv ceased operations in November 1983; instead, it alleges that LP began operations in November 1983. Even assuming that Pactiv ceased operations and ownership of the facility in November 1983, it does not necessarily follow that Pactiv's actions giving rise to the plaintiff's claims ceased at that time. Pactiv may later prove that the plaintiff's claims are barred by the rule of repose; however, at this time, factual questions remain regarding the timeliness of plaintiff's claims.

**III. Other Grounds**

Defendants argue that various counts in the third amended complaint should be dismissed for failure to state a claim upon which relief may be granted. Defendants argue that plaintiff's negligence per se, conspiracy, products liability and

-5-

spoliation claims should be dismissed for failure to state a claim.

As noted above, since the initial briefing, plaintiff was granted leave to file a third amended complaint. The plaintiff no longer claims trespass or spoliation; therefore, the arguments pertaining to those claims are moot. On December 6, 2006, plaintiff filed notice of dismissal of the conspiracy count (Filing No. 111). This notice was unopposed, and the Court will dismiss that count without prejudice. In addition, plaintiff has amended the negligence per se claim to plead the specific laws and regulations that defendants have allegedly violated, and the third amended complaint alleges that these laws and regulations were designed to prevent harm to a class of persons similar to plaintiff's decedent (Third Amended Complaint ¶¶ 115-23). Under the liberal notice pleading standard, the third amended complaint contains sufficient allegations of negligence per se to preclude dismissal at this time. Similarly the third amended complaint contains sufficient allegations to preclude dismissal at this time on plaintiff's remaining claims.

The defendants also move for a more definite statement of plaintiff's claims, arguing the third amended complaint fails to give them adequate information about the alleged exposures and injuries that form the basis of the claims. Under the liberal notice pleading requirements, the allegations in the third

-6-

amended complaint are sufficient to put defendants on notice of plaintiff's claims as required by the Federal Rules of Civil Procedure.  For the reasons stated in this memorandum,

IT IS ORDERED:

1) The defendants' motions to dismiss and for more definite statement (Filing Nos. 109 and 110) are denied without prejudice; and

2) Count Five of the third amended complaint, which alleges a conspiracy, is dismissed without prejudice.

3) The motions to strike filed on May 17, 2006, by Pactiv Corporation and/or TMA Forest Products Group in 2:06CV83, 2:06CV84, 2:06CV86, 2:06CV186, 2:06CV187, 2:06CV188, 2:06CV189 2:06CV190, and 2:06CV191 are denied as moot.[4]

4) All motions to dismiss in 2:06CV83, 2:06CV84, 2:06CV85, 2:06CV86, 2:06CV186, 2:06CV187, 2:06CV188, 2:06CV189 2:06CV190, and 2:06CV191 are denied.

DATED this 8th day of December, 2006.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

[4] With respect to TMA Forest Products motion, the Court notes this party is no longer a defendant, having been dismissed on February 21, 2006.

-7-