IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 2:06cv83-LES: ) |
| PACTIV CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

# PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO COMPEL

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and respond to *Defendants' Joint Motion to Compel* (Document 69), which was filed with this Honorable Court and served on the Plaintiffs on about August 7, 2006.[1] That motion is unfounded, and the Plaintiffs therefore pray that this Honorable Court will deny it.

### The Stated Purpose of the Motion Has Been Satisfied

In *Defendants' Joint Motion to Compel* filed on August 7, 2006 (Document 69), the Defendants state that the dates and circumstances of certain meetings[2] between the Plaintiffs and

---

1. By *Order* dated August 23, 2006 (Document 81), the Court scheduled oral argument on *Defendants' Joint Motion to Compel* and other matters for August 30, 2006. However, by *Order* dated August 30, 2006 (Document 86), the Court stayed all proceedings in this case pending mediation. Thereafter, by *Order* dated November 30, 2006 (Document 107), the Court ordered the Plaintiffs to show cause on or before Friday, December 15, 2006 why *Defendants' Joint Motion to Compel* should not be granted.

2. Throughout their motion, the Defendants consistently refer to these meetings as "public" meetings. The meetings, however, were not public meetings and were open only to individuals who were contemplating hiring the lawyers conducting the meetings. See the discussion on page 6 below.

their attorneys "are directly relevant to the 'discovery rule' upon which Plaintiffs attempt to rely," and that the Defendants seek through their motion "a fair opportunity to take discovery on this critical issue affirmatively raised by Plaintiffs." Thus, the Defendants leave this Honorable Court with the *<u>false impression</u>* that the Defendants never had "a fair opportunity to take discovery from the Plaintiffs." In fact, the Plaintiffs' counsel agreed to the Defendants' request to take two depositions of each Plaintiff – **one for the express purpose of *discovery***, and another videotaped deposition *<u>two weeks later</u>* for the purpose of preserving testimony for trial.[3] Thus, prior to the videotaped preservation depositions about which the Defendants complain,[4] **the Defendants took full discovery depositions of each Plaintiff and presumably asked every question that they wanted to ask**. Moreover, every question in the discovery depositions was answered. In short, the Defendants had a full and fair opportunity to obtain discovery about any issue they considered to be critical to their case, including the dates and circumstances of the Plaintiffs' meetings with their lawyers.

Perhaps even more significant is the fact that even at the subsequent videotaped preservation depositions, the Defendants asked questions about the dates, times, and circumstances of the Plaintiffs' meetings with their lawyers, and those questions were also answered! It was only when the Defendants specifically asked about the *<u>content</u>* of privileged

---

3.  This procedure was approved by the Court in its *Consent Scheduling Order on Expedited Depositions* entered on June 22, 2006 (Document 47).

4.  That the Defendants complain about the assertion of the attorney-client privilege not in the initial discovery depositions but in the subsequent preservation depositions is clearly stated in their motion: "During the recent preservation depositions for plaintiffs Deborah Reynolds, Kandy Creech, Dorothy DeVaughn, and Sandra Cobb, Plaintiffs' counsel asserted broad, unsubstantiated claims of attorney-client privilege over topics relating to the public [sic] meetings, and the deponents refused to answer questions concerning the same." *Defendants' Joint Motion to Compel* filed on August 7, 2006 (Document 69), page 2.

**Plaintiffs' Response to Defendants' Joint Motion to Compel**                                                                 **Page 2**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

attorney-client communications that the Plaintiffs were instructed not to answer. Moreover, the Defendants have not offered this Court any precedent supporting their assertion that they should be permitted to shatter the attorney-client privilege during depositions taken for trial purposes only, particularly when they had a full and unfettered opportunity to conduct discovery prior to the preservation depositions.

## The Defendants' Questions Were Not Relevant

While the Defendants contend that in order to fully conduct discovery on notice issues, it was necessary for them to ask the Plaintiffs about conversations the Plaintiffs had with their lawyers at their meetings, the Defendants have failed to offer any evidence that anything said at these meetings would affect the timeliness of the complaints. Indeed, even if the Plaintiffs received "notice" of their claims at the first meeting with their attorneys, the complaints were nevertheless all timely filed. The Defendants' "trial questions" were simply not relevant. Moreover, it is quite revealing that the Defendants did not in the preservation depositions ask the Plaintiffs about events that occurred at any point in time which would make notice to the Plaintiffs an issue.

## The Discovery and Preservation Depositions

For the Court's convenience the Plaintiffs have attached hereto the complete transcripts of the both the discovery and preservation depositions of the five Plaintiffs:

➢ The discovery deposition of <u>Sandra Elaine Cobb</u> taken on July 13, 2006 at the Powell Law Firm in Andalusia, Alabama, attached as **EXHIBIT A** hereto.

