**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

GAIL BEDSOLE TATUM as Mother and ) 
Administratrix of the Estate of MELANIE ) 
CHAMBERS, a Deceased Minor Child, ) 
                                     )   Civil Action No. 
     Plaintiff )   2:06-cv-00083-LES-CSC 
                                       )   (Lead Case) 
     v. )   **(Answer Pertains Only to Member** 
                                        )   **Case 2:06-cv-00191-LES-CSC)** 
PACTIV CORPORATION and ) 
LOUISIANA-PACIFIC CORPORATION ) 
                                        ) 
     Defendants. )

## DEFENDANT LOUISIANA-PACIFIC CORPORATION ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Louisiana-Pacific Corporation (hereinafter referred to as "Defendant")

timely files its Answer and Defenses to Plaintiff's First Amended Complaint in the

above-styled action as follows:

## FIRST DEFENSE

Plaintiff's First Amended Complaint, and each Count therein, fails to state a claim

against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute or

statutes of limitations and/or rules of repose.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver,

estoppel, and laches.

## FOURTH DEFENSE

No act or omission on the part of Defendant caused or contributed to Plaintiff's alleged injuries.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of assumption of risk and informed consent.

## SIXTH DEFENSE

Some or all of Plaintiff's alleged injuries, damages or losses, if any, were proximately caused, or contributed to, by the negligence of the Plaintiff (or Decedent).

## SEVENTH DEFENSE

Plaintiff's alleged injuries, damages or losses, if any, were directly and proximately caused by the intervening, superseding acts and conduct of others over which Defendant had no control, thereby precluding any recovery against Defendant.

## EIGHTH DEFENSE

To the extent the First Amended Complaint fails to join indispensable parties, the First Amended Complaint must be dismissed or, alternatively, this civil action should be stayed pending other appropriate relief by the Court.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part in as much as Defendant owed no legal duty to Plaintiff (or Decedent) as alleged in the First Amended Complaint.

## TENTH DEFENSE

Plaintiff (or Decedent) failed to mitigate any damages or losses allegedly sustained.

**ELEVENTH DEFENSE**

To the extent Plaintiff seeks punitive damages, an award of punitive damages in this case would violate Defendant's rights to procedural and substantive due process and to equal protection of the law under the Fifth and Fourteenth Amendments to the Constitution of the United States, U.S. Const. Amends. V, XIV, § 1, the excessive fines provision of the Eighth Amendment to the Constitution of the United States, U.S. Const. Amend. VIII, and Article I, Sections, 1, 6, 13 and 15 of the Constitution of the State of Alabama, in that (a) Alabama law provides inadequate standards or criteria for the determination of whether punitive damages should be imposed; (b) the standards or criteria provided by Alabama law for the determination of whether punitive damages should be imposed are impermissibly vague and indefinite; (c) Alabama law provides inadequate standards or criteria upon which a trier of fact may rely in determining the amount of a punitive damage award; (d) the procedures pursuant to which punitive damages may be awarded permit the imposition of different penalties for the same or similar acts; (e) the procedures pursuant to which punitive damages may be awarded under Alabama law fail to provide reasonable limits on the amount of punitive damages awarded; (f) Alabama law permits the imposition of punitive damages in excess of the amount permitted or required under statutes providing civil remedies or fines for the same or similar conduct, including willful conduct; (g) Alabama law permits the imposition of punitive damages in excess of the maximum criminal penalties for the same or similar conduct; (h) Alabama law permits the imposition of punitive damages, which are penal in nature, upon a burden of proof less than the "beyond reasonable doubt" standard required in criminal cases; (i) Alabama law permits the imposition of punitive

LEGAL02/30201350v1

damages that are grossly excessive and bear no rational or reasonable relationship to a defendant's conduct or culpability or to the actual harm suffered by a plaintiff; and (j) the procedures pursuant to which punitive damages may be awarded under Alabama law permit the imposition of punitive damages in an amount exceeding that reasonably necessary to accomplish any legitimate goals or policies of the State of Alabama.

