```
             IN THE UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF ALABAMA
                      NORTHERN DIVISION

GAIL BEDSOLE TATUM, as Mother   )
and Administratrix of the       )
Estate of MELANIE CHAMBERS, a   )
deceased minor child,           )
                                )
              Plaintiff,        )  CIVIL ACTION NO. 2:06CV83-LES
                                )         (LEAD CASE)
     v.                         )
                                )
PACTIV CORPORATION and          )  MEMORANDUM AND ORDER
LOUISIANA-PACIFIC CORPORATION,  )
                                )
              Defendants.       )
_____)
```

During a scheduling conference which the Court held with counsel for both the plaintiffs and defendants on November 30, 2006, the defendants requested the Court approve a Lone Pine management questionnaire prepared in accordance with Lore v. Lone Pine Corporation, 1986 N.J. super, Lexis 1626, No. L-33606-85 (N.J. Superior Court 1986), to be submitted to each of the approximately 1,425 plaintiffs.

During the course of the discussion with counsel on this issue, it appeared that some form of questionnaire should be prepared and responded to by the plaintiffs with respect to their individual claims. The Court did not believe that plaintiffs should be required to obtain at this time a sworn affidavit from a licensed physician or other qualified expert to verify or support their claims. However, the Court believes that to the extent the plaintiffs individually have knowledge which is

responsive to these questions, each of the proposed plaintiffs should be required to complete the following questionnaire. The responses are due on or before March 2, 2007:

    1) **Affidavit of Residence.** Each plaintiff must serve on defendants a signed statement showing:

>a) Each address at which he or she resided between 1950 and present.
>
>b) For any claim brought by such plaintiff on behalf of a minor, each address at which the minor resided between 1950 and the present.
>
>c) For any wrongful death claim brought by such plaintiff, the date and cause of the decedent's death and all known or reasonably ascertainable addresses at which the decedent resided between 1950 and the date of death.

    2) **Personal Injury Claims.** Each plaintiff who is claiming personal injury, whether to himself or herself, or to a minor or decedent, must serve on defendants a signed statement setting forth each illness, injury or condition that the subject plaintiff claims was suffered as a result of the exposure to materials or substances emanating from defendants' operations at the former wood treatment facility in Lockhart, Alabama, identified in plaintiffs' complaints (the "facility"), including the following:

>a) The dates on which a physician examined the plaintiff, minor or decedent, setting forth with each

       date the name and address of the physician involved.

       b) The date on which plaintiff claims each such illness, injury or condition was first suffered by the subject plaintiff, minor or decedent.

       c) The identity and concentration of the materials or substances which plaintiff claims caused such injury, illness or condition.

       d) The periods of exposure and means (e.g., ingestion, inhalation or skin absorption) of the subject plaintiff's exposure.

       e) The basis for concluding that the alleged injury-causing materials or substances emanated from the facility, including a description of the environment pathway (e.g., soil, air, water) of such substance.

3) **Property Damage Claims.** Each plaintiff who is claiming damage to real property, whether on his or her own behalf or on behalf of a decedent's estate, must furnish the following information:

       a) The legal or equitable owner of the property affected.

       b) The street address of the property affected.

       c) The identity and amount of the material or substance and the environmental pathway (e.g., soil, water, air) of such material or substance from the facility to the affected property.

        d) The time period over which the material or substance emanated from the facility.

        e) Any other cause or source of property damage, unrelated to any material or substance emanating from the facility, as identified by the expert.

        f) The value of the property after the claimed date of contamination.

    4) **With respect to all claims.** With respect to both personal injury claims, death claims, or property damage claims, if not previously disclosed, the name and address of each expert that has been employed to testify on behalf of plaintiff with respect to the issues of causation and damages which plaintiff claims.

    The foregoing information shall be provided by each plaintiff. Any plaintiff who fails to provide the foregoing information by the deadline established above shall be subject to sanctions, including dismissal of his or her claims with prejudice. Plaintiffs shall serve the required information on defendants, and not the Court. Plaintiffs' counsel shall file a

declaration of compliance with this order, on behalf of each plaintiff, when the required affidavits are served on defendants.

On or before March 16, 2007, the parties shall confer and agree upon the identification of three cases to be scheduled for trial, following which the Court will hold a scheduling conference with counsel to set a progression order for the disposition of these cases.

IT IS SO ORDERED.

DATED this 8th day of January, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court