## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| GAIL BEDSOLE TATUM as Mother and | ) | |
| Administratrix of the Estate of MELANIE | ) | |
| CHAMBERS, a Deceased Minor Child, | ) | |
| | ) | Civil Action No. |
|     Plaintiff | ) | 2:06-cv-00083-LES-CSC |
| | ) | (Lead Case) |
|     v. | ) | |
| | ) | |
| PACTIV CORPORATION and | ) | |
| LOUISIANA-PACIFIC CORPORATION | ) | |
| | ) | |
|     Defendants. | ) | |

## DEFENDANTS' EXPEDITED
## MOTION FOR STATUS CONFERENCE

Defendants Louisiana-Pacific Corporation and Pactiv Corporation hereby move the Court, on an expedited basis, for a status conference so that the Court may assist the parties in complying with the Court's "Lone Pine" Order dated January 8, 2007 (doc. no. 182). The present deadline for selection of initial "trial plaintiffs" is fast approaching, and, despite significant effort, obtaining the Court-ordered information from 1430 named Plaintiffs has proven to be difficult. The information is still only partially gathered, and that incomplete information is in a form which is not fully responsive to the Court's Order.

Defendants believe that the Court's assistance is essential if the parties are to be in a position to identify three initial Plaintiffs to be set for trial from among the 1430 that originally filed suit. This assistance will be most directly brought to bear in an expedited status conference with counsel. In support of this motion, Defendants state:

1.      On January 8, 2007, the Court entered a "Lone Pine" Order requiring each individual Plaintiff to provide specific information in support of their claims.  In part, the Court's Order required each Plaintiff claiming personal injury (whether to himself or herself, or to a minor or decedent) to state "[t]he date on which plaintiff claims each such illness, injury or condition was *first suffered*."  *See* Order, para. 2(B) (emphasis added).

2.      The date that each condition was "first suffered" is crucial to the Defendants on the statute of limitations and rule of repose defenses, as well as to the "trial plaintiff" selection process itself.

3.      The Court's Order also required each individual Plaintiff claiming damage to real property to state the alleged "value of the property *after* the claimed date of contamination."  *See* Order, para. 3(F) (emphasis added).

4.      Each individual Plaintiff is required to verify the information provided in response to all of these questions with a signature.  *See* Order, paras. 2 and 3.

5.      As part of their response preparation effort, Plaintiffs' counsel provided their clients with a questionnaire.  Unfortunately, the questionnaire did not incorporate the Court's language requiring "the date on which plaintiff claims *each such illness, injury, or condition* was *first suffered* by the subject plaintiff, minor, or decedent," but instead asked for "the date on which *the illness or disease causing death* was *first suffered (diagnosed)* by the plaintiff, decedent, or minor."  *See* Exhibit A, p. 5, para. B (emphasis added).

6.      Defendants promptly notified Plaintiffs' counsel of this divergence from the Court's Order and asked Plaintiffs' counsel to remedy it prior to the March 2, 2007 deadline for Plaintiffs' responses.  *See* Exhibit B.

7.      In addition, Plaintiffs' questionnaire did not track Paragraph 3(F) of the Court's order.  Rather than stating the alleged post-contamination value of properties subject to property damage claims, Plaintiffs' questionnaire responses provide the un-contaminated property values.  *See* Exhibit A, p. 7, para. F.

8.      Defendants received questionnaire responses for 954 individual Plaintiffs on or before March 2, 2007.  All of the questionnaire responses contained the language from Plaintiffs' original questionnaire and were therefore deficient.  In fact, the vast majority of Plaintiffs were apparently so confused that they did not answer Question 2B.[1]

9.      Beginning on March 5, 2007, Plaintiffs' counsel began e-mailing spreadsheets with "diagnosis dates" for various health conditions for various Plaintiffs.  *See, e.g.,* Exhibit C.  Plaintiffs' counsel has continued to send multiple additional spreadsheets with new information up to and including March 14, 2007.  Plaintiffs' counsel have represented that the dates provided are the dates the alleged health effect was first suffered, as required by Paragraph 2(B) of the Court's Order.  In fact, based on medical records, it appears that at least some of these dates are still "diagnosis dates," not the earlier date a condition was first suffered.

10.     Defendants still lack any post-contamination property values for those properties allegedly subject to property damage claims.  Instead, Plaintiffs apparently rely on a report from Maurice C. Mitchell, CPA, which was included in Plaintiffs' "master

---

[1] Plaintiffs' individual responses confirm that Question 2(B) has been irreparably altered beyond the apparent intent of the Court's Order.  Approximately 775 of the 954 responding Plaintiffs (81 percent) did not answer Question 2(B) at all.  Many of these wrote "not applicable," apparently believing that the question did not apply to them because it only sought the diagnosis date of "the illness or disease causing death."

response." *See* Exhibit D. This report, however, does not provide any post-contamination property values for any Plaintiff's property. *See id.*

11.     Defendants have met and conferred in good faith with Plaintiffs' counsel on numerous occasions regarding the problems with the questionnaires. Both sides have worked hard to resolve these issues and arrive at the point where initial Plaintiffs to be set for trial can be chosen. But crucial information has not been produced, and what has been produced is in a non-responsive and unusable form.

12.     Plaintiffs' counsel have made an effort to produce a response to the Court's Order for each Plaintiff. However, the result of this effort is not the result required or needed for the "trial plaintiff" selection process. Defendants need, and Plaintiffs are required to respond with: (1) each condition that each Plaintiff attributes to the Facility; (2) the date each of those conditions was first suffered; (3) the claimed property damage for each Plaintiff; and (4) signed statements from each Plaintiff containing this information.

Absent this information, Defendants cannot ascertain which Plaintiffs are appropriate candidates for initial trial scheduling. Nor can Defendants reasonably evaluate the personal injury and property damage claims asserted by any particular Plaintiff. Accordingly, Defendants ask for an expedited status conference for assistance with the resolution of these issues and their impact on the parties' collective ability to identify initial Plaintiffs for trial scheduling, as contemplated by the Court's Order.

Respectfully submitted this 19th day of March, 2007.

/s/Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific
    Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

LEGAL02/30295073v2

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

*Counsel for Defendant Pactiv Corporation*

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
E. Bryan Nichols
Alabama Bar No. NIC036
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com
bnichols@maynardcooper.com

*Additional counsel for Defendant*
    *Pactiv Corporation*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March, 2007, I filed the foregoing via the

CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Matthew C. Sostrin

John A. Earnhardt

H. Thomas Wells, Jr.

Richard Elder Crum

/s/ Orlyn O. Lockard, III
Of Counsel

LEGAL02/30295073v2