IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELANIE CHAMBERS, Who Sues By and Through Her Mother and Next of Friend Gail Tatum, | PLAINTIFF |
| VERSUS           CIVIL ACTION NO. 2:06-CV-00083-LES-CSC | |
| | (LEAD CASE) |
| PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION, | DEFENDANTS |

**PLAINTIFFS MOTION FOR COURT'S CLARIFICATION
OF ORDER AND FOR GUIDANCE**

Come now the Plaintiffs and move the Court, during the Court's status conference set for the 28th of March, 2007, to provide the Plaintiffs' counsel with guidance and directions concerning Plaintiffs' attempts to comply with the Court's "Lone Pine" order of January 8, 2007.  Plaintiffs would show as follows:

1.      All Plaintiffs in this consolidated action did not supply a completed "Lone Pine" questionnaire, as predicted by Plaintiffs' counsel

during the last hearing in this case. Most Plaintiffs responded. A complete record of non-responders, or partial responders, along with separate motions concerning each group, is being filed separately from this motion. This motion applies to those Plaintiffs who did not respond by March 2, 2007, and those who the Court may allow to respond at a later time.

    2.    Plaintiffs attempt to provide accurate estimate of property damage:

        A.    The Court's order stated:

> 3) **Property Damage Claims.** Each plaintiff who is claiming damage to real property, whether on his or her own behalf or on behalf of a decedent's estate, must furnish the following information:
>
> a) The legal or equitable owner of the property affected.
>
> b) The street address of the property affected.
>
> c) The identity and amount of the material or substance and the environmental pathway (e.g., soil, water, air) of such material or substance from the facility to the affected property.

        d) The time period over which the material or substance emanated from the facility.

        e) Any other cause or source of property damage, unrelated to any material or substance emanating from the facility, as identified by the expert.

        f) The value of the property after the claimed date of contamination.

B.    Plaintiffs attempted to provide Defendants with more and more accurate information than the Court actually ordered.  It was the intention of Plaintiffs' counsel to comply with and to exceed the requirements of the Order in spite of additional cost.

C.    The point which has come to issue between the parties applies to Order Section 3(f) which reads:

        f) The value of the property after the claimed date of contamination.

D.    The Plaintiffs' counsel provided each Plaintiff a copy of the order and asked the following question on the Plaintiffs' questionnaire:

F. The value of the property before contamination was $_____ The size of any buildings and/or homes is _____ square feet and the size of the real estate is _____ acres, or _____ by _____, or other measure of size _____ _____. The property is used for _____ _____ purpose. Information providing calculations for value of the property after contamination are contained in plaintiffs' master response.

To supplement the answer to the above question, Plaintiffs provided Defendants with an opinion of an environmental scientist, Dr. Paul Rosenfeld, and a highly qualified real estate expert who has done similar opinions for the United States Government. Copies of those opinions and the experts' curriculum vitae are attached as Exhibits "A" and "B."

E. Plaintiffs also provided Defendants with results of high resolution mass spectrograph laboratory findings to indicate the extent of contamination in a representative sample of Plaintiffs' homes and property. At large expense, Plaintiffs even made use of the same testing laboratory formerly used by the Defendants. Dioxin and carcinogenic chemical contamination was clear and

        boundaries of expected contamination were not difficult to determine.

F.    Defendants now assert to Plaintiffs that they want a signed statement indicating the Plaintiffs' estimate of the value of the property after the contamination and they will not accept any attempts to resolve this issue.

G.    The question actually propounded by the Court was for the value after contamination and did not require a calculation of damage. The material provided by Plaintiffs was an attempt to far exceed the Court's requirement. The average loss of value determined by Plaintiffs' expert was nine percent (9%).

3.    Date first suffered issue:

    A.    The Court's Order stated:

```
2) Personal Injury Claims.  Each
plaintiff  who  is  claiming  personal
injury, whether to himself or herself,
or to a minor or decedent, must serve
on  defendants  a  signed  statement
setting forth each illness, injury or
condition  that  the  subject  plaintiff
```

>      claims was suffered as a result of the
>      exposure to materials or substances
>      emanating from defendants' operations
>      at ...

B. Plaintiffs' counsel used the following on the questionnaire:

> B. The date on which the illness or disease causing death was first suffered (diagnosed) by the plaintiff, decedent or minor:
>
> ____/____/____
> Month  Day  Year

C. Plaintiffs' counsel's question created two different issues:

(I) Defendants contend that the use of the parenthesis word (diagnosed) was not allowed by the Court's Order and that they are entitled to a signed statement which only uses the language "first suffered."

(ii) Plaintiffs' counsel admits a mistake, although not apparent at first. The question was intended to mean illness <u>or the</u> disease causing death. Apparently a large number of Plaintiffs found this question ambiguous, which it was, and did not

answer it on the forms they returned unless the illness caused death.

D. On or about the 7th day of February, 2007, Plaintiffs' counsel W. Eason Mitchell met with Pactiv defense counsel John Berghoff in Chicago, Illinois. Mr. Berghoff explained in an understandable manner to Plaintiffs' counsel how the question could be misinterpreted and considered ambiguous and he was concerned that the answers may be incomplete. Plaintiffs' counsel immediately began to take steps to correct the error.

E. Those persons who were assisted in telephone interviews were asked the proper questions and information obtained from them. For those large number of persons who had provided forms that were incomplete, Plaintiffs' counsel began calling them by telephone to obtain the correct information.

