IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GAIL BEDSOLE TATUM as Mother and Administratrix of the Estate of MELANIE CHAMBERS, a Deceased Minor Child, </br></br>Plaintiff </br></br>v. </br></br>PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. </br>2:06-cv-00083-LES-CSC </br>(Lead Case) |

**DEFENDANTS' NOTICE OF CONCERNS
RE: PLAINTIFFS' "MASTER SPREADSHEET"**

In follow up to the telephonic status conference on March 28, 2007, Defendants Pactiv Corporation and Louisiana-Pacific Corporation have the following concerns about the "Master Spreadsheet" that Plaintiffs contend corrects all deficiencies with Question 2B of the questionnaire that certain Plaintiffs completed in response to the Court's "Lone Pine" Order dated January 8, 2007. Defendants understand that Plaintiffs' counsel transmitted a copy of this "Master Spreadsheet" to the Court and that the Master Spreadsheet supersedes and replaces seven previous Excel spreadsheets that Plaintiffs forwarded to Defendants on March 5, 6, 7, 8, 9, 12, and 13, 2007. For the following reasons, however, this Master Spreadsheet still fails to provide Defendants with adequate and reliable information about the date each Plaintiff "first suffered" each health effect allegedly caused by Defendants.

1.  The prior (now-superseded) spreadsheets provided by Plaintiffs purported to list the "Diagnosis Dates" for various conditions. *See, e.g.,* dkt. # 207-3. Per the

current "Master Spreadsheet," the dates that most individuals "first suffered" various diseases are exactly the same as the dates that those diseases were "first diagnosed." In fact, 669 of the 681 individuals on the Master Spreadsheet still make no distinction between these dates.

2.  As Defendants indicated during the telephonic hearing, the difference between "first suffered" and "first diagnosed" is significant. By way of example, Plaintiff Dorothy DeVaughn's questionnaire response indicates that she attributes her breast and lung cancer to historical Facility emissions. At her deposition taken on July 11, 2006 at Plaintiffs' request, Ms. DeVaughn testified that (i) she *first suffered* breast cancer in approximately 1994 or 1995, but (ii) was not *first diagnosed* until she sought treatment in 1999.[1] *See* DeVaughn transcript, attached hereto as Exhibit A, at 86:21-88:16. Indeed, for many Plaintiffs and many claimed medical conditions (*e.g.*, asthma, allergies, dementia, heart disease, bronchitis, skin conditions, infertility, and chronic obstructive pulmonary disease), the time between the first manifestation of symptoms and the time a medical doctor first diagnoses a medical condition causing those symptoms may be substantial.

3.  Not only does this temporal distinction carry significant implications for the causation analysis as to each Defendant (*i.e.,* whether a condition was first suffered before Pactiv and/or LP operated the facility), but the distinction between "first suffered" and "first diagnosed" also has legal significance to statutes of limitations and the rule of repose (according to Plaintiffs' own arguments). Plaintiffs have argued that the Alabama

---

[1] It bears noting that without Ms. DeVaughn's deposition testimony, Defendants still would not be certain as to when Ms. DeVaughn "first suffered" her breast cancer. Her *Lone Pine* response provided no dates and she is not included on the Master Spreadsheet. *See* Ms. DeVaughn's *Lone Pine* response, attached hereto as Exhibit B, at p. 5.

limitations and repose periods begin running when each Plaintiff "had a 'manifest, present injury' – *i.e.*, <u>first suffered</u> from a disease caused by exposure to the hazardous substances released from the Releasing Facility." Plaintiffs' Response to Defendants' Motion to Dismiss at 13 (docket no. 21) (emphasis added). Although the Alabama Supreme Court recently rejected Plaintiffs' theory in *Cline v. Ashland, Inc.*, 2007 Ala. LEXIS 5 (Ala. Jan. 5, 2007), the failure to provide the date each Plaintiff first suffered each condition nonetheless deprives Defendants of the very information that Plaintiffs argue is necessary to assess the timeliness of their claims under Alabama law, as well as Defendants' ability to determine when each Plaintiff's health effect(s) arose.

4. The Master Spreadsheet also does not enable Defendants to determine which health effect(s) each Plaintiff claims are attributable to Defendants and, in fact, dramatically confuses the issue. Rather than simply providing the "first suffered" date for each health effect listed in each Plaintiff's *Lone Pine* response, the Master Spreadsheet identifies new, different, and uncertified health effects.

5. As just one of many examples, Betty Joyce Todd's *Lone Pine* response indicated that she attributes "heart problems" and "COPD" to historical Facility emissions. *See* Exhibit C hereto, p. 2. In stark contrast, Plaintiffs' Master Spreadsheet suggests that Ms. Todd also suffers from skin cancer, stroke, and thyroid disease. These Master Spreadsheet changes to the diseases alleged by Ms. Todd and many other Plaintiffs has created extreme uncertainty about what diseases, illnesses, and conditions Plaintiffs actually contend are at issue in this litigation. Further, these changes and conflicting assertions make it difficult for Defendants to rely on the validity of this information during the initial trial Plaintiff selection process.

LEGAL02/30310706v2

6.  Moreover, 953 Plaintiffs provided signed responses to the Court's *Lone Pine* Order by March 2, 2007.[2] The "Master Spreadsheet" lists 681 individuals, of which 650 have ever provided a response to the Court's Order (either by the Court's March 2 deadline or otherwise). Thus, Defendants still lack any "first suffered" dates for more than 300 Plaintiffs who previously responded in some fashion to the Court's Order.

7.  In short, the Master Spreadsheet raises more questions than it answers and continues to frustrate Defendants' ability to (a) assess the exact claims being asserted in this litigation, and (b) define the pool of Plaintiffs from which initial trial Plaintiffs should be selected. Based on the problems outlined above, Defendants respectfully submit that the "Master Spreadsheet" neither satisfies the requirements of Court's Order nor permits the parties to select individual Plaintiffs to be initially set for trial.

---

[2] Plaintiffs' "Amended Report to Court on Plaintiffs' Compliance with Court Order" (docket # 209) states that 955 Plaintiffs provided *Lone Pine* responses to Defendants by March 2, 2007, including Ivan B. Pickron and Courtney Wilson. *See* Pl. Amended Report. Defendants, however, did not receive questionnaire responses for Mr. Pickron or Ms. Wilson. Thus, Defendants actually received 953 responses by March 2, 2007.

Respectfully submitted this 28th day of March, 2007.

/s/Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel: (334) 206-3100
Fax: (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee 37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

*Counsel for Defendant Pactiv Corporation*

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
E. Bryan Nichols
Alabama Bar No. NIC036
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com
bnichols@maynardcooper.com

*Additional counsel for Defendant
     Pactiv Corporation*

6

LEGAL02/30310706v2

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Richard Elder Crum

/s/ Orlyn O. Lockard, III
Of Counsel