IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELANIE CHAMBERS, Who Sues
By and Through Her Mother and Next
of Friend Gail Tatum,                                                              PLAINTIFF

VERSUS                              CIVIL ACTION NO. 2:06-CV-00083-LES-CSC

(LEAD CASE)

PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,                                           DEFENDANTS

**PLAINTIFFS PARTIAL RESPONSE TO DEFENDANTS CONCERNS**

Come now the Plaintiffs and in partial response to Defendants' concerns says as follows:

1.  Plaintiffs have already provided Defendants with a letter, without waiver of privilege by agreement, which addresses the proper answer to the "first suffered" issue and Plaintiffs spreadsheet answer. That issue will be addressed in a separate response.

2.  Plaintiffs have provided Defendants information for two and one-half (2 ½) years. Defendants have obtained a literal truckload of medical

information, records and science-like research material concerning Plaintiffs and the issues in this case.

3.  Plaintiffs believe that Defendants are attempting to delay the trial plaintiff selection process and their discovery in this case. The first 18 Plaintiffs in this action filed their Complaint in this Court in January, 2006, more than a year ago. Except for a Rule 26 exchange, general discovery has not begun.

4.  Plaintiffs request that the Court enter an order allowing discovery to begin so that Plaintiffs and the parties can begin the preparation of liability issues.

5.  Plaintiffs believe that Defendants will not participate in a good faith effort to agree upon representative trial plaintiffs, but propose that the following would be helpful to accomplish this goal:

    A.  Establish a method to begin trial if the parties do not agree by one of the following methods:

        i.  Set the cases for trial in the same order that they were filed, or

    ii.    Allow each party to choose a representative trial plaintiff, with Plaintiffs choosing first and the rotation of choice continuing to replace Plaintiffs who may not survive individualized causation opinions, so that replacement plaintiffs can be selected in the event a Defendant chooses (finds) a Plaintiff who would not be determined to have suffered damages, when individually selected by Plaintiffs' experts.

B.    Require each party to narrow the list by proposing 20 potential trial Plaintiffs to consider by April 5th.

C.    Require the parties to meet face to face and to come to an agreement during the meeting. All counsel will be available on April 10th, the same day that Judge Magistrate Coody has set a hearing on a motion. Plaintiff further proposes one of the following options for the meeting:

    i.    If the parties meet in Montgomery, the Court could appoint a trial magistrate to mediate the trial plaintiff selection agreement.

ii. The parties could meet at the office of their chosen mediator in Birmingham who could assist on a limited basis any time, but who presently has April 5th open without conflict.

6. Defendants use an example of a confused, very sick lady taking chemotherapy as their reason that they need extensive discovery before a trial Plaintiff is selected.

7. Plaintiffs have met the Court's requirements and provided Defendants with extensive expert reports, including individualized exposure/causation reports on the first 18 plaintiffs. If Defendants need extensive information to consider trial plaintiff selection, it would make sense to choose from the first 18 who were subject to extreme scrutiny and who also gave Defendants a year with any release they requested to gather medical, employment, social security and other information.

8. The Court suggests that Plaintiffs should come from different categories in order to evaluate damages and liability. Plaintiffs suggest that evaluation of the death and cancer claims is sufficient to evaluate all claims because:

A. Evaluation of the less devastating health issues caused by this community contamination will not assist significantly for evaluation for purposes of resolving the whole case. If the most serious cases are evaluated, the remainder can be evaluated by a master if a settlement is reached.

B. Wrongful death is a separate category. Alabama has a unique wrongful death statute, so that evaluation of a death case is necessary, in addition to other serious disorders, to evaluate these case.

C. There are many different types of cancer, caused by different chemicals. It would be more beneficial if the trial plaintiffs represented different cancer groups, such as:

   I. Childhood sarcoma which is related to exposure to pesticides.

   ii. Breast cancer, which is likely related to dioxin exposure.

   iii. Lung cancer, which can be caused by several contaminants released into the environment by Defendants, but which is also related to the arsenic contamination.

      iv.    There is a group of prostate, kidney, liver and just about any cancer known in this group of Plaintiffs. There is a large number of Plaintiffs with brain cancer.

9. Birth defects constitute another group of Plaintiffs. Exposure for birth defects is quite time specific. In order for both Defendants to participate, two Plaintiffs with the same birth defect would need to be selected. It would be fair to select two Plaintiffs with missing fingers, one for the Louisiana-Pacific operation and one for the Pactiv.

10. Plaintiffs propose that the Court select categories and allow Plaintiffs' counsel to select representatives to fill those categories if necessary.

WHEREFORE, Plaintiffs have expressed their response to Defendants notice of concern and offered fair alternatives if Defendants do not participate in the trial plaintiff selection process in good faith. Plaintiffs further propose that a method also needs to be in place in the event Defendants choose a trial plaintiff who is excluded once individual exposure information is calculated.

Respectfully submitted this 30th day of March, 2007.

/s/ W. Eason Mitchell
W. EASON MITCHELL (MIT020)
The Colom Law Firm, LLC
Post Office Box 866
Columbus, MS 39703-0866
Telephone: 662-327-0903
Facsimile: 662-329-4832
emitchell@colom.com

## Certificate of Service

I, W. Eason Mitchell, hereby certify that on March 30, 2007, I electronically filed the foregoing *Plaintiffs Partial Response to Defendants Concerns* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Douglas Sheppard Arnold, Esq.
Dennis R. Bailey, Esq.
John C. Berghoff, Jr., Esq.
John A. Earnhardt, Esq.
R. Austin Huffaker, Jr., Esq.
Orlyn O. Lockard, III, Esq.
Edwin Bryan Nichols, Esq.
Laura Ellison Proctor, Esq.
Matthew C. Sostrin, Esq.
Mark R. Ter Molen, Esq.
H. Thomas Wells, Jr., Esq.
Bernard Taylor, Sr., Esq.

/s/ W. Eason Mitchell
W. Eason Mitchell

78949.wpd