IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C., Who Sues By and Through Her Mother And Next of Friend, GAIL TATUM,  <br><br>Plaintiff,  <br><br>vs.  <br><br>PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,  <br><br>Defendants. | )<br>)<br>)<br>) CASE NO. 2:06-cv-83-LES-CSC<br>)     (LEAD CASE)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY TO PLAINTIFFS' PARTIAL RESPONSE
TO DEFENDANTS CONCERNS WITH "MASTER SPREADSHEET"**

Defendants Pactiv Corporation and Louisiana-Pacific Corporation, through counsel, submit this reply to Plaintiffs Partial Response to Defendants Concerns (docket no. 219):

1. This Court's January 8, 2007 Order requires the parties, after the exchange of specified information, to "confer and agree upon the identification of three cases to be scheduled for trial." Defendants do not seek "extensive discovery" before selecting trial plaintiffs. Nor do Defendants seek delays. Defendants merely seek the information that the Court already directed Plaintiffs to provide, including "the date on which plaintiff claims each such illness, injury or condition [allegedly caused by the facility] was first suffered by the subject plaintiff, minor, or decedent." Order at 3. Once this information is exchanged, the parties can proceed in good faith, as required by the Order, to identify three initial trial plaintiffs. A new process or procedure is not needed. Adherence to the procedure already in place is all that is necessary.

2. Defendants are well aware that representative plaintiffs must be slated for the initial trials to provide meaningful bases for the ultimate resolution of these cases. But each

party will value different criteria in selecting "representative plaintiffs" (including not only disease categories, but also duration and proximity of alleged exposure and employment history). As a result, Defendants expect to reach an acceptable slate of initial trial plaintiffs after conferring with Plaintiffs once the required information is exchanged.

3. The new proposals advanced by Plaintiffs treat these cases as if they involve only the initial 18 filings or the approximately 100 individuals for whom Plaintiffs provided more detailed information in the mediation process. But Plaintiffs filed suit on behalf of 1,430 individuals. Of those, 953 timely submitted *Lone Pine* responses. The pool for the selection of three representative trial plaintiffs cannot be confined to a subset of Plaintiffs' own choosing. For example, Plaintiffs argue that "evaluation of the death and cancer claims is sufficient to evaluate all claims," even though wrongful death (less than three percent) and cancer claims (approximately thirteen percent) make up only a small percentage of the cases. Plaintiffs further reference a "childhood sarcoma" "cancer group" (Plaintiffs' Partial Response at 5), even though, according to the *Lone Pine* responses, there is only one claimed case of childhood sarcoma. The most frequently claimed conditions are hypertension (approximately 28 percent of individual plaintiffs) and asthma (approximately 20 percent).

## CONCLUSION

Defendants respectfully request that the Court maintain the process set forth in its January 8, 2007 Order and direct Plaintiffs to provide the required information.

Dated: April 2, 2007

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

**Counsel for Defendant Pactiv Corporation**

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com


ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

/s/  Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

**Counsel for Defendant Louisiana-Pacific Corporation**

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day of April, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

        /s/ Matthew C. Sostrin
        Of Counsel