IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C., Who Sues By and Through Her Mother And Next of Friend, GAIL TATUM, | ) ) ) |
| Plaintiff, | ) CASE NO. 2:06-cv-83-LES-CSC ) (LEAD CASE) |
| vs. | ) ) |
| PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION, | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' JOINT SUGGESTION TO THE COURT
ON AMENDING ITS APRIL 18, 2007 ORDER**

Defendants Pactiv Corporation and Louisiana-Pacific Corporation respectfully submit this Suggestion to the Court on Amending its April 18, 2007 Order. Under the Court's "first filed" approach, all five cases to be set for trial are Alabama wrongful death claims. Yet, only thirty of the pending cases actually involve wrongful death claims. The verdicts on five identical claims representing only three percent of the cases will not inform the parties for overall settlement purposes. Because the five current initial trial Plaintiffs will inevitably yield unhelpful verdicts, regardless of the outcome, Defendants offer a suggested revision to ensure that the initial "trial plaintiffs" are representative of the overall claims. The suggested revision would not delay the entry of a case progression order.

1.    In its January 8, 2007 Order (docket no. 182), the Court directed Plaintiffs to provide certain information to Defendants and then for the parties to "confer and agree upon the identification of three cases to be scheduled for trial." 954 Plaintiffs timely produced information in response to the Court's Order.

2. In its April 18, 2007 Order, after concluding that the parties would be unable to agree upon three representative cases for trial, the Court "selected the first five cases filed in this matter to be progressed for trial and either disposed of or tried."

3. Although this "first filed" approach expedites the choice, Defendants respectfully note that all five cases now set for trial (Melanie Chambers, Susan Phillips, Royce Thompson, Marvin Mays, and James Madden) are Alabama wrongful death cases. But wrongful death claims (30 in total) make up only three percent of the overall cases filed.

4. Trying five wrongful death cases will not aid in resolving the overwhelming majority (97 percent) of claims which involve personal injury and property damage. Under Alabama law, a plaintiff in a wrongful death case can only recover punitive damages; compensatory damages are not at issue. *King v. Nat'l Spa & Pool Inst., Inc.*, 607 So.2d 1241, 1246 (Ala. 1992); Ala. Code § 6-5-462. Even if these five "first filed" cases are tried to completion, no compensatory damages for alleged personal injuries or property damage will be adjudicated.

5. To increase representativeness, Defendants suggest that the Court adopt an approach similar to that advocated by Plaintiffs themselves in their Partial Response to Defendants Concerns (docket no. 219): allow each party (Plaintiffs, Pactiv, and Louisiana-Pacific) to select two cases for trial. This would provide six initial trial Plaintiffs to be set for trial in an order of the Court's choosing.

6. Given the importance of these representative cases, the parties have incentives to avoid selecting "outlier" plaintiffs.

7.  This process need not, and will not, delay the submission of a proposed progression order. Defendants suggest that each party provide its selections to the Court for trial plaintiff purposes along with the proposed progression order on May 14, 2007.

WHEREFORE, Defendants respectfully suggest that the Court amend its April 18, 2007 Order to replace the inadvertently skewed "first filed," nonrepresentative plaintiffs by ordering each party to select two representative cases for trial.

Dated: April 30, 2007

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

/s/  Bernard S. Taylor
Bernard S. Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific
  Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

13378634.1                                              4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

      /s/ Matthew C. Sostrin
      Of Counsel