IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO. 2:06cv83-LES:<br>) |
| PACTIV CORPORATION, et al., | )<br>) |
| Defendants. | )<br>) |

# PLAINTIFFS' MOTION TO STRIKE

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and move this Honorable Court to strike from *Defendants' Supplemental Brief in Support of Joint Motion to Compel* (Document 230) certain unsupported averments of fact, or, in the alternative, require the Defendants to produce evidence supporting those averments.

## Unsupported Averments of Fact
## Offered to Contradict Sworn Testimony

On page 10 of *Defendants' Supplemental Brief in Support of Joint Motion to Compel* (Document 230), the Defendants baldly state "Plaintiffs' counsel … stated that they did have sign-in sheets." Significantly, this factual averment does not state precisely which counsel for the Plaintiffs allegedly made the statement that "they did have sign-in sheets," nor do the Defendants offer any evidence whatsoever that such a statement was in fact made, even though they offer the statement to contradict the *Affidavit of Gregory Andrews Cade* and the *Affidavit of*

*Debra Brooks Hughes* submitted as **EXHIBIT A** and **EXHIBIT B**, respectively, to *Plaintiffs' Supplemental Response to Defendants' Joint Motion to Compel* (Document 229). The *Affidavit of Gregory Andrews Cade* was filed in compliance with the directive of this Honorable Court, made at the April 10, 2007 hearing on *Defendants' Joint Motion to Compel* (Document 69), that the Plaintiffs' counsel file an affidavit of counsel concerning the nature of the meetings with the Plaintiffs. ***The same standard ought to be applied to the Defendants, and if they are going to offer their own testimony as evidence in support of their motion to compel, they ought to do so in affidavit form***. For this reason, the Plaintiffs ask the Court to order the Defendants to submit such an affidavit or to withdraw their factual assertion, and if they fail to do either, to strike the unsupported statement from *Defendants' Supplemental Brief in Support of Joint Motion to Compel* (Document 230).

## Unsupported Averments of Fact
## Offered to Excuse Direct Contact With Plaintiff

The Defendants do not deny that they contacted a Plaintiff's wife, or even that they arranged not only for that Plaintiff's wife, but also the Plaintiff, to see "independent" counsel. Instead, the Defendants attempt to excuse that conduct by stating, in footnote 1 on page 2 of *Defendants' Supplemental Brief in Support of Joint Motion to Compel* (Document 230), "Louisiana-Pacific's contact with Mrs. Joann Ezell (and the Alabama State Bar's clearance thereof) is already addressed in Defendants' Joint Motion for Protective Order (docket no. 71)." On pages 8-9 of *Defendants' Joint Motion for Protective Order* (Document 71), the Defendants state:

**Plaintiffs' Motion to Strike**                                                                                             **Page 2**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

>On Tuesday, August 8, Dennis Bailey, counsel for Louisiana-Pacific, sought informal guidance from the Alabama State Bar to confirm that Louisiana-Pacific could speak with Mrs. Ezell in these circumstances. Sam Partridge, Assistant General Counsel, after speaking with General Counsel Tony McLain, confirmed that they saw no obstacle to speaking with Mrs. Ezell if she is not represented by counsel.

Once again, the Defendants offer their unsupported averments of fact for this Court to accept as "evidence," this time in support of their position that their conduct was condoned by the Alabama State Bar. For this reason, the Plaintiffs ask the Court to order the Defendants to submit evidence in support of their factual averment that their actions were condoned by the Alabama State Bar. Specifically, the Plaintiffs pray that the Court will order the Defendants to produce for the Court (1) evidence of exactly what Dennis Bailey told Sam Partridge of the Alabama State Bar and (2) evidence of exactly what Sam Partridge told Dennis Bailey he could do. The Plaintiffs further pray that if the Defendants fail to produce such evidence, or to withdraw their averment that their actions were condoned by the Alabama State Bar, that the Court strike the unsupported averment from *Defendants' Supplemental Brief in Support of Joint Motion to Compel* (Document 230).

