IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELANIE CHAMBERS, Who Sues
By and Through Her Mother and Next
of Friend Gail Tatum,                                                            PLAINTIFF

VERSUS                         CIVIL ACTION NO. 2:06-CV-00083-LES-CSC

(LEAD CASE)

PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,                                   DEFENDANTS

PLAINTIFFS' STIPULATION AND MOTION TO
MOOT DEFENDANTS' MOTION TO COMPEL

Come now the Plaintiffs in the above styled cause and show unto the Court as follows:

1.     Defendants seek to compel certain Plaintiffs, whose testimony was preserved by deposition, due to the fact that they have serious illnesses, to answer questions about what was said by their attorney at meetings which occurred prior to the filing of this action.

2. At Defendants' request and pursuant to the parties' agreements, the Court ordered that the subject depositions be conducted in two sessions, separated by about a week, which consisted of a "discovery" deposition and a "preservation" deposition (neither party argued that this agreement or order affects the use of deposition testimony established by the Federal Rules of Civil Procedure). Defendants' question at issue was not offered until the second "preservation" deposition.

3. Defendants argue that they should be entitled to violate privilege or that privilege did not exist in order to determine if Plaintiffs received information from their attorney which would put Plaintiffs on notice that their claim existed prior to expiration of the statute of limitations as defined by CERCLA. But, Defendants have not:

    A. established that any deposed Plaintiff's claims would not have been timely filed, even if they did receive notice of the cause of their disease, when they first met with their attorney, and

    B. Defendants have not asked what Plaintiffs learned at the meetings, or what they learned to cause them to seek

        counsel or information concerning community toxic chemical exposure, and

    C.    Plaintiffs have not and do not seek to avoid questions which may concern potential notice to Plaintiffs from sources other than their attorney, nor have Plaintiffs objected to any questions about when Plaintiffs met with their attorney or anyone else.

    4.    Plaintiffs have not objected to Defendants asking who was there and when the meeting took place. Defendants simply have not asked the question properly.

    5.    The claims of more than 900 Plaintiffs are now consolidated, but the Court has selected five Plaintiffs for discovery and trial preparation. None of the Plaintiffs in the present "controversy" are included in the five cases in which discovery will now be allowed.

    6.    Defendants argue that it is not fair for individuals to seek legal advice about an issue and then conceal knowledge of the matter. Plaintiffs' stipulation, set out subsequently in this motion, resolves Defendants' argument.

7. This identical issue is not likely to recur in the five Plaintiffs now selected for discovery, because:

    A. One Plaintiff was a minor child, now deceased, when this action was filed and thus not subject to a statute of limitations defense, and

    B. The other persons are deceased, and

    C. The decedents' cases were filed within two years of their death, subject to the parties' tolling agreement.

8. The following stipulation renders all arguments and motions to compel by Defendants moot.

## STIPULATION

Plaintiffs stipulate that all Plaintiffs who have been deposed prior to the filing of this motion either knew or should have known that diseases they claim to be related to toxic chemical contamination released into the environment by Defendants were caused by exposure to those chemicals, effective the date of their first meeting with their counsel. This stipulation is not intended to prevent Defendants from arguing that Plaintiffs knew or

should have known the cause of their disease prior to meeting with their attorney. This stipulation is not intended to affect Defendants' contention that they did not release hazardous substances and their contention that any hazardous substances released did not cause disease.

## MOTION

WHEREFORE, Plaintiffs move this Honorable Court to issue an order accepting Plaintiffs' stipulation and determining that Defendants' motion to compel is moot.

Submitted this 10th day of May, 2007.

        /s/ W. Eason Mitchell
W. EASON MITCHELL (MIT020)
The Colom Law Firm, LLC
Post Office Box 866
Columbus, MS 39703-0866
Telephone: 662-327-0903
Facsimile: 662-329-4832
emitchell@colom.com

## Certificate of Service

I, W. Eason Mitchell, hereby certify that on May 10, 2007, I electronically filed the foregoing *Plaintiffs' Stipulation and Motion to Moot Defendants' Motion to Compel* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Douglas Sheppard Arnold, Esq.
> Dennis R. Bailey, Esq.
> John C. Berghoff, Jr., Esq.
> John A. Earnhardt, Esq.
> R. Austin Huffaker, Jr., Esq.
> Orlyn O. Lockard, III, Esq.
> Edwin Bryan Nichols, Esq.
> Laura Ellison Proctor, Esq.
> Matthew C. Sostrin, Esq.
> Mark R. Ter Molen, Esq.
> H. Thomas Wells, Jr., Esq.
> Bernard Taylor, Sr., Esq.

                                              /s/ W. Eason Mitchell
                                              W. Eason Mitchell

80732.wpd