## IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| GAIL BEDSOLE TATUM as Mother and Administratrix of the Estate of MELANIE CHAMBERS, a Deceased Minor Child, | ) ) ) | |
| | ) | Civil Action No. |
| Plaintiff | ) | 2:06-cv-00083-LES-CSC |
| | ) | (Lead Case) |
| v. | ) | |
| | ) | |
| PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION | ) ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' JOINT RESPONSE TO COURT'S MAY 10, 2007 ORDER

Defendants Pactiv Corporation and Louisiana-Pacific Corporation hereby submit this response to the Court's May 10, 2007 Order (doc. no. 235) directing Defendants to show cause why Plaintiffs' Motion to Strike (doc. no. 232) should not be granted.

For clarification purposes, Defendants submit that Plaintiffs' Motion should be denied in its entirety for the reasons already set forth in Defendants' May 7, 2007 Joint Response to Plaintiffs' Motion to Strike (doc. no. 233) (attached hereto as Exhibit A). As shown in Defendants' May 7 Joint Response, Plaintiffs "Motion to Strike" is nothing more than a thinly-veiled attempt to argue issues fully briefed in the parties' original and supplemental briefs on Defendants' Motion to Compel. By way of further explanation, however, Plaintiffs' Motion to Strike also falls flat for the following reasons.

### I.  Defendants' Position on the Meet and Confer Attempts Is Set Forth in Signed Court Filings.

Plaintiffs' Motion argues that Defendants' recollection of the August 7, 2006 meet-and-confer telephone call should be stricken because Defendants did not submit an

affidavit about the telephone discussion. Setting aside the sworn testimony from Plaintiffs indicating that they did in fact sign-in at the meetings, Plaintiffs' argument misses the mark.

In a true *non sequitur,* Plaintiffs complain that because Mr. Cade submitted an affidavit regarding the 2003 town meetings, Defendants should be required to submit an affidavit regarding the August 7, 2006 telephone conversation. Plaintiffs ignore the fact that Defendants have stated their recollection of the August 7 telephone conversation in two signed filings as officers of the Court.

Fed. R. Civ. Proc. 11 provides that "[e]xcept when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." Fed. R. Civ. P. 11(a). Instead, the attorney's signature "represents to the court that, to the best of the attorney's knowledge, information, or belief," the filings are not being presented for an improper purpose and are grounded in fact. Counsel stand by their prior filings, their recollection of the telephone conversation, and their signatures as officers of the Court.

**II.    Plaintiffs Continue to Mischaracterize the Plain Record Evidence Regarding Joann Ezell's Contact with Louisiana-Pacific.**

Although Joann Ezell's contact with Louisiana-Pacific clearly has nothing to do with Defendants' Motion to Compel, Plaintiffs nonetheless persist in pressing this issue in their Motion. In short, Plaintiffs seem determined to create an issue where none exists by (i) mischaracterizing what actually transpired with Mrs. Ezell, and (ii) alleging – without any factual basis or evidentiary support whatsoever – that Defendants arranged for <u>Roy Ezell</u> to meet with independent counsel. *See* Pl. Motion, p. 3.

LEGAL02/30372595v1

Upon even cursory inspection, Plaintiffs' version of events is misleading. If the Court is remotely inclined to consider Plaintiff's mischaracterizations, Defendants respectfully direct the Court's attention to the "Sworn Statement of Joann Ezell" dated August 11, 2006. *See* Doc. no. 71-2. The transcript of Mr. Bailey's only meeting with Mrs. Ezell, under oath as transcribed by a Court reporter, speaks for itself. Id. In pertinent part, Mrs. Ezell herself has already confirmed that:

- Louisiana-Pacific did ***not*** engage in any unsolicited contact. Instead, Mrs. Ezell called Louisiana-Pacific on her own initiative. *See* Doc. no. 71-2, p. 3, line 15 – p. 4, line 13; p. 28, lines 16-19.

- ***At Mrs. Ezell's request***, Dennis R. Bailey agreed to speak with her. Id., p. 5, lines 14-17.

