IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C., Who Sues By and Through Her Mother And Next of Friend, GAIL TATUM,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>PACTIV CORPORATION and  )<br>LOUISIANA-PACIFIC CORPORATION,  )<br>)<br>Defendants.  ) | CASE NO. 2:06-cv-83-LES-CSC<br>(LEAD CASE) |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' PROPOSED STIPULATION AND MOTION TO MOOT DEFENDANTS' MOTION TO COMPEL**

Defendants Pactiv Corporation and Louisiana-Pacific Corporation submit this Joint Response to Plaintiffs' Proposed Stipulation and Motion to Moot (docket no. 234) Defendants' Motion to Compel (docket no. 69). The stipulation proposed by Plaintiffs is insufficient and does not resolve or moot the issues presented by the Motion to Compel.

Plaintiffs offer to stipulate that the five expedited deponents "either knew or should have known that diseases they claim to be related to toxic chemical contamination released into the environment by Defendants were caused by exposure to those chemicals, effective the date of their first meeting with their counsel." Although this stipulation certainly resolves the question posed by the Court at the April 10, 2007 hearing which was the subject of the parties' supplemental briefs (*i.e.*, whether the town meetings hosted by Plaintiffs' counsel could trigger CERCLA § 309's FRCD), it does not provide the needed discovery sought by Defendants in their Motion to Compel. Defendants are still entitled to discover:

13381030.1

(1) the actual dates of the meetings, which are critical to determining the FRCD even if the Court were to accept the proposed stipulation;

(2) the identities of all meeting attendees (both named plaintiffs and third parties), which are critical not only to the statute of limitations, but also to Defendants' ability to investigate Plaintiffs' claims and identify potential witnesses; and

(3) the content of the meetings, which as set forth in prior briefing (Motion to Compel Reply at 5-6) and in *In re Pfohl Brothers Landfill Litigation*, 175 F.R.D. 13, 25 (W.D.N.Y. 1997), is directly relevant to the very question Plaintiffs' proposed stipulation expressly leaves open—whether Plaintiffs already should have known of their potential claims when they first met with their attorneys.

The statute of limitations and the scope of permissible discovery concerning the town meetings are <u>universal issues</u> that apply to <u>all Plaintiffs</u>, not just the five expedited deponents covered by the proposed stipulation or the first five cases to be set for trial. This dispute will continue to persist until the core issue presented by the Motion to Compel—whether Plaintiffs can validly assert the attorney-client privilege over the town meetings—is actually resolved, either by the Court or through an adequate stipulation by Plaintiffs. This dispute is fully and exhaustively briefed and is ripe for resolution unless Plaintiffs will stipulate to the relief actually sought in the Motion to Compel, including the production of relevant documents and Defendants' right to re-depose the expedited deponents (and question future deponents) concerning the information imparted at the town meetings.

WHEREFORE, for the reasons set forth above, Plaintiffs' Motion to Moot Defendants' Motion to Compel should be denied.

Dated:  May 17, 2007

/s/  John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

/s/  Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

13381030.1                               4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

/s/ Matthew C. Sostrin
Of Counsel