IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 2:06cv83-LES: ) |
| PACTIV CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

# PLAINTIFFS' REPLY TO
# DEFENDANTS' FILINGS NOS. 238 AND 240

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and reply to *Defendants' Response to Court's May 10, 2007 Order* (Document 238), filed on May 17, 2007 and *Defendants' Joint Response to Plaintiffs' Proposed Stipulation and Motion to Moot Defendants' Motion to Compel* (Document No. 240), also filed on May 17, 2007.

**Defendants' Non-Denial Denial,
Their Prior Admissions, and Their Refusal to Explain**

On page 2 of *Defendants' Joint Response to Court's May 10, 2007 Order* (Document 238), the Defendants assert that the Plaintiffs' conclusion that the Defendants arranged for a Plaintiff, Roy Ezell, to meet with "independent" counsel is "without any factual basis or

evidentiary support whatsoever." This is simply not true, for the Defendants have admitted to this very Court:

- ***That they arranged for Mrs. Ezell to speak with independent counsel***: "Louisiana-Pacific subsequently offered to provide Mrs. Ezell with independent counsel to advise her in connection with this matter." *Response to Plaintiffs' "Motion for In Camera Inspection"* (Document 77) filed on August 18, 2006, page 2.

## *AND*

- ***That BOTH Mr. and Mrs. Ezell met with that counsel***: "Upon information and belief, Mr. and Mrs. Ezell met with potential independent counsel and determined that they do not desire independent counsel at this time." *Response to Plaintiffs' "Motion for In Camera Inspection"* (Document 77), page 2.

Thus, the Plaintiffs' conclusion that the Defendants arranged for not only Mrs. Ezell, but also Mr. Ezell, to meet with the Defendants' hand-picked "independent" counsel is certainly made with a factual basis and solid evidentiary support – evidentiary support that comes straight from the Defendants' own court filings!

Perhaps more telling, however, is the fact that while they loudly complain to this Court that the Plaintiffs have proffered "no evidentiary support whatsoever," ***NOWHERE do the Defendants deny that they arranged not only for Mrs. Ezell, but also Mr. Ezell, to see their hand-picked "independent" counsel***.

**Plaintiffs' Reply to Defendants' Filings Nos. 238 and 240**                                                                                 **Page 2**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

Finally, and most telling of all, the Defendants' counsel have rebuffed inquiries by the Plaintiffs' counsel about the exact manner in which it came to pass that both Mr. and Mrs. Ezell consulted the Defendants' hand-picked "independent" counsel. By e-mail dated May 10, 2007, Defendants' counsel Bernard Taylor requested that the undersigned Plaintiffs' counsel "stop sending e-mails, or any other communication, to any of the members of our team regarding this matter," and then he added that it was "unlikely that we will provide any additional response to you on this matter." A copy of that e-mail is attached hereto as **EXHIBIT A**.

## The Defendants' Rejection of the Plaintiffs' Stipulation Unveils the Defendants' Real Motives

In a reasonable effort to resolve this entire controversy about the Plaintiffs' meetings with their lawyers, the Plaintiffs offered, through <u>Plaintiffs' Stipulation and Motion to Moot Defendants' Motion to Compel</u> (Document 234), filed on May 10, 2007, a stipulation that addresses every one of the Defendants' stated concerns (indeed, their entire expressed rationale for the draconian measure of invading the Plaintiffs' attorney-client privilege). The Defendants, however, persist in demanding that this Court grant them permission to breach that privilege, despite their admission that the stipulation would resolve the issue and without offering any additional rationale for invading the attorney-client privilege:

➢ The Defendants assert that they should be permitted to breach the attorney-client privilege because the "two-year statute of limitation would begin to run on the date a plaintiff 'knew (or reasonably should have known)' that an injury was 'caused or contributed to' by facility emissions. 42 U.S.C. § 9658(b)(4)(A). As set forth below, (1)

**Plaintiffs' Reply to Defendants' Filings Nos. 238 and 240**                                                                                                                          **Page 3**
Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES
In the United States District Court
For the Middle District of Alabama, Northern Division

    the 'reasonably should have known' standard starts the limitations period once a plaintiff has mere inquiry notice of a potential link between chemical emissions and an alleged injury, and (2) this inquiry notice can clearly arise (in whole or in part) from comments made by an attorney. The contents of those meetings, therefore, are directly relevant to when the statute of limitations began to run." *Defendants' Supplemental Brief in Support of Joint Motion to Compel* (Document No. 230), filed on April 30, 2007, page 2.

