## Robert L. Palmer

**From:** Taylor, Bernard [Bernard.Taylor@alston.com]
**Sent:** Thursday, May 10, 2007 5:40 PM
**To:** Robert L. Palmer; emitchell@mycingular.blackberry.net; Greg Cade
**Cc:** Dennis R. Bailey; Arnold, Doug; Lockard, Skip; Berghoff, Jr., John C.; Ter Molen, Mark R.
**Subject:** FW: Request for Information

Bob:

Dennis Bailey was kind enough to forward to me the below string of emails.  As lead counsel for Louisiana Pacific, and in regards to the matter discussed in the below string of emails, I request that you seek  your relief from the appropriate authority.  Further, I request that you stop sending emails, or any other communication, to any of the members of our team regarding this matter.  To continue discussing this matter is a waste of yours and our time.  It is unlikely that we will provide any additional response  to you on this matter.  bt

---

**From:** Dennis R. Bailey [mailto:DRB@rsjg.com]
**Sent:** Thursday, May 10, 2007 9:52 AM
**To:** Taylor, Bernard; Lockard, Skip
**Cc:** Laura.Proctor@lpcorp.com
**Subject:** FW: Request for Information

FYI.

---

**From:** Robert L. Palmer [mailto:Bob@elglaw.com]
**Sent:** Tuesday, May 08, 2007 8:47 PM
**To:** Dennis R. Bailey
**Cc:** Benjamin Max Bowden Esq. -- Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
**Subject:** Request for Information

Mr. Bailey:

Just as you would not need to talk to an associate, I don't need to talk to Eason.  He did not raise these issues, and I don't agree with his assessment that the issue concerns only you and him.  I feel that I have a fiduciary duty to our clients to investigate this matter and determine just what happened, and I intend to do just that.

I have already spoken to Sam Partridge to find out (1) precisely what you told him and (2) precisely what he told you.

I would appreciate any information you have -- if any -- about just how it came to pass that **both** Mr. and Mrs. Ezell met with "independent" counsel and who, among the defendants and defense counsel, arranged that meeting.  From what Sam Partridge told me, it does not appear that he knew about that, and I did not mention it.  I merely told him that I wanted to ascertain all of the facts before I do anything.

As you know, the defendants' Response to Plaintiffs' "Motion for In Camera Inspection" (Document No. 77) simply states that Louisiana-Pacific "offered to provide Mrs. Ezell with independent counsel to advise her in connection with this matter" and that "Mr. and Mrs. Ezell met with potential independent counsel and determined that they do not desire independent counsel at this time."  These carefully crafted statements, of course, do not disclose (1) the identity of the lawyers or other persons who arranged for the Ezells to meet the "independent" counsel, (2) how the offer of "independent" counsel was communicated to the Ezells, (3) how it came to pass that Mr. Ezell -- one of my firm's clients -- was included in the meeting, (4) the identity of the independent counsel, and (5) just what Louisiana-Pacific and/or its lawyers told the "independent" counsel.  Any information you have about these

points would be appreciated.

We understand that **Benjamin Max Bowden** was the "independent" counsel, and by copy of this e-mail to him I am requesting that he (1) confirm or deny that fact and (2) furnish any information that he has about his meeting with my firm's client, Roy Ezell.

Incidentally, you state that you furnished the Bar with a copy of the transcript of your meeting with Mrs. Ezell. Did you by any chance furnish the Bar with a copy of the defendants' Response to Plaintiffs' "Motion for In Camera Inspection" (Document No. 77)?

I look forward to your prompt reply.

Thank you very much.

Bob Palmer

---

**From:** Dennis R. Bailey [mailto:DRB@rsjg.com]
**Sent:** Tuesday, May 08, 2007 11:44 AM
**To:** Robert L. Palmer
**Cc:** Greg Cade
**Subject:** RE: Request for Information

Bob:

I just got off the phone with Eason who called me from his car about this. Please talk to him and take the action you feel necessary. I will wait to address your e-mail until after you have spoken with Eason and reaffirm your requests.

