IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 2:06cv83-LES: ) |
| PACTIV CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

# PLAINTIFFS' MOTION FOR
# PARTIAL SUMMARY JUDGMENT

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and move this Honorable Court for partial summary judgment against Defendant Louisiana-Pacific Corporation, finding, as a matter of law, that Louisiana-Pacific is liable to the Plaintiffs for their injuries.

### Summary Judgment Should Be Granted Based On
### Louisiana-Pacific's Failure to Produce Insurance Documents

Under FED.R.CIV.P. 26(a)(1)(D),[1] the Defendants were required to produce insurance agreements affecting the litigation. Although Louisiana-Pacific did produce for the Plaintiffs copies of various insurance agreements, the Plaintiffs have independently learned that Louisiana-

---

1. FED.R.CIV.P. 26(a)(1)(D) reads as follows: "A party must, without awaiting a discovery request, provide to other parties … for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."

Pacific sued its insurers under those agreements and entered into one or more settlement agreements that may very likely dispose of the insurers' obligations under the insurance agreements. ***In short, the settlement agreements are de facto amendments of the insurance agreements***. Thus, Louisiana-Pacific's production of insurance agreements under FED.R.CIV.P. 26(a)(1)(D) was incomplete.

Significantly, not only did Louisiana-Pacific fail to produce the settlement agreements in its initial mandatory production of documents, but it has since that time steadfastly refused to produce those agreements for the Plaintiffs' inspection and copying:

- By letter dated January 2, 2007, a copy of which is attached hereto as **EXHIBIT A**, the Plaintiffs requested that Louisiana-Pacific produce all of the insurance agreements required to be produced under FED.R.CIV.P. 26(a)(1)(D), including any agreements "that change or modify responsibility under insurance agreements."

- By letter dated April 26, 2007, a copy of which is attached hereto as **EXHIBIT B**, the Plaintiffs reiterated their request that Louisiana-Pacific specifically produce copies of "any documents that affect liability under those insurance policies … requested earlier."

- By letter dated May 10, 2007, a copy of which is attached hereto as **EXHIBIT C**, Louisiana-Pacific declined to produce the requested documents.

- By letter dated May 11, 2007, a copy of which is attached hereto as **EXHIBIT D**, the Plaintiffs specifically requested that Louisiana-Pacific produce the settlement agreements

**Plaintiffs' Motion for Partial Summary Judgment**                                                                                 **Page 2**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

> with Louisiana-Pacific's insurers because they constitute amendments to the insurance agreements.

➢ By letter dated May 24, 2007, a copy of which is attached hereto as **EXHIBIT E**, Louisiana-Pacific refused to produce the requested settlement agreements.

The settlement agreements are directly relevant to Louisiana-Pacific's liability, for ***in suing its insurers, Louisiana-Pacific affirmatively asserted in court filings that it was liable for property damage and personal injuries arising out of its operation of the Lockhart plant made the basis of this lawsuit***. It is likely that the settlement agreements further establish that Louisiana-Pacific has admitted its liability, and Louisiana-Pacific's failure to produce the settlement agreements is undoubtedly based on a desire to keep such damning documents out of the hands of the Plaintiffs.

The Plaintiffs therefore request that this Honorable Court, pursuant to its authority under FED.R.CIV.P. 26(a)(1)(D), FED.R.CIV.P. 37(c)(1),[2] and FED.R.CIV.P. 37(b)(2),[3] enter partial

---

2. FED.R.CIV.P. 37(c)(1) reads as follows: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, ***the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions***. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, ***these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C)*** and may include informing the jury of the failure to make the disclosure. Fed.R.Civ.P. 37(c)(1)." *Emphasis added*.

3. FED.R.CIV.P. 37(b)(2) reads as follows: "If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ***(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; (B) An order refusing to allow the disobedient party to support or***

**Plaintiffs' Motion for Partial Summary Judgment**                                                                                      **Page 3**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

summary judgment in favor of the Plaintiffs and against Louisiana-Pacific, finding, as a matter of law, that Louisiana-Pacific is liable to the Plaintiffs for their injuries. The Plaintiffs seek this relief at this time because of the nature of the discovery abuse; i.e., failure to produce documents evidencing an admission of liability. Summary judgment on the liability issue is therefore appropriate at this time not only because of Louisiana-Pacific's failure to produce its settlement agreement with its insurer, but also because Louisiana-Pacific has made an admission against interest – that it is liable for the Plaintiff's property damage and personal injuries – in order to obtain a settlement from its insurers. *Cochran v. Watson*, 628 So.2d 407 (Ala. 1993).

## Summary Judgment Should Be Granted
## Based on Louisiana-Pacific's Admission of Liability

On about July 20, 2001, Defendant Louisiana-Pacific filed a complaint in Alaska against various insurance companies, a copy of which is attached hereto as **EXHIBIT F**. In the complaint, Louisiana-Pacific affirmatively asserts – and therefore admits:

➢ That Louisiana-Pacific had environmental liabilities arising out of its operation of plants all over the United States, including the Lockhart plant made the subject of this litigation.

---

*<u>oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party</u>*; (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination; (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination. In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.." *Emphasis added*.

**Plaintiffs' Motion for Partial Summary Judgment**                                                                     **Page 4**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

See paragraph 17 of the complaint, at page 5 of **EXHIBIT F**, and Exhibit A to the complaint, at page 13 of **EXHIBIT F**.

