FILED
U.S. DISTRICT COURT
DISTRICT OF ALASKA

2001 JUL 20 PM 2: 47

Mark E. Ashburn, Esq.
Ashburn & Mason, P.C.
1130 West Sixth Avenue, Suite 100
Anchorage, AK 99501
Phone: (907) 276-4331
Fax: (907) 277-8235

Attorneys for Plaintiff Ketchikan Pulp Company
and Louisiana-Pacific Corporation

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KETCHIKAN PULP COMPANY and LOUISIANA-PACIFIC CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> ACE INDEMNITY INSURANCE COMPANY, formerly known as Alaska Pacific Assurance Company; GRANITE STATE INSURANCE COMPANY; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; and NEW HAMPSHIRE INSURANCE COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> )    A0 1  2 2 3  CIV <br> ) <br> ) <br> ) Case No. A01-_____ Civil [_____] <br> ) <br> ) **COMPLAINT FOR BREACH OF** <br> ) **CONTRACT AND TORTIOUS BREACH** <br> ) **OF THE IMPLIED COVENANT OF** <br> ) **GOOD FAITH AND FAIR DEALING** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

## NATURE OF THIS ACTION

1.      This is an action for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, and other relief.

2.      Plaintiffs Ketchikan Pulp Company ("KPC") and Louisiana-Pacific Corporation ("Louisiana-Pacific") seek damages for breach of the Defendants' contractual duties under certain liability insurance policies with respect to certain liabilities for environmental property damage.

## THE PARTIES

3.      Plaintiff KPC is a corporation organized under the laws of the State of Washington and has its principal place of business in Ketchikan, Alaska.  KPC is a wholly-owned subsidiary of Louisiana-Pacific.

4.      Plaintiff Louisiana-Pacific is a corporation organized under the laws of the State of Delaware and has its principal place of business in Portland, Oregon.

5.      Defendant ACE Indemnity Assurance Company ("ACE") is a corporation organized under the laws of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.  Upon information and belief, ACE is the successor-in-interest to Alaska Pacific Assurance Company. Upon information and belief, ACE is licensed to do business and is doing business in the State of Alaska, among other places.

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

6.      Defendant Granite State Insurance Company ("Granite State") is a corporation organized under the laws of Pennsylvania, with its principal place of business in New York, New York.  Upon information and belief, Granite State is licensed to do business and is doing business in the State of Alaska, among other places.

7.      Defendant The Insurance Company of the State of Pennsylvania ("INSCOPA") is a corporation organized under the laws of Pennsylvania, with its principal place of business in New York, New York. Upon information and belief, INSCOPA is licensed to do business and is doing business in the State of Alaska, among other places.

8.      Defendant New Hampshire Insurance Company ("New Hampshire") is a corporation organized under the laws of Pennsylvania, with its principal place of business in New York, New York. Upon information and belief, New Hampshire is licensed to do business and is doing business in the State of Alaska, among other places.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00.

10.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants regularly conduct business in Alaska.  Further, certain of the liabilities for which

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

COMPLAINT FOR BREACH OF CONTRACT AND TORTIOUS BREACH
OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
Ketchikan Pulp, et al., v. Ace Indemnity, et al., Case No. A01-_____ Civil [   ]          Page 3 of 2

Plaintiffs seek insurance coverage arise out of alleged property damage to locations in the State of Alaska.

11.     There is an actual, justiciable controversy between Plaintiffs and the Defendants.

## THE INSURANCE POLICIES

12.     From at least 1973 to 1985, in consideration of substantial premiums paid by Louisiana-Pacific, Defendants sold to Louisiana-Pacific various primary, umbrella and excess comprehensive general liability insurance policies.  Plaintiff KPC is, and at all relevant times was, a "Named Insured" under each of the Defendants' insurance policies.

13.     Defendant ACE sold the following policies to cover Louisiana Pacific's Alaskan liabilities: No. 0478-70524-02-001 (April 19, 1978 – April 19, 1979); and No. 0479-70524-02-001 (April 19, 1979 – April 1, 1980).

14.     Defendant Granite State sold Louisiana-Pacific the following policies to cover Louisiana Pacific's liabilities worldwide:  No. 6579-5818 (January 1, 1979 – April 1, 1980); No. 6579-0962 (January 1, 1979 – April 1, 1980); No. 6580-2060 (April 1, 1980 – April 1, 1981); No. 6580-7157 (April 1, 1980 – April 1, 1981); No. 6581-8194 (April 1, 1981 – April 1, 1982); No. 6581-2956 (April 1, 1981 – April 1, 1982); No.

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

6582-9385 (April 1, 1982 – April 1, 1983); No. 6583-0672 (April 1, 1983 – April 1, 1984); and No. 6584-1255 (April 1, 1984 – April 1, 1985).

15.    Defendant INSCOPA sold Louisiana-Pacific the following policies to cover Louisiana Pacific's liabilities worldwide: No. 4573-1751 (April 1, 1973 – January 1, 1976); and No. 4576-1880 (January 1, 1976 – January 1, 1979).

