IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELANIE CHAMBERS, Who Sues
By and Through Her Mother and Next
of Friend Gail Tatum,                                    PLAINTIFF

VERSUS                    CIVIL ACTION NO. 2:06-CV-00083-LES-CSC

                                                   (LEAD CASE)

PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,                          DEFENDANTS


## MOTION TO DETERMINE ADMISSIBILITY OF RECORDED STATEMENT OF DECEDENT MELANIE CHAMBERS

Comes now the Plaintiff Gail Tatum, as mother and executrix of the estate of Melanie Chambers, a deceased minor child, and says as follows:

1.    Melanie Chambers died after the filing of this action so that her estate may be entitled to compensatory damages in addition to punitive damages recoverable under the Alabama Wrongful Death of Minors Act.

2.    There may also be an issue at the trial of this case as to why Melanie Chambers, a minor, made a decision not to accept further chemotherapy for terminal cancer.

3.     Prior to her death, Melanie Chambers gave a video tape recorded interview of her then existing mental, emotional or physical condition which meets the conditions set forth in Federal Rule of Evidence 803(3) as an exception to the Rule 802 hearsay rule.

4.     During pendency of this action, soon after filing, Melanie Chambers' condition deteriorated at an unexpectedly rapid rate and she died.

5.     Plaintiffs have provided Defendants a copy of the statement of Melanie Chambers and given them notice that Plaintiff will seek to have it admitted into evidence.

6.     A copy of the transcript of the subject statement is attached as Exhibit "A" and Plaintiff further requests to furnish the Court a DVD or VCR format video for observation to better determine the circumstances of decedent's statement of her condition and state of mine.

7.     It would be proper and just for this Court to make a prior determination of the admissibility of the subject statement in order to allow the parties adequate time to use it or know that it cannot be used during preparation for trial.

WHEREFORE, Plaintiff moves this Honorable Court to determine and

rule that all or part of the subject recorded statement of Melanie Chambers

will be admissible as evidence in this case.

Submitted this 27th day of June, 2007.

 /s/ W. Eason Mitchell
W. EASON MITCHELL (MIT020)
The Colom Law Firm, LLC
Post Office Box 866
Columbus, MS 39703-0866
Telephone: 662-327-0903
Facsimile: 662-329-4832
emitchell@colom.com

## Certificate of Service

I, W. Eason Mitchell, hereby certify that on June 27, 2007, I electronically filed the foregoing *Motion to Determine Admissibility of Recorded Statement of Decedent Melanie Chambers* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Douglas Sheppard Arnold, Esq.
> Dennis R. Bailey, Esq.
> John C. Berghoff, Jr., Esq.
> John A. Earnhardt, Esq.
> R. Austin Huffaker, Jr., Esq.
> Orlyn O. Lockard, III, Esq.
> Edwin Bryan Nichols, Esq.
> Laura Ellison Proctor, Esq.
> Matthew C. Sostrin, Esq.
> Mark R. Ter Molen, Esq.
> H. Thomas Wells, Jr., Esq.
> Bernard Taylor, Sr., Esq.

/s/ W. Eason Mitchell
W. Eason Mitchell

82596.wpd