IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 2:06cv83-LES: ) |
| PACTIV CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

# PLAINTIFFS' MOTION TO STRIKE

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and move this Honorable Court to strike *Defendants' Joint Motion for Verification of Lone Pine Responses* (Document 250) and deny the relief requested therein.

### The Context of the Defendants' Motion

The context in which *Defendants' Joint Motion for Verification of Lone Pine Responses* (Document 250) has been filed with this Honorable Court is relevant to any consideration of its merit or lack thereof. First, and of paramount significance, is the fact that in the course of pre-litigation mediation, and pursuant to the agreement of the parties, detailed information on more than 100 Plaintiffs was furnished to the Defendants, including medical records, work histories, exposure data, blood testing data (for some), attic dust testing results (for some locations), and detailed scientific studies. Significantly, the selected trial plaintiffs are all part of this group of

Plaintiffs for whom extensive pre-litigation information was furnished. This is the context in which the Defendants' demand for a lone pine questionnaire was made in this case.

The Court, on January 8, 2007, issued its Order requiring the Plaintiffs to respond to a lone pine questionnaire. In the short span of just two months, more than 900 Plaintiffs did just that, furnishing the Defendants with an enormous amount of information. Indeed, the amount of information requested exceeds that which the Defendants could obtain through interrogatories.

Almost immediately, and consistent with their conduct during the course of this litigation and even during the pre-litigation mediation, the Defendants began to complain about certain information. First they complained that the Plaintiffs were furnishing the dates on which they were diagnosed with relevant diseases rather than the dates on which they "first suffered" those diseases. To satisfy the Defendants, one of the law firms representing the Plaintiffs, Environmental Litigation Group, P.C. (hereinafter "ELG"), virtually shut down all other operations while both paralegals and other staff called all of the Plaintiffs and determined the dates on which the Plaintiffs "first suffered" their diseases. _Affidavit of Wendy Waldrop Garmon_, a pdf copy of which is attached hereto as **EXHIBIT A**. Significantly, the Defendants' counsel were all made aware that in an effort to expedite delivery of the additional information to them, ELG paralegals would contact the Plaintiffs by telephone, obtain the necessary information from them, and, at the Plaintiffs' direction, make the necessary changes to their questionnaire responses. March 5, 2007 letter from Gregory A. Cade to Doug Arnold and John Berghoff, a pdf copy of which is attached hereto as **EXHIBIT B**; see also _Motion for Court's Clarification of Order and for Guidance_ (Document 216), paragraph 3D, page 7.

**Plaintiffs' Motion to Strike**                                                                                                         Page 2
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

The Defendants thereafter began to complain about the values of real estate owned by the Plaintiffs. In a series of telephone conferences among the Plaintiffs' and Defendants' counsel, all parties agreed that ELG would again obtain the requested information by telephone and that ELG paralegals and staff would contact the Plaintiffs by telephone, obtain the necessary information from them, and, at the Plaintiffs' direction, make the necessary changes to their questionnaire responses. ELG again virtually shut down other operations to accommodate the Defendants' demand.

## The Inflammatory and Spurious Allegations

The Defendants have supplied the Court with the testimony of a single Plaintiff, John I. "Buck" Roberts, who testified that he did not furnish the $800,000 figure on his questionnaire to anybody, that he left the space blank, and that he did not agree with the $800,000 value for his property. Completely ignoring the context in which the questionnaires were completed, the Defendants immediately assert that "there has been an unauthorized alteration of his response" and that "the integrity and reliability of the Court-ordered Lone Pine process are completely undermined" by this single mistake among the responses of more than 900 Plaintiffs. In making this sweeping assertion, the Defendants apparently never even considered the obvious possibilities either (1) that a simple mistake was made in Mr. Roberts' response, or (2) that Mr. Roberts was recalling the fact that he initially left the response blank but was forgetting that a telephone call had been made to him, or (3) that Mr. Roberts suffers from cognitive impairment caused by exposure to the toxic substances released into the community by the Defendants.

**Plaintiffs' Motion to Strike**　　　　　　　　　　　　　　　　　　　　　　　　**Page 3**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

Perhaps more significant, however, is the Defendants' stunning conclusion that because a single Plaintiffs' response to one question was incorrect, every response received from more than 900 Plaintiffs must also be in error.

### The Draconian Relief Sought by the Defendants

The Defendants ask this Court to require the Plaintiffs' counsel to "have each individual Plaintiff provide a notarized verification that their previously-submitted Lone Pine response is unchanged, true, and correct." They make this demand without adducing for the Court any evidence whatsoever (1) of any other errors in Mr. Roberts' questionnaire responses or (2) any errors at all in the questionnaire responses of the more than 900 other Plaintiffs. Moreover, the Defendants make this demand knowing (A) that it will be extraordinarily burdensome to the Plaintiffs, (B) that it will almost certainly delay a trial in this matter, and (C) that Mr. Roberts is not even one of the selected trial Plaintiffs and that his questionnaire is therefore irrelevant. Finally, the appropriate relief, which the Defendants already have, is the ordinary correction and clarification that occurs through depositions, for even if Mr. Roberts had signed his questionnaire under oath, or responded to interrogatories under oath, there is no guarantee that such responses would not have required clarification or correction at his deposition. Indeed, one of the reasons that Plaintiffs' depositions are taken is to clarify, and, if necessary, correct any mistaken responses set forth in responses to interrogatories.

The requested relief is unwarranted and should be denied.

**Plaintiffs' Motion to Strike**                                    Page 4
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Honorable Court will strike *Defendants Joint Motion for Verification of Lone Pine Responses* (Document No. 250) and deny the relief requested therein.

/s/ *Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007

/s/ *Gregory Andrews Cade*
Gregory Andrews Cade, State Court ID No. CAD010
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Motion to Strike**   Page 5
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 27, 2007, I caused the foregoing ***Plaintiffs' Motion to Strike*** to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to sent to the following:

W. Eason Mitchell, Esq.  
Gregory A. Cade, Esq.  
Fred R. DeLeon, Jr., Esq.  
John C. Berghoff, Jr., Esq.  
Matthew C. Sostrin, Esq.  
Mark R. Ter Molen, Esq.  
H. Thomas Wells, Jr., Esq.  
John A. Earnhardt, Esq.  
Bernard Taylor, Esq.  
Douglas S. Arnold, Esq.  
Orlyn O. Lockhard, III, Esq.  
Dennis R. Bailey, Esq.  
R. Austin Huffaker, Esq.  
Laura Porter, Esq.  
Abner Riley Powell III, Esq.  
Benjamin Max Bowden, Esq.  
Edwin Bryan Nichols, Esq.  

                                      /s/ *Robert Leslie Palmer*  
                                      Of Counsel

**Plaintiffs' Motion to Strike**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6  
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**  
**In the United States District Court**  
**For the Middle District of Alabama, Northern Division**