IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 2:06cv83-LES: ) |
| PACTIV CORPORATION, et al., | ) ) |
| Defendants. | ) |

# AFFIDAVIT OF
# WENDY WALDROP GARMON

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | : |
| **JEFFERSON COUNTY** | ) |

BEFORE ME, THE UNDERSIGNED NOTARY PUBLIC, PERSONALLY APPEARED WENDY WALDROP GARMON, WHO BEING BY ME FIRST DULY SWORN, DEPOSED AND STATED AS FOLLOWS:

"My name is Wendy Waldrop Garmon. I am a resident of Jefferson County, Alabama. I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts stated herein."

"I am a paralegal employed by Environmental Litigation Group, P.C. (hereinafter "ELG"), one of the law firms representing the Plaintiffs in this case. I am the paralegal who had principal responsibility for obtaining the information required by the January 8, 2007 Order of the Court (hereinafter the "January 8 Order")."

"ELG received a copy of the January 8 Order on about the date it was issued and immediately began preparing a questionnaire consistent with that Order. ELG then sent a letter to each Plaintiff, together with (1) a copy of the January 8 Order, (2) a blank copy of the questionnaire, and (3) a postage-prepaid business reply envelope addressed to ELG. ELG asked

each Plaintiff to complete the questionnaire and return it to ELG no later than Thursday, February 15, 2007, more than two full weeks before the responses were due under the January 8 Order. To insure timely responses, ELG advised each Plaintiff that it would send representatives to Florala, Alabama to assist any Plaintiff needing such assistance and that paralegals would be available by toll-free telephone to answer any questions they had about the questionnaire."

"As the Plaintiffs had been advised, ELG sent a number of paralegals to Florala, Alabama on six separate dates:"

> "Monday, January 29, 2007."
>
> "Tuesday, January 30, 2007."
>
> "Monday, February 5, 2007."
>
> "Tuesday, February 6, 2007."
>
> "Monday, February 12, 2007."
>
> "Tuesday, February 13, 2007."

"Prior to these meetings, each Plaintiff who telephoned for assistance was instructed to fill in any portion of the questionnaire that the Plaintiff could without assistance. In addition, prior to the first meeting on Monday, January 29, 2007, the ELG paralegals traveling to Florala, Alabama were instructed by ELG attorneys not to fill in any portion of the questionnaire, but instead to have the Plaintiffs complete each question in his or her own handwriting."

"At the meetings on Monday, January 29, 2007 and Tuesday, January 30, 2007, it became apparent that many of the Plaintiffs could not complete the questionnaires on their own, for a variety of reasons. Some Plaintiffs simply could not read or write, the educational level of other Plaintiffs was very low, and some Plaintiffs were very old and/or sick. Because of these facts, ELG attorneys instructed ELG paralegals that for the remaining Plaintiffs, we could, if necessary, assist a Plaintiff by verbally asking an incomplete or unanswered question on the questionnaire and then writing the Plaintiff's actual answer in the appropriate space on the questionnaire."

"Many of the questionnaires were returned to ELG by United States mail. Beginning about the first week of February, those questionnaires were distributed among ELG paralegals and other staff, who were instructed (1) to inspect them for missing or incomplete information and (2) to call the Plaintiffs, obtain the missing information from the Plaintiffs, and then write the Plaintiffs' responses on the questionnaire."

**Affidavit of Wendy Waldrop Garmon**                                                                 Page 2
*Tatum v. Pactiv Corporation, et al.*, Civil Action No. 2:06cv83-LES
In the United States District Court
For the Middle District of Alabama, Northern Division

"I sent completed questionnaires to the Defendants on the following dates:"

"Thursday, February 22, 2007."

"Wednesday, February 28, 2007."

"Thursday, March 1, 2007."

"I sent supplemental information to the Defendants on the following dates:"

"Tuesday, March 6, 2007."

"Wednesday, March 7, 2007."

"Thursday, March 8, 2007."

"Friday, March 9, 2007."

"Monday, March 12, 2007."

"Tuesday, March 13, 2007."

"ELG continued to receive questionnaires even after these dates, and forwarded them on to the Defendants."

"After the questionnaires had been furnished to the Defendants, I was informed by ELG attorneys that the Defendants had asserted that question 2B on page 5 of the questionnaire was ambiguous, and that in order to satisfy the Defendants, the information supplied by the Plaintiffs in response to that question would have to be confirmed. In order to satisfy the Defendants, ELG paralegals and other staff were instructed to call all of the Plaintiffs and ask when they first suffered from the diseases made the basis of their lawsuits and whether those dates differed from the dates on which they were diagnosed with those diseases. We wrote the information we received from the Plaintiffs on the questionnaires."

"Question 3F on page 7 of the questionnaire also presented some difficulties. Many Plaintiffs had difficulty assessing the value of their property and had to make reasonable estimates. To make their estimates, many Plaintiffs simply estimated the value of an acre of land and multiplied that figure by the number of acres they owned. The estimated property values we received from the Plaintiffs varied widely, from $1,200 to $1,000,000."

"I estimate that I assisted several hundred Plaintiffs to complete their questionnaires. In each case, the only information that I wrote down on the questionnaire was information that I received from the Plaintiff. I did not, under any circumstances, write down any information unless I received it from the Plaintiff."

**Affidavit of Wendy Waldrop Garmon**  Page 3
*Tatum v. Pactiv Corporation, et al.*, Civil Action No. 2:06cv83-LES
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

"Although I do not specifically recall working with Plaintiff John I. "Buck" Roberts on his questionnaire, I have met with Mr. Roberts in the past and it is quite possible that I met with him for that purpose. I recognize my handwriting on his questionnaire, and so I believe that I assisted him in completing his questionnaire. I am positive, however, that all of the information that I wrote down on Mr. Roberts' questionnaire was supplied to me by Mr. Roberts."

FURTHER THE AFFIANT SAYETH NOT.

_____
Wendy Waldrop Garmon

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by Wendy Waldrop Garmon on this the 27 day of June 2007.

_____
NOTARY PUBLIC
My Commission Expires: 1-13-2010



**Affidavit of Wendy Waldrop Garmon**                                                                  Page 4
*Tatum v. Pactiv Corporation, et al.*, Civil Action No. 2:06cv83-LES
In the United States District Court
For the Middle District of Alabama, Northern Division