IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELANIE CHAMBERS, Who Sues
By and Through Her Mother and Next
of Friend Gail Tatum,                                                              PLAINTIFF

VERSUS                          CIVIL ACTION NO. 2:06-CV-00083-LES-CSC

                                                                                (LEAD CASE)

PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,                                        DEFENDANTS

**MOTION TO MAKE ADVANCE DETERMINATION AS TO WHETHER OR NOT STATEMENTS MADE BY DECEASED WITNESSES ARE ADMISSIBLE UNDER RULE 807**

I.

This motion concerns certain video recorded statements made by former or retired employees of Defendants which are summarized as follows:

1.  Statement of Marvin Bryant, who was an employee at the facility from 1978 to 1987, had knowledge of the facts set out in this statement and who is now deceased.

2.  Statement of Ronnie Lynn Jackson, who was an employee at the facility from 1979 to 1990, had knowledge of the facts set out in this statement and who is now deceased.

3.  Statement of Max E. Barlow, who was an employee at the facility from 1976 until the facility closed, had knowledge of the facts set out in this statement and who is now deceased.

II.

A transcript of the subject video records are attached as indexed:

Exhibit A - Marvin Bryant

Exhibit B - Ronnie Lynn Jackson

Exhibit C - Max E. Marlow

III.

The Plaintiffs further say unto the Court as follows:

1.  Plaintiffs contend that Defendants caused carcinogenic and/or toxic chemicals to be released into the environment.

2.  Workers at Defendants' facility were exposed to toxic and carcinogenic chemicals at work.

3. Many workers also lived in the community surrounding Defendants' facility and were exposed to carcinogenic chemicals at home, during childhood, at school and while living in the community surrounding the facility.

4. The workers whose statements are the subject of this motion have died during pendency of Plaintiffs' claim or suit.

5. The testimony of some of the few living witnesses has now been preserved by deposition and is corroborative of the statements made by witnesses who are now deceased. Transcripts of the depositions of those witnesses are attached as:

    Exhibit D - Jacky Partridge

    Exhibit E - John Buck Roberts

    Exhibit F - Roy Ezell

6. Plaintiffs assert that the subject video recorded statements may be exceptions to the Rule 802 hearsay rule, but if not, the statements are so closely related to several Rule 803 exceptions and contain such circumstantial guarantees of trustworthiness that it would be proper and just to determine them admissible as evidence in this case because:

    a.    The statements will be offered as evidence of the material facts surrounding the declarants conduct and instructions give to them by their defendant employer, and

    b.    The statements are more probative on the point of the declarants' conduct as an employee of Defendants than any other evidence, and

    c.    The general purpose of the Federal Rules of Evidence will best be served by admission of the statements into evidence, and

    d.    Plaintiffs have provided Defendants with a copy of the statements along with notice of intent to admit the statements in sufficient time to give Defendants a fair opportunity to prepare to meet them.

7.    Due to the nature of this litigation, it would be proper to determine the admissibility of the subject statements before they may be used to refresh or examine witnesses in depositions.

IV.

Wherefore, within the limits of Article VIII of the Federal Rules of Evidence, Plaintiffs move this Honorable Court to review the statements and circumstances of the subject recorded statements and to make a determination of whether or not they are admissible as evidence in this case.

Submitted this 27th day of June, 2007.

    /s/ W. Eason Mitchell
W. EASON MITCHELL (MIT020)
The Colom Law Firm, LLC
Post Office Box 866
Columbus, MS 39703-0866
Telephone: 662-327-0903
Facsimile: 662-329-4832
emitchell@colom.com

## Certificate of Service

     I, W. Eason Mitchell, hereby certify that on June 27, 2007, I electronically filed the foregoing *Motion to Make Advance Determination as to Whether or Not Statements Made by Deceased Witnesses Are Admissible under Rule 807* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

     Douglas Sheppard Arnold, Esq.
     Dennis R. Bailey, Esq.
     John C. Berghoff, Jr., Esq.
     John A. Earnhardt, Esq.
     R. Austin Huffaker, Jr., Esq.
     Orlyn O. Lockard, III, Esq.
     Edwin Bryan Nichols, Esq.
     Laura Ellison Proctor, Esq.
     Matthew C. Sostrin, Esq.
     Mark R. Ter Molen, Esq.
     H. Thomas Wells, Jr., Esq.
     Bernard Taylor, Sr., Esq.

     /s/ W. Eason Mitchell
     W. Eason Mitchell

82595.wpd