# Exhibit "B"

# Subpoena to

# Columbia Analytical Services

Delivered 6-6-07

*Elwin Stuart*
Process Server

§AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| Southern | DISTRICT OF | Texas |

Tatum

V.

Pactiv Corporation and Louisiana-Pacific Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:06-cv-00083 (Lead Case)

TO: Columbia Analytical Services, Inc.
10655 Richmond Ave.
Suite 103A
Houston, TX 77042

Middle District of Alabama

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Exhibit A attached hereto.

| PLACE | 10655 Richmond Ave. Suite 103A Houston, TX 77042 | DATE AND TIME | 7/2/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE 6/5/07

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Orlyn O. Lockard, Alston & Bird, LLP, One Atlantic Center
1201 West Peachtree Street, Atlanta, GA 30309, 404-881-7126

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Meaghan Goodwin Boyd             Direct Dial: 404-881-7245            E-mail: meaghan.boyd@alston.com

June 6, 2007

**VIA HAND DELIVERY**

Columbia Analytical Services, Inc.
10655 Richmond Ave.
Suite 103A
Houston, TX 77042

Re: *Tatum v. Pactiv Corporation and Louisiana-Pacific Corporation,*
Civil Action No. 2:06-cv-00083 (Lead Case)(Middle District of Alabama)

Dir Sir or Madam:

Enclosed you will find a subpoena in a civil case, issued on behalf of the United States District Court for the Eastern District of California in connection with the above-referenced case. This subpoena requires you to produce and permit inspection of the documents and things described in Exhibit A to the subpoena at your offices on Monday July 2, 2007 at 9:00 A.M.

Alternatively, you may choose to send us copies of the requested documents no later than Thursday, June 28, 2007. In that event, it will not be necessary to make the documents available in your offices, and we will reimburse you for all reasonable copying expenses.

Thank you in advance for your anticipated cooperation. Please do not hesitate to contact me with any questions.

Sincerely,

Meaghan Goodwin Boyd

MGB:mgb
Enclosures

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax: 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax: 919-862-2260

The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
202-756-3300
Fax: 202-756-3333

Letter

Columbia Analytical Services, Inc.
June 6, 2007
Page 2

cc:  Bernard Taylor, Esq.
     Doug Arnold, Esq.
     Skip Lockard, Esq.
     John Berghoff, Esq.
     Mark TerMolen, Esq.
     Matt Sostrin, Esq.

LEGAL02/30396178v1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

## Exhibit A

Pursuant to Fed. R. Civ. P. 34 and 45, the following objects and/or documents are to made available for inspection and copying as set forth in the accompanying subpoena:

### Definitions

1. "You" means Columbia Analytical Services, Inc. ("CAS") and all agents, affiliates, employees, and subsidiaries of CAS.

2. "Document" means each document or group of documents as defined in Federal Rule of Civil Procedure 34 (including without limitation correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, diagrams, summaries, ledgers, invoices, computer printouts, computer disks, computer files, electronic information, microfilms, videotapes, tape recordings, writings, computer-stored information, or photographs) in your actual or constructive possession, custody, care, or control.

3. "Samples" or "Sampling" means any materials collected from the environment, any building or other structure, or any individual.

4. "Person" means the plural, as well as the singular, and includes natural persons, corporations, public corporations, governments, governmental agencies, partnerships, groups, firms, associations or other organizations or entities of any description.

5. "Litigation" means the case of *Gail Bedsole Tatum, as Mother and Administratrix of the Estate of Melanie Chambers, a Deceased Minor Child v. Pactiv Corporation and Louisiana-Pacific Corporation*, Civil Action No. 2:06-cv-00083-LES-CSC (Lead Case) that is pending in the United States District Court for the Middle

LEGAL02/30381996v1

District of Alabama, Northern Division, and other related cases (including *Phillips v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00084-LES-CSC; *Thompson v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00085-LES-CSC; *Edwards v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00086-LES-CSC; *Madden v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00186-LES-CSC; *Davis v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00187-LES-CSC; *Douglas v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00188-LES-CSC; *Thompson v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00189-LES-CSC; *Kelley v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00190-LES-CSC; *Cravey v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00191-LES-CSC; *Adams v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00660-LES-CSC; *Cassady v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00679-LES-CSC; *Brooks v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00680-LES-CSC; *Anderson v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00739-LES-CSC; *Harrison v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00757-LES-CSC; *Lawrence v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00758-LES-CSC; *Hamilton v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00759-LES-CSC; *K.C. v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00904-LES-CSC; *Vann v. Pactiv Corp., et al.*, Civ. No. 2:07-cv-00050-LES-CSC; *Caver v. Pactiv Corp., et al.*, Civ. No. 2:07-cv-00051-LES-CSC), in which Plaintiffs assert claims based on Defendants' former operation of a sawmill and wood treatment facility in Lockhart, Alabama.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

## REQUESTS FOR PRODUCTION

1. All documents referring or relating to any samples of any kind collected (a) in or around Lockhart or Florala, Alabama or (b) from persons who have lived in or around Lockhart or Florala, Alabama, including without limitation all sampling plans, field notes, field notebooks, sampling collection logs, quality assurance project plans (QAPPs), sample analyses, raw data, quality assurance/quality control documents, standard operating procedures, chain of custody documents, and any other information that would be in Contract Laboratory Program (CLP) package. This request also includes all such documents and data relating to any quality assurance/quality control samples.

2. All documents referring or relating to the collection of any samples (a) in or around Lockhart or Florala, Alabama or (b) from persons who have lived in or around Lockhart or Florala, Alabama

3. All documents referring or relating to the estimation of blood lipids for any person who has lived in or around Lockhart or Florala, Alabama from whom blood samples have been taken.

4. All documents referring or relating to cholesterol, triglycerides, lipids, or other blood data for any person who has lived in or around Lockhart or Florala, Alabama from whom blood samples have been taken.

5. All documents referring or relating to any fasting done prior to the collection of any blood samples from any person who has lived in or around Lockhart or Florala, Alabama.

6. All documents pertaining to your practices and policies regarding quality assurance/quality control.

7. All documents pertaining to your practices and policies for completing and retaining chain of custody documents.

8. All documents identifying the persons who have collected any samples of any kind (a) in or around Lockhart or Florala, Alabama or (b) from persons who have lived in or around Lockhart or Florala, Alabama.

9. The current *curriculum vitae* for each of your employees who collected any samples of any kind (a) in or around Lockhart or Florala, Alabama or (b) from persons who have lived in or around Lockhart or Florala, Alabama.

10. The current *curriculum vitae* for each of your employees who analyzed any samples of any kind taken (a) in or around Lockhart or Florala, Alabama or (b) from persons who have lived in or around Lockhart or Florala, Alabama.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

11. All documents referring or relating in any way to your retention or employment by Soil Water Air Protection Enterprise ("SWAPE"), The Colom Law Firm, The Environmental Litigation Group, Dr. Paul Rosenfeld, James Clark, or any of their agents, affiliates, employees, or attorneys (including without limitation any contracts, agreements, correspondence, invoices, fee schedules, and rate sheets).

12. All other documents referring or relating in any way to the Litigation.

LEGAL02/30381996v1

- 4 -