# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 2:06cv83-LES: ) |
| PACTIV CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

# PLAINTIFFS' OBJECTION TO DEFENDANTS' JOINT SUGGESTION TO THE COURT

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and object to *Defendants' Joint Suggestion to the Court on Amending its April 18, 2007 Order* (Document 231).

## More Delay

This Honorable Court has concluded along the same lines of reasoning as the Plaintiffs in Document 225 where it is clear the parties will not be able agree upon three representative cases as originally suggested "no matter how long the Court extends the previous deadline." Following this Court Order, the Defendants offered "suggestions" to this Honorable Court seeking to amend its Order because it is believed by the Defendants that the cases chosen by this Honorable Court are wrong as to "inform the parties for overall settlement purposes."

Interestingly enough, Plaintiffs are not aware of a legitimate interest at any time by these Defendants to enter into what would be deemed a meaningful settlement discussion other than two or more so called "mediations" that were clearly bad faith negotiations and pre-litigation discovery tools intended to gain information to aid in customary lengthy defense tactic. It has become very clear, even after this Honorable Court has offered the best suggestion to date, to simply go with the Plaintiffs that are numbered chronologically as filed after recognizing that any other process would be fruitless.  *There is no real need to try cases for "settlement purposes" when it is clear that the Defendants have no interest in settlement*.  This is merely a continuation of an ongoing business strategy to delay this litigation at the expense of a dying community.

## Defendants Offer Flawed Reasoning that is Burdensome on the Plaintiffs

There is no legitimate need for this Honorable Court to fear that by trying all wrongful death cases the "representativeness" of the entire pool of cases would somehow be flawed. There is some truth to the concept that a living plaintiff could be tried rendering a value for compensatory damages, but each Plaintiff, living or deceased, must be in a position to stand alone, the very concept expressed by these Defendants as alluded to in their *Motion for Lone Pine Order*.  Juries often struggle with applying punitive damages but Alabama simplified the process when a wrongful death has been determined. Compensatory damages will be dealt with when a living Plaintiff is heard by this Court. The Defendants' reasoning is severely flawed when they have taken the position on several occasions that settlement is virtually impossible yet

**Plaintiffs' Objection to Defendants' Joint Suggestion to the Court**                                    **Page 2**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

there is now a need to determine some value for each claim for "settlement purposes." Even the suggestion of reviving the past selection proposal suggested by Plaintiffs' counsel is problematic since this theory has become stale where time, money, and effort have been expended with trial preparation of the five Plaintiffs already selected by this Honorable Court. To see otherwise, is simply "backtracking" and would be unduly burdensome on the Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, respectfully the Plaintiffs pray that this Honorable Court will deny <u>Defendants' Joint Suggestion to the Court on Amending its April 18, 2007 Order</u> (Document 231).

/s/ *Gregory Andrews Cade*
Gregory Andrews Cade, State Court ID No. CAD010
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Objection to Defendants' Joint Suggestion to the Court**          **Page 3**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2007, I caused the foregoing ***Plaintiffs' Objection to Defendants' Joint Suggestion to the Court*** to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to sent to the following:

W. Eason Mitchell, Esq.
Gregory A. Cade, Esq.
Fred R. DeLeon, Jr., Esq.
John C. Berghoff, Jr., Esq.
Matthew C. Sostrin, Esq.
Mark R. Ter Molen, Esq.
H. Thomas Wells, Jr., Esq.
John A. Earnhardt, Esq.
Bernard Taylor, Esq.
Douglas S. Arnold, Esq.
Orlyn O. Lockhard, III, Esq.
Dennis R. Bailey, Esq.
R. Austin Huffaker, Esq.
Laura Porter, Esq.
Abner Riley Powell III, Esq.
Benjamin Max Bowden, Esq.
Edwin Bryan Nichols, Esq.

/s/ *Gregory Andrews Cade*
Of Counsel

**Plaintiffs' Objection to Defendants' Joint Suggestion to the Court**                                                          **Page 4**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**