IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELANIE CHAMBERS, Who Sues
By and Through Her Mother and Next
of Friend Gail Tatum,                                                    PLAINTIFF

VERSUS                    CIVIL ACTION NO. 2:06-CV-00083-LES-CSC

(LEAD CASE)

PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,                             DEFENDANTS

MOTION TO SUBMIT SPECIAL INTERROGATORIES AT TRIAL
AND FOR INCLUSION IN CASE MANAGEMENT ORDER

Come now the Plaintiffs and move this Court to include in the Case Management Order that determination of issues related to all cases will be submitted to the trier of fact in first scheduled cases. Plaintiffs would further show that:

1. These are consolidated claims with more than 900 Plaintiffs.

2. This action is probably not proper for a class for purposes of determining personal injury due to differences in specific causation and damages for each individual Plaintiff.

3. Although liability cannot be established for all claims in one trial (for all practical purposes) the trial of the first case can and should determine issues that would greatly simplify and expedite trial of subsequent cases.

## NATURE OF COMMON ISSUES

The Court has indicated that it should not be necessary to try liability issues in each of these cases. Defendants have responded, in Court, that the trial of an Alabama Wrongful Death case first prevents liability determination for subsequent cases and that liability cannot be determined in a common trial due to the issue of causation, which is specific for each individual Plaintiff. Multiple trials of the same liability issues over and over are not efficient.

## PROPOSED SOLUTION

Although it would be difficult to determine liability in a single trial and use remaining trials to determine damages for each Plaintiff, there are elements of both liability and causation that can be determined by interrogatories to the trier of fact in the first tried case. Causation issues which may not be an issue in the first tried case may be presented in

subsequent cases and need not be determined twice. A finding in favor of Defendants on some issues would resolve all cases in their favor, but even a defense verdict may include findings which would save much time and expense in future trials if some preliminary issues were determined in Plaintiffs favor. Plaintiffs contend that one jury can and should determine the following issues:

### DUTY AND BREACH OF DUTY

Duty and breach of duty would be determined by a verdict in one case and could be determined by the trier of fact in that case even if a defense verdict resulted on the issue of causation.

1. **Duty** - Did Defendants have a duty not to allow contaminants to migrate off-site, or

2. **Duty** - Did Defendants have a duty to use proper control for contaminants to prevent off-side migration, or

3. **Duty** - Did Defendants have a duty to adhere to environmental laws and regulations?

4. **Breach of Duty** - Did Defendants breach their duty of due care?

## CAUSATION

Causation in a toxic exposure case is both specific and general, i.e.: Does the chemical cause the disease of the plaintiff <u>and</u> did it cause this particular plaintiff's disease? Specific causation requires a showing of sufficient exposure to actually cause a disease and may be defended by a specific instances of exposure to other causes. But, the trier of fact can make determination of general causation before moving to the issue of specific causation. For instance, the jury may determine whether or not the chemicals can cause the particular disease or type of cancer suffered by the Plaintiff so that it would not be necessary to spend days of testimony in subsequent trials to prove and describe how the chemicals caused the disease. There are multiple causes for most of the diseases of all Plaintiffs so that after proving that, the Plaintiffs must not only prove that the chemicals can cause the disease, but they did cause the disease. The cause, or general causation element, need only be proven once for each particular disease category.

## CONCLUSION

It is not necessary to craft the exact interrogatories at this point in time, but notice that interrogatories will be used to narrow issues in future trials would enable the parties to be prepared to provide proof or defend issues which determine the results of future cases in this consolidated action. It would also allow the parties to be prepared to submit suggested special interrogatories well in advance of trial.

WHEREFORE, Plaintiffs move this Court to add submission of proposed interrogatories for determination of limited common issues to the Case Management Order.

Respectfully submitted this 13th day of July, 2007.

    /s/ W. Eason Mitchell
W. EASON MITCHELL (MIT020)
The Colom Law Firm, LLC
Post Office Box 866
Columbus, MS 39703-0866
Telephone: 662-327-0903
Facsimile: 662-329-4832
emitchell@colom.com

## Certificate of Service

I, W. Eason Mitchell, hereby certify that on July 13, 2007, I electronically filed the foregoing *Motion to Submit Special Interrogatories at Trial and for Inclusion in Case Management Order* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Douglas Sheppard Arnold, Esq.
    Dennis R. Bailey, Esq.
    John C. Berghoff, Jr., Esq.
    John A. Earnhardt, Esq.
    R. Austin Huffaker, Jr., Esq.
    Orlyn O. Lockard, III, Esq.
    Edwin Bryan Nichols, Esq.
    Laura Ellison Proctor, Esq.
    Matthew C. Sostrin, Esq.
    Mark R. Ter Molen, Esq.
    H. Thomas Wells, Jr., Esq.
    Bernard Taylor, Sr., Esq.

    /s/ W. Eason Mitchell
    W. Eason Mitchell

83051.wpd