IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GAIL BEDSOLE TATUM as Mother and Administratrix of the Estate of MELANIE CHAMBERS, a Deceased Minor Child, ) ) ) ) | |
| Plaintiff ) | Civil Action No. 2:06-cv-00083-LES-CSC |
| ) | (Lead Case) |
| v. ) | |
| ) | |
| PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION ) ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO DISMISS UNASSERTED CLAIMS

This Court's Order dated January 8, 2007 (docket no. 182) required each Plaintiff to identify any personal injury and property damages claims being asserted in this litigation. Based on Plaintiffs' individual responses to the Court's Order, certain Plaintiffs apparently do not assert personal injury claims. Other Plaintiffs either do not assert property damages claims, or assert property damage claims that are fatally defective based on their own responses. Finally, several Plaintiffs assert *neither* personal injury claims nor property damage claims. Defendants therefore move this Court for an order dismissing the claims identified on Exhibits A–E.

  A.  **Dismissal of Unasserted/Unsupported Claims is Necessary Given the Court's Planned Progression of Cases.**

On July 9, 2007, this Court entered a Scheduling Order selecting the first four cases for trial and other disposition (docket no. 265). Further, this Court previously indicated that in the event one or more of the initial cases are dismissed prior to trial, then

LEGAL02/30264865v7

another case would be selected for progression for trial purposes (docket no. 225). At this time, there are 1045 named Plaintiffs still remaining in the litigation.[1] Defendants believe an Order dismissing "unasserted" or "unsupported" claims by these Plaintiffs is necessary and appropriate for three reasons.

First, the parties need to collect and preserve evidence regarding claims and defenses at issue in each Plaintiff's case <u>regardless of the order in which cases are set for trial</u>. Medical and employment records, for example, must be collected within a reasonable time period so that relevant information and documents in the possession of non-parties are not discarded, misplaced, lost, or otherwise rendered unavailable due to passage of time. The collection of third-party documents relating to hundreds of Plaintiffs will be an expensive and time-consuming undertaking for all parties. A determination now of which claims remain in the litigation will streamline this undertaking and make it much more manageable.

Second, the dismissal of unasserted claims will bring needed clarity to the claims remaining for ultimate resolution in this litigation. Defendants recognize that as the initial cases are resolved (whether by trial or otherwise), subsequent Plaintiffs will replace them in the progression. Progressing each individual Plaintiff's case for trial will clearly require all parties to expend substantial resources. Defendants believe that discovery and overall case management will be more efficient for all parties and the Court with clarification, at this stage, of whether each remaining Plaintiff may proceed with personal injury claims, property damage claims, or both.

---

[1] The related complaints in this litigation included 1430 named Plaintiffs. By Orders dated April 9, 2007, this Court dismissed claims by (i) 347 Plaintiffs who did not respond to the Court's January 8, 2007 *Lone Pine* Order and (ii) an additional 38 Plaintiffs who do not wish to be considered as trial Plaintiffs. (docket nos. 221 and 222).

Finally, dismissal of all "unasserted" or "unsupported" claims will help all parties to make more meaningful evaluations of the remaining cases. To the extent resolution of some or all remaining claims without judicial assistance is possible, information regarding the numbers of remaining personal injury claims and property damage claims that may potentially proceed to (at least) discovery and trial preparation will be helpful to all parties.

### B. All Unasserted Personal Injury Claims On Exhibit A Should Be Dismissed.

The Court's January 8 Order required each Plaintiff to disclose all personal injury claims asserted in this litigation. In pertinent part, Plaintiffs' responses must specify "each illness, injury, or condition that the subject plaintiff claims was suffered as a result of the exposure to materials or substances emanating from defendants' operations at the former wood treatment facility in Lockhart, Alabama." *See* Order, p. 2.

In response to the Court's Order, most Plaintiffs identified one or more personal injuries allegedly suffered as a result of Facility emissions. Some Plaintiffs, however, listed no alleged personal injury whatsoever. Plaintiff Theresa Bradberry's response, for example, describes the illness, injury, or condition that she contends was caused by Facility emissions as "none at this time." *See* Exhibit F, page 2. Similarly, Plaintiff Joshua Parker indicated that his disease is actually "none that I know of." *See* Exhibit G, page 2. Likewise, Plaintiff Donnell Bradberry describes his alleged illness as "N/A." *See* Exhibit H, page 2. Other Plaintiffs, like Johnny Ball, listed no illness or disease in response to the Court's Order. *See* Exhibit I, page 2.

Accordingly, Defendants respectfully request that the personal injury claims by the Plaintiffs listed in Exhibit A be dismissed, with prejudice.

### C. All Unasserted Property Damage Claims On Exhibit B Should Be Dismissed.

In addition to requiring Plaintiffs to identify their personal injury claims with specificity, this Court's January 8 Order required "each Plaintiff who is claiming damage to real property" to identify the subject property. *See* Order, p. 3. In response, 59 named Plaintiffs confirmed that they are not asserting any property damage claims. Plaintiff Keian Wrentz, for example, wrote "N/A" throughout the property information portion of her response form. *See* Exhibit J, p. 7. Likewise, Plaintiff Nealie Hooks wrote "N/A . . . Never owned any property." *See* Exhibit K, p. 7. Others, like Randy Lewis Adams, left the property information portions of their responses completely blank. *See* Exhibit L, p. 7.

