IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C., Who Sues By and Through Her Mother And Next of Friend, GAIL TATUM,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>PACTIV CORPORATION and  )<br>LOUISIANA-PACIFIC CORPORATION,  )<br>)<br>Defendants.  )<br>) | CASE NO. 2:06-cv-83-LES-CSC<br>(LEAD CASE) |

## DEFENDANTS' JOINT MOTION TO AMEND SCHEDULING ORDER

Defendants Pactiv Corporation and Louisiana-Pacific Corporation respectfully submit this Joint Motion to Amend this Court's July 9, 2007 Scheduling Order applicable to cases 2:06-cv-00083, 2:06-cv-00084, 2:06-cv-00187, and 2:06-cv-00739. The following suggestions are consistent with discussion at the July 6, 2007 hearing, and made in accordance with the Scheduling Order and this Court's July 9, 2007 letter.

1. In view of weekends and holidays, Defendants suggest changes to certain dates in the Scheduling Order:

   a. Section 2, fourth line: Change "June 21, 2008" to "June 20, 2008"

   b. Section 2, seventh line: Change "July 5, 2008" to "July 8, 2008"

   c. Section 4, second line: Change "December 1, 2007" to "November 30, 2007"

   d. Section 5, second paragraph, first line: Change "December 8, 2007" to "December 7, 2007"

LEGAL02/30453545v2

2. To address an apparent typographical error in Section 7, Defendants suggest that in the seventh line, "Paragraph 6" should be changed to "Paragraph 5."

3. Section 4 of the Order states in part that "Discovery shall be conducted according to the limitations agreed upon by the parties as set forth in the discovery plan filed as part of the parties' planning meeting report."  In the Parties' Report of Rule 26(f) Meeting (docket no. 98), Defendants proposed the following changes in limitations on discovery:

   a. <u>Interrogatories</u>: Defendants shall collectively be allowed a maximum of 25 interrogatories to each individual Plaintiff. Plaintiffs in these consolidated cases shall collectively be allowed a maximum of 25 interrogatories to each Defendant.

   b. <u>Requests for Admission</u>: Defendants shall collectively be allowed a maximum of 25 Requests for Admission to each individual Plaintiff. Plaintiffs in these consolidated cases shall collectively be allowed 25 Requests for Admission of each Defendant.

   c. <u>Production Requests</u>: Defendants shall collectively be allowed a maximum of 25 Production Requests to each individual Plaintiff. Plaintiffs in these consolidated cases shall collectively be allowed 25 Production Requests to each Defendant.

   d. <u>Fact Witness Depositions</u>: Defendants believe that this case will require the taking of more than 10 depositions per side, which is the limit set forth at Fed. R. Civ. P. 30(a)(2)(A). The parties do not know at this time how many depositions will be needed, but all fact witness depositions will take place during the window allotted for fact discovery [in the Scheduling Order].  Each

non-expert deposition is limited to a maximum of 7 hours unless otherwise agreed to by the parties or upon leave of Court.

Plaintiffs proposed the following change in limitations on discovery:

   a. Depositions of designated experts, treating physicians and parties shall not be included in determining the limit for depositions.

Although the parties did not expressly agree to these limitations during their Rule 26(f) Meeting, Defendants submit that the specific limitations proposed by each side are not in conflict.  Additionally, Defendants do not object to Plaintiffs' foregoing proposal regarding depositions of designated experts, treating physicians, and parties.  Therefore, Defendants ask that the specific limitations on discovery proposed above be incorporated into the Court's Scheduling Order, with all other discovery limits as provided in the Federal Rules of Civil Procedure.

- 4 -

Respectfully submitted this 27th day of July, 2007.

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
E. Bryan Nichols
Alabama Bar No. NIC036
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com
bnichols@maynardcooper.com

/s/ Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Richard Elder Crum

/s/Orlyn O. Lockard, III
Of Counsel