# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **GAIL BEDSOLE TATUM as Mother and Administratix of the Estate of MELANIE CHAMBERS, a Deceased Minor Child,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,**<br><br>**Defendants.** | )<br>)<br>)<br>)   **CASE NO. 2:06-cv-83-LES-CSC**<br>)         **(LEAD CASE)**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ADMIT THE VIDEOTAPED INTERVIEW OF MELANIE CHAMBERS

Melanie Chambers' videotaped interview is clear hearsay.  It is untested, unreliable and prejudicial.  It does not qualify for admission under Rule 803(3), or any other hearsay exception under the Federal Rules of Evidence.

## ARGUMENT

Plaintiff seeks to have admitted a videotaped interview of her now-deceased daughter, Melanie Chambers, conducted by her legal team preparing this lawsuit.  Defendants' counsel were not invited to participate.  As shown by the transcript provided by Plaintiff, Ms. Chambers' statement is an informal, lawyer-orchestrated statement made in anticipation of litigation.[1]  The unidentified interviewer asks Ms. Chambers a series of grossly leading questions about her life, her personal injury, and her "feelings." These questions are intertwined with others regarding her

---

[1] The transcript that Plaintiff provided to Defendants and filed with the Court starts on page 39 and appears to begin mid-interview.  It is also undated and the interviewer is not identified.  In addition to the hearsay objections Defendants make here, Defendants also object to an undated, apparently incomplete transcript or recording being offered for admission into evidence.

claims and the presumed causes of her injury.  None of these statements are admissible under Rule 803(3).

I.      **Rule 803(3) Does Not Cleanse Hearsay from Backward-Looking Statements.**

Without reference to any authority, Plaintiff argues that Melanie Chambers' interview is admissible under Rule 803(3).  Rule 803(3) provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> (3) Then existing mental, emotional, or physical condition**.** A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Fed. R. Evid. 803(3).

Rule 803(3) does not apply where "testimony…face[s] backward and not forward." *Shepard v. United States,* 290 U.S. 96, 104 (1933) (Cardozo, J.)  Therefore, "the trial court must determine whether a statement relates to a *then existing state of mind or to a past memory or belief offered to prove the fact remembered or believed.*"  *United States v. Cardascia,* 951 F.2d 474, 487 (2d Cir. 1991) (emphasis added).   "[T]he reasons for the state of mind exception focus on the contemporaneity of the statement and the unlikelihood of deliberate or conscious misrepresentation."  *Id.*

Thus, statements by the declarant of the causes of mental feelings or physical sensations are not admissible under Rule 803(3).  *See, e.g., Fomby v. Popwell*, 695 So.2d 628, 632 (Ala. Civ.  App. 1996) (*citing United States v. Joe*, 8 F.3d 1488 (10th Cir. 1993) in support of its holding that statements of the causes of a declarant's worry were inadmissible).

## II.    Ms. Chambers' Statement is Not Admissible Under Rule 803(3).

Plaintiff's sole argument for the statement's admissibility confirms that the statement cannot qualify as an exception under Rule 803(3) and that Plaintiff's argument is premature in any event.[2]  Plaintiff asserts that Ms. Chambers' decision to stop chemotherapy "may" be an issue at trial.  Motion at 1.  Moreover, it is clear that when the interview took place, the decision to forgo further chemotherapy treatment had long since been made.  Therefore, Rule 803(3) is inapplicable to any statements made regarding Ms. Chambers' treatment choices.  Ms. Chambers herself stated:

> A.    I did one round, and huh-uh, I was too sick.  They wanted me to do nine months of chemo, and they only gave me three months to live after that.  And I told them I wasn't going to be sick just to live three months, and they said, well, we give you three months to live and *December 1st it will be two years*.

Tr. 45:7-14 (emphasis added).

The remainder of Ms. Chambers' interview comes no closer to satisfying Rule 803(3)'s requirements.  Ms. Chambers describes her surrounding and factual circumstances, including the button she presses to call her mother, her age, and her medication, including the types and doses of medication administered to her. Tr. 39:4-19; 39:23-40:10; 40:18-42:6.  Rule 803(3) does not encompass such factual descriptions.

During the interview, and at the behest of the unidentified interviewer, Ms. Chambers recalls receiving the diagnosis that her tumor was cancerous.  Tr. 42:11-43:19.  Such backward-looking statements are likewise inadmissible.  On its face, Rule 803(3) specifically excludes from this hearsay exception such "statements of memory or belief to prove the fact remembered or believed."  Fed. R. Evid. 803(3).  *See also Sanft v. Winnebago Industries, Inc.*, 216 F.R.D.

---

[2] Plaintiff's motion squarely raises an evidentiary issue regarding the trial admissibility of the interview even though the case is at the early stages of discovery.

453, 458 (N.D. Iowa 2003) (holding that "a statement about a past remembrance does not fall within the state of mind exception to the hearsay rule" and excluding a declarant's recollection of past events).

Lastly, responding to and the interviewer's increasingly leading questions,[3] Ms. Chambers discusses her feelings. This discussion, however, is wholly intertwined with her reasons for those feelings. *See* 44:4-23; 45:18-47:8. For example:

> A.    I mean, Momma started crying, and I hate to see her cry. So everyday when wake up, I have to tell myself that I am going to go instead of lay there.
>
> Q.    Are you really depressed?
>
> A.    Nah.
>
> Q.    Is it hard to see your parents be so upset?
>
> A.    It is hard to see my mom cry. She don't cry in front of me, but I can look at her and tell. She just wishes she could take it all away.

Tr. 44:12-23. This is not testimony of Ms. Chambers' present state. Instead, it is clear hearsay posing as a 'statement.' Moreover, it is inadmissible as an untested, unreliable and highly prejudicial story told solely for the purposes of anticipated litigation.

---

[3] There are multiple leading questions within the videotaped statement, reflecting the unnamed interviewer's impressions more than the mental state of Ms. Chambers. For example:

> Q.    So you are a real fighter. Can you talk about being— waking up every morning and being able to fight this and being a fighter?
>
> A.    Yeah. It just gets tiring. It gets so tiring. Everybody expects it from me.

Tr. 45:18-46:1.

CHDB02 5173574.1 26-Jul-07 15:00

## <u>CONCLUSION</u>

Plaintiff's offer a videotaped interview that does not satisfy the narrow criteria set out in

Rule 803(3).  Accordingly, Defendants ask this Court to deny Plaintiffs motion.


/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

/s/ Bernard Taylor
Bernard S. Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific
Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Richard Elder Crum

/s/Orlyn O. Lockard, III
Of Counsel

- 7 -