IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GAIL BEDSOLE TATUM as Mother and Administratix of the Estate of MELANIE CHAMBERS, a Deceased Minor Child,<br><br>Plaintiff,<br><br>vs.<br><br>PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>) CASE NO. 2:06-cv-83-LES-CSC<br>) (LEAD CASE)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ADMIT THE
<u>VIDEOTAPED INTERVIEWS OF DECEASED PLAINTIFFS</u>**

The videotaped interviews of former employees/plaintiffs of the Lockhart, Alabama sawmill are clearly hearsay. They are the unchallenged, unsworn, possibly edited, and unreliable interviews of putative plaintiffs. They do not qualify for admission under Rule 807's residual exception, and federal courts have rejected admission of such lawyer-orchestrated videotapes made in anticipation of litigation.[1]

**<u>ARGUMENT</u>**

Fed. R. Evid. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Because hearsay is untested by cross-examination and therefore unreliable, such statements may only be admitted into evidence under limited exceptions. *See* Fed. R. Evid.

---

[1] In addition to being unsupported by the Federal Rules of Evidence and existing caselaw, Plaintiffs' motion is also premature. Plaintiffs have raised an evidentiary issue about the trial admissibility of videotaped statements at the outset of discovery.

802. Without the benefit of authority, Plaintiffs assert that the videotaped interviews of Marvin Bryant, Ronnie Lynn Jackson, and Max E. Barlow, deceased former employees, should be admitted under the narrow, so-called "residual" hearsay exception, Rule 807. The residual exception, however, is to be used "*only rarely, in truly exceptional circumstances.*" *Rowland v. Rowland*, 2005 WL 3096169 *3 (N.D. Ala. 2005) (*quoting United States v. Fernandez,* 892 F.2d 976, 982 (11th Cir. 1989) as a basis not to admit an affidavit) (emphasis added). Rule 807 requires that (i) the statement be trustworthy; (ii) the statement be offered as evidence of a material fact; (iii) the statement be more probative on that point than any other evidence reasonably available; (iv) the general purposes of the rules and the interests of justice be served by its admission; and (v) the other side be given notice that the statement will be offered. *See United States v. Johnson*, 904 F. Supp. 1303, 1308 (M.D. Ala. 1995) (reciting the prerequisites for admitting evidence pursuant of Rule 803(24), now renumbered as Rule 807). Because the statements in question do not satisfy these strict requirements, Plaintiffs' motion must be denied.

**I.     Federal Courts Have Found Such Statements to be Untrustworthy and Inadmissible**

Federal courts have uniformly excluded lawyer-orchestrated interviews made in anticipation of litigation, finding them untrustworthy. Indeed, "[t]he lodestar of the residual hearsay exception analysis is whether there exist 'equivalent circumstantial guarantees of trustworthiness.'" *United States v. Walker*, 410 F.3d 754, 758 (5th Cir. 2005) (quoting Fed. R. Evid. 807). Where videotaped interviews of a suspect do not contain such substantial guarantees, they must be rejected. *Id.*

In *Sternhagen v. Dow Co.*, a widow sought to have the videotaped statement of her deceased husband, describing the labels on pesticides that allegedly caused his cancer, admitted under Rule 807. 108 F. Supp. 2d 1113, 1116 (D. Mont. 1999). The Court barred the admission of the videotape because "consideration of other factors so significantly diminishes the

- 2 -

statement's trustworthiness that the statement cannot be admitted into evidence under the residual exception." *Id.* at 1120.  As here, (i) defendant was not given an opportunity to cross-examine the decedent; (ii) defendant was informed that the statement had been taken after the fact; (iii) the interview was made long after the events giving rise to plaintiff's claims, thus calling the statement's reliability into question because of both the risk of faulty memory and the opportunity to fabricate the statement; and (iv) the videotape was orchestrated by plaintiff's counsel and made in anticipation of litigation.  *Id.*

Similarly, the District Court of New Jersey barred admission of a videotape made in anticipation of litigation in *Brown v. Philip Morris, Inc.*, 228 F. Supp. 2d 506 (D.N.J. 2002).  In the videotape, plaintiff's decedent identified the brands of cigarettes he had smoked throughout his life.  *Id.* at 513.  Applying the same reasoning articulated in *Sternhagen*, the Court rejected admission of the pre-litigation interview.  *Id.* at 512-13.

Here there are no indicia of trustworthiness to make these interviews admissible.  In fact, the reverse is true: they are untested, unsworn and incredible.

