IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **GAIL BEDSOLE TATUM as Mother and Administratix of the Estate of MELANIE CHAMBERS, a Deceased Minor Child,**<br><br>Plaintiff,<br><br>vs.<br><br>**PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,**<br><br>Defendants. | CASE NO. 2:06-cv-83-LES-CSC<br>(LEAD CASE) |

**DEFENDANTS' JOINT MOTION FOR ORDER
CLARIFYING CLAIMS FOR TRIAL**

Defendants hereby jointly move this Court for an Order clarifying the claims for trial. Defendants show the Court as follows.

1. At the July 6, 2007 hearing before this Court, the parties and Court collectively identified four initial plaintiffs from the twenty related cases in this litigation to be initially set for trial. None of the four initial trial Plaintiffs (Melanie Chambers, Stanley Wallace, Susan Renee Phillips, or Kandy Creech) are listed on the same complaint.

2. There are currently twenty (20) separate complaints pending in this and the related cases.[1] The pending complaints were filed at various times during the course of this litigation, and contain differing causes of action and factual allegations.

3. At the July 6 hearing, there was discussion among the parties and the Court regarding the claims Plaintiffs still intend to assert, as well as which of Defendants' several prior Motions to Dismiss regarding certain causes of action still require a ruling from the Court. *See generally* July 2, 2007 Hearing Transcript at pp. 5-9. The Court directed the parties to confer and provide a prompt response to the Court.

4. As indicated by the correspondence attached hereto as Exhibits A through G, Defendants have attempted several times to meet and confer with Plaintiffs' counsel regarding the operative claims and allegations, both orally and in writing. Defendants have also proposed the solution described in Paragraph 7. Plaintiffs' counsel have not provided a response.

5. Defendants understand that Plaintiffs' conspiracy claims in the pending cases have been dismissed. *See* Court Order dated December 8, 2006 (dkt. no. 112 in Civ. No. 2:06-cv-00083). In light of comments by Plaintiffs' counsel during the July 6, 2007 hearing, Defendants also understand that that Plaintiffs no longer intend to assert a

---

[1] *Tatum v. Pactiv Corp.,* Civ. No. 2:06-cv-00083; *Phillips v. Pactiv Corp.,* Civ. No. 2:06-cv-00084; *Thompson v. Pactiv Corp.,* Civ. No. 2:06-cv-00085; *Edwards v. Pactiv Corp.,* Civ. No. 2:06-cv-00086; *Madden v. Pactiv Corp.,* Civ. No. 2:06-cv-00186; *Davis v. Pactiv Corp.,* Civ. No. 2:06-cv-000187; *Douglas v. Pactiv Corp.,* Civ. No. 2:06-cv-00188; *Thompson v. Pactiv Corp.,* Civ. No. 2:06-cv-00189; *Kelley v. Pactiv Corp.,* Civ. No. 2:06-cv-00190; *Cravey v. Pactiv Corp.,* Civ. No. 2:06-cv-00191; *Adams v. Pactiv Corp.,* Civ. No. 2:06-cv-00660; *Cassady v. Pactiv Corp.,* Civ. No. 2:06-cv-0000679; *Brooks v. Pactiv Corp.,* Civ. No. 2:06-cv-00680; *Anderson v. Pactiv Corp.,* Civ. No. 2:06-cv-00739; *Harrison v. Pactiv Corp.,* Civ. No. 2:06-cv-00757; *Lawrence v. Pactiv Corp.,* Civ. No. 2:06-cv-00758; *Hamilton v. Pactiv Corp.,* Civ. No. 2:06-cv-00759; *K.C. v. Pactiv Corp.,* Civ. No. 2:06-cv-00904; *Vann v. Pactiv Corp.,* Civ. No. 2:07-cv-00050; *Caver v. Pactiv Corp.,* Civ. No. 2:07-cv-00051.

"Products Liability" claim (*i.e.* a claim under the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD")) in these cases.

6. So that the parties will know with certainty which causes of action and factual allegations remain operative, Defendants believe that the simplest resolution is for the causes of action and factual allegations in the Third Amended Complaint in the Melanie Chambers case (dkt. no. 103), subject to the Court's December 8, 2006 Order dismissing the conspiracy count, to be operative. Thus, Melanie Chambers and Susan Renee Phillips would assert only wrongful death claims based on the factual allegations in the Third Amended Complaint (dkt. no. 103) in Civ. No. 2:06-cv-00083. Stanley Wallace and Kandy Creech would assert causes of action for negligence, recklessness, negligence *per se*, intentional tort, and failure to warn based on the factual allegations in the Third Amended Complaint (dkt. no. 103) in Civ. No. 2:06-cv-00083.

7. In view of the Court's direction at the July 6, 2007 hearing, and in an attempt to comply with that direction, Defendants hereby request that the Court enter an Order clarifying that

(a) Initial trial Plaintiffs Melanie Chambers and Susan Renee Phillips may assert only wrongful death claims based on the factual allegations in the Third Amended Complaint (dkt. no. 103) in Civ. No. 2:06-cv-00083; and

(b) Initial trial Plaintiffs Stanley Wallace and Kandy Creech may assert only causes of action for negligence, recklessness, negligence *per se*, intentional tort, and failure to warn based on the factual allegations in the Third Amended Complaint (dkt. no. 103) in Civ. No. 2:06-cv-00083; and

(c) Because there are two wrongful death claims and two living plaintiffs among the initial trial plaintiffs, the measure(s) of damages that each of the four initial trial plaintiffs may seek at trial will be determined in accordance with Alabama law.

Submitted this <u>14th</u> day of August, 2007.

<u>/s/ John C. Berghoff, Jr.</u>
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. TerMolen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

/s/ Bernard Taylor
Bernard S. Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>14th</u> day of August, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Richard Elder Crum

/s/Orlyn O. Lockard, III
Of Counsel
