IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELANIE CHAMBERS, Who Sues
By and Through Her Mother and Next
of Friend Gail Tatum,                                                                    PLAINTIFF

VERSUS                          CIVIL ACTION NO. 2:06-CV-00083-LES-CSC

(LEAD CASE)

PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,                                          DEFENDANTS

## PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSITION TO DISMISSAL OF THE CLAIMS OF STANLEY WALLACE

Defendants object to the dismissal of Stanley Wallace as a Plaintiff in this action and state that dismissal of Wallace is unfair and unexpected.

### PLAINTIFFS' GENERAL RESPONSE

Plaintiffs' counsel has been candid and open with the Court in every appearance. Plaintiffs' counsel has informed the Court that it was certainly possible that Defendants could search through all of the responses filed in this case and with research could find the Plaintiff who could not survive an

in depth individualized causation determination. Plaintiffs' counsel has further requested a process to fairly select additional trial Plaintiffs in the event the Defendants took the very action that they have taken and selected a rare Plaintiff that they knew did not have sufficient proof of causation. Defendants have done the very act that Plaintiffs' counsel predicted.

Defendants infer that Plaintiffs' motion to dismiss Wallace was in bad faith and intended to circumvent the process of representative trial Plaintiff selection. Defendants did not inform the Court of the fact that Plaintiffs' counsel has offered to allow them any reasonable information and material that they request in order for them to select a trial Plaintiff that Defendants believe would fairly represent the type claims that they say are important to them for evaluation. Plaintiffs have offered to provide medical releases for a number of potential Plaintiffs selected by Defendants and even to allow Defendants an opportunity to take short depositions, or informal interviews, as part of their Plaintiff selection process.

Defendants continue to raise the fact that they need additional information in order seek "resolution" of all of these cases. Defendants

began that tactic almost three years ago and continue to use the bait of resolution as a weapon without any intention of acting upon the words that they say.  Truckloads of documents have been provided and exchanged.  For over a year, Plaintiffs provided Defendants with everything that they requested on all of the Plaintiffs that they selected.  If Defendants are serious about a fair resolution, let's set the case for mediation before a United States Judge Magistrate in Omaha, Nebraska.  In addition to complete resolution, Plaintiffs are also prepared to use a mediation to explore what the Defendants' reasonable needs are for case evaluation and to work out a fair method of providing them adequate material to meet their needs.  Defendants have consistently rejected Plaintiffs' attempts to reconcile their stated needs and demanded the most burdensome, expensive and delay causing alternatives.

     Defendants infer that Plaintiffs' counsel has attempted to manipulate the process and act unfairly.  Plaintiffs' counsel believes that Defendants have coldly calculated and created the very situation they complain about in order to create their argument.

## PLAINTIFFS' SPECIFIC RESPONSE

1.   This issue does not involve any dispute of law.  The Court has discretion to dismiss the claims of Stanley Wallace without prejudice.  To the extent that Wallace is represented by present counsel, Plaintiff has no intention of refiling the case.  Plaintiffs' counsel does not know of any facts to indicate that Mr. Wallace intends to refile his claim with separate counsel and does not believe that this event will occur.

2.   Stanley Wallace cannot respond to a show cause order as to why his claim should not be dismissed with prejudice, except to state that the chemicals emitted Defendants' facility may cause diseases with long latency periods and that we do not know what the future holds for him.

3.   The Court gave Plaintiffs a deadline to file dismissals of selected trial Plaintiffs and this dismissal was timely filed.

4.   Immediately after Defendants selected Wallace as a trial Plaintiff, counsel Eason Mitchell began attempts to schedule a personal interview with him.  As soon as Wallace could be scheduled, counsel drove to Florala (nine hours round trip) to meet with him in person.  That interview resulted in counsel's determination that a motion to dismiss

Wallace's claims without prejudice was appropriate and required, in spite of the fact that the information provided by Wallace to Defendants appeared to support a claim.

5. Some of the information obtained by Plaintiffs' counsel from Wallace would have been available to Defendants if they conducted an investigation of possible trial Plaintiffs that they considered for selection.

6. It would be proper for this Honorable Court to dismiss the claims of Plaintiff Stanley Wallace, which Plaintiff requests to be ordered without prejudice.

7. Plaintiffs further request that Defendants be required to selected another Plaintiff, or that a process be established by mediation, an order of the Court, or by the parties' agreement for Defendants' selection process.

Respectfully submitted this 23rd day of August, 2007.

                                         /s/ W. Eason Mitchell
                                         W. EASON MITCHELL (MIT020)
                                         The Colom Law Firm, LLC
                                         Post Office Box 866
                                         Columbus, MS 39703-0866
                                         Telephone: 662-327-0903
                                         Facsimile: 662-329-4832
                                         emitchell@colom.com

## Certificate of Service

I, W. Eason Mitchell, hereby certify that on August 23, 2007, I electronically filed the foregoing *Plaintiffs' Response to Defendants' Opposition to Dismissal of the Claims of Stanley Wallace* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Douglas Sheppard Arnold, Esq.
    Dennis R. Bailey, Esq.
    John C. Berghoff, Jr., Esq.
    John A. Earnhardt, Esq.
    R. Austin Huffaker, Jr., Esq.
    Orlyn O. Lockard, III, Esq.
    Edwin Bryan Nichols, Esq.
    Laura Ellison Proctor, Esq.
    Matthew C. Sostrin, Esq.
    Mark R. Ter Molen, Esq.
    H. Thomas Wells, Jr., Esq.
    Bernard Taylor, Sr., Esq.

                                              /s/ W. Eason Mitchell
                                              W. Eason Mitchell