IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   CIVIL ACTION NO. 2:06cv83-LES: ) |
| PACTIV CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

# PLAINTIFFS' MOTION
# TO SCHEDULE ADDITIONAL TRIALS
# AND RESTRICT ACTIVITY

COME NOW the plaintiffs in the above-styled action, by and through undersigned counsel of record, and move this Honorable Court to (1) assign trial dates for all four of the selected trial plaintiffs and (2) restrict all activity in these cases to the plaintiffs whose cases are scheduled for trial. In support hereof, the plaintiffs state as follows:

The initial four trial plaintiffs have been selected and this Honorable Court has scheduled September 8, 2008 as the date for the first trial in these consolidated cases. It has not, however, established trial dates for the remaining three trial plaintiffs. Thus, discovery has commenced for all four trial plaintiffs, even though a trial date has been established only for one of those plaintiffs, Melanie Chambers. Unfortunately, this situation facilitates the defendants' "scorched earth" policy, thereby putting the plaintiffs at a disadvantage, for it permits the defendants to

conduct discovery concerning plaintiffs whose cases are not yet set for trial. For the sake of judicial economy – and to promote prompt resolution of these cases – discovery should be permitted only with respect to the cases of plaintiffs whose cases are actually scheduled for trial.

Even before the commencement of this litigation – during pre-litigation mediation – the defendants began a pattern of conduct that over time has become increasingly clear. That pattern begins with the defendants' demands for information about each plaintiff, ostensibly in order to evaluate the claims that they have made. The defendants' demands are then followed by the plaintiffs' responses, which are painstakingly prepared at great expense, both in time and resources. Of course, the plaintiffs have no objection to providing this information, for they do not expect to resolve their cases – either through verdict or settlement – without disclosing the basis of their claims. What makes the whole process extraordinarily burdensome, however, is the fact that the defendants are ***never satisfied*** with the information provided by the plaintiffs, and continually insist that the plaintiffs provide ever increasing amounts of information.

Compounding this unrelenting demand for ever-increasing amounts of the most arcane information is the defendants' insistence that the plaintiffs respond to requests about plaintiffs whose cases are not currently at issue. Thus, rather than focus on the single case that has been set for trial, or even on the cases of the other three plaintiffs who have been designated as trial plaintiffs, the defendants continue to focus their efforts on the hundreds of other plaintiffs. ***Clearly, this is a stratagem intended to distract the plaintiffs and this Court from the task at hand***.

**Plaintiffs' Motion to Schedule Additional Trials and Restrict Activity**                           **Page 2**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

Consider, for example, the *Defendants' Motion to Dismiss Unasserted Claims* (Document No. 276), filed long after the four trial plaintiffs were selected and a single plaintiff – Melanie Chambers – was given a trial date. Instead of focusing on the case of Melanie Chambers, the motion concerns more than 750 plaintiffs. There are numerous other examples of the defendants' "scorched earth" policy.

This "scorched earth" policy will continue unabated unless the Court takes action to focus the parties' efforts by restricting discovery to the cases actually scheduled for trial.

WHEREFORE, PREMISES CONSIDERED, the plaintiffs respectfully pray that this Honorable Court will (1) assign trial dates for all four of the selected trial plaintiffs and (2) restrict all activity in these cases to the plaintiffs whose cases are scheduled for trial.

/s/ *Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007

/s/ *Gregory Andrews Cade*
Gregory Andrews Cade, State Court ID No. CAD010
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Motion to Schedule Additional Trials and Restrict Activity**   **Page 3**
Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES
In the United States District Court
For the Middle District of Alabama, Northern Division

# CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2008, I caused the foregoing ***Plaintiffs' Motion to Schedule Additional Trials and Restrict Activity*** to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to send to the following:

W. Eason Mitchell, Esq.
Gregory A. Cade, Esq.
Fred R. DeLeon, Jr., Esq.
John C. Berghoff, Jr., Esq.
Matthew C. Sostrin, Esq.
Mark R. Ter Molen, Esq.
H. Thomas Wells, Jr., Esq.
John A. Earnhardt, Esq.
Bernard Taylor, Esq.
Douglas S. Arnold, Esq.
Orlyn O. Lockhard, III, Esq.
Dennis R. Bailey, Esq.
R. Austin Huffaker, Esq.
Laura Porter, Esq.
Abner Riley Powell III, Esq.
Benjamin Max Bowden, Esq.
Edwin Bryan Nichols, Esq.

/s/ *Robert Leslie Palmer*
Of Counsel

**Plaintiffs' Motion to Schedule Additional Trials and Restrict Activity**   **Page 4**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**