**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **M.C. who sues by and through her mother and next friend, GAIL TATUM** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 2:06cv83-LES:** |
| **PACTIV CORPORATION, et al.,** | ) | |
| **Defendants.** | ) | |

# PLAINTIFFS' SUPPLEMENTAL RESPONSE IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and respond to *Defendant Louisiana-Pacific's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment* (Document 281), hereinafter the "*Summary Judgment Response*." In support hereof, the Plaintiffs state as follows:

## Rule 26(a)(1)(D) Disclosure

Under *FED.R.CIV.P*. 26(a)(1)(D), Defendant Louisiana-Pacific Corporation (hereinafter "Louisiana-Pacific") was required to produce insurance agreements affecting the litigation.

> A party must, without awaiting a discovery request, provide to other parties … for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Louisiana-Pacific contends that this language is clear and that it does not require Louisiana-Pacific to produce anything other than the actual insurance policies themselves. In support of this proposition, Louisiana-Pacific cites just two cases. *Excelsior College v. Frye*, 233 F.R.D. 583 (S.D. Cal. 2006) and *Native American Arts, Inc. v. Bundy-Howard, Inc.*, 2003 U.S.Dist. LEXIS 4393 (N.D. Ill. March 19, 2003). Apart from the fact that ***neither of these cases is binding on this Court***, it is also abundantly clear that ***two U.S. District Court cases from California and Illinois do not constitute "well-established" authority***.

Although *Excelsior College v. Frye*, 233 F.R.D. 583 (S.D. Cal. 2006) nominally supports Louisiana-Pacific's position, the opinion is counterintuitive. If the purpose of *Fed.R.Civ.P*. 26(a)(1)(D) is to provide the plaintiff with sufficient information to evaluate whether a claim is covered by insurance, then it makes no sense to require the disclosure of mere insurance policies without amendments, releases, and other instruments and documents that might affect that liability. In short, *Excelsior College* makes no sense and should not be followed by this Court, which has equal authority and sagacity to interpret *Fed.R.Civ.P.* 26(a)(1)(D).

In addition, however, *Excelsior College* may be distinguished by the fact that when the issue about the scope of *Fed.R.Civ.P*. 26(a)(1)(D) arose, the parties had long been permitted to conduct discovery and had, in fact, been doing so. In contrast, in this case, *Plaintiffs' Motion for Partial Summary Judgment* (Document No. 248) was filed before a scheduling order had been entered permitting discovery. Thus, the Plaintiffs in this case had no option to obtain the requested documents by discovery.

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment** **Page 2**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

Native American Arts, the other case cited by Louisiana-Pacific in support of its argument that FED.R.CIV.P. 26(a)(1)(D) does not require the disclosure of the settlement agreements requested by the Plaintiffs, simply muddles that position. First, that court did not state that only the insurance policies themselves were subject to disclosure. The court contrasted a reservation of rights, which the court opined did not have to be disclosed, with a denial of coverage, which the court believed would have to be disclosed. Since the rule itself mentions neither, it is clear that the court in Native American Arts employed some rationale other than the strict construction applied by the Excelsior court.

Significantly, the Excelsior court specifically found that the opinion of the Illinois district court in Native American Arts was not binding on the California court. 233 F.R.D. at 586. How, then, is Louisiana-Pacific able to argue – at least implicitly – that once the California district court ruled, no other federal court could revisit the issue?

In summary, neither Excelsior nor Native American Arts is binding on this Court, and under the circumstances of this case, this Court should not blindly follow them.

## Demand for Sanctions

In light of the foregoing discussion, it should be clear that Louisiana-Pacific's demand for sanctions lacks any merit. Indeed, rather than the "clear and well-entrenched law" that is discussed in the cases cited by Louisiana-Pacific,[1] Summary Judgment Response, page 6,

---

1. In Bullard v. Downs, 161 Fed.Appx. 886 (11th Cir. 2006), the party upon whom sanctions were imposed conceded prior knowledge that the lawsuit was time barred but that he chose to file it anyway. The Court found that sanctions were appropriate where a claim was filed even though there existed "Clear and well-entrenched law." In

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment Page 3**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

Louisiana-Pacific has adduced for this Court just two, non-binding and conflicting opinions of federal district courts located in California and Illinois. This alone should be sufficient to warrant denial of the demand for sanctions, but Louisiana-Pacific also failed to follow proper procedure in making the demand.[2]

- First, under *Fed.R.Civ.P.* 11 (c)(1)(A), a request for sanctions initiated by motion must be made separately from all other motions or requests. Louisiana-Pacific chose instead to include its request for sanctions in *Defendant Louisiana-Pacific's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment* (Document No. 281). Nowhere in the title of the filing does Louisiana-Pacific disclose that it has buried a motion for sanctions.

