IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO. 2:06cv83-LES:<br>) |
| PACTIV CORPORATION, et al., | )<br>) |
| Defendants. | )<br>) |

# PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS UNASSERTED CLAIMS

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and respond to the *Defendants' Motion to Dismiss Unasserted Claims* (Document No. 276), stating as follows:

### The Motion is Intended to Distract

On Friday, July 6, 2007, this Honorable Court conducted a scheduling conference at which the parties and the Court discussed the trial of four representative cases. The purpose for doing this, a purpose that was understood by all parties, was to focus the case so that the Court and the parties could manage this enormous and complex case. On the following Monday, July 9, 2007, the Court entered its *Scheduling Order* setting a trial date and identifying the four cases to which the Scheduling Order applies.

Not quite three weeks later, on Thursday, July 26, 2007, the Defendants filed the *Defendants' Motion to Dismiss Unasserted Claims* (Document No. 276), a motion that relates to ***almost all*** of the pending cases. In light of the scheduling order and the need to now focus on preparing the four selected cases for trial, the Defendants' motion can have only one purpose – to distract both the Plaintiffs and this Court from the business at hand. Moreover, the distraction planned by the Defendants is intended to be as burdensome as possible to the Plaintiffs, a fact evidenced in their own motion – "collection of third-party documents relating to hundreds of Plaintiffs will be an expensive and time-consuming undertaking." *Defendants' Motion to Dismiss Unasserted Claims* (Document No. 276), page 2.

The Plaintiffs suggest that motions to dismiss and/or motions for summary judgment should be considered on a case-by-case basis once the cases have been scheduled for trial and not in a 7-page motion relating to several hundred Plaintiffs.

## The Motion Fails as a Motion to Dismiss or Motion for Judgment on the Pleadings

Because the Defendants' motion relies on matters outside the pleadings filed with this Court, it is not properly styled as a motion to dismiss or even as a motion for judgment on the pleadings and should have been styled as a motion for summary judgment:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Fed.R.Civ.P.* 12(c).

**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

## The Motion Fails as a Motion for Summary Judgment

The Defendants' motion also fails as a motion for summary judgment, for a number of reasons. First, in violation of Rule 56(e), which requires motions for summary judgment to be supported by admissible evidence, the *Defendants' Motion to Dismiss Unasserted Claims* (Document No. 276) is **_not supported by any admissible evidence_**. Indeed, in support of their motion, the principal "evidence" upon which the Defendants rely consists of 5 lists that they apparently generated themselves.[1] The lists are **_not signed or sworn_**, and they do not indicate just how they were generated.

Moreover, although the motion relates to several hundred Plaintiffs, the only "evidence" submitted in connection with any specific Plaintiffs are the unsworn Lone Pine questionnaire responses of just 10 Plaintiffs.[2] Aside from the fact that it is unclear just how these 10 questionnaire responses relate to the hundreds of Plaintiffs made the subject of the motion, this use of the Lone Pine questionnaires is contrary to their intended usage.

---

1. The 5 Defendant-generated lists are attached under the following exhibit numbers to the *Defendants' Motion to Dismiss Unasserted Claims* (Document No. 276): ***EXHIBIT A*** – Plaintiffs With Unasserted Personal Injury Claims, listing 49 Plaintiffs; ***EXHIBIT B*** – Plaintiffs With Unasserted Property Damage Claims, listing 579 Plaintiffs; ***EXHIBIT C*** – Plaintiffs Who Are Not Owners of Property, listing 174 Plaintiffs; ***EXHIBIT D*** – Plaintiffs With Unimpacted Properties, listing 66 Plaintiffs; ***EXHIBIT E*** – Plaintiffs Asserting Neither Personal Injury Nor Property Damage Claims, listing 38 Plaintiffs.

2. The 10 Plaintiffs statements are attached under the following exhibit numbers to the *Defendants' Motion to Dismiss Unasserted Claims* (Document No. 276): ***EXHIBIT F*** – Questionnaire Response of Plaintiff Theresa Bradberry; ***EXHIBIT G*** – Questionnaire Response of Plaintiff Joshua O. Parker; ***EXHIBIT H*** – Questionnaire Response of Plaintiff Donnell Bradberry; ***EXHIBIT I*** – Questionnaire Response of Plaintiff Johnny L. Ball; ***EXHIBIT J*** – Questionnaire Response of Plaintiff Keina Wrentz; ***EXHIBIT K*** – Questionnaire Response of Plaintiff Nealie Hooks; ***EXHIBIT L*** – Questionnaire Response of Plaintiff Randy Lewis Adams; ***EXHIBIT M*** – Questionnaire Response of Plaintiff Catherine Spicer Hattaway; ***EXHIBIT O*** – Questionnaire Response of Plaintiff Charlie E. James; ***EXHIBIT P*** – Questionnaire Response of Plaintiff Gary L. Barnes.

**Plaintiffs' Response to Defendants' Motion to Dismiss Unasserted Claims**    **Page 3**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

At the November 30, 2006 scheduling conference, the Defendants asked this Court for a Lone Pine order requiring the Plaintiffs to make certain statements under oath about their cases. The Plaintiffs were concerned that the purpose of these statements was to provide the Defendants with ammunition to file premature motions for summary judgment before the case was even prepared. The Defendants, however, stated that their purpose in seeking the Lone Pine order was to obtain sufficient information to evaluate the Plaintiffs' cases. Consequently, in its January 8, 2007 *Order*, although the Court required the Plaintiffs to answer questionnaires, it did not require the Plaintiffs' answers to be under oath. Now, exactly as anticipated by the Plaintiffs, and contrary to the expressed intent of the Defendants, the Defendants are seeking to use the unsworn questionnaire responses of just 10 Plaintiffs to support their dispositive motion.

