IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GAIL BEDSOLE TATUM, as Mother and Administratrix of the Estate of Melanie Chambers, a Deceased Minor Child,<br><br>Plaintiff,<br><br>vs.<br><br>PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:06-cv-83-LES-CSC<br>)  (LEAD CASE)<br>)<br>)<br>)<br>)<br>) |

## LOUISIANA-PACIFIC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

With leave of Court granted at the September 10, 2007 status conference, Defendant Louisiana-Pacific Corporation ("LP") hereby files this supplemental brief in opposition to Plaintiffs' Motion for Partial Summary Judgment (dkt. no. 281).

**I.     Plaintiffs' Misconstruction of Rule 26(a)(1)(D) Is Contradicted By The Plain Language of Rule 26(a)(1)(D), Relevant Drafting History, and Case Law.**

As LP's prior briefing demonstrates, Plaintiffs improperly attempt to expand the plain language of Rule 26(a)(1)(D) to include insurance settlement agreements and numerous other documents. *See* dkt. no. 281, at 3-5. Neither Plaintiffs' Motion nor Plaintiffs' Supplemental Response offers any legal authority for this expansion. Instead, Plaintiffs simply claim that *Excelsior College v. Frye,* 233 F.R.D. 583 (S.D. Cal. 2006), which is directly on point, is "counterintuitive" and "makes no sense." *See* dkt. no. 310, at 2.

Nothing could be further from the truth. The U.S.D.C. for the Southern District of California examined the precise issue here, *i.e*.whether the defendant was required to

disclose "all agreements relating to insurance" as part of its initial disclosures. *Excelsior Coll.*, 233 F.R.D. at 585. The Court held that a request for all insurance agreements "clearly exceeds the scope" of the plain language of Rule 26(a)(1)(D), its legislative history, and relevant case law. *Id.* at 586.

Plaintiffs note that in *Excelsior College*, discovery had begun before the motion to compel was filed. Plaintiffs attempt to distinguish *Excelsior College* on this basis, arguing that they were forced to file their Motion because discovery had not yet begun and they therefore "had no option to obtain the requested documents by discovery." Dkt. no. 310, at 2. This is nothing more than a tacit admission that Plaintiffs' pre-discovery Motion was premature. Plaintiffs also fail to explain why they did not (i) respond to LP's May 24, 2007 letter (dkt. no. 248, Ex. E) or provide any legal support for their position prior to filing their Motion; (ii) file a motion to compel as permitted by Rule 37(a)(2)(A), or (iii) serve a Rule 34 Request for Production when the Court entered the mutually-agreed Scheduling Order (dkt. no. 265). Seemingly, Plaintiffs' counsel were less interested in the insurance settlement agreements than in manufacturing discovery "abuse" before discovery even started.

Plaintiffs also misinterpret *Ex Parte Proactive Insurance Corp.*, 668 So. 2d 512 (Ala. 1995). Plaintiffs' claim that LP "should have produced its entire insurance file" as part of its initial disclosures under *Ex Parte Proactive Insurance Corp.* is wholly inaccurate. *See* dkt. no. 310, at 8. In that case, the Alabama Supreme Court issued a writ of mandamus directing the trial court to <u>set aside its order compelling production</u> of the former attorneys' files. 668 So. 2d at 512-13. Although the Alabama Supreme Court noted that the trial court was not precluded from conducting an *in camera* inspection of

the former attorneys' files, *id.* at 513, nothing in *Ex Parte Proactive Insurance Corp.* remotely suggests that LP "should have produced its entire insurance file" under Rule 26(a)(1)(D) or that the failure to do so is sanctionable. Dkt. no. 310, at 9 (emphasis added).[1]

## II. Louisiana-Pacific is Entitled to Costs and Expenses of Responding to the Rule 26(a)(1)(D) Portion of Plaintiffs' Motion.

