IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GAIL BEDSOLE TATUM, as Mother          )
and Administratrix of the              )
Estate of MELANIE CHAMBERS, a          )
deceased minor child,                  )
                                       )
                Plaintiff,             )    CIVIL ACTION NO. 2:06CV83-LES
                                       )              (LEAD CASE)
        v.                             )
                                       )
PACTIV CORPORATION and                 )    MEMORANDUM AND ORDER
LOUISIANA-PACIFIC CORPORATION,         )
                                       )
                Defendants.            )
_____)

        This matter is before the Court on plaintiffs' motions
to: (1) determine admissibility of recorded statement of decedent
Melanie Chambers (Filing No. 253); and (2) make advance
determination as to whether or not statements made by deceased
witnesses are admissible under Rule 807 (Filing No. 255).[1]
Having reviewed the motions, the parties' submissions, and the
applicable law, the Court finds the motions (Filing Nos. 253 and
255) should be denied.  Plaintiffs' related motion to allow
filing of video recorded statements (Filing No. 256) will be
denied as moot.

---

        [1] Plaintiffs have withdrawn this motion with respect to the
statements of Marvin Bryant and Max E. Barlow.  Plaintiffs seek only
to admit the statement of deceased witness Ronnie Lynn Jackson.

**DISCUSSION**

*Statement of Melanie Chambers*

Plaintiffs seek a determination that the videotaped statement of decedent Melanie Chambers ("Chambers") is admissible under Fed. R. Evid. 803(3), which is an exception to the hearsay rule for statements of then-existing mental, emotional, or physical condition.  Rule 803(3) provides:

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Fed. R. Evid. 803(3).

Here, the statement of Chambers is an unsworn statement recorded in anticipation of litigation.  Chambers' statements in the video are in response to questions posed by an unidentified twenty-three year-old female.  Plaintiffs argue that the statement would be admissible at trial to explain why Chambers chose not to continue chemotherapy treatments, as a continuous state of mind exception to the hearsay rule.  Plaintiffs further argue the statement should be admitted by analogizing the recorded statement to "day in the life" evidence in a personal

-2-

injury action or a video of a victim at the sentencing phase of a murder prosecution.

Conversely, defendants oppose the admission of Chambers' statement, arguing that plaintiffs' true motive in offering the video is unrelated to her state of mind. Defendants further argue that the statement would be inadmissible to show Chambers' state of mind with respect to her decision to discontinue chemotherapy because the statement is backward-looking, rather than a statement of a continuous state of mind. *See Shepard v. United States,* 290 U.S. 96 (1933). Defendants further argue that Chambers' statements do not qualify under Rule 803(3) because they are factual descriptions rather than statements of Chambers' present state of mind. The Court finds the plaintiffs' motion regarding the admissibility of Chambers' statement (Filing No. 253) should be denied.

### Statement of Ronnie Lynn Jackson

Plaintiffs seek a determination that the videotaped statement of deceased witness Ronnie Lynn Jackson ("Jackson") is admissible under Fed. R. Evid. 807, which is the "catch-all" or residual exception to the hearsay rule.[2] "[Rule 807] is an

---

[2] Fed. R. Evid. 807 provides: "A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by

exception to the hearsay rule that provides for the admissibility of statements that have [the same] 'equivalent circumstantial guarantees of trustworthiness' as the other hearsay exceptions." *United States v. Shryock*, 342 F.3d 948, 982 (9th Cir. 2003). Congress intended that the residual exception to the hearsay rule be used only rarely in truly exceptional circumstances. *See* Notes of Committee on the Judiciary, S.R. No. 93-1277.

   Here, the Court finds statement of Jackson lacks the equivalent circumstantial guarantees of trustworthiness. Jackson's statement is an unsworn statement made in anticipation of litigation, which would be offered to prove the truth of the matter asserted. Defendants had no opportunity to cross-examine or speak with Jackson prior to his death, which occurred shortly after the statement was recorded. Jackson's statement relates to events that happened a number of years earlier, creating the potential for faulty memory or fabrication. *See Sternhagen v. Dow Co.*, 108 F. Supp.2d 1113, 1119 (D. Mont. 1999)(discussing the factors to be considered in evaluating a hearsay statement's trustworthiness). The Court finds Jackson's statement is inadmissible; therefore, plaintiffs' motion to make advance

---

admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant."

determination as to whether or not statements made by deceased witnesses are admissible under Rule 807 will be denied. Accordingly,

IT IS ORDERED:

1)    Plaintiffs' motion to determine the admissibility of the recorded statement of decedent Melanie Chambers (Filing No. 253) is denied;

2)    Plaintiffs' motion to make advance determination as to whether or not statements made by deceased witnesses are admissible under Rule 807(Filing No. 255) is denied ; and

3)    Plaintiffs' motion to allow filing of video recorded statements (Filing No. 256) is denied as moot.

DATED this 19th day of September, 2007.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court