IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C., Who Sues By and Through Her Mother And Next of Friend, GAIL TATUM,    ) ) ) | |
| Plaintiff,    ) ) | CASE NO. 2:06-cv-83-LES-CSC |
| vs.    ) ) | |
| PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,    ) ) ) | |
| Defendants.    ) | |

**DEFENDANT LOUISIANA-PACIFIC'S MOTION FOR
PROTECTIVE ORDER NARROWING PLAINTIFFS' 30(b)(6) NOTICE**

By agreement of counsel, Defendants Louisiana-Pacific Corporation ("LP") and Pactiv Corporation currently are scheduled to make 30(b)(6) witnesses available to testify on behalf of each corporation during the week of October 29, 2007. As set forth below, however, Plaintiffs' 29-page "Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)" – which purports to identify 216 separately-numbered topics (exclusive of multiple subparts) – far exceeds the bounds of corporate testimony reasonably contemplated by Rules 30(b)(6) and 26. So that the parties can comply with the Court's Scheduling Order and complete the 30(b)(6) deposition process without delay, LP moves this Court for a protective order narrowing the scope of Plaintiffs' Notice.

In an effort to ensure that LP can designate and appropriately prepare witnesses to provide testimony on issues that are potentially relevant to Plaintiffs' claims in this litigation, LP has distilled Plaintiffs' overbroad Notice into an extensive, good-faith list of 47 separate 30(b)(6) topics. LP remains prepared to offer testimony on all 47 subject areas, which are included in the

draft protective order accompanying this Motion. Alternatively, LP's counsel are available to meet with the Court and Plaintiffs' counsel to discuss LP's specific objections to each of Plaintiffs' 216 individual 30(b)(6) topics at the first available opportunity.

## BACKGROUND

On August 10, 2007, Plaintiffs' counsel served LP with "Plaintiffs' Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)" (hereinafter "Plaintiffs' Notice," copy attached as Exhibit A). Plaintiffs' 29-page Notice includes 216 different subjects on which Plaintiffs seek 30(b)(6) deposition testimony.[1] Moreover, many of Plaintiffs' proposed topics, as written, are impermissibly broad in terms of both scope and timeframe.

For example, despite the fact that LP already has produced approximately 150,000 pages of documents to Plaintiffs in this litigation, Subject Area No. 3 broadly seeks testimony "concerning documents previously produced or provided to Plaintiffs in this action and all documents requested by Plaintiffs in this notice or Plaintiffs' request for production of documents." Similarly, Plaintiffs' Subject Area No. 206 broadly seeks testimony on "[a]ll issues set out in the plaintiff's complaint." LP's written objections to Plaintiffs' Notice, which are attached as Exhibit B, address the specific deficiencies with the remaining 200+ individual topics in Plaintiffs' Notice.

In a good faith attempt to narrow Plaintiffs' Notice in a manner that will permit a meaningful response while still enabling Plaintiffs to obtain the 30(b)(6) testimony to which they are entitled, LP's counsel has met and conferred with Plaintiffs' counsel on several occasions.[2] First, counsel met in person in Omaha, Nebraska on September 10, 2007. By letter dated

---

[1] Although it appears that there were 218 requested subjects, Plaintiffs' request did not include Nos. 123 or 166. However, Plaintiffs' requests Nos. 24, 78, and 107 contained, respectively, 16, 12 and 2 subparts.

[2] LP's Certificate of Good Faith Conferral is attached hereto as Exhibit C.

September 21, 2007, LP's counsel re-requested that Plaintiffs modify their request into a more manageable and meaningful number of proposed subjects. That correspondence, attached as Exhibit D, proposed an extensive list of subjects that LP considers to be within the appropriate scope of a 30(b)(6) deposition. LP's counsel again discussed at length the scope of Plaintiffs' Notice by telephone on September 26, 2007.

Although the parties have met and conferred on numerous times, counsel have been unable to agree upon the permissible scope of LP's 30(b)(6) deposition testimony. Given that the 30(b)(6) deposition are currently scheduled to commence the week of October 29th, LP seeks the Court's assistance and asks that the Court enter the draft protective order setting out limits on the scope of Plaintiffs' 30(b)(6) inquiry, which is attached as Exhibit E. Alternatively, LP proposes that the parties appear before the Court at the earliest opportunity to resolve the objectionable portions of each topic in Plaintiffs' Notice.

## ARGUMENT

**I.    This Court has Inherent Authority to Limit Plaintiffs' Proposed Areas of 30(b)(6) Inquiry.**

Fed. R. Civ. P. authorizes this Court to grant a protective order narrowing the scope of Plaintiffs' proposed areas of 30(b)(6) inquiry. In pertinent part, Rule 26(c) provides that this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes an order providing "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place" or "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." Fed. R. Civ. P. 26(c)(2)(4).

The Eleventh Circuit has affirmed the trial court's broad discretion to limit discovery. "The trial court, however, has wide discretion in setting the limits of discovery, and its decisions

will not be reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports the decision." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991) (*citing Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). Thus, this Court has the authority to limit the number and scope of Plaintiffs' proposed 30(b)(6) topics so as to render them more manageable, reasonable, and tailored to the claims at issue in this litigation than the 216 separate subjects upon which Plaintiffs currently seek corporate testimony.