**Plaintiffs' Response to Defendants' Joint Motion to Compel**                                                                                       **Page 3**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

- ➤ The preservation deposition of <u>Sandra Elaine Cobb</u> taken on July 28, 2006 at the Embassy Suites Hotel in Montgomery, Alabama, attached as **EXHIBIT B** hereto.

- ➤ The discovery deposition of <u>Kandy Marie Creech</u> taken on July 14, 2006 at the Powell Law Firm in Andalusia, Alabama, attached as **EXHIBIT C** hereto.

- ➤ The preservation deposition of <u>Kandy Marie Creech</u> taken on July 27, 2006 at the Embassy Suites Hotel in Montgomery, Alabama, attached as **EXHIBIT D** hereto.

- ➤ The discovery deposition of <u>Sherri Lynn Davis</u> taken on July 11, 2006 at the Powell Law Firm in Andalusia, Alabama, attached as **EXHIBIT E** hereto.

- ➤ The preservation deposition of <u>Sherri Lynn Davis</u> taken on July 26, 2006 at the Embassy Suites Hotel in Montgomery, Alabama, attached as **EXHIBIT F** hereto.

- ➤ The discovery deposition of <u>Dorothy Ann DeVaughn</u> taken on July 11, 2006 at the Powell Law Firm in Andalusia, Alabama, attached as **EXHIBIT G** hereto.

- ➤ The preservation deposition of <u>Dorothy Ann DeVaughn</u> taken on July 27, 2006 at the Embassy Suites Hotel in Montgomery, Alabama, attached as **EXHIBIT H** hereto.

- ➤ The discovery deposition of <u>Deborah Ann Reynolds</u> taken on July 12, 2006 at the Powell Law Firm in Andalusia, Alabama, attached as **EXHIBIT I** hereto.

- ➤ The preservation deposition of <u>Deborah Ann Reynolds</u> taken on July 26, 2006 at the Embassy Suites Hotel in Montgomery, Alabama, attached as **EXHIBIT J** hereto.

**Plaintiffs' Response to Defendants' Joint Motion to Compel**                                               **Page 4**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

During the course of the preservation depositions, questioning by the Defendants' lawyers demonstrated an obsession with meetings between the Plaintiffs and their lawyers. Despite warnings that they should not ask about the ***content*** of communications between the Plaintiffs and their lawyers, the Defendants' lawyers persisted in doing so, making the depositions very unpleasant.  See, for example, the July 26, 2006 preservation deposition of Deborah Ann Reynolds, attached as **EXHIBIT J** hereto, page 73, line 13 – page 76, line 1; July 27, 2006 preservation deposition of Dorothy Ann DeVaughn, attached as **EXHIBIT H** hereto, page 58, line 2 – page 64, line 15; and July 28, 2006 preservation deposition of Sandra Elaine Cobb, attached as **EXHIBIT B** hereto, page 51, line 1 – 12.  In fact, the Defendants' lawyers were so intent on asking questions about communications between the Plaintiffs and their lawyers that they missed the opportunity to ask the Plaintiffs permissible questions.

## The Attorney-Client Privilege

Under Rule 501 of the FEDERAL RULES OF EVIDENCE, Alabama law governs attorney-client privilege issues in this case.[5]  In Alabama, the attorney-client privilege is established by Rule 502 of the ALABAMA RULES OF EVIDENCE.  Under this rule, the privilege attaches not when counsel is ***retained***, but rather when the attorney is ***consulted***:

> As under prior Alabama law, the privilege provided by Rule 502 is available to one who consults an attorney for the purpose of retaining the attorney.  It is available even if the attorney is never actually employed.

---

5.   Rule 501 provides, in relevant part, "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."

**Plaintiffs' Response to Defendants' Joint Motion to Compel**                                                              **Page 5**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

Advisory Committee Notes, Rule 502, ALABAMA RULES OF EVIDENCE. The scope of the privilege is broad and protected communications "… include within that term any knowledge that the attorney acquires from the client and any advice or counsel given to the client." *Id*. The privilege is not emasculated merely because two or more persons jointly consult an attorney, and joint clients may assert the privilege "as against outsiders." GAMBLE'S ALABAMA RULES OF EVIDENCE, § 502, p. 121 (1995).