## TWELTH DEFENSE

Plaintiff's claim for recovery of punitive damages is barred by Ala. Code §§ 6-11-20 and 6-11-21.

## THIRTEENTH DEFENSE

An award of punitive damages in this case would violate Defendant's constitutional right to due process to the extent separate, individual determinations of punitive liability and amount are not allowed as to each defendant.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims may be preempted by state and/or federal statutes, rules, and regulations.

## FIFTEENTH DEFENSE

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may be asserted by other parties or as may become available or apparent during the course of discovery.

## SIXTEENTH DEFENSE

Plaintiff's allegations of fraud, misrepresentation, deceit, and conspiracy are not stated with the degree of particularity required by the applicable law and should be dismissed.

- 4 -

## SEVENTEENTH DEFENSE

Defendant is entitled to a set off of any and all sums received by Plaintiff from any source as a consequence of their alleged injuries or damages.

## EIGHTEENTH DEFENSE

If Plaintiff suffered legal injuries, which Defendant denies, said injuries were not caused or contributed to by exposure to any chemical or substance for which Defendant is responsible, but rather by exposure to dangerous or hazardous chemicals, fumes, products, substances, dust, etc. present at Plaintiff's (or Decedent's) workplaces or elsewhere for which Defendant is not responsible.

## NINETEENTH DEFENSE

Defendant pleads that to the extent it is liable to Plaintiff, which is denied, Defendant is entitled to indemnification and/or contribution from other parties.

## TWENTIETH DEFENSE

Defendant pleads that the negligence and conduct of decedent's employers and/or labor unions are a partial or complete bar to all of Plaintiff's claims.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the application of the workers compensation statutes and regulations of the State of Alabama or of the states or jurisdictions other than the state of Alabama where Plaintiff's (or Decedent's) exposures may have occurred.

LEGAL02/30201350v1

## TWENTY-SECOND DEFENSE

Plaintiff's claims are or may be barred or otherwise limited or affected by the application of provisions of law or statutes of the states or jurisdictions other than the state of Alabama where Plaintiff's (or Decedent's) exposures may have occurred.

## TWENTY-THIRD DEFENSE

Defendant responds to the allegations contained in the individually numbered Paragraphs of Plaintiff's First Amended Complaint against it as follows:

### JURISDICTION

1.

Defendant admits that Plaintiff filed this First Amended Complaint alleging violations of the laws of the State of Alabama.  Except as thus stated, denied.

### VENUE

2.

Defendant admits that venue is proper in this Court.  Except as thus stated, denied.

### PARTIES

3.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 3 and can neither admit nor deny same.

4.

Admitted.

5.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 5 and can neither admit nor deny same.

6.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 6 and can neither admit nor deny same.

7.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 7 that are directed to the other named defendant and can neither admit nor deny same.

8.

Defendant admits that it owned a lumber mill that treated some wood products in Lockhart, Alabama (the "Facility") on or near a site previously occupied by Lockhart Lumber Company.  Except as thus stated, denied.

9.

Defendant admits that Lockhart Lumber previously operated the Facility. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the remaining allegations of Paragraph 9 that are directed at another defendant and can neither admit nor deny same.  Except as thus stated, denied.

10.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 10 and can neither admit nor deny same.

11.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 11 and can neither admit nor deny same.

12.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 12 as they pertain to another defendant and can neither admit nor deny same.

13.

Defendant admits that it used creosote and pentachlorophenol at various times to treat various wood products. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 13 that are directed against the other named defendants and can neither admit nor deny same. Except as thus stated, denied.

14.

Defendant admits that it used boilers at various times in Facility operations and admits that it burden untreated wood waste and untreated bark in said boilers. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth

- 8 -

of the allegations of Paragraph 14 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

15.

Upon information and belief, Defendant obtained all required permits for the operation of its boilers.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 15 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

16.

Defendant denies that any materials incinerated in the boilers caused or contributed to Plaintiff's alleged injuries.  Defendant further states that, upon information and belief, Defendant used the boilers as designed and intended.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 16 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

17.