4. Plaintiffs' counsel have previously agreed to allow Defendants additional time, at their request, for purposes of studying Plaintiffs' material after learning of the mistake of an ambiguous question and with expectation that would cause a delay. Plaintiffs have also agreed to reschedule and have rescheduled the depositions of three workers and former plant manager to a date in early May in order to allow Defendants additional time and resources to engage in trial plaintiff selection and gathering of the date first suffered information.

5. Plaintiffs have proposed providing Defendants a spreadsheet, which has provided to them at this time, which indicates the answer to the date first suffered question and a stipulation that Plaintiffs' counsel has authority to agree that this is the date provided by each Plaintiff. Plaintiffs' counsel has contacted every Plaintiff and has the date and authority to enter into this agreement for almost all of them. None have withheld authority, but some have not responded to Plaintiffs' counsel's attempt to contact them. Plaintiffs have requested that Defendants offer a solution so that they will receive the information in useable form in a manner which was in compliance with the Court's Order.

6. The Defendants have informed Plaintiffs' counsel that they settle for nothing less than another signed statement which uses the language "first suffered" only with knowledge that it would take another extreme effort and extension of time in order to obtain the information in a signed form. Defendants have refused to offer any other workable alternative. In all candor, Plaintiffs cannot assert that Pactiv's counsel would be unreasonable. Plaintiffs believe that it is Louisiana-Pacific's counsel that asserts this demand.

7. Plaintiffs have offered to gather in an informal manner additional information for a limited number of Plaintiffs if Defendants would provide them with a list of potential trial plaintiff selectees, but Defendants have failed or refused to accept that accommodation and assistance.

8. Approximately two years ago, before filing suit in this case, Plaintiffs' counsel provided Defendants with all release forms and other information that they requested for a number of Plaintiffs selected by them for evaluation purposes, which number exceeded 100. The documents and information gathered by the Defendants was voluminous. The first Plaintiffs filed in this action more than a year ago were included in that group.

9. Plaintiffs have requested that Defendants at least determine categories so that the number of potential selectees can be reduced and that Defendants inform Plaintiffs of which categories they are considered for their assertion of trial Plaintiffs selection, but they have refused.

10. Plaintiffs counsel have requested that Defendants meet face to face for the purpose of engaging in a conference for the purpose of trial plaintiff selection, or in the alternative, to meet at the offices of the parties' chosen mediator and to even allow limited mediation on selection of trial plaintiffs and disease categories, but they have failed or refused to accept.

11. Plaintiffs assert that Defendants, in particular Louisiana-Pacific, are taking unreasonable positions and making unreasonable delays in an effort to harass Plaintiffs and delay this action. Plaintiffs' counsel understands that the Court could take that Plaintiffs' counsel did their best to provide the information required by the Court and, in fact, attempted to exceed the scope of that information by a considerable basis, in spite of an error in forming an ambiguous question.

12. Plaintiffs' counsel has also proposed that the parties work together to determine a fair process for trial plaintiff selection. The method of selection which Plaintiffs' counsel offered that if the parties cannot agree on three trial plaintiff selectees, that they would agree for each party to select one, providing the Plaintiffs select the first one as is customary in presentation of evidence and arguments. Plaintiffs also suggested and inquired that this method of selection continue and rotate in the event any of the Plaintiffs chosen were dismissed or had cases which could not survive of individual expert determinations. Plaintiffs' counsel also requested that Defendants, if this was not satisfactory, to propose some other type of trial plaintiff selection process for consideration. Defendants have failed and refused to do so.

13. Counsel have engaged in multiple telephone conferences with Defendants, exchange of information and exchange of requests. An example of Plaintiffs' written request is attached as Exhibit "C"

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court will provide them with some guidance, some assistance and advice on whether

their attempts were sufficient and in compliance with the Court's Order, and if not, how they can correct them. Plaintiffs' counsel's attempts involved a great deal of work, time, expenditure of funds and have all been in good faith and best effort. Plaintiffs accept and agree for any guidance or advice from the Court and respectfully pray that this Honorable Court will consider Plaintiffs' efforts and compliance.

    Respectfully submitted this 28th day of March, 2007.

    /s/ W. Eason Mitchell
W. EASON MITCHELL (MIT020)
The Colom Law Firm, LLC
Post Office Box 866
Columbus, MS 39703-0866
Telephone: 662-327-0903
Facsimile: 662-329-4832
emitchell@colom.com

## Certificate of Service

I, W. Eason Mitchell, hereby certify that on March 28, 2007, I electronically filed the foregoing *Plaintiffs' Counsel's Partial Response to Defendants' Motion to Dismiss* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Douglas Sheppard Arnold, Esq.
>Dennis R. Bailey, Esq.
>John C. Berghoff, Jr., Esq.
>John A. Earnhardt, Esq.
>R. Austin Huffaker, Jr., Esq.
>Orlyn O. Lockard, III, Esq.
>Edwin Bryan Nichols, Esq.
>Laura Ellison Proctor, Esq.
>Matthew C. Sostrin, Esq.
>Mark R. Ter Molen, Esq.
>H. Thomas Wells, Jr., Esq.
>Bernard Taylor, Sr., Esq.

>/s/ W. Eason Mitchell
>W. Eason Mitchell

78161.wpd