## Failure to Establish Relevance

In *Defendants' Supplemental Brief in Support of Joint Motion to Compel* (Document 230), the Defendants paint the picture that if the Plaintiffs were put on notice of their claims on the date they first attended a meeting with the Plaintiffs' counsel, their cases must therefore be untimely because those meetings occurred more than two years prior to the dates on which the Plaintiffs' cases were filed:

**Plaintiffs' Motion to Strike**                                                                                    **Page 3**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

> Defendants seek a fair opportunity to adequately probe Plaintiffs' critical allegation that they "did not know and reasonably had no knowledge or way of ascertaining that [their] disease was caused by toxic chemicals" until *within two years of the date each complaint was filed*.

*Defendants' Supplemental Brief in Support of Joint Motion to Compel* (Document 230), page 11, *emphasis added*.

What the Defendants omit to disclose to this Honorable Court is that the Defendants entered into a tolling agreement with the Plaintiffs that **tolled the running of the statute of limitations for more than one year**, from December 16, 2004 to January 27, 2006. This is not in dispute and has been admitted by at least one of the Defendants. *Defendant Louisiana-Pacific Corporation's Memorandum of Law in Support of Motion to Dismiss Counts One, Three, Five, Six, Seven, Eight, and Nine or, in the Alternative, for More Definite Statement* (Document 15-1), page 5, footnote 4. Thus, the Plaintiffs' statutes did not run and their cases are not untimely if they were filed within three years and 42 days after the federally required commencement date was triggered. **Consequently, as the Plaintiffs have previously stated,[1] the Defendants have failed to establish that even if each Plaintiff was put on "inquiry notice" at the very first meeting with counsel that his or her case would be time-barred, and what the Defendants seek is therefore irrelevant**.

---

1. "While the Defendants contend that in order to fully conduct discovery on notice issues, it was necessary for them to ask the Plaintiffs about conversations the Plaintiffs had with their lawyers at their meetings, the Defendants have failed to offer any evidence that anything said at these meetings would affect the timeliness of the complaints. Indeed, even if the Plaintiffs received "notice" of their claims at the first meeting with their attorneys, the complaints were nevertheless all timely filed. The Defendants' "trial questions" were simply not relevant. Moreover, it is quite revealing that the Defendants did not in the preservation depositions ask the Plaintiffs about events that occurred at any point in time which would make notice to the Plaintiffs an issue. *Plaintiffs Response to Defendants' Joint Motion to Compel* (Document 114), page 3.

**Plaintiffs' Motion to Strike**                                                                                         **Page 4**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Honorable Court will strike from *Defendants' Supplemental Brief in Support of Joint Motion to Compel* (Document 230) certain unsupported averments of fact, or, in the alternative, require the Defendants to produce evidence supporting those averments.

/s/ *Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Motion to Strike**                                                                                          Page 5
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2007, I caused the foregoing *Plaintiffs' Motion to Strike* to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to sent to the following:

W. Eason Mitchell, Esq.
Gregory A. Cade, Esq.
Fred R. DeLeon, Jr., Esq.
W. Lee Gresham, III, Esq.
John C. Berghoff, Jr., Esq.
Matthew C. Sostrin, Esq.
Mark R. Ter Molen, Esq.
H. Thomas Wells, Jr., Esq.
John A. Earnhardt, Esq.
Bernard Taylor, Esq.
Douglas S. Arnold, Esq.
Orlyn O. Lockhard, III, Esq.
Dennis R. Bailey, Esq.
R. Austin Huffaker, Esq.
Laura Porter, Esq.
Abner Riley Powell III, Esq.
Benjamin Max Bowden, Esq.
Edwin Bryan Nichols, Esq.

    /s/ *Robert Leslie Palmer*
    Of Counsel

**Plaintiffs' Motion to Strike**                                                                                                Page 6
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**