- Mrs. Ezell was not represented by counsel, and is not a named Plaintiff in this litigation. Id., pg. 3, lines 12-14.

- Mrs. Ezell ***knew*** Mr. Bailey represented Louisiana-Pacific. Id., pg. 3, lines 2-5; pg. 28, lines 7-15.

- ***Mr. Ezell was not present*** and Mr. Bailey had no contact with him. Id., pg. 29, lines 5-11.

- Mrs. Ezell gave her statement ***of her own free will***. Id., pg. 5, line 23 – pg. 6, line 5.; pg. 28, lines 20-22.

- Mrs. Ezell sought Louisiana-Pacific's help, and was considering hiring her own counsel. Id., pg. 9, lines 7-10; pg. 27, lines 22-23.

- Mr. Bailey went to great lengths to avoid any intrusion into any possible attorney-client privileged areas. Id., pg. 8, lines 9-23; pg. 29, lines 15-23.

Setting aside Plaintiffs' mischaracterizations of Ms. Ezell's contacts with Mr. Bailey, Plaintiffs essentially complain, again, that Defendants should produce affidavit testimony regarding these contacts. Not only is Mrs. Ezell's sworn and verified statement self-explanatory, but Defendant Louisiana-Pacific's previous filings have outlined Mr. Bailey's actions in signed filings as officers of the Court. *See* Doc. no. 69, at 3 and n.2; Doc no. 230, at 10. Plaintiffs' Motion should be denied.

### III.    Plaintiffs' "Motion to Strike" Is an Improper Vehicle for Presenting Arguments About the Relevance of the Town Meetings.

Plaintiffs' Motion to Strike concludes with substantive arguments regarding the relevance of the town meetings (*see* pp. 3-4). As an initial matter, Defendants note that this argument is not properly before the Court in a Motion to Strike. It has nothing to do with the relief sought by Plaintiffs' Motion, and Plaintiffs apparently do not ask the Court to strike anything before it based on relevance. Instead, Plaintiffs simply re-argue issues previously briefed to the Court.

Second, Plaintiffs' suggestion that Defendants cannot conduct discovery on the meetings without first showing that every Plaintiff's claims would be time-barred based on potential inquiry notice is nonsensical. The meetings are relevant for the reasons set forth in Defendants' Brief in Support of Joint Motion to Compel (doc. no. 69 at 3-6) and Reply In Support of Joint Motion to Compel (docket no. 115 at 5), even if some Plaintiffs' claims are ultimately not found to be time barred. *See* Fed. R. Civ. P. 26(b)(1) (party entitled to discover information that "appears reasonably calculated to lead to the discovery of admissible evidence"). Moreover, Plaintiffs' tolling agreement argument falls flat because not all Plaintiffs took the appropriate or timely action to be included in the tolling agreement.

LEGAL02/30372595v1

- 5 -

Finally, Defendants submit the Plaintiffs' recently-filed stipulation, doc. no. 234, highlights the very relevance of the meetings. As Plaintiffs implicitly concede, the information presented at the meetings was adequate to provide at least inquiry notice of potential claims to all who attended the meeting. Id. at 4. In short, Plaintiffs' stipulation belies the fallacy of Plaintiffs' arguments about the relevance of the meetings. Plaintiffs' Motion should be denied.

CONCLUSION

For the reasons set forth above and in Defendants' Joint Response to Plaintiffs' Motion to Strike (doc. no. 233), Plaintiffs' Motion to Strike should be denied in its entirety.

Respectfully submitted this 17th day of May, 2007.

/s/Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

*Counsel for Defendant Louisiana-Pacific
Corporation*

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

LEGAL02/30372595v1

- 6 -

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

- 6 -

- 7 -

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

*Counsel for Defendant Pactiv Corporation*

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
E. Bryan Nichols
Alabama Bar No. NIC036
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com
bnichols@maynardcooper.com

*Additional counsel for Defendant*
*Pactiv Corporation*

- 7 -

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May, 2007, I filed the foregoing via the

CM/ECF system which will send notice of said filing to all counsel of record.

/s/  Orlyn O. Lockard, III
Of Counsel

LEGAL02/30372595v1