➢ Significantly, however, the Defendants acknowledge that the Plaintiffs' proffered stipulation "certainly resolves the question posed by the Court at the April 10, 2007 hearing which was the subject of the parties' supplemental briefs...." *Defendants' Joint Response to Plaintiffs' Proposed Stipulation and Motion to Moot Defendants' Motion to Compel* (Document No. 240), page 1.

➢ Nevertheless, the Defendants are unwilling to compromise and persist in demanding that this Court permit them to invade the Plaintiffs' attorney-client privilege: "This dispute is fully and exhaustively briefed and is ripe for resolution unless Plaintiffs will stipulate to the relief actually sought in the Motion to Compel, including the production of relevant documents and Defendants' right to re-depose the expedited deponents (and question future deponents) concerning the information imparted at the town meetings." *Defendants' Joint Response to Plaintiffs' Proposed Stipulation and Motion to Moot Defendants' Motion to Compel* (Document No. 240), page 2.

**Plaintiffs' Reply to Defendants' Filings Nos. 238 and 240**                                                                                          **Page 4**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

***The only conclusion that may logically be drawn from the foregoing is that the Defendants have another reason – not disclosed to the Court – for wanting to invade the Plaintiffs' attorney-client privilege***.  It appears to the Plaintiffs' counsel that by attempting to steer Plaintiff Roy Ezell away from the lawyers that he hired and persuade him instead to hire lawyers subject to the Defendants' influence, the Defendants hoped to gain a strategic advantage by "dividing and conquering" the Plaintiffs – i.e., preventing the uniform and coordinated prosecution of their cases now possible primarily because all of the Plaintiffs are currently represented by the same counsel.  The Plaintiffs further believe that it is this "divide and conquer" mentality that is driving the Defendants' persistence in gaining Court-sanctioned access to attorney-client privileged communications, for once they are permitted to breach that privilege, the Plaintiffs and their lawyers will never in the course of this litigation feel comfortable in communicating freely with each other.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Honorable Court will grant *Plaintiffs' Motion to Strike* (Document 232), filed on May 2, 2007, and deny *Defendants' Joint Motion to Compel* (Document 69), filed on August 7, 2006.

/s/ *Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Reply to Defendants' Filings Nos. 238 and 240**                                                                 **Page 5**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2007, I caused the foregoing ***Plaintiffs' Reply to Defendants' Filings Nos. 238 and 240*** to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing sent to the following:

> W. Eason Mitchell, Esq.
> Gregory A. Cade, Esq.
> Fred R. DeLeon, Jr., Esq.
> W. Lee Gresham, III, Esq.
> John C. Berghoff, Jr., Esq.
> Matthew C. Sostrin, Esq.
> Mark R. Ter Molen, Esq.
> H. Thomas Wells, Jr., Esq.
> John A. Earnhardt, Esq.
> Bernard Taylor, Esq.
> Douglas S. Arnold, Esq.
> Orlyn O. Lockhard, III, Esq.
> Dennis R. Bailey, Esq.
> R. Austin Huffaker, Esq.
> Laura Porter, Esq.
> Abner Riley Powell III, Esq.
> Benjamin Max Bowden, Esq.
> Edwin Bryan Nichols, Esq.

      /s/ *Robert Leslie Palmer*
      Of Counsel

**Plaintiffs' Reply to Defendants' Filings Nos. 238 and 240**　　　　　　　　　　　　**Page 6**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**