Dennis Bailey

---

**From:** Robert L. Palmer [mailto:Bob@elglaw.com]
**Sent:** Tuesday, May 08, 2007 11:32 AM
**To:** Dennis R. Bailey
**Cc:** Greg Cade
**Subject:** RE: Request for Information

Mr. Bailey:

If you will re-read my e-mail you will plainly see that I did not accuse you personally of having any contacts with Mr. Ezell. What I said is:

> In addition, an arrangement was made for both Mr. and Mrs. Ezell to consult with "independent" counsel, a lawyer who just happens to be a member of the Alabama Defense Lawyers Association but who is not known to represent plaintiffs.

This statement is true, and is supported by court filings made by the defendants, although there is no disclosure of the details of just how the arrangement was made. Indeed, if you dispute that arrangements were made for **both** Mr. and Mrs. Ezell to meet with "independent" counsel, please advise me immediately. It is precisely because we do not know just how the arrangement was made that investigation is necessary.

You sent me a copy of the transcript, which, of course, I already had. What I would like to see is correspondence and documents showing (1) precisely what you told the Bar and (2) precisely what the Bar told you. Would you be willing to furnish copies of your correspondence with the Bar to me? In addition, I would appreciate any information you might have about just how it came to pass that **both** Mr. and Mrs. Ezell met with "independent" counsel and who, among the defendants and defense counsel, arranged that meeting.

5/11/2007

I look forward to your reply.

Thank you very much.

Bob Palmer

---

**From:** Dennis R. Bailey [mailto:DRB@rsjg.com]
**Sent:** Tuesday, May 08, 2007 8:26 AM
**To:** Robert L. Palmer; Benjamin Max Bowden Esq. -- Albrittons, Clifton, Alverson, Moody & Bowden, P.C.; Bernard S. Taylor Esq. -- Alston & Bird, L.L.P.; Douglas S. Arnold -- Alston & Bird, L.L.P.; Greg Cade; H. Thomas Wells, Esq. -- Maynard, Cooper & Gale, P.C.; John C. Berghoff Jr., Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; Mark R. Ter Molen Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; Matthew C. Sostrin Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; Orlyn O. Lockard III, Esq. -- Alston & Bird, L.L.P.; W. Eason Mitchell, Esq. -- The Colom Law Firm, L.L.C.
**Cc:** Tony McLain
**Subject:** RE: Request for Information

Mr. Palmer:

    You do not need my permission to contact the Bar Association about this matter. But it may help them search their database if I provided the date I spoke with Mr. Partridge to you: It was August 8, 2006 at around 11:45 p.m. However, your blanket statement directed to all addressees which states that I have had any contacts with Roy Ezell is completely false and I hope not indicative of your usual and customary practices. My contacts relating to this matter have been solely with Mrs. Ezell. Are you now contending you represent her?

    I am taking the liberty of providing the Bar a copy of the transcript of the statement to which you refer so they can see exactly what transpired at my meeting with Mrs. Ezell. I see where you have had a copy of this since August 14, 2006.

    If the Bar has any questions after reading the transcript I will be happy to answer them.

**Dennis R. Bailey**
**Rushton, Stakely, Johnston & Garrett, P.A.**
P.O. Box 270/184 Commerce Street
Montgomery, Alabama 36101-0270/36104
Voice: 334-206-3234
Fax: 334-481-0031
E-Mail: drb@rsjg.com

**CONFIDENTIALITY/IRS CIRCULAR NOTICE:**

The information contained in this email/fax is confidential; it is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are notified that any dissemination, distribution, or use of this information is strictly prohibited. If you have received this communication in error, please contact us immediately at the telephone number or e-mail address set forth above and destroy all copies of the original message. Although this email/fax is believed to be free of any virus or other defect that might affect any computer system in which it is received, it is the responsibility of the recipient to ensure that it is virus free; Rushton, Stakely, Johnston, & Garrett, P.A., accepts no responsibility for any loss or damage arising in any way from its use. IRS CIRCULAR 230 DISCLOSURE: Unless explicitly stated to the contrary, this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