- That the insurance companies it sued insured Louisiana-Pacific against "liability for damages because of property damage, bodily injuries, and personal injuries arising out of [Louisiana-Pacific's] operations, both within the State of Alaska and elsewhere in the world." See paragraph 31 of the complaint, at page 8 of **EXHIBIT F**.

- That the sites insured included the Lockhart plant made the subject of this litigation. See paragraph 33 of the complaint, at page 9 of **EXHIBIT F**, and Exhibit A to the complaint, at page 13 of **EXHIBIT F**.

On about October 7, 2002, Louisiana-Pacific filed *Plaintiff's Motion to Designate the Thorne Bay, Alaska Site as the Initial Trial in this Action*, together with a supporting memorandum, interrogatory responses, and other documents, copies of which are collectively attached hereto as **EXHIBIT G**. In these documents, Louisiana-Pacific affirmatively asserts – and therefore admits:

- That Louisiana-Pacific operated the Lockhart plant from 1983 through 1998, that it had incurred $2,600,000 in "past costs," and that it had $150,000 in reserve. See chart attached to interrogatory responses on page 40 of **EXHIBIT G**.

- That Louisiana-Pacific's "liability at the Lockhart site is based on environmental property damage to groundwater and surface water due to contamination by creosote, PCP, and CCA wood treatment residuals." See site-specific interrogatory responses for the Lockhart site attached to interrogatory responses on pages 121 and 122, at page 121 of **EXHIBIT G**.

**Plaintiffs' Motion for Partial Summary Judgment**                                                                    **Page 5**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

➢ That "the operations at the sites caused continuous, or near continuous, exposures of hazardous materials to the environment." See August 14, 2002 letter from R. Edward Poole, Esq. to Kenneth H. Summer, Esq., on pages 177 through 187, at page 180 of **EXHIBIT G**.

➢ That the property damage "commenced with the date on which the property was first exposed to hazardous materials in the course of KPC or L-P operations at the sites and continued from that initial exposure until remediated" and that additional "property was damaged as hazardous materials escaped or migrated from one location to another." See August 14, 2002 letter from R. Edward Poole, Esq. to Kenneth H. Summer, Esq., on pages 177 through 187, at page 182 of **EXHIBIT G**.

On about February 20, 2004, Louisiana-Pacific filed a *Supplemental Status Report*, a copy of which is attached hereto as **EXHIBIT H**. In this filing, Louisiana-Pacific stated "Settlement Agreements have been executed by the parties, and the parties expect to file a Stipulation of Dismissal shortly." See page 2 of **EXHIBIT H**.

On about March 12, 2004, the parties filed a *Stipulation for Dismissal*, a copy of which is attached hereto as **EXHIBIT I**, and three days later, on about March 15, 2004, the court entered an *Order Granting Stipulation for Dismissal*, a copy of which is attached hereto as **EXHIBIT J**.

Based on the foregoing, it is clear that Louisiana-Pacific has not only admitted its liability for personal injuries and property damage resulting from the environmental contamination caused by the Lockhart plant, the very plant made the basis of this litigation, but it has done so in order to obtain the proceeds of one or more insurance policies. *__Having received the benefit of the insurance proceeds based on its liability, Defendant Louisiana-Pacific should not now be__*

**Plaintiffs' Motion for Partial Summary Judgment**                                                                 **Page 6**
Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES
In the United States District Court
For the Middle District of Alabama, Northern Division

***permitted to deny that very same liability***.  Instead, this Court should apply the doctrine of equitable estoppel, which:

> … comes into play where a party takes a position in one instance inconsistent with that party's position in another instance, to another's prejudice.

*Williams v. FNBC Acceptance Corporation*, 419 So.2d 1363, 1367 (Ala. 1982).

> The purpose of equitable estoppel is to promote equity and justice in an individual case by preventing a party from asserting rights under a general rule of law when his own conduct renders the assertion of such rights contrary to equity and good conscience.

*Draughon v. General Finance Credit Corporation*, 362 So.2d 880, 884 (Ala. 1978).

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Honorable Court will grant partial summary judgment in favor of the Plaintiffs and against Defendant Louisiana-Pacific Corporation, finding, as a matter of law, that Louisiana-Pacific is liable to the Plaintiffs for their injuries.

 /s/ *Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007

 /s/ *Gregory Andrews Cade*
Gregory Andrews Cade, State Court ID No. CAD010
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Motion for Partial Summary Judgment**                                                                 **Page 7**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2007, I caused the foregoing *Plaintiffs' Motion for Partial Summary Judgment* to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to sent to the following:

W. Eason Mitchell, Esq.
Gregory A. Cade, Esq.
Fred R. DeLeon, Jr., Esq.
John C. Berghoff, Jr., Esq.
Matthew C. Sostrin, Esq.
Mark R. Ter Molen, Esq.
H. Thomas Wells, Jr., Esq.
John A. Earnhardt, Esq.
Bernard Taylor, Esq.
Douglas S. Arnold, Esq.
Orlyn O. Lockhard, III, Esq.
Dennis R. Bailey, Esq.
R. Austin Huffaker, Esq.
Laura Porter, Esq.
Abner Riley Powell III, Esq.
Benjamin Max Bowden, Esq.
Edwin Bryan Nichols, Esq.

/s/ *Robert Leslie Palmer*
Of Counsel

**Plaintiffs' Motion for Partial Summary Judgment**                              Page 8
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**