16.    Defendant New Hampshire sold Louisiana-Pacific the following policies to cover Louisiana Pacific's liabilities worldwide:  No. 5572-1736 (January 1, 1973 – January 1, 1976); No. 5573-0221 (January 1, 1973 – January 1, 1976); and No. 5576-0456 (January 1, 1976 – January 1, 1979).

## THE UNDERLYING ENVIRONMENTAL LIABILITIES

17.    To date, Plaintiffs have incurred defense expenditures and payments in excess of $123 Million ($123,000,000) for alleged environmental liabilities at various locations in the State of Alaska and in other parts of the United States ("Underlying Liabilities").  A list of the sites involved in the Underlying Liabilities is attached hereto as Exhibit A, and is incorporated by reference as if fully set forth herein.

18.    Plaintiffs have expended more than eighty-three million dollars ($83,000,000.00) in defense costs, settlements, judgments and clean-up costs arising out of Underlying Liabilities for sites within the State of Alaska.  The majority of Plaintiffs'

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

COMPLAINT FOR BREACH OF CONTRACT AND TORTIOUS BREACH
OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
Ketchikan Pulp, et al., v. Ace Indemnity, et al., Case No. A01-_____ Civil [  ]            Page 5 of 2

Underlying Liabilities in Alaska arise out of sites in Annette Island, Alaska; Thorne Bay, Alaska; and Ward Cove, Alaska.

19.    Plaintiffs have expended approximately forty million dollars ($40,000,000.00) in defense costs, settlements, judgments and clean-up costs arising out of Underlying Liabilities for sites throughout the rest of the United States, not including Alaska.

20.    Plaintiffs' liability for the Underlying Liabilities arises out of occurrences that resulted in property damage which took place during the policy periods of the insurance policies sold by the Defendants.

21.    Plaintiffs have provided timely notice to Defendants concerning the Underlying Liabilities and all applicable conditions precedent to recovery under the policies have been satisfied, waived or are the subject of estoppel.

22.    Plaintiffs are entitled to all benefits provided by the insurance policies at issue.

## FIRST CLAIM FOR RELIEF
### (Compensatory Damages Arising From Breach of Contract: Alaska Sites Only)
### (Against Defendant ACE)

23.    The allegations contained in Paragraphs 1 through 22 above are realleged and incorporated by reference as if fully set forth herein.

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

COMPLAINT FOR BREACH OF CONTRACT AND TORTIOUS BREACH
OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
Ketchikan Pulp, et al., v. Ace Indemnity, et al., Case No. A01-_____ Civil [    ]                    Page 6 of 2

24.     The insurance policies that Defendant ACE sold to Louisiana-Pacific provide coverage for KPC's liability for damages because of property damage, bodily injuries, and personal injuries arising out of KPC's Alaskan operations.

25.     Under the terms of the insurance policies that Defendant ACE sold to Louisiana-Pacific, Defendant ACE has a duty to indemnify KPC for all sums which KPC becomes legally obligated to pay, as damages, resulting from property damage, bodily injuries, and personal injuries arising out of the Underlying Liabilities and to pay KPC's costs of defense.

26.     KPC's liability for the Underlying Liabilities is covered under the insurance policies Defendant ACE sold to Louisiana-Pacific.

27.     Defendant ACE has breached the contracts of insurance it sold to Louisiana-Pacific by refusing or failing to perform its duty to pay in full on behalf of KPC such sums paid or which KPC has become legally obligated to pay, as damages, resulting from property damage, bodily injuries, and personal injuries arising out of the Underlying Liabilities, and to pay KPC's costs of defense arising out of the Underlying Liabilities.

28.     KPC has performed all obligations required under the ACE insurance policies.

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

COMPLAINT FOR BREACH OF CONTRACT AND TORTIOUS BREACH
OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
Ketchikan Pulp, et al., v. Ace Indemnity, et al., Case No. A01-_____ Civil [   ]                    Page 7 of 2

29.     As a direct, proximate, and legal result of Defendant ACE's breach of the insurance policies, KPC has sustained substantial damages including, but not limited to, the amounts it has expended in connection with defense costs, settlements and judgments, plus interest.

### SECOND CLAIM FOR RELIEF
**(Compensatory Damages Arising From Breach**
**of Contract: Alaska and Other Sites)**
**(Against Defendants Granite State, INSCOPA and New Hampshire)**

30.     The allegations contained in Paragraphs 1 through 29 above are realleged and incorporated by reference as if fully set forth herein.

31.     The insurance policies that Defendants Granite State, INSCOPA and New Hampshire sold to Louisiana-Pacific provide coverage for Plaintiffs' liability for damages because of property damage, bodily injuries, and personal injuries arising out of Plaintiffs' operations, both within the State of Alaska and elsewhere in the world.

32.     Under the terms of the insurance policies that Defendants sold to Louisiana-Pacific, Granite State, INSCOPA, and New Hampshire have a duty to indemnify Plaintiffs for all sums which Plaintiffs become legally obligated to pay, as damages, resulting from property damage, bodily injuries, and personal injuries arising out of the Underlying Liabilities and to pay Plaintiffs' costs of defense.