Because these Plaintiffs' own responses acknowledge that they are not asserting property claims in this litigation, Defendants respectfully ask that the property damage claims by Plaintiffs listed in Exhibit B be dismissed, with prejudice.

### D. All Unsupported Property Damage Claims On Exhibits C and D Should Be Dismissed.

This Court should also dismiss all property damage claims that are clearly unsupported by Plaintiffs' own responses to the Court's January 8 Order. Plaintiffs' responses reveal two distinct categories of fatally defective property damage claims that should be dismissed. First, the Court should dismiss property damage claims by Plaintiffs who do not own any allegedly impacted property, as their individual responses to the Court's Order make clear. Second, the Court should dismiss all property damage claims for properties located outside the one mile radius from the Facility that Plaintiffs' own experts assert is the potential extent of any property damage claims.

1. **The Court Should Dismiss All Property Damages Claims by Plaintiffs Who Do Not Own Property.**

The Court's Order required each Plaintiff claiming property damage to identify the owner of the allegedly affected property. In this case, however, 183 individual Plaintiffs asserted property damage claims in their responses to the Court's Order while simultaneously indicating that they do not actually own any impacted property. Plaintiff Catherine Spicer Hattaway, for example, claims damages associated with property located at 307 East 6th Avenue, Florala, Alabama, but admits that she neither resides there nor owns the property, and in fact sold that property in back October, 1983. *See* Exhibit M, p. 3. Because Ms. Hattaway and the other Plaintiffs listed on Exhibit C admittedly do not own any impacted property, their claims should be dismissed.

2. **The Court Should Dismiss All Property Damage Claims For Un-Impacted Properties.**

The Court's Order required each Plaintiff asserting property damage claims to (i) provide the identity and amount of each substance causing the damage, and (ii) disclose each expert who will provide supporting testimony on causation and damages. *See* Order, pp. 3-4. In addition to Plaintiffs' individual questionnaire responses, Plaintiffs collectively submitted a "master response" in an apparent effort to provide the expert support contemplated by the Court's Order. With respect to property damage claims, this "master response" includes a March 1, 2007 letter from Maurice C. Mitchell of Carmichael & Mitchell, Inc. (copy attached as Exhibit N).

Mr. Mitchell's letter states that potential damage to "individual homes or property may vary based on unique circumstances which would be considered on a case-by-case basis. *See* Ex. N, p. 2. He further states that he has not "studied the local market and

related transactional data and various properties in question." *See id.* Nonetheless, Mr. Mitchell offers a "general opinion" on the "general overall impact on property values" in the area is that "the marketability and value of property located *within one mile of the Facility* are adversely affected by the presence of hazardous substances." *Id.* (emphasis added).

Based on a review of Plaintiffs' responses to the Court's January 8 Order, it appears that at least 66 Plaintiffs assert property damage claims relating to properties located outside the one mile boundary Plaintiffs' own expert has identified. For instance, Charlie and Chandra James claim damages associated with a property located at 104 Springwood Circle, Crestview, Florida, approximately 22 miles from the Facility. *See* Exhibit O, p. 7. Exhibit D identifies these 66 Plaintiffs. Because the property damage claims asserted by the Plaintiffs on Exhibit D are clearly unsupported by Plaintiffs' responses to the Court Order, Defendants respectfully request that they be dismissed, with prejudice.

E.   **This Court Should Dismiss All Claims by Plaintiffs Asserting Neither Personal Injury Nor Property Damage Claims, Per Exhibit E.**

Lastly, Plaintiffs' responses to this Court's Order show that 38 named Plaintiffs, such as Gary L. Barnes, assert *neither* personal injury *nor* property damage claims. *See* Exhibit P, pp. 2 and 7. Because these Plaintiffs do not claim any personal injuries or property damage, the claims by the Plaintiffs listed in Exhibit E should be dismissed in their entirety, with prejudice.

## CONCLUSION

The Plaintiffs listed on Exhibits A-E clearly do not have personal injury and/or property claims against Defendants. For the reasons noted above, dismissal of these unasserted claims is necessary and appropriate. Defendants' motion should be granted.

LEGAL02/30264865v7

Respectfully submitted this 26th day of July, 2007.

/s/Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific
   Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

LEGAL02/30264865v7

          /s/ John C. Berghoff, Jr.
          John C. Berghoff, Jr. (admitted *pro hac vice*)
          Mark R. Ter Molen (admitted *pro hac vice*)
          Matthew C. Sostrin (admitted *pro hac vice*)
          MAYER, BROWN, ROWE & MAW LLP
          71 South Wacker Drive
          Chicago, IL 60606
          Tel: (312) 782-0600
          Fax: (312) 701-7711
          jberghoff@mayerbrownrowe.com
          mtermolen@mayerbrownrowe.com
          msostrin@mayerbrownrowe.com

          *Counsel for Defendant Pactiv Corporation*

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
E. Bryan Nichols
Alabama Bar No. NIC036
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com
bnichols@maynardcooper.com

*Additional counsel for Defendant*
 *Pactiv Corporation*

- 9 -

LEGAL02/30264865v7

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Richard Elder Crum

/s/ Orlyn O. Lockard, III
Of Counsel