### A. The Videos Were Made in Anticipation of Litigation

The three tapes at issue here are clearly lawyer-orchestrated: a lawyer arranged the interviews, arranged for the interviews to be videotaped, and asked questions of the interviewees.  According to Plaintiffs' motion, Mr. Bryant worked at the facility from 1978 to 1987 and Mr. Jackson worked at the facility from 1979 to 1990. Mot. at 1-2.  Likewise, Mr. Barlow said he worked at the facility from 1976 to 1998.  Thus, their 2004 statements cover employment events up to 28 years earlier.  Such non-spontaneous events taken in anticipation of litigation are considered particularly untrustworthy.  Because they are not subjected to the "engine of truth" – cross examination – they should not be admitted. *See Brown*, 228 F. Supp. 2d at 512-13 ("the

statement was not spontaneous…although decedent's statement was videotaped in the month prior to filing of the Complaint, it appears that the statement was prepared in anticipation of litigation, which further weighs against its trustworthiness.")

### B. The Videotaped Interviews Pertain to Events Occurring Decades Ago

Like the videotaped interview in *Sternhagen*, these witness interviews were taken decades after the events in question. As the *Sternhagen* Court recognized, "[s]uch a significant duration of time calls into question the statement's reliability because of both the danger of the declarant's faulty memory and the opportunity of the declarant to fabricate the contents of the statement." 108 F. Supp. 2d at 1120

### C. Defendants Were Not Given an Opportunity to Cross-Examine

Cross-examination could have uncovered any embellished statements, faulty memories, or bias working in the videotaped interviews. But Defendants had no opportunity to cross-examine these witnesses. Instead, Plaintiffs' counsel elected to elicit unsworn statements, free from cross-examination by defense counsel.

### D. The Statements Were Not Taken Under Oath

There is no evidence from the transcripts that an oath was administered to any of the three deceased employees prior to their interviews. An oath alone is not sufficient to make a statement admissible, but it could add at least some patina of trustworthiness. *See Brown*, 228 F. Supp. 2d at 512 ("Decedent, unlike the decedent in *Sternhagen*, did not make the statement under oath and penalty of perjury. That lack of oath in this case makes decedent's videotaped statement an even weaker candidate for admission than the videotaped statement considered in *Sternhagen*."). Without these critical indicia of trustworthiness, the statements should not be admitted pursuant to Rule 807. *See, e.g., Brown*, 228 F. Supp. 2d at 512.

## II. Plaintiffs Failed to Show That The Employees' Statements Meet Rule 807's Relevancy Requirements

In addition, Rule 807(7) contains an express relevancy requirement. Plaintiffs must show that (i) the interviews are offered as evidence of a material fact; or (ii) the interviews are more probative of the point for which they are offered than evidence which the proponent can procure through reasonable efforts. Fed. R. Evid. 807. Plaintiffs make no such showing.

Indeed, they cannot. There are approximately 225 former employees of Lockhart Lumber Company, TMA, and/or Louisiana Pacific who have brought lawsuits against Pactiv and LP. At the time of the filing of this motion, nine of those former employees had been deposed. Plaintiffs have failed to articulate what distinguishes the statements that Bryant, Jackson, and Barlow provided from the deposition testimony of the nine former employee-plaintiffs or the potential deposition testimony of the remaining 216 former employee-plaintiffs.

In particular, Plaintiffs have not explained why the statements of *these* former employees are particularly probative of their claims. Plaintiffs have not argued that *these* former employees received unique instructions from their employer or that these recollections are in any way unique. In fact, Plaintiffs have argued that the statements of the deceased former employees are corroborative of the depositions taken of living employee-plaintiffs. *See* Mot. at 3. To the extent the statements are corroborative, they are duplicative and necessarily <u>not</u> "more probative of the point for which they are offered than any other evidence which the proponent can procure through reasonable efforts." *See* Fed. R. Evid. 807.

## **CONCLUSION**

Plaintiffs' motion seeks the admission of textbook hearsay into evidence. Federal courts have roundly rejected such pre-litigation interviews as untrustworthy, and there is no hearsay exception applicable here. Consequently, Plaintiffs' motion to admit the hearsay statements of Marvin Bryant, Ronnie Lynn Jackson, and Max E. Barlow should be denied.

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

CHDB02 5173770.1 26-Jul-07 15:13

/s/ Bernard Taylor
Bernard S. Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel: (334) 206-3100
Fax: (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee 37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Richard Elder Crum

        /s/Orlyn O. Lockard, III
        Of Counsel