- Second, Louisiana-Pacific did not, pursuant to *Fed.R.Civ.P.* 11(c)(1)(A), give Plaintiffs' counsel 21 days notice to withdraw or appropriately correct the challenged paper.

Louisiana-Pacific's demand for sanctions lacks merit and does not comport with proper procedure, and should therefore be denied.

---

contrast, the Plaintiffs in this case admit neither (1) that the motion for partial summary judgment is meritless or (2) that the two non-binding and conflicting federal district court cases cited by Louisiana-Pacific constitute clear or well entrenched law. In *Rueter v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 440 F.Supp. 2d 1256, the court discusses in detail the procedural details that Louisiana-Pacific missed: "Rule 11 mandates procedural requirements that, if ignored, prove fatal to a Movant under the rule." *Id*. at 1266.

2. Plaintiffs were not required to follow the same procedures. *FED.R.CIV.P*. 11 does not apply to "disclosures, and discovery requests, responses, objections, and motions that are subject to the provisions of *FED.R.CIV.P*. 26 through 37." *FED.R.CIV.P.* 11(d).

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment** **Page 4**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

## Admissions Against Interest

Louisiana-Pacific asserts that the Plaintiffs' reliance on *Cochran v. Watson*, 628 So.2d 407 (Ala. 1993) is "completely misplaced" because they "fail to present any evidence that Louisiana-Pacific's settlement with its insurers constituted an admission of liability." *Summary Judgment Response*, page 10. This, Louisiana-Pacific argues, is evidenced by self-serving language in the insurance coverage complaint that refers to the liabilities as "alleged." *Summary Judgment Response*, pages 11-14. ***This is exaltation of form over substance, for the central thrust of the complaint is that Louisiana-Pacific has incurred liabilities for which it should be reimbursed – otherwise Louisiana-Pacific would be expected to contest the liability and seek to have its insurers defend it***. Moreover, in advancing this argument, Louisiana-Pacific simultaneously refuses to produce for the Plaintiffs the very settlement documents at issue. Perhaps this court should, before making its decision on the *Plaintiffs' Motion for Partial Summary Judgment* (Document No. 248), order an *in camera* inspection of those documents as the court in *Ex Parte Proactive Ins. Corp*. suggested:

> … nothing in this opinion should be construed as precluding the trial court, on motion by the Brantleys, from examining *in camera* the entire Starnes & Atchison file in order to determine whether there might be documents, other than those already presented, suggesting that Proactive has recognized its liability for the damages claimed in this action.

*Id*. at 513.

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment** **Page 5**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

## The Nature of the Insurance Coverage Litigation

The Plaintiffs are not, as Louisiana-Pacific would have this Court believe, claiming the right to introduce evidence of current insurance coverage. That would violate the well-established rule that evidence of insurance coverage for a plaintiff's claim – in and of itself – is not admissible to establish a defendant's liability. See, e.g., *Harris v. M&S Toyota, Inc*., 575 So.2d 74 (Ala. 1991). In all such cases, however, payment by the insurer is contingent on the success of the claims brought by the plaintiffs. That, of course, is the reason for the rule, so that jurors will not decide that a defendant is liable merely because it has insurance.

In stark contrast, the Plaintiffs in this case are asserting that Louisiana-Pacific has already admitted its liability by actually suing its insurers well in advance of any personal injury or property damage claims being filed by the Plaintiffs. Louisiana-Pacific's assertion that its admissions of liability in the insurance coverage litigation is limited to the actual claimant, ADEM, is absurd. The Plaintiffs were injured as a result of the very environmental contamination that prompted the ADEM action. ***By Louisiana-Pacific's logic an admission that a driver was operating a vehicle while under the influence made during an arrest by a police officer would not be relevant to an action filed by the sixteen pedestrians he ran over while in that condition***. Just as the police officer makes his arrest to protect the public – including the injured pedestrians – ADEM brings its enforcement actions to protect the public – including the Plaintiffs in this case! Louisiana-Pacific's admissions of liability made in connection with obtaining insurance proceeds to pay off ADEM are clearly relevant.