Finally, to the extent that the Defendants' motion relates to the four cases set for trial, it fails to comply with this Court's July 9, 2007 *Scheduling Order*, in which the Court stated that "a brief and all supporting evidence shall be filed with any such motion" and that "the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document." This the Defendants have failed to do, for they seek dismissal of several hundred Plaintiffs' cases through self-serving lists that they generated themselves and through the Lone Pine questionnaire responses of just 10 Plaintiffs.

**Plaintiffs' Response to Defendants' Motion to Dismiss Unasserted Claims**     **Page 4**
Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES
In the United States District Court
For the Middle District of Alabama, Northern Division

## Objection to Proffered Evidence

In violation of Rule 56(e), not one of the exhibits offered by the Defendants in support of their motion is admissible into evidence. First, none of the exhibits is supported by sworn testimony, either in the form of an affidavit or deposition transcript. Second, no foundation has been laid for the introduction of any of the exhibits. Third, the exhibits constitute inadmissible hearsay. For these reasons and for the reasons set forth in the preceding section, the Plaintiffs hereby object to the admission of each and every one of the exhibits offered by the Defendants in connection with *Defendants' Motion to Dismiss Unasserted Claims* (Document No. 276).

## The Standard to be Applied

In asking this Court to dismiss more than seventy percent of the claims asserted by the Plaintiffs, the Defendants have not even bothered to direct this Court's attention to the Plaintiffs' responses to the Lone Pine questionnaire that apparently form the basis for the Defendants' motion. Instead, the Defendants have generated a number of lists of claims that they want dismissed. They have not explained to the Court or for the Plaintiffs just how these lists were generated, and so the Plaintiffs must assume that the Defendants have based the lists on the Plaintiffs' responses to the Lone Pine questionnaire, and that the Defendants have viewed the responses in a light most favorable to the Defendants. Otherwise, why wouldn't they adduce their "evidence" for the Court to review?

This, of course, denies the Court the opportunity to review and consider the "evidence" upon which the Defendants rely, and, perhaps more significantly, it denies the Court the

**Plaintiffs' Response to Defendants' Motion to Dismiss Unasserted Claims**          **Page 5**
Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES
In the United States District Court
For the Middle District of Alabama, Northern Division

opportunity to apply the actual standard required by law. Under Rule 56, the Court is required to view the evidence in the light most favorable to the non-moving party, in this case the Plaintiffs. <u>Eutectic Corp. v. Astralloy-Vulcan Corp</u>., 510 F.2d. 1111 (5th Cir. 1975). This the Court cannot do if the Defendants won't even proffer their "evidence."

## What the Defendants Seek and What the Plaintiffs Offer

Without actually alerting the Court to the scale of their request, the Defendants are asking this Court to dismiss more than seventy percent of the claims asserted by the Plaintiffs. While it is understandable that the Defendants would like to have fewer claims with which to deal, they are attempting to dismiss several hundred claims without taking the time to present any admissible evidence with respect to a single claim.

The Plaintiffs recognize that it may well be that not every Plaintiff has a property damage claim and that not every Plaintiff has a personal injury claim. Moreover, the Plaintiffs do not object to dismissing any claims that will not be prosecuted, and Plaintiffs' counsel are currently in the process of reviewing all of the Plaintiffs' claims for the purpose of identifying and dismissing any claims that will not be prosecuted. This, however, is an enormous task and will take time unless the Plaintiffs' counsel divert attention away from preparation of the four cases made the subject of the July 9, 2007 <u>Scheduling Order</u>. This, of course, is precisely what the Defendants want.

**Plaintiffs' Response to Defendants' Motion to Dismiss Unasserted Claims**          **Page 6**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

## Conclusion

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Honorable Court will deny ***Defendants' Motion to Dismiss Unasserted Claims*** (Document No. 276).

/s/ Robert Leslie Palmer
Robert Leslie Palmer, State Court ID No. PAL007

/s/ Gregory Andrews Cade
Gregory Andrews Cade, State Court ID No. CAD010
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Response to Defendants' Motion to Dismiss Unasserted Claims**   **Page 7**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

        I hereby certify that on September 17, 2007, I caused the foregoing *Plaintiffs' Response to Defendants' Motion to Dismiss Unasserted Claims* to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to send to the following:

| For the Plaintiffs | For the Defendant Pactiv Corporation | For the Defendant Louisiana-Pacific Corporation |
|---|---|---|
| Robert Leslie Palmer, Esq. | John C. Berghoff, Jr., Esq. | Dennis R. Bailey, Esq. |
| Gregory Andrews Cade, Esq. | Matthew C. Sostrin, Esq. | R. Austin Huffaker, Esq. |
| Fred R. DeLeon, Jr., Esq. | Mark R. Ter Molen, Esq. | Orlyn O. Lockhard, III, Esq. |
| Wilbur O. Colom, Esq. | H. Thomas Wells, Jr., Esq. | Douglas Sheppard Arnold, Esq. |
| William Eason Mitchell, Esq. | John Aaron Earnhardt, Esq. | Bernard Taylor, Sr., Esq. |
| Richard Elder Crum, Esq.[3] | Edwin Bryan Nichols, Esq. | Laura Ellison Proctor, Esq. |

                                        */s/ Robert Leslie Palmer*
                                        Of Counsel

---

3.    Richard Elder Crum does not represent all of the Plaintiffs but represents one estate and entered an appearance in order to receive all filings.

**Plaintiffs' Response to Defendants' Motion to Dismiss Unasserted Claims**    **Page 8**
**Tatum v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**