Attempting to avoid sanctions, Plaintiffs' counsel argue that LP did not file a "stand-alone" Rule 11 motion or give Plaintiffs 21-days to withdraw their legally deficient Motion. *See* dkt. no. 310, at 4-5. These arguments elevate form over substance. First, Plaintiffs knew LP's position concerning the insurance settlement agreements approximately one month before Plaintiffs' Motion was filed. *See* dkt. no. 281, at 2-3; Pl. Mot., Exs. B, E. Second, Plaintiffs have not withdrawn or amended their Motion despite the fact that LP's opposition brief identified the clear legal deficiencies in Plaintiffs' Motion on July 27, 2007 (well over 21 days ago). Third, Plaintiffs' argument that "[n]owhere in the title of the filing does Louisiana-Pacific disclose that it has buried a motion for sanctions" does not even pass the red-face test; surely Plaintiffs do not claim

---

[1] Similarly, Plaintiffs misread *In re Raiford (Raiford v. Abney),* 695 F.2d 521 (11th Cir. 1983) as supporting their estoppel argument. (*See* dkt. no. 310 at 9-10). Holding that a guilty plea in a bankruptcy criminal case was conclusive as to the debtor's discharge in a subsequent civil discharge case, the bankruptcy court relied on the fact that the "guilty plea was to a bankruptcy crime which arose out of the *same case* in which [the debtor] now seeks his discharge." 695 F.2d at 522-23 (emphasis added). The general rule reaffirmed by the Eleventh Circuit in *Raiford* applies here – "judicial admissions are binding for the purpose of the case in which the admissions are made, *not in separate and subsequent cases.*" *Id.* at 523 (emphasis added). Even if LP's filings in the Insurance Coverage Case somehow "admitted" liability (which they did not), the Insurance Coverage Case related to costs incurred at the Lockhart Facility due to ADEM-required remediation activities as of 2001. Plaintiffs' personal injury and property damage claims in this litigation stem from alleged off-site releases, and Plaintiffs were not parties to the Insurance Coverage Case in any event. Plaintiffs' current claims are clearly "separate and subsequent" to the Insurance Coverage Case.

that they somehow failed to notice the request for fees.  Finally, LP can (and will) simply file a separate motion under Fed. R. Civ. P. 11 and renew its request for fees if the Court finds that the prior briefing and/or meet and confer letters provided insufficient notice of LP's intent to seek sanctions.

That should not be necessary, however, because this Court has ample authority to award fees under Rule 37 (in addition to Rule 11).  Here, Plaintiffs should have simply filed a motion to compel production of the insurance settlement agreements. *See* Fed. R. Civ. P. 37, advisory committee's note (commenting on new subdivision (a)(2)(A) that "a party dissatisfied with the disclosure made by an opposing party may under this rule move for an order to compel disclosure."); *see also Fischer v. Sysco Food Serv. of Cent. Ala., Inc.*, No. 2:05-cv-763-MEF, 2006 WL 2480018, at *1 (M.D. Ala. Aug. 28, 2006)(sanctions imposed for insufficient initial disclosures only after order compelling disclosures entered).  When a motion to compel is denied, this Court may "require the moving party or the attorney filing the motion or both of them to pay the party…who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees" when a motion to compel is denied.  Fed. R. Civ. P. 34(a)(4)(B).  Thus, had Plaintiffs filed a motion to compel, LP would be entitled to attorneys' fees under Rule 37 if (and when) that motion to compel was denied.  Fed. R. Civ. P. 37(a)(4)(B).

Put simply, Plaintiffs should not be able to avoid LP's request for fees by improperly choosing to file what <u>should</u> have been a motion to compel under the guise of a "Motion for Partial Summary Judgment."  Notwithstanding the total absence of authority supporting Plaintiffs' construction of Rule 26(a)(1)(D), Plaintiffs essentially ask the Court to impose the most severe sanction against LP allowable under the Federal

4

Rules: judgment by default. *See* Pl. Mot., at 7 (requesting the Court find, "as a matter of law, that Louisiana-Pacific Corporation is liable to the Plaintiffs for their injuries.") Because it is clear that Plaintiffs had no justification – much less the "substantial justification" required by Rule 37 – for filing their Motion in the first place, Plaintiffs' counsel should reimburse LP for all fees and expenses incurred in responding to the Rule 26(a)(1)(D) portion thereof.

## CONCLUSION

For the reasons set forth above and in prior briefing, Plaintiffs' Motion should be denied. LP further requests that this Court award LP all attorneys' fees, costs, and expenses associated with responding to the Rule 26(a)(1)(D) portion of Plaintiffs' Motion.

LEGAL02/30523602v2

Respectfully submitted this 17th day of September, 2007.

/s/Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to all counsel of record.

/s/ Orlyn O. Lockard, III
Orlyn O. Lockard, III

Case 2:06-cv-00083-LES-CSC    Document 327    Filed 09/17/2007    Page 7 of 7