**II.     As Written, Plaintiffs' Notice is Beyond the Realm of Discovery Permitted Under Rules 30(b)(6) and 26.**

Fed. R. Civ. P. 30(b)(6) provides that a party may notice a corporation as a deponent and "describe with reasonable particularity the matters on which examination is requested." As with all discovery, the deposition's scope is limited by Fed. R. Civ. P. 26(b), which provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."

Courts have limited 30(b)(6) deposition topics where the topics are so overbroad that they are not reasonably particular. The District Court of Minnesota has explained the "reciprocal obligations" of Rule 30(b)(6) as follows:

> First, the requesting party must reasonably particularize the subjects of the intended inquiry so as to facilitate the responding party's selection of the most suitable deponent. In turn, the responding party, having been specifically notified as to the specific areas of exploration, is obligated to produce a deponent who has been suitably prepared to respond to questioning within that scope of inquiry.

*Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633 (D. Minn. 2000). The Southern District of Florida similarly has held:

> If a corporate deponent must answer any question asked at a deposition, whether noticed in advance or not, as long as it is relevant to the claims or defenses in the case, then the opposite is true and the deponent is not obligated to know the answer to questions that are grossly irrelevant or outside the parameters of discoverable information under Rule 26.

*New World Network v. M/V Norwegian Sea*, 2007 WL 1068124 (S.D. Fla. 2007).

The Southern District of New York quashed a 30(b)(6) notice and document request identifying 143 topics, many with subparts, as "extremely broad" because it required the defendant to "produce every document, and recall every fact, conception, intention, understanding, belief, and sense impression, of [a] patent." *General Foods Corp. v. Computer Election Sys., Inc.*, 211 U.S.P.Q. 49 (S.D.N.Y. 1980). The court found it relevant that the defendant had "voluntarily made considerable documentation" available to the plaintiff, and at least hundreds of professional man hours would be required to respond because the inquiries "call[ed] for the development of material, both objective and subjective, extending back over twenty years, which in all probability are neither presently known nor reasonably available to [defendant]." *Id*. at 50.

In *Banks v. Office of the Senate Sergeant-at-Arms*, 222 F.R.D. 7 (D.D.C. 2004), the court found that the 30(b)(6) topics at issue were not described with "reasonable particularity" because they read "like an interrogatory or a section of a request for production of documents." The court explained that a 30(b)(6) topic that required testimony on the "sum and substance of all conversations" between a woman and any employee of the defendant regarding the plaintiff was "absurdly overbroad" because many of these conversations could not possibly be relevant to the lawsuit. *Id*. at 19.

Similarly, the District Court for the Northern District of Illinois held that the discovery rules preclude discovery requests that cause "excessive burden":

> [T]he recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim. This rule holds especially true when the information sought is likely discoverable from other sources.

*Smithkline Beecham Corp. v. Apotex Corp*., 2000 WL 116082, *9 (N.D. Ill. 2000). The court there found that a 30(b)(6) topic on the plaintiff's investigation and testing activities that led to its filing the lawsuit was an inefficient means of ascertaining the information sought. The court explained that standard interrogatories would better allow the plaintiff to synthesize the information and present it to defendants in a comprehensible manner. *Id*. at *11.

Applying these holdings here, Plaintiffs' 30(b)(6) deposition topics relating to "compliance" fail to provide any reasonable particularity. For example, topic number 60 is "Your compliance with the Emergency Planning and Community Right to Know Act, also known as SARA Title III." SARA Title III was enacted more than twenty years ago (in 1986), and consists of eighteen sections. The statute was amended in 1993 and 2000. As such, this 30(b)(6) topic is clearly overbroad and fails to identify with any particularity the specific corporate testimony sought relating to the facility at issue or plaintiffs' claims against LP. Indeed, as written, plaintiffs' 30(b)(6) topic would require a witness to testify as to the facility's compliance with eighteen sections and numerous sub-sections of law, for more than a decade without any indication in Plaintiffs' Notice of which sections of SARA Title III Plaintiffs claim potentially applied to the Facility in the first place While this is just one example, it demonstrates the overly broad and vague nature of Plaintiffs' proposed 30(b)(6) topics. Plaintiffs have noticed 215 other subjects that have similar legal deficiencies and which were identified in the attached objection to Plaintiffs' 30(B)(6) Notice.

## CONCLUSION

For the foregoing reasons, LP respectfully requests that the Court grant its Motion and enter the proposed Protective Order attached hereto as Exhibit C, thus narrowing the scope of Plaintiffs' 30(b)(6) Notice  Alternatively, LP is prepared to address its specific objections to each of Plaintiffs' 216 proposed 30(b)(6) topics with the Court and Plaintiffs.

Respectfully submitted this 8th day of October, 2007.

/s/ Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific
  Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101

Tel: (334) 206-3100
Fax: (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee 37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 8th day of October, 2007, I filed the foregoing DEFENDANT LOUISIANA-PACIFIC'S MOTION FOR PROTECTIVE ORDER NARROWING PLAINTIFFS' 30(b)(6) NOTICE via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Bob Palmer

John Berghoff

Mark TerMolen

Matt Sostrin

Roberta Wertman

Jaimy Hamburg


          /s/ Joshua L. Becker_____
          Of Counsel