## "Public" Meetings or Legal Consultation:
## What Was The Nature Of The Meetings?

In their motion the Defendants make the unsupported and erroneous assertion that the "Plaintiffs' counsel hosted ***public*** meetings at the former Florala armory hall ***prior*** to establishing an attorney-client relationship with any of the deponents or initiating litigation." *Defendants' Joint Motion to Compel* (Document 69), filed on August 7, 2006, page 3, *emphasis added*. The Defendants also state in their motion that they seek to compel the Plaintiffs to answer questions concerning these meetings, and "for the Plaintiffs to produce documents and information relating to the meetings." *Defendants' Joint Motion to Compel* (Document 69), filed on August 7, 2006, page 2. In fact, the meetings were *not public* and were open only to individuals who were consulting the Plaintiffs' counsel about potential representation. *Affidavit of Debra Brooks Hughes*, December 13, 2006, attached as **EXHIBIT K** hereto. The mere fact that the Plaintiffs' jointly sought legal advice does not render the attorney-client privilege a nullity and joint clients may assert the privilege "as against outsiders." GAMBLE'S ALABAMA RULES OF EVIDENCE, § 502, p. 121 (1995).

**Plaintiffs' Response to Defendants' Joint Motion to Compel**     **Page 6**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

## Signing Contract or Consultation:
## When Does The Privilege Attach?

The Defendants appear to believe that the attorney-client privilege attaches only after a contract is signed, for they assert that the "***prospective plaintiffs*** had not yet retained counsel at the time of some, and in many cases, all of the meetings." <u>Defendants' Joint Motion to Compel</u> (Document 69), filed on August 7, 2006, page 5, *emphasis added*. Significantly, even the Defendants refer to the attendees as "***prospective plaintiffs***." In Alabama, the attorney-client privilege attaches not when counsel is ***retained***, but instead when an attorney is ***consulted***.

> As under prior Alabama law, the privilege provided by Rule 502 is available to one who consults an attorney for the purpose of retaining the attorney. It is available even if the attorney is never actually employed.

Advisory Committee Notes, Rule 502, ALABAMA RULES OF EVIDENCE.

## There Was No Waiver

The Defendants contend that the Plaintiffs waived the attorney-client privilege in two ways. First, the Defendants assert that the Plaintiffs waived the attorney-client privilege by testifying briefly in their discovery depositions about their meetings with their lawyers. But the attorney-client privilege is not waived "by disclosing the subject discussed without revealing the substance of the discussion itself." Advisory Committee Notes, Rule 510, ALABAMA RULES OF EVIDENCE. Moreover, even the disclosure of a portion of the privileged matter does not waive the privilege unless it is a "significant part" of the privileged matter. *Id*.

> The questions whether a party has implicitly waived the attorney-client privilege "turns on whether the actual content of the attorney-client communication has

**Plaintiffs' Response to Defendants' Joint Motion to Compel**                                                **Page 7**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

been placed in issue [in such a way] that the information is actually required for the truthful resolution of the issues raised in the controversy."

*Ex Parte State Farm Fire & Casualty Co.*, 794 So.2d 368, 376 (Ala. 2001), quoting *Mortgage Guarantee & Title Co. v. Cunha*, 745 A.2d 156, 160 (R.I. 2000).[6]

Second, the Defendants assert that merely by invoking CERCLA § 309, the Plaintiffs have made available for discovery by the Defendants **_every communication_** between the Plaintiffs and their attorneys, a sweeping conclusion not supported by any authority. Nevertheless, the Defendants place their reliance not upon Alabama law, but upon a decision of a New York federal court, *In re Pfohl Brothers Landfill Litigation*, 175 F.R.D. 13 (W.D.N.Y. 1997), in which the court acknowledged that the case was "**_governed under New York state law_**." *Id*. at 21, *emphasis added*. Moreover, the *Pfohl* case is factually distinguishable in at least three ways:

➢ First, in *Pfohl* the defendants identified with specificity each item that they wanted the plaintiffs to disclose. In stark contrast, the Defendants in this case seek to compel the Plaintiffs to answer undisclosed questions concerning their meetings with their own attorneys and "to produce documents and information relating to the meetings." *Defendants' Joint Motion to Compel* (Document 69), filed on August 7, 2006, page 2. This is an extraordinarily broad "fishing expedition" and gives the Court no basis for making an intelligent ruling.

---

6.   The Alabama Supreme Court has reached the same conclusion with respect to similar privileges. For example, the Court held that a dentist did not, by candidly testifying in a deposition about his chemical dependency, waive the right to assert the privilege with regard to his medical treatment records. *Ex Parte Etherton*, 773 So.2d 431 (Ala. 2000).

**Plaintiffs' Response to Defendants' Joint Motion to Compel**   **Page 8**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

> Second, and perhaps more fundamentally, the plaintiffs in *Pfohl* had hidden behind the attorney-client and work-product privileges, apparently failing or refusing to fully answer questions about when they knew or should have known that their injuries were caused by their exposures to the toxic substances at issue. "Plaintiffs' answers to the interrogatories were inadequate 'boilerplate' responses which failed to provide any substantive information thus hindering Defendants' preparation of any motion for summary judgment." 175 F.R.D. at 18. **In stark contrast, in the instant case, the Plaintiffs not only did not refuse to answer questions about their own knowledge – even knowledge learned through their attorneys – but merely refused to answer questions about the *content* of attorney-client communications**. Even the court in *Pfohl* recognized this very important distinction, stating that the privilege "protects communications rather than facts." *Id*. at 21. The Defendants in this case are not really interested in the underlying facts, but instead are intent on learning the substance of *all* communications between the Plaintiffs and their lawyers.