Defendant denies that any materials incinerated in the boilers caused or contributed to Plaintiff's alleged injuries.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 17 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

LEGAL02/30201350v1

18.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 18 as they pertain to another defendant and can neither admit nor deny same.

19.

The allegations in Paragraph 19 merely state a legal conclusion to which no response is required.  To the extent Paragraph 19 includes any allegations against this Defendant requiring a response, denied.

20.

The allegations in Paragraph 20 merely state a legal conclusion to which no response is required.  To the extent Paragraph 20 includes any allegations against this Defendant requiring a response, denied.

21.

The allegations in Paragraph 21 merely state a legal conclusion to which no response is required.  To the extent Paragraph 21 includes any allegations against this Defendant requiring a response, denied.

22.

The allegations in Paragraph 22 merely state a legal conclusion to which no response is required.  To the extent Paragraph 22 includes any allegations against this Defendant requiring a response, denied.

23.

Defendant admits that creosote is a mixture of certain chemicals.  Defendant denies that any creosote for which this Defendant is allegedly responsible caused or

LEGAL02/30201350v1

contributed in any way to Plaintiff's alleged injuries.  Defendant states that Paragraph 23 contains insufficient predicate information for Defendant to admit or deny any remaining allegations.

24.

Defendant admits that it used creosote at various times but denies that any creosote for which Defendant is allegedly responsible caused or contributed in any way to Plaintiff's alleged injuries.  Defendant states that Paragraph 24 contains insufficient predicate information for Defendant to admit or deny any remaining allegations as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 24 that are directed against the other named defendant and can neither admit nor deny same.

25.

The allegations in Paragraph 25 merely state a legal conclusion to which no response is required.  To the extent Paragraph 25 includes any allegations against this Defendant requiring a response, denied.

26.

Defendant denies that any pentachlorophenol for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiff's alleged injuries.  Defendant states that Paragraph 26 contains insufficient predicate information for Defendant to admit or deny any remaining allegations as to this Defendant.

LEGAL02/30201350v1

27.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 27 that are directed against the other named defendant and can neither admit nor deny same.

28.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 28 that are directed against the other named defendant and can neither admit nor deny same.

29.

Defendant admits that it used pentachlorophenol for a brief period of time but denies that any pentachlorophenol for which Defendant is allegedly responsible caused or contributed in any way to Plaintiff's alleged injuries.  Defendant states that Paragraph 29 contains insufficient predicate information for Defendant to admit or deny any remaining allegations as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 29 that are directed against the other named defendant and can neither admit nor deny same.

30.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 30 that are directed against the other named defendant and can neither admit nor deny same.

31.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 31 that are directed against the other named defendant and can neither admit nor deny same.

32.

The allegations in Paragraph 32 merely state a legal conclusion to which no response is required. To the extent Paragraph 32 includes any allegations against this Defendant requiring a response, denied.

33.

Defendant denies that any wood treatment chemical for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiff's alleged injuries. Defendant states that Paragraph 33 contains insufficient predicate information for Defendant to admit or deny any remaining allegations as to this Defendant.

34.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 34 and can neither admit nor deny same. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 34 that are directed against the other named defendant and can neither admit nor deny same.

35.

The allegations in Paragraph 35 merely state a legal conclusion to which no response is required. To the extent Paragraph 35 includes any allegations against this Defendant requiring a response, denied.

LEGAL02/30201350v1

36.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 36 and can neither admit nor deny same. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations in Paragraph 36 that are directed against the other named defendant and can neither admit nor deny same.

37.

Defendant admits that wood treatment operations including the use of pressurized treatment cylinders at the Facility produced waste water at various times. Except as thus stated, denied. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 37 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

38.

Defendant admits that its wood treatment operations produced waste water at various times but denies that said waste water caused or contributed in any way to Plaintiff's alleged injuries. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations in Paragraph 38 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

39.