---

**From:** Robert L. Palmer [mailto:Bob@elglaw.com]
**Sent:** Monday, May 07, 2007 9:07 PM
**To:** Benjamin Max Bowden Esq. -- Albrittons, Clifton, Alverson, Moody & Bowden, P.C.; Bernard S. Taylor Esq. -- Alston & Bird, L.L.P.; Dennis R. Bailey; Douglas S. Arnold -- Alston & Bird, L.L.P.; Greg Cade; H. Thomas Wells, Esq. -- Maynard, Cooper & Gale, P.C.; John C. Berghoff Jr., Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; Mark R. Ter Molen Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; Matthew C. Sostrin Esq. -- Mayer, Brown, Rowe & Maw,

L.L.P.; Orlyn O. Lockard III, Esq. -- Alston & Bird, L.L.P.; W. Eason Mitchell, Esq. -- The Colom Law Firm, L.L.C.
**Subject:** Request for Information

Gentlemen:

I have requested information about the "informal guidance" that you received from the Alabama State Bar in connection with your direct contacts not only with Joann Ezell but also Roy Ezell, and you have declined to furnish any information whatsoever. I therefore intend to obtain that information directly from the Alabama State Bar, unless you are willing to furnish the information to me. The following is the text of a proposed communication to Sam Partridge:

> Dear Mr. Partridge:
>
> I am one of the lawyers representing the plaintiffs in *Tatum v. Pactiv Corporation, et al.*, Civil Action No. 2:06cv83-LES, in the United States District Court for the Middle District of Alabama, Northern Division. Among the plaintiffs is Mr. Roy Ezell. On Tuesday, August 8, Dennis Ray Bailey, one of the lawyers representing defendant Louisiana-Pacific Corporation, sought informal guidance from the Alabama State Bar to confirm that lawyers representing Louisiana-Pacific Corporation could speak directly with the plaintiff's wife, Mrs. Joann Ezell. In a court filing, the defendants have stated "Sam Partridge, Assistant General Counsel, after speaking with General Counsel Tony McLain, confirmed that they saw no obstacle to speaking with Mrs. Ezell if she is not represented by counsel." Mr. Bailey, with the assistance of a court reporter, thereafter took a sworn statement from Mrs. Ezell without giving notice to any of the plaintiffs' counsel and without any of the plaintiffs' counsel being present. In addition, an arrangement was made for both Mr. and Mrs. Ezell to consult with "independent" counsel, a lawyer who just happens to be a member of the Alabama Defense Lawyers Association but who is not known to represent plaintiffs. As one of the lawyers representing Mr. Roy Ezell, I have asked the defendants' lawyers to furnish (1) evidence of exactly what Dennis Bailey told you to get your "informal guidance" and (2) evidence of exactly what you told Dennis Bailey he could do. They have not furnished this information. I therefore request that the Alabama State Bar furnish this information directly to the plaintiffs' counsel.
>
> Thank you very much.
>
> Robert Leslie Palmer

There is still time for you to furnish the requested information to me, but please understand that sticking your heads in the sand will not make this go away. I look forward to hearing from all or any one of you in the very near future.

Bob Palmer


**Robert Leslie Palmer**
**Environmental Litigation Group, P.C.**
**3529 Seventh Avenue South**
**Birmingham, Alabama 35222**

**Bob@elglaw.com (office e-mail)**
**WaveHoya@charter.net (personal e-mail)**

**205-328-9200 (office telephone)**
**205-328-9456 (office facsimile)**
**205-873-2247 (cell telephone)**
**205-663-3137 (home telephone)**


5/11/2007

## Tort Reform?  Consider the Scriptural View:

## "Do not deny justice to your poor people in their lawsuits." Exodus 23:6 (NIV).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.
_____

5/11/2007