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

COMPLAINT FOR BREACH OF CONTRACT AND TORTIOUS BREACH
OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
Ketchikan Pulp, et al., v. Ace Indemnity, et al., Case No. A01-_____ Civil [   ]          Page 8 of 2

33.     The insurance policies Defendants Granite State, INSCOPA, and New Hampshire sold to Louisiana-Pacific cover the Underlying Liabilities at sites within the State of Alaska and also at all other locations listed on Exhibit A.

34.     Defendants Granite State, INSCOPA, and New Hampshire have breached the contracts of insurance they sold to Louisiana-Pacific by refusing or failing to perform their duty to pay in full on behalf of Plaintiffs such sums paid or which Plaintiffs have become legally obligated to pay, as damages, resulting from property damage, bodily injuries, and personal injuries arising out of the Underlying Liabilities, and to pay Plaintiffs' costs of defense arising out of the Underlying Liabilities.

35.     Plaintiffs have performed all obligations required under the insurance policies Defendants Granite State, INSCOPA, and New Hampshire sold to Louisiana-Pacific.

36.     As a direct, proximate, and legal result of Defendants Granite State, INSCOPA, and New Hampshire's breach of the insurance policies, Plaintiffs have sustained substantial damages including, but not limited to, the amounts they have expended in connection with defense costs, settlements and judgments, plus interest.

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

### THIRD CLAIM FOR RELIEF
**(Punitive Damages Arising From Tortious Breach
of the Implied Covenant of Good Faith and
Fair Dealing: Alaska & Other Sites)
(Against Defendants Granite State, INSCOPA and New Hampshire)**

37.    The allegations contained in Paragraphs 1 through 36 above are realleged and incorporated by reference as if fully set forth herein.

38.    Although Defendants Granite State, INSCOPA, and New Hampshire knew that the Underlying Liabilities were covered under the insurance policies Defendants Granite State, INSCOPA, and New Hampshire sold to Louisiana-Pacific, and that each Defendant had an obligation and duty to protect the Plaintiffs, Defendants Granite State, INSCOPA, and New Hampshire wrongfully have refused or failed to provide coverage for Plaintiffs' defense costs, settlements, judgments and clean-up costs arising out of the Underlying Liabilities.

39.    Upon information and belief, Defendants Granite State, INSCOPA, and New Hampshire's refusal or failure to provide coverage was intentional and motivated by Defendants' own financial self-interest. Upon further information and belief, Defendants Granite State, INSCOPA, and New Hampshire's conduct was in willful and wanton disregard of their contractual and fiduciary obligations to Plaintiffs, was done with a reckless

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

indifference for the Plaintiffs' rights, and constitutes a gross deviation from the acceptable standard of reasonable conduct for liability insurance companies.

40.    As a direct and proximate result of the conduct of Defendants Granite State, INSCOPA, and New Hampshire as alleged hereinabove, Plaintiffs are entitled to recover, in addition to compensatory damages, punitive damages against Defendants Granite State, INSCOPA, and New Hampshire in an amount to be determined at trial.

WHEREFORE, Plaintiffs request judgment against Defendants, as follows:

1.    On the First Claim for Relief, KPC requests that this Court grant a judgment against Defendant ACE for (a) actual money damages according to proof at trial, plus interest according to law; and (b) such other further and different relief as this Court may deem just and proper;

2.    On the Second Claim for Relief, Plaintiffs request that this Court grant judgment against Defendants Granite State, INSCOPA, and New Hampshire, jointly and severally, for (a) actual money damages according to proof at trial, plus interest according to law; and (b) such other further and different relief as this Court may deem just and proper; and

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

COMPLAINT FOR BREACH OF CONTRACT AND TORTIOUS BREACH
OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
Ketchikan Pulp, et al., v. Ace Indemnity, et al., Case No. A01-_____ Civil [   ]          Page 11 of 2

(3)    On the Third Claim for Relief, Plaintiffs request that this Court grant

judgment against Defendants Granite State, INSCOPA, and New Hampshire for punitive

damages in an amount to be determined at trial.

ASHBURN & MASON, P.C.
Attorneys for Plaintiffs Ketchikan Pulp Company
and Louisiana-Pacific Corporation

DATED: 7-30-01

By: _____
Mark E. Ashburn
Alaska Bar No. 7405017

Jerold Oshinsky
Robin L. Cohen
R. Edward Poole
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526
Phone: (202) 785-9700

N:\DAT\9641\Complaint

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

COMPLAINT FOR BREACH OF CONTRACT AND TORTIOUS BREACH
OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
Ketchikan Pulp, et al., v. Ace Indemnity, et al., Case No. A01-_____ Civil [   ]    Page 12 of 2