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment Page 6**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

## Straw Houses

In its brief, Louisiana-Pacific employs the interesting but rather obvious strategy of defending against assertions that the Plaintiffs have not made. By carefully constructing and then tearing down these "straw houses," Louisiana-Pacific creates the impression that it has rebutted the Plaintiffs' basis for partial summary judgment.

For example, Louisiana-Pacific cites *Fed.R.Evid*. 411 as prohibiting "[e]vidence that a person was or was not insured against liability." *Summary Judgment Response*, page 8. This, of course, is simply not relevant, for ***the Plaintiffs do not seek to introduce evidence that Louisiana-Pacific was insured against liability, but rather that Louisiana-Pacific has admitted that liability. This is a critical distinction***. Significantly, in support of its contention, Louisiana-Pacific cites *Morrissey v. Welsh Co*., 821 F.2d 1294 (8th Cir. 1987). But that case actually supports the Plaintiffs' position:

> In the present case, the references to insurance were not offered to prove that the Welsh Company acted negligently. The purpose was to show the reason the safety inspections were made. It is true, as the company argues, that the inspections could have been discussed without reference to insurance companies, but, as the Missouri Supreme Court has noted, not every reference to insurance constitutes reversible error.
>
> *****
>
> We are convinced that the admission into evidence of the questioned documents was not an abuse of discretion.

*Id*. at 1305. Similarly, the Plaintiffs in this case do not seek to establish Louisiana-Pacific's liability by the mere fact that it had liability insurance. The Plaintiffs seek instead to establish

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment Page 7**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

Louisiana-Pacific's liability by virtue of its admissions made in obtaining payment under those liability policies.

Louisiana-Pacific also cites *Harris v. M&S Toyota, Inc*., 575 So.2d 74 (Ala. 1991) for the proposition that "settlement evidence is inadmissible." *Summary Judgment Response*, page 9. Careful scrutiny of the opinion, however, reveals facts that are vastly different. *Harris* involved the admission of evidence concerning ***a settlement offer made by the defendant*** to a prior claimant. To put this in context, it would be akin to the Plaintiffs seeking to admit evidence that Louisiana-Pacific settled the claims – or offered to settle the claims – of other injured victims. The policy considerations supporting this rule are obvious:

> The policy behind this rule has always been that extra-judicial resolution of disputes by compromise and settlement is to be encouraged, and the admission into evidence of settlement negotiations and agreements would operate to curtail that policy

*Id*. at 80. In the present case, however, the Plaintiffs don't seek to introduce evidence of any settlement. Instead, the Plaintiffs seek partial summary judgment based on Louisiana-Pacific's admissions of liability made in prosecuting its claims against its insurers. Louisiana-Pacific can point to no case establishing a policy permitting a defendant to admit liability in order to obtain insurance proceeds and then turn around and deny that very same liability in subsequent litigation.

Louisiana-Pacific's citation in its footnote 5 of *Lowery v. Ward*, 662 So.2d 224 (Ala. 1995) and *Ex Parte Proactive Ins. Corp*., 668 So.2d 512 (Ala. 1995) is also unpersuasive, and for the same reasons as *Harris*. Significantly, *Ex Parte Proactive Ins. Corp*. actually supports the

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment Page 8**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

Plaintiffs' claim that Louisiana-Pacific should have produced its entire insurance file, and the court in Ex Parte Proactive Ins. Corp. even suggested that an *in camera* inspection of the files of the insurers' lawyers was in order:

> The trial court is hereby ordered to set aside its order compelling the production of the Starnes & Atchison file. However, nothing in this opinion should be construed as precluding the trial court, on motion by the Brantleys, from examining *in camera* the entire Starnes & Atchison file in order to determine whether there might be documents, other than those already presented, suggesting that Proactive has recognized its liability for the damages claimed in this action.

Id. at 513.

Another "straw house" constructed by Louisiana-Pacific is contained in its section on "Judicial Admissions." Once again, the lead case cited by Louisiana-Pacific for this proposition, Raiford v. Abney, 695 F.2d 521 (11th Cir. 1983), actually supports the Plaintiffs' position. That case involved a bankruptcy proceeding in which the district court denied the debtor a discharge of his debts because he had pled guilty in an earlier criminal prosecution to fraudulent acts in relation to the bankruptcy. The court does state, in *dicta*, that

> Normally judicial admissions are binding for the purpose of the case in which the admissions are made, not in separate and subsequent cases.