> Third, the defendants in *Pfohl* established a prima facie case demonstrating that the content of the meetings in that case would affect the timeliness of the claims in that case. In short, the defendants in *Pfohl* demonstrated that their questions were in fact ***relevant*** to the notice issue, **something that the Defendants in this case have not done**.

A fair reading of the transcripts of their depositions demonstrates that the Plaintiffs did not waive the attorney-client privilege, but instead tried to help the Defendants get the information they needed without breaching the privilege. Now the Defendants simultaneously

**Plaintiffs' Response to Defendants' Joint Motion to Compel**                                                                 **Page 9**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

make the *<u>inconsistent assertions</u>* (1) that the Plaintiffs waived the attorney-client privilege, thereby twisting the Plaintiffs efforts to freely answer questions about their knowledge without disclosing the content of attorney-client communications, and (2) that the Plaintiffs have not answered their questions. Had the Defendants focused their questions on the issue of the *<u>Plaintiffs' knowledge</u>*, rather than the *<u>content</u>* of communications between the Plaintiffs and their attorneys, this issue would not even be before the Court. This, more than anything else, confirms that the Defendants' true objective is a court-sanctioned fishing expedition rather than to ascertain what the Plaintiffs knew and when they knew it.

## Privilege Logs

The Defendants also ask the Court to "compel Plaintiffs to produce a full privilege log identifying all documents in Plaintiffs' possession, custody, or control (including documents possessed by Plaintiffs' counsel) for which a claim of privilege has been asserted." **<u>The Defendants omit to disclose to this Honorable Court that before the preservation depositions, a privilege log was dictated into the record for the three Plaintiffs who had documents</u>**:

➢ The privilege log transcript for <u>Kandy Marie Creech</u> and <u>Sherri Lynn Davis</u> was taken on July 26, 2006 at the Embassy Suites Hotel in Montgomery, Alabama, and is attached as **EXHIBIT L** hereto.

➢ The privilege log transcript for <u>Sandra Elaine Cobb</u> was taken on July 28, 2006 at the Embassy Suites Hotel in Montgomery, Alabama, and is attached as **EXHIBIT M** hereto.

**Plaintiffs' Response to Defendants' Joint Motion to Compel**                   **Page 10**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

That the Defendants have simply ignored these privilege logs and now ask this Court to compel the Plaintiffs to once again identify privileged communications speaks volumes about their real objective in filing their joint motion and their willingness to waste this Court's time.

## Relevant Discovery or Unnecessary Breach:
## What Do The Defendants Really Want?

Remarkably, the Defendants assert that they must invade the attorney-client privilege in order to learn "when each Plaintiff indeed knew or should have known of a potential claim." This assertion is simply ridiculous. As discussed above, the attorney-client privilege does not prevent the disclosure of a person's own knowledge, but it does protect the content of communications between attorney and client. Thus, rather than asking what the Plaintiffs' attorneys said to the Plaintiffs, counsel for the Defendants could have asked what the Plaintiffs themselves knew and when they knew it. This they chose not to do, and they should not now be given a second bite at the apple.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Honorable Court will deny the Defendants' joint motion to compel.

/s/ *Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Response to Defendants' Joint Motion to Compel**                                                   **Page 11**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

      I hereby certify that on December 15, 2006, I caused the foregoing *Plaintiffs' Response to Defendants' Joint Motion to Compel* to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to sent to the following:

W. Eason Mitchell, Esq.
Gregory A. Cade, Esq.
Fred R. DeLeon, Jr., Esq.
W. Lee Gresham, III, Esq.
John C. Berghoff, Jr., Esq.
Matthew C. Sostrin, Esq.
Mark R. Ter Molen, Esq.
H. Thomas Wells, Jr., Esq.
John A. Earnhardt, Esq.
Bernard Taylor, Esq.
Douglas S. Arnold, Esq.
Orlyn O. Lockhard, III, Esq.
Dennis R. Bailey, Esq.
R. Austin Huffaker, Esq.
Laura Porter, Esq.
Abner Riley Powell III, Esq.
Benjamin Max Bowden, Esq.
Edwin Bryan Nichols, Esq.

                      /s/ *Robert Leslie Palmer*
                      Of Counsel

**Plaintiffs' Response to Defendants' Joint Motion to Compel**      Page 12
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**