Defendant admits that it operated water evaporation and containment areas at certain times. Defendant is without knowledge or information sufficient to form an

opinion or belief as to the truth of the allegations in Paragraph 39 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

### 40.

Defendant admits that it operated a spray evaporation system at the Facility at certain times but denies that said operation caused Plaintiff (or Decedent) to be exposed to any chemical or substance that caused or contributed in any way to Plaintiff's alleged injuries. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 40 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

### 41.

Denied as to Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 41 that are directed against the other named defendant and can neither admit nor deny same.

### 42.

Defendant admits that in November 1983 it began operating the lumber mill that treated some wood products in Lockhart, Alabama (the "Facility"). Except as thus stated, denied.

### 43.

Defendant admits that it began operating the Facility in November 1983, and that some former employees became employees of this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the remaining allegations of Paragraph 43 and can neither admit nor deny same.

44.

Defendant admits that it used chromated copper arsenic (CCA) at various times beginning within a year from the time Defendant began operating the Facility. Except as thus stated, denied.

45.

Denied.

46.

The allegations in Paragraph 46 merely state a legal conclusion for which no response is required. To the extent Paragraph 46 includes any allegations against this Defendant requiring a response, denied.

47.

Defendant denies that any arsenic for which it is allegedly responsible caused or contributed in any way to Plaintiff's alleged injuries. Defendant states that Paragraph 47 contains insufficient predicate information for Defendant to admit or deny any remaining allegations.

48.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 48 that are directed against the other named defendant and can neither admit nor deny same.

49.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 49 that are directed against the other named defendant and can neither admit nor deny same.

- 16 -

50.

Defendant admits that it operated a spray evaporation system at the Facility at certain times.  Except as thus stated, denied.

51.

Denied.

52.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 52 and can neither admit nor deny same.

53.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 53 that are directed against the other named defendant and can neither admit nor deny same.

54.

Denied.

55.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 55 that are directed against the other named defendant and can neither admit nor deny same.

56.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 56 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30201350v1

57.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 57 that are directed against the other named defendant and can neither admit nor deny same.

58.

Denied.

59.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 59 that are directed against the other named defendant and can neither admit nor deny same.

60.

Defendant states that at some times its operations and processes occurred at night or on the weekends.  Except as thus stated, denied.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 60 that are directed against the other named defendant and can neither admit nor deny same.

61.

The allegations in Paragraph 61 merely state a conclusion for which no response is required.  To the extent Paragraph 61 includes any allegations against this Defendant requiring a response, denied.

LEGAL02/30201350v1

62.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 62 that are directed against the other named defendant and can neither admit nor deny same.

63.

Defendant admits that it utilized various chemicals in wood treatment operations. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 63 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

64.

Defendant admits that it utilized various chemicals in wood treatment operations. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 64 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

65.

Defendant denies that any on-site wood treatment process or operation caused Plaintiff (or Decedent) to be exposed to any chemical or substance that caused or contributed in any way to Plaintiff's alleged injuries.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 65 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30201350v1

66.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 66 as they pertain to the other named defendant and can neither admit nor deny same.

67.

Denied.

68.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 68 and can neither admit nor deny same.

69.

Defendant admits that groundwater at the Facility has been remediated pursuant to plans and directions approved by the ADEM and the EPA.  Except as thus stated, denied.

70.

Denied.

71.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 71 that are directed against the other named defendant and can neither admit nor deny same.

72.

[Incorrectly numbered as Para. 82]

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 72 that are directed against the other named defendant and can neither admit nor deny same.

73.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 73 that are directed against the other named defendant and can neither admit nor deny same.

74.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 74 that are directed against the other named defendant and can neither admit nor deny same.

75.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 75 that are directed against the other named defendant and can neither admit nor deny same.

76.

Denied.

77.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 77 as they pertain to the other named defendant and can neither admit nor deny same.

LEGAL02/30201350v1

78.

Denied.

79.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 79 and can neither admit nor deny same.

80.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 80 that are directed against the other named defendant and can neither admit nor deny same.

81.