**Exhibit A**
**Ketchikan Pulp Company and Louisiana-Pacific**
**Corporation United States Environmental Sites**

Alexandria, Louisiana
Annette Island, Alaska
Ashland, Wisconsin
Athens, Georgia
Belgrade, Montana
Bon Weir, Texas
Carthage, Texas
Cavenham (Urania, Louisiana)
Chilco, Idaho
Cleveland, Texas
Coffman Cove, Alaska
Corrigan, Texas
Crestview, Florida
Drummond, Montana
Dunngannon, Virginia
East 12 Mile, Alaska
East Providence, Rhode Island
El Capitan, Alaska
Evergreen, Alabama
Fernley, Nevada
Fire Cove, Alaska
Greensboro, Georgia
Hassler Island
Jasper, Texas
Klu Bay, Alaska
Kremmling, Colorado
Labouchere Bay, Alaska
Libby, Montana
Lockhardt, Alabama
Lufkin, Texas
Margaret Bay, Alaska
Marianna, Florida

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

Ketchikan Pulp, et al., v. Ace Indemnity, et al., Case No. A01-_____ Civil [   ]

**EXHIBIT A**

Missoula, Montana
Mohawk, Michigan
Nashville, North Carolina
Naukati, Alaska
New Waverly, Texas
Newberry, Michigan
Norton, Ohio
Pendleton, Oregon
Philadelphia, Mississippi
Phillipsburg, Montana
Pittsboro, North Carolina
Polk Inlet, Alaska
Post Falls, Idaho
Priest River, Idaho
Purvis, Mississippi
Rexburg, Idaho
Rogue, Oregon
Salmon Creek, Alaska
Shelter Cove, Alaska
Shrimp Bay, Alaska
Silsbee, Texas
Statesboro, Georgia
Suemez Island, Alaska
SW Neets Bay, Alaska
Tacoma, Washington
Thorne Bay, Alaska
Trinity, Texas
Tuxekan, Alaska
Walden, Colorado
Ward Cove, Alaska
Waynesboro, Georgia
West Bay, Florida
Whale Pass, Alaska
Winnifield, Louisiana
Winter Harbor, Alaska

ASHBURN AND MASON
LAWYERS
A PROFESSIONAL CORPORATION
SUITE 100
1130 WEST SIXTH AVENUE
ANCHORAGE, ALASKA
99501-5914
(907) 276-4331

**EXHIBIT A**
Page 2

LODGED

SEP 21 2001

Clay A. Young
DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
Phone: (907) 279-3581
Fax: (907) 277-1331

W. David Campagne: *proposed pro hac vice*
Kenneth H. Sumner: *proposed pro hac vice*
SINNOTT, DITO, MOURA & PUEBLA, P.C.
Two Embarcadero Center, Suite 2330
San Francisco, CA 94111
Phone: (415) 352-6200
Fax: (415) 352-6224

Attorneys for Defendants
GRANITE STATE INSURANCE COMPANY,
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, and NEW
HAMPSHIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KETCHIKAN PULP COMPANY          )
and LOUISIANA-PACIFIC           )
CORPORATION,                    )
                                )
          Plaintiffs,           )
                                )
vs.                             )
                                )
ACE INDEMNITY INSURANCE COMPANY,)
formerly known as Alaska Pacific)
Assurance Company; GRANITE STATE)
INSURANCE COMPANY; THE INSURANCE)    **ORDER EXTENDING TIME FOR**
COMPANY OF THE STATE OF         )    **DEFENDANTS TO FILE REPLY**
PENNSYLVANIA; and NEW HAMPSHIRE )    **MEMORANDUM**
INSURANCE COMPANY,              )
                                )    CASE NO. A01-223 CIV (JWS)
          Defendants.           )
_____)

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

This matter having come before the court this _____ day of _____, 2001, upon the stipulation of parties for an extension of time for Granite State Insurance Company, The Insurance Company of the State of Pennsylvania, and New Hampshire Insurance Company ("Defendants") to file their reply memorandum in support of their Motion to Dismiss and/or for More Definite Statement, and good cause appearing, it is therefore

ORDERED that the stipulation is proved and the Defendants responsive/reply memorandum is to be filed and served by the close of business on September 26, 2001.

Dated:     _____

_____
John W. Sedwick
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of September, 2001, a true and correct copy of the foregoing was mailed to the following:

Mark E. Ashburn
Ashburn & Mason, P.C.
1130 W. 6th Ave., Ste. 100
Anchorage, Alaska 99501

Jerold Oshinsky
Robin L. Cohen
R. Edward Poole
Dickstein Shapiro Morin & Oshinsky LLP
2101 L St., N.W.
Washington, DC 20037-1526

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

2

Ken Frenchman
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036-2714

W. David Campagne
Sinnott, Dito, Moura & Puebla P.C.
Two Embarcadero Ctr., Ste. 2330
San Francisco, CA 94111-3910

_____
Dru Lippert
47177

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

3

LODGED

SEP 21 2001

Clay A. Young
DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
Phone: (907) 279-3581
Fax: (907) 277-1331

W. David Campagne: *proposed pro hac vice*
Kenneth H. Sumner: *proposed pro hac vice*
SINNOTT, DITO, MOURA & PUEBLA, P.C.
Two Embarcadero Center, Suite 2330
San Francisco, CA 94111
Phone: (415) 352-6200
Fax: (415) 352-6224