Id. at 523. But then, citing Wigmore, the court goes on to note that in subsequent cases:

> … the plea is admissible as an admission against interest but it is not conclusive and defendant may offer his explanation of the plea and his version of the occurrence that occasioned the criminal charge.

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment Page 9**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

Id. ***At best, then, Louisiana-Pacific's own case stands for the proposition that its admissions in the insurance coverage litigation may not collaterally estop[3] Louisiana-Pacific from denying its liability, but nevertheless permits the introduction of the admission into evidence on that issue***.[4] However, because Louisiana-Pacific did not introduce any evidence whatsoever to rebut this admission, summary judgment is nevertheless appropriate, a conclusion supported by another case cited by Louisiana-Pacific, *Universal American Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131 (5th Cir. 1991):

> Since Universal's admissions in arbitration as to the cause of the fire were not conclusively binding in the separate district court suit, the admissions were sufficiently contradicted by Universal's summary judgment evidence to raise a genuine issue of material fact.

*Id.* at 523. In contrast, ***Louisiana-Pacific offered no evidence whatsoever to raise a genuine issue of material fact in this case***.

Finally, Louisiana-Pacific also cites three third-party beneficiary cases[5] for the proposition that a third party cannot maintain an action.

---

3. Louisiana-Pacific refers to the case in support of its "judicial estoppel" argument, but the decision was based on the doctrine of "collateral estoppel."

4. See also *City of Gulf Shores v. Harbert Int'l*, 608 So.2d 348, 354 ("Initially, we note that Gulf Shores is correct that a party's pleadings in a prior case are admissible against that party in a subsequent action as an admission").

5. *Polo Ralph Lauren, L.P. v. Tropical Shipping & Constr. Co.*, 215 F.2d 1217 (11th Cir. 2000), *Blu-J, Inc. v. Kemper C.P.A. Group*, 916 F.2d 637 (11th Cir. 1990), and *Weathers Auto Glass, Inc. v. Alfa Mut. Ins. Co.*, 619 So.2d 1328 (Ala. 1993). *Summary Judgment Response*, page 7.

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment** **Page 10**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

## Equitable Estoppel

Having spent so much time on "straw houses," Louisiana-Pacific finally addresses the Plaintiffs' principal argument in a page and a half at the very end of its brief. In essence, Louisiana-Pacific asserts that the Plaintiffs cannot satisfy all of the elements of equitable estoppel. The doctrine of equitable estoppel:

> … is a principle of equity that operates not to create a right nor to impose an obligation, but to prevent an otherwise unjust result. Indeed, it proceeds on the absence of such right or obligation, and comes into play where a party takes a position in one instance inconsistent with that party's position in another instance, to another's prejudice.

*Williams v. FNBC Acceptance Corporation*, 419 So.2d 1363, 1367 (Ala. 1982).

> The purpose of equitable estoppel is to promote equity and justice in an individual case by preventing a party from asserting rights under a general rule of law when his own conduct renders the assertion of such rights contrary to equity and good conscience.

*Draughon v. General Finance Credit Corporation*, 362 So.2d 880, 884 (Ala. 1978).

Louisiana-Pacific cites three cases[6] that it contends establish the three elements of equitable estoppel:

1. That the party against whom equitable estoppel is asserted had knowledge of true facts about which the party communicates in a misleading way, either by words, conduct, ***or silence***.

6. *Smith v. State Farm Mut. Auto. Ins. Co.*, 952 So.2d 342 (Ala. 2006), *Ford v. Jackson Square, Ltd.*, 548 So.2d 1007 (Ala. 2006), and *Meeks v. Budco Group, Inc.*, 631 So.2d 915 (Ala. 1993). *Summary Judgment Response*, page 15.

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment** **Page 11**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

2. That the party who has invoked equitable estoppel relied on the misleading communication.

3. That the party who has invoked equitable estoppel will be materially harmed if the party against whom equitable estoppel is asserted is permitted to act in a manner inconsistent with his earlier conduct.