Defendant denies that any pentacholorphenol, creosote, or CCA for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiff's alleged injuries.  Defendant states that Paragraph 81 contains insufficient predicate information for Defendant to admit or deny the remaining allegations.

82.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 82 and can neither admit nor deny same.

83.

Defendant denies that any air emissions or disposal for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiff's alleged injuries. Defendant states that Paragraph 83 contains insufficient predicate information for

Defendant to admit or deny the remaining allegations.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 83 that are directed against the other named defendant and can neither admit nor deny same.

84.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 84 that are directed against the other named defendant and can neither admit nor deny same.

85.

Denied.

86.

Defendant denies that any pentachlorophenol, creosote or CCA for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiff's alleged injuries.  Defendant states that Paragraph 86 contains insufficient predicate information for Defendant to admit or deny any remaining allegations.

87.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 87 that are directed against the other named defendant and can neither admit nor deny same.

88.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 88 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30201350v1

89.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 89 that are directed against the other named defendant and can neither admit nor deny same.

90.

Denied as to Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 90 that are directed against the other named defendant and can neither admit nor deny same.

91.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 91 that are directed against the other named defendant and can neither admit nor deny same.

92.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 92 as they pertain to the other named defendant and can neither admit nor deny same.

93.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 93 that are directed against the other named defendant and can neither admit nor deny same.

94.

The allegations in Paragraph 94 merely state a legal conclusion for which no response is required. To the extent Paragraph 94 includes any allegations against this Defendant requiring a response, denied.

95.

The allegations in Paragraph 95 merely state a legal conclusion for which no response is required. To the extent Paragraph 95 includes any allegations against this Defendant requiring a response, denied.

96.

Denied as to Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 96 that are directed against the other named defendant and can neither admit nor deny same.

97.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 97 that are directed against the other named defendant and can neither admit nor deny same.

98.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 directed at the other named defendant and can neither admit nor deny same.

99.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the allegations in Paragraph 99 and can neither admit nor deny same.

LEGAL02/30201350v1

100.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the allegations in Paragraph 100 and can neither admit nor deny same.

101.

Defendant admits that it entered into a specific tolling agreement applicable to some but not all of the 1427 named plaintiffs in this and related cases. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 101 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

102.

Defendant admits that at various times, some chemical disposal and handling activities were subject to federal and state regulatory control. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 102 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

103.

Defendant admits that, pursuant to federal and state regulations, it was at certain times required to maintain certain documents. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 103 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

104.

Defendant admits that, pursuant to federal and state regulations, it was at certain times required to maintain certain documents.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 104 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

105.

Defendant admits that, pursuant to federal and state regulations, it was at certain times required to maintain certain documents. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 105 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

106.

Defendant admits that, pursuant to federal and state regulations, it was at certain times required to maintain certain documents. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 106 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

107.

Defendant admits that, pursuant to federal and state regulations, it was at certain times required to maintain certain documents. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of

Paragraph 107 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

108.

Defendant admits that Plaintiff's counsel transmitted a written demand letter to Defendant on or about September 2004.  Except as thus stated, denied.

109.

Denied.

110.

Denied.

## COUNT ONE

## NEGLIGENCE

111.

Defendant states that at all times material hereto Defendant operated the Facility consistent with its legal duty to all Plaintiffs (or Decedents) in this case and the related cases.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 111 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

112.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 112 that are directed against the other named defendant and can neither admit nor deny same.

- 28 -

113.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 113 that are directed against the other named defendant and can neither admit nor deny same.

114.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 114 that are directed against the other named defendant and can neither admit nor deny same.

115.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 115 that are directed against the other named defendant and can neither admit nor deny same.

116.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 116 that are directed against the other named defendant and can neither admit nor deny same.

117.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 117 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30201350v1

## COUNT TWO

## RECKLESSNESS

118.

Denied as to Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 118 that are directed against the other named defendant and can neither admit nor deny same.

119.

Denied as to Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 119 that are directed against the other named defendant and can neither admit nor deny same.

120.

Denied as to Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 120 that are directed against the other named defendant and can neither admit nor deny same.