Attorneys for Defendants
GRANITE STATE INSURANCE COMPANY,
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, and NEW
HAMPSHIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| KETCHIKAN PULP COMPANY and LOUISIANA-PACIFIC CORPORATION, | ) ) ) ) | |
|        Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| ACE INDEMNITY INSURANCE COMPANY, formerly known as Alaska Pacific Assurance Company; GRANITE STATE INSURANCE COMPANY; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; and NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) ) ) ) ) | **ORDER EXTENDING TIME FOR DEFENDANTS TO FILE REPLY MEMORANDUM** |
|        Defendants. | ) ) ) | CASE NO. A01-223 CIV (JWS) |

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

This matter having come before the court this _____ day of _____, 2001, upon the stipulation of parties for an extension of time for Granite State Insurance Company, The Insurance Company of the State of Pennsylvania, and New Hampshire Insurance Company ("Defendants") to file their reply memorandum in support of their Motion to Dismiss and/or for More Definite Statement, and good cause appearing, it is therefore

ORDERED that the stipulation is proved and the Defendants responsive/reply memorandum is to be filed and served by the close of business on September 26, 2001.

Dated:  _____

_____
John W. Sedwick
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the _31st_ day of September, 2001, a true and correct copy of the foregoing was mailed to the following:

Mark E. Ashburn
Ashburn & Mason, P.C.
1130 W. 6th Ave., Ste. 100
Anchorage, Alaska 99501

Jerold Oshinsky
Robin L. Cohen
R. Edward Poole
Dickstein Shapiro Morin & Oshinsky LLP
2101 L St., N.W.
Washington, DC 20037-1526

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

2

Ken Frenchman
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036-2714

W. David Campagne
Sinnott, Dito, Moura & Puebla P.C.
Two Embarcadero Ctr., Ste. 2330
San Francisco, CA 94111-3910

Dru Lippert
47177

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

3

LODGED

SEP 1 4 2001

Clay A. Young
DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
Phone: (907) 279-3581
Fax: (907) 277-1331

W. David Campagne: *proposed pro hac vice*
Kenneth H. Sumner: *proposed pro hac vice*
SINNOTT, DITO, MOURA & PUEBLA, P.C.
Two Embarcadero Center, Suite 2330
San Francisco, CA 94111
Phone: (415) 352-6200
Fax: (415) 352-6224

Attorneys for Defendants
GRANITE STATE INSURANCE COMPANY,
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, and NEW
HAMPSHIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KETCHIKAN PULP COMPANY          )
and LOUISIANA-PACIFIC           )
CORPORATION,                    )
                                )
          Plaintiffs,           )
                                )
vs.                             )
                                )
ACE INDEMNITY INSURANCE COMPANY,)
formerly known as Alaska Pacific)
Assurance Company; GRANITE STATE)
INSURANCE COMPANY; THE INSURANCE)    **ORDER EXTENDING TIME FOR**
COMPANY OF THE STATE OF         )    **DEFENDANTS TO FILE REPLY**
PENNSYLVANIA; and NEW HAMPSHIRE )    **MEMORANDUM**
INSURANCE COMPANY,              )
                                )    CASE NO. A01-223 CIV (JWS)
          Defendants.           )
_____)

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

This matter having come before the court this _____ day of
_____, 2001, upon the stipulation of parties for an
extension of time for Granite State Insurance Company, The Insurance
Company of the State of Pennsylvania, and New Hampshire Insurance
Company ("Defendants") to file their reply memorandum in support of
their Motion to Dismiss and/or for More Definite Statement, and good
cause appearing, it is therefore

ORDERED that the stipulation is proved and the Defendants
responsive/reply memorandum is to be filed and served by the close
of business on September 24, 2001.

Dated: _____

_____
John W. Sedwick
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the _14th_ day
of September, 2001, a true and correct copy
of the foregoing was mailed to the following:

Mark E. Ashburn
Ashburn & Mason, P.C.
1130 W. 6th Ave., Ste. 100
Anchorage, Alaska 99501

Jerold Oshinsky
Robin L. Cohen
R. Edward Poole
Dickstein Shapiro Morin & Oshinsky LLP
2101 L St., N.W.
Washington, DC 20037-1526

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

2

Ken Frenchman
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036-2714

W. David Campagne
Sinnott, Dito, Mcura & Puebla P.C.
Two Embarcadero Ctr., Ste. 2330
San Francisco, CA 94111-3910

_____
Dru Lippert
46837

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

3

LODGED

SEP 1 4 2001

Clay A. Young
DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
Phone: (907) 279-3581
Fax: (907) 277-1331

W. David Campagne: *proposed pro hac vice*
Kenneth H. Sumner: *proposed pro hac vice*
SINNOTT, DITO, MOURA & PUEBLA, P.C.
Two Embarcadero Center, Suite 2330
San Francisco, CA 94111
Phone: (415) 352-6200
Fax: (415) 352-6224

Attorneys for Defendants
GRANITE STATE INSURANCE COMPANY,
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, and NEW
HAMPSHIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KETCHIKAN PULP COMPANY and LOUISIANA-PACIFIC CORPORATION, <br><br>              Plaintiffs, <br><br> vs. <br><br> ACE INDEMNITY INSURANCE COMPANY, formerly known as Alaska Pacific Assurance Company; GRANITE STATE INSURANCE COMPANY; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; and NEW HAMPSHIRE INSURANCE COMPANY, <br><br>              Defendants. | **ORDER EXTENDING TIME FOR DEFENDANTS TO FILE REPLY MEMORANDUM** <br><br> CASE NO. A01-223 CIV (JWS) |

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

This matter having come before the court this _____ day of _____, 2001, upon the stipulation of parties for an extension of time for Granite State Insurance Company, The Insurance Company of the State of Pennsylvania, and New Hampshire Insurance Company ("Defendants") to file their reply memorandum in support of their Motion to Dismiss and/or for More Definite Statement, and good cause appearing, it is therefore

ORDERED that the stipulation is proved and the Defendants responsive/reply memorandum is to be filed and served by the close of business on September 24, 2001.