With respect to the first element, it is clear that Louisiana-Pacific had knowledge that it had contaminated the Lockhart facility and the surrounding community. This knowledge is apparent from the fact that it sued its insurers for that liability. It is also clear that Louisiana-Pacific had an affirmative duty under the EMERGENCY PLANNING AND COMMUNITY RIGHT-TO-KNOW ACT OF 1986 (hereinafter "EPCRA"), 42 U.S.C. § 11000, *et seq.*[7] to disclose this to the citizens of the community, but failed to do so. Thus, ***by its silence***, Louisiana-Pacific communicated a false sense of safety to the entire community, including the Plaintiffs.

---

7. Coal tar creosote is on the list of chemicals appearing in EPCRA. Section 313 of the act, 42 U.S.C. § 11023, requires owners and operators of facilities that manufacture, import, process, or otherwise use the chemicals on this list to report annually their release of those chemicals to any environmental media. Under section 103(a) of the COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION, AND LIABILITY ACT OF 1980 ("CERCLA"), 42 U.S.C. §§ 9601, 9607, the person in charge of a facility "as soon as he has knowledge of any release" must immediately notify the National Response Center (NRC). The EPA has found that a knowledge requirement is implicit under EPCRA Section 304 [see 53 Federal Register 13393]. Thus the **duty** to notify the SERC and LEPC under EPCRA Section 304 arises as soon as the owner or operator has knowledge that a reportable release has occurred. The owner or operator of a facility cannot shield himself or herself from gaining knowledge of a reportable release simply by putting an investigation of suspected release or a timetable convenient for the facility. For Example, EPA's Environmental Appeals Board recently held that a facility was not justified in waiting ten (10) days to report a release, when necessary calculation could have been completed in seven (7) days. *In re Mobil Oil Corp.*, EPCRA Appeal No. 94-2 (EAB, September 29, 1994). Although EPCRA Section 304 does not require reporting before a facility has some degree of certainty that a reportable release has occurred, it is not necessary for the facility to know the exact quantity of the release, as long as there is knowledge that the release exceeded an applicable reportable quantity. *In re Genicom Corp.*, EPCRA-III-057 (ALJ, July 16, 1992); *In Re: Genicom Corp.*, EPCRA No. 92-2(EAB December 15, 1992).

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment Page 12**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

With respect to the second element of equitable estoppel, it is also clear that the Plaintiffs relied on Louisiana-Pacific's silence by continuing to reside, work in, and attend school in the contaminated community.

Finally, with respect to the third element of equitable estoppel, it is clear that if Louisiana-Pacific is now permitted to deny its liability for the contamination of the Lockhart facility and the entire community, the Plaintiffs will be materially harmed by being denied the compensation to which they are entitled.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Honorable Court will (1) grant the partial summary judgment requested in *Plaintiffs' Motion for Partial Summary Judgment* (Document 248) and (2) deny the request for sanctions made in *Defendant Louisiana-Pacific's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment* (Document 281).

*/s/ Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007

*/s/ Gregory Andrews Cade*
Gregory Andrews Cade, State Court ID No. CAD010
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment Page 13**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, I caused the foregoing ***Plaintiffs' Supplemental Response in Support of Partial Summary Judgment*** to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to be sent to the following:

**For the Plaintiffs**

Robert Leslie Palmer, Esq.
Gregory Andrews Cade, Esq.
Fred R. DeLeon, Jr., Esq.
Wilbur O. Colom, Esq.
William Eason Mitchell, Esq.
Richard Elder Crum, Esq.[8]

**For the Defendant Pactiv Corporation**

John C. Berghoff, Jr., Esq.
Matthew C. Sostrin, Esq.
Mark R. Ter Molen, Esq.
H. Thomas Wells, Jr., Esq.
John Aaron Earnhardt, Esq.
Edwin Bryan Nichols, Esq.

**For the Defendant Louisiana-Pacific Corporation**

Bernard Taylor, Sr., Esq.
Douglas Sheppard Arnold, Esq.
Orlyn O. Lockhard, III, Esq.
Dennis R. Bailey, Esq.
R. Austin Huffaker, Esq.
Laura Ellison Proctor, Esq.

/s/ *Robert Leslie Palmer*
Of Counsel

8. Richard Elder Crum does not represent all of the Plaintiffs but represents one estate and entered an appearance in order to receive all filings.

**Plaintiffs' Supplemental Response in Support of Partial Summary Judgment** **Page 14**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**