## COUNT THREE

## NEGLIGENCE PER SE

121.

Denied as to Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 121 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30201350v1

122.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 122 that are directed against the other named defendant and can neither admit nor deny same.

## COUNT FOUR

## INTENTIONAL TORT

123.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 123 that are directed against the other named defendant and can neither admit nor deny same.

124.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 124 that are directed against the other named defendant and can neither admit nor deny same.

125.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 125 that are directed against the other named defendant and can neither admit nor deny same.

126.

Denied.

127.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 127 that are directed against the other named defendant and can neither admit nor deny same.

128.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 128 that are directed against the other named defendant and can neither admit nor deny same.

129.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 129 that are directed against the other named defendant and can neither admit nor deny same.

130.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 130 that are directed against the other named defendant and can neither admit nor deny same.

## COUNT FIVE

## TRESPASS

Defendant believes that Plaintiff agreed to dismiss this Count and therefore no response is required. However, to the extent a response is required, Defendant states as follows:

131.

Denied.

132.

Denied.

133.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 133 that are directed against the other named defendant and can neither admit nor deny same.

## COUNT SIX

## CONSPIRACY

Defendant believes that Plaintiff agreed to dismiss this Count and therefore no response is required. However, to the extent a response is required, Defendant states as follows:

134.

Defendant admits that Plaintiff asserts conspiracy as a cause of action but denies that Plaintiff is entitled to relief pursuant to this claim. Except as thus stated, denied.

135.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 135 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30201350v1

136.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 136 that are directed against the other named defendant and can neither admit nor deny same.

137.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 137 that are directed against the other named defendant and can neither admit nor deny same.

138.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 138 that are directed against the other named defendant and can neither admit nor deny same.

139.

Denied as to this Defendant. To the extent Plaintiff incorporates any allegation of Defendant's acts or omissions asserted elsewhere in the First Amended Complaint, Defendant incorporates all responses thereto herein. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 139 that are directed against the other named defendant and can neither admit nor deny same.

140.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 140 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30201350v1

141.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 141 that are directed against the other named defendant and can neither admit nor deny same.

## COUNT SEVEN

### PRODUCTS LIABILITY

Defendant moves to dismiss Count Seven pursuant to its Motion to Dismiss and Memorandum of Law in Support thereof.  Consequently, no response to Count Seven is required.  To the extent a response is required to Count Seven, Defendant denies the allegations in Paragraphs 142 through 147 as to this Defendant.  Defendant is without knowledge or information sufficient to form a belief or opinion as to the truth of the allegations of Paragraphs 142 through 147 that are directed at the other named defendant and can neither admit nor deny same.

## COUNT EIGHT

### FAILURE TO WARN

148.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 148 that are directed against the other named defendant and can neither admit nor deny same.

- 35 -

149.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 149 that are directed against the other named defendant and can neither admit nor deny same.

150.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 150 that are directed against the other named defendant and can neither admit nor deny same.

[151.]

[Paragraph 151 omitted by Plaintiff.]

152.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 152 that are directed against the other named defendant and can neither admit nor deny same.

153.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 153 that are directed against the other named defendant and can neither admit nor deny same.

154.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 154 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30201350v1

155.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 155 that are directed against the other named defendant and can neither admit nor deny same.

156.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 156 that are directed against the other named defendant and can neither admit nor deny same.

157.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 157 that are directed against the other named defendant and can neither admit nor deny same

Defendant further pleads that any allegation not specifically admitted above is hereby denied.

## **JURY DEMAND**

Defendant demands a jury trial.

WHEREFORE, having answered fully, Defendant prays that Plaintiff's First Amended Complaint against it be dismissed with all costs cast on Plaintiff.

LEGAL02/30201350v1

Respectfully submitted this 28th day of December, 2006.

/s/Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific
   Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Mark R. TerMolen

John C. Berghoff, Jr.

Matthew C. Sostrin

John A. Earnhardt

H. Thomas Wells, Jr.

Richard Elder Crum

/s/Douglas S. Arnold
Of Counsel

- 39 -