Dated: _____

_____
John W. Sedwick
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___14th___ day
of September, 2001, a true and correct copy
of the foregoing was mailed to the following:

Mark E. Ashburn
Ashburn & Mason, P.C.
1130 W. 6th Ave., Ste. 100
Anchorage, Alaska 99501

Jerold Oshinsky
Robin L. Cohen
R. Edward Poole
Dickstein Shapiro Morin & Oshinsky LLP
2101 L St., N.W.
Washington, DC 20037-1526

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

2

Ken Frenchman
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036-2714

W. David Campagne
Sinnott, Dito, Moura & Puebla P.C.
Two Embarcadero Ctr., Ste. 2330
San Francisco, CA 94111-3910

_____

Dru Lippert
46837

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

3

LODGED

AUG 2 ? 2001

Clay A. Young
DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
Phone: (907) 279-3581
Fax: (907) 277-1331

W. David Campagne: *proposed pro hac vice*
Kenneth H. Sumner: *proposed pro hac vice*
SINNOTT, DITO, MOURA & PUEBLA, P.C.
Two Embarcadero Center, Suite 2330
San Francisco, CA 94111
Phone: (415) 352-6200
Fax: (415) 352-6224

Attorneys for Defendants
GRANITE STATE INSURANCE COMPANY,
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA and NEW
HAMPSHIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KETCHIKAN PULP COMPANY            )
and LOUISIANA-PACIFIC             )
CORPORATION,                      )
                                  )
            Plaintiffs,           )
                                  )
vs.                               )
                                  )
ACE INDEMNITY INSURANCE COMPANY,  )
formerly known as Alaska Pacific  )
Assurance Company; GRANITE STATE  )
INSURANCE COMPANY; THE INSURANCE  )
COMPANY OF THE STATE OF           )
PENNSYLVANIA; and NEW HAMPSHIRE   )
INSURANCE COMPANY,                )
                                  )
            Defendants.           )
_____)

[PROPOSED] ORDER GRANTING
GRANITE STATE INSURANCE
COMPANY'S, THE INSURANCE
COMPANY OF THE STATE OF
PENNSYLVANIA'S AND NEW
HAMPSHIRE INSURANCE COMPANY'S
MOTION TO DISMISS THE THIRD
CLAIM FOR RELIEF, OR IN THE
ALTERNATIVE, FOR A MORE
DEFINITE STATEMENT
[F.R.C.P. 12(b)(6); 12(E)]

CASE NO. A01-223 CIV (JWS)

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Having considered Defendants' motion to dismiss the Third Claim for Relief, or in the alternative, for a more definite statement, pursuant to FRCP 12(b)(6) or 12(e), on the grounds that Plaintiffs have failed to state a claim for punitive damages, and good cause appearing,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED, unless Plaintiffs provide a more definite statement regarding their claim for punitive damages within _____ days.

Dated:    _____

_____
John W. Sedwick
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the _23rd_ day of August, 2001, a true and correct copy of the foregoing was faxed and mailed to the following:

Mark E. Ashburn
Ashburn & Mason, P.C.
1130 W. 6th Ave., Ste. 100
Anchorage, Alaska 99501
907-277-8235

Jerold Oshinsky
Robin L. Cohen
R. Edward Poole
Dickstein Shapiro **Morin & Oshinsky** LLP
2101 L St., N.W.
Washington, DC 20037-1526
202-887-0689

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Ken Frenchman
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036-2714
212-997-9880

W. David Campagne
Sinnott, Dito, Moura & Puebla P.C.
Two Embarcadero Ctr., Ste. 2330
San Francisco, CA 94111-3910
415-352-6224

_____
Dru Lippert
46127

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

3

LODGED

AUG 2 2001

Clay A. Young
DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
Phone: (907) 279-3581
Fax: (907) 277-1331

W. David Campagne: *proposed pro hac vice*
Kenneth H. Sumner: *proposed pro hac vice*
SINNOTT, DITO, MOURA & PUEBLA, P.C.
Two Embarcadero Center, Suite 2330
San Francisco, CA 94111
Phone: (415) 352-6200
Fax: (415) 352-6224

Attorneys for Defendants
GRANITE STATE INSURANCE COMPANY,
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA and NEW
HAMPSHIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KETCHIKAN PULP COMPANY and LOUISIANA-PACIFIC CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> ACE INDEMNITY INSURANCE COMPANY, formerly known as Alaska Pacific Assurance Company; GRANITE STATE INSURANCE COMPANY; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; and NEW HAMPSHIRE INSURANCE COMPANY, <br><br> Defendants. | [PROPOSED] ORDER GRANTING GRANITE STATE INSURANCE COMPANY'S, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S AND NEW HAMPSHIRE INSURANCE COMPANY'S MOTION TO DISMISS THE THIRD CLAIM FOR RELIEF, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(b)(6); 12(E)] <br><br> CASE NO. A01-223 CIV (JWS) |

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Having considered Defendants' motion to dismiss the Third Claim for Relief, or in the alternative, for a more definite statement, pursuant to FRCP 12(b)(6) or 12(e), on the grounds that Plaintiffs have failed to state a claim for punitive damages, and good cause appearing,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED, unless Plaintiffs provide a more definite statement regarding their claim for punitive damages within _____ days.

Dated:    _____

_____
John W. Sedwick
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the _23rd_ day of August, 2001, a true and correct copy of the foregoing was faxed and mailed to the following:

Mark E. Ashburn
Ashburn & Mason, P.C.
1130 W. 6th Ave., Ste. 100
Anchorage, Alaska 99501
907-277-8235

Jerold Oshinsky
Robin L. Cohen
R. Edward Poole
Dickstein Shapiro **Morin & Oshinsky** LLP
2101 L St., N.W.
Washington, DC 20037-1526
202-887-0689

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

2

Ken Frenchman
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036-2714
212-997-9880

W. David Campagne
Sinnott, Dito, Moura & Puebla P.C.
Two Embarcadero Ctr., Ste. 2330
San Francisco, CA 94111-3910
415-352-6224

_____
Dru Lippert
46127

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

3

LODGED

AUG 1 0 2001

Clay A. Young
DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
Phone: (907) 279-3581
Fax: (907) 277-1331

W. David Campagne: *proposed pro hac vice*
Kenneth H. Sumner: *proposed pro hac vice*
SINNOTT, DITO, MOURA & PUEBLA, P.C.
Two Embarcadero Center, Suite 2330
San Francisco, CA 94111
Phone: (415) 352-6200
Fax: (415) 352-6224

Attorneys for Defendants
GRANITE STATE INSURANCE COMPANY,
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA and NEW
HAMPSHIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KETCHIKAN PULP COMPANY and LOUISIANA-PACIFIC CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> ACE INDEMNITY INSURANCE COMPANY, formerly known as Alaska Pacific Assurance Company; GRANITE STATE INSURANCE COMPANY; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; and NEW HAMPSHIRE INSURANCE COMPANY, <br><br> Defendants. | **[PROPOSED] ORDER GRANTING GRANITE STATE INSURANCE COMPANY'S, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S AND NEW HAMPSHIRE INSURANCE COMPANY'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT** <br> **[F.R.C.P. 6(b)(1)]** <br><br> CASE NO. A01-223 CIV (JWS) |

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Having considered Defendants' motion for an extension of time, pursuant to FRCP 6(b)(1), to file a Motion for Definite Statement, and finding good cause therefor,

IT IS HEREBY ORDERED that Defendants have to and including August 23, 2001 by which to file their Rule 12(e) motion.

Dated:     _____

_____
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of August, 2001, a true and correct copy of the foregoing was faxed and mailed to the following:

Mark E. Ashburn
Ashburn & Mason, P.C.
1130 W. 6th Ave., Ste. 100
Anchorage, Alaska 99501
907-277-8235

Jerold Oshinsky
Robin L. Cohen
R. Edward Poole
Dickstein Shapiro **Morin & Oshinsky LLP**
2101 L St., N.W.
Washington, DC 20037-1526
202-887-0689

W. David Campagne
Sinnott, Dito, Moura & Puebla P.C.
Two Embarcadero Ctr., Ste. 2330
San Francisco, CA 94111-3910
415-352-6224

_____
Dru Lippert
45599

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

2

# United States District Court

DISTRICT OF
Alaska

Ketchikan Pulp Company; And

Louisiana-Pacific Company

**SUMMONS IN A CIVIL ACTION**

v.

CASE NUMBER:

A01  223  CIV

Ace Indemnity Insurance Company; Granite
State Insurance Company; The Insurance
Company Of The State Of Pennsylvania; And
New Hampshire Insurance Company

TO: (Name and Address of Defendant)

New Hampshire Insurance Company
c/o Robert A. Lohr, Director, Division of
Insurance
P.O. Box 110805
Juneau, AK 99811-0805

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Mark E. Ashburn, Esq.
Ashburn & Mason, P.C.
1130 West 6th Avenue, Suite 100
Anchorage, Alaska 99501

an answer to the complaint which is herewith served upon you, within _20 30_ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

MICHAEL HALL

JUL    2001

CLERK                                    DATE

BY DEPUTY CLERK

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served : _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
　　　　　　　　　Date　　　　　　　　　　Signature of Server

_____
Address of Server

---

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

_____ DISTRICT OF _____
Alaska

Ketchikan Pulp Company; And

Louisiana-Pacific Company

## SUMMONS IN A CIVIL ACTION

**v.**

CASE NUMBER:  A 01   2 2 3   CIV

Ace Indemnity Insurance Company; Granite
State Insurance Company; The Insurance
Company Of The State Of Pennsylvania; And
New Hampshire Insurance Company

TO: (Name and Address of Defendant)
The Insurance Company Of The State Of
Pennsylvania
c/o Robert A. Lohr, Director, Division of
Insurance
P.O. Box 110805
Juneau, AK 99811-0805

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)
Mark E. Ashburn, Esq.
Ashburn & Mason, P.C.
1130 West 6th Avenue, Suite 100
Anchorage, Alaska 99501

an answer to the complaint which is herewith served upon you, within _20_ _30_ _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

MICHAEL HALL

CLERK

JUL 20 2001

DATE

BY DEPUTY CLERK

AO 440 (Rev. 1/90) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served : _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on_____        _____
              *Date*                    *Signature of Server*

                                    _____
                                      *Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

———————————————— DISTRICT OF ————————————————
Alaska

Ketchikan Pulp Company; And

Louisiana-Pacific Company

**SUMMONS IN A CIVIL ACTION**

v.

CASE NUMBER: A01    223    CIV

Ace Indemnity Insurance Company; Granite
State Insurance Company; The Insurance
Company Of The State Of Pennsylvania; And
New Hampshire Insurance Company

**TO:** (Name and Address of Defendant)
**Granite State Insurance Company**
c/o Robert A. Lohr, Director, Division of
Insurance
P.O. Box 110805
Juneau, AK 99811-0805

### YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY** (name and address)
Mark E. Ashburn, Esq.
Ashburn & Mason, P.C.
1130 West 6th Avenue, Suite 100
Anchorage, Alaska 99501

an answer to the complaint which is herewith served upon you, within *20 30* _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

**MICHAEL HALL**

JUL 20 2001

CLERK                                                    DATE

BY DEPUTY CLERK

AO 440 (Rev. 1/90) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served : _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
  *Date*                                *Signature of Server*


_____
  *Address of Server*


1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

_____ DISTRICT OF _____
Alaska

Ketchikan Pulp Company; And

Louisiana-Pacific Company

## SUMMONS IN A CIVIL ACTION

v.

CASE NUMBER:  101  223  CIV

Ace Indemnity Insurance Company; Granite
State Insurance Company; The Insurance
Company Of The State Of Pennsylvania; And
New Hampshire Insurance Company

TO: (Name and Address of Defendant)
Ace Indemnity Insurance Company
c/o Robert A. Lohr, Director, Division of
Insurance
P.O. Box 110805
Juneau, AK 99811-0805

### YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Mark E. Ashburn, Esq.
Ashburn & Mason, P.C.
1130 West 6th Avenue, Suite 100
Anchorage, Alaska 99501

an answer to the complaint which is herewith served upon you, within ___20  30___ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

MICHAEL HALL

CLERK

BY DEPUTY CLERK

DATE

AO 440 (Rev. 1/90) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served : _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on_____        _____
          *Date*        *Signature of Server*

          _____
          *Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

(Rev. 11/95)

The JS-44 civil cover sheet and the informa..... contained herein neither replace nor supplement the fil...d service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Ketchikan Pulp Company; And
Louisiana-Pacific Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Ketchikan Gateway
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

See Attachment

## DEFENDANTS

Ace Indemnity Insurance Company; Granite State Insurance Company; The Insurance Company Of The State Of Pennsylvania; And New Hampshire Insurance Company

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☒4 | ☐4 (PTF 1) |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 (PTF 2;) (All DEF) |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation  See Attachment | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 362 Personal Injury – Med. Malpractice | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury – Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Breach of contract under liability insurance policies pursuant to 28 U.S.C. § 1332

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 123,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
7-20-01

SIGNATURE OF ATTORNEY OF RECORD
_[signature]_

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CIVIL COVER SHEET
Attachment, Question 1 (c) and Question 3

1.    Mark E. Ashburn, Esq.
      Ashburn & Mason, P.C.
      1130 West 6th Avenue, Suite 100
      Anchorage, Alaska 99501
      (907) 276-4331
      (907) 277-8235 (telecopier)

      Jerold Oshinsky
      Robin L. Cohen
      R. Edward Poole
      DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
      2101 L Street, N.W.
      Washington, D.C. 20037-1526
      (202) 785-9700

3.    Citizenship of Principal Parties

| Party | State of Incorporation | Principal Place of Business |
|---|---|---|
| Ketchikan Pulp (Plaintiff 1) | Washington | Alaska |
| Louisiana-Pacific Corporation (Plaintiff 2) | Delaware | Oregon |
| Ace Indemnity Insurance Company (Defendant 1) | Pennsylvania | Pennsylvania |
| Granite State Insurance Company (Defendant 2) | Pennsylvania | New York |
| The Insurance Company of the State of Pennsylvania (Defendant 3) | Pennsylvania | New York |
| New Hampshire Insurance Company (Defendant 4) | Pennsylvania | New York |

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   (a) Plaintiffs –Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V.**   Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI.**   Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.**   Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.