## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| M.C., Who Sues By and Through Her Mother And Next of Friend, GAIL TATUM,<br><br>       **Plaintiff,**<br><br>vs.<br><br>PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,<br><br>       **Defendants.** | )<br>)<br>)<br>)<br>)<br>)    **CASE NO. 2:06-cv-83-LES-CSC**<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT LOUISIANA-PACIFIC CORPORATION'S
## OBJECTIONS TO PLAINTIFFS' PROPOSED 30(b)(6) DESIGNATIONS

Defendant Louisiana-Pacific Corporation ("LP") hereby sets forth its objections to the Rule 30(b)(6) subjects identified in Plaintiffs' Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6).

## PREAMBLE AND GENERAL OBJECTIONS

The following general objections are incorporated by reference to the specific objections raised as to each of Plaintiffs' proposed testimony topics.

1.

Defendant objects to Plaintiffs' 30(b)(6) notice on the grounds that Plaintiffs' attempt to obtain 30(b)(6) testimony regarding 216[1] separate subjects, not including the numerous subparts that are included in many of the 216 proposed subjects, is overly broad and unduly burdensome. In an effort to address Plaintiffs' overly broad and unduly burdensome subject listing, Defendant has produced to Plaintiffs a list of 42 subjects on which Defendant is prepared to offer 30(b)(6)

---

[1] Although the proposed topics are numbered 1-218, topic numbers 123 and 166 were omitted from Plaintiffs' notice.

testimony (these subjects , which were previously proposed by LP to Plaintiffs, are incorporated into the response to Topic 1 below).

2.

Defendant will respond to Plaintiffs' 30(b)(6) notice in accordance with the Federal Rules of Civil Procedure and will give the defined terms their usual and customary meaning.  To the extent Plaintiffs' proposed 30(b)(6) subjects seek to increase or otherwise modify the burdens and obligations created by the Federal Rules of Civil Procedure, Defendant objects on the grounds that such requests are overly broad and unduly burdensome.

3.

Defendant objects to Plaintiffs' proposed 30(b)(6) subjects to the extent they seek information or documents protected by the attorney-client privilege, the attorney work product/trial preparation immunity doctrine, or other applicable privileges and immunities.  This information or these documents will not be discussed or produced.  Inadvertent discussion or production of any protected information or document will not constitute a waiver of any privilege or any other ground for objection to discovery of the protected information contained therein during any proceeding in this action.

4.

Defendant objects to Plaintiffs' proposed 30(b)(6) topics to the extent they seek or purport to seek information already in the custody of Plaintiffs or that is in the possession of other parties/entities or in the public domain.  To the extent that Plaintiffs are seeking information that is more readily available from other sources or already in the possession of Plaintiffs, Defendant objects to these discovery requests as unduly burdensome.

5.

Defendant objects to Plaintiffs' proposed 30(b)(6) topics to the extent they are overbroad by seeking testimony related to any facility other than the Lockhart facility at issue in this litigation and to the extent they seek testimony regarding any time period other than the period during which LP operated the Lockhart facility.

6.

Defendant objects to the following definitions proffered in Plaintiffs' 30(b)(6) notice:

(a) "wood processing" plant is too vague as to be of use in defining the scope of proposed 30(b)(6) testimony, where that term might mean wood treatment plant, lumber mill, or any facility at which wood is "processed" in any way;

(b) "polycyclic aromatic hydrocarbons" is also too vague as to be of use in defining the scope of proposed 30(b)(6) testimony in that it could include a large family of chemicals;

(c) the term "relevant time period" as defined throughout the notice is impermissibly broad because it appears to include time during which LP was not responsible for the operation of the Lockhart facility;

(d) the definitions purportedly provided for "state," "identify," or "describe" in definitions 11 through 13 are too contorted and confusing to be of use in defining the scope of 30(b)(6) testimony implicated by those terms; and

(e) the definitions of "history" purportedly set forth in definitions 24 and 25 are not actually definitions of that word, but rather are an attempt by Plaintiffs to insert additional questions and obligations into their 30(b)(6) notice.

7.

Defendant objects to the following terms that are used in Plaintiffs' 30(b)(6) notice but which are not defined in the definitions sections and which are susceptible to multiple interpretations and therefore are vague and ambiguous wherever used in Plaintiffs' notice: "chemicals," "contend," "emissions," "environmental compliance," "environmental matters," "hazardous chemicals," "hazardous waste," "health effects," "in the vicinity," "pollution control devices," "pollution control equipment," and "remediation."

## SPECIFIC OBJECTIONS

### Topic 1.

*The identity, job description and supervisor of each person, employee, or past employee, or agent, or contractor who is most knowledgeable on each document and each area of testimony set out in this notice.*

### Objections

Defendant objects to this proposed area of testimony because it is overly broad (particularly because Plaintiffs are seeking testimony regarding approximately 149,000 pages of documents, many of which are not relevant to this litigation), unduly burdensome (particularly because Plaintiffs are seeking testimony regarding who is "most knowledgeable" for each of the approximately 149,000 pages of documents that LP has produced and who is "most knowledgeable" on over 216 testimony subjects), seeks testimony that is protected from discovery by the attorney-client privilege and the work product doctrine, seeks testimony that is neither relevant not reasonably calculated to lead to the discovery of admissible evidence (particularly because Plaintiffs are seeking testimony regarding documents and topics that are not relevant to this litigation), and seeks testimony other than is required by Rule 30(b)(6)

(particularly because Rule 30(b)(6) does not require identification of the individual who is "most knowledgeable" about any document or subject area).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding:

(1)     LP's corporate structure during the time period it has owned the Lockhart facility;

(2)     Identification of individuals with management responsibilities relating to the Lockhart facility and their contacts with same;

(3)     Non-privileged Board of Directors meeting minutes reflecting discussion of the Lockhart facility, including any discussions of environmental issues relating to the Facility;

(4)     Shareholder meeting minutes reflecting discussion of the Lockhart facility, including any discussion of environmental issues relating to the Facility;

(5)     Non-privileged environmental committee meeting minutes reflecting discussion of the Lockhart facility, including any discussion of environmental issues relating to the Facility;

(6)     Lockhart sawmill operations during the period of LP's ownership;

(7)     Lockhart treatment plant operations during LP's ownership;

(8)     Lockhart boiler operations during the period of LP's ownership;

(9)     Ponds 1, 2 and 3;

(10)    The spray evaporation system;

(11)    Lockhart wood treatment cylinder operations during LP's ownership;

(12)    Separator units for used wood treatment chemicals at the Facility;

(13)    The Facility drip pad;

(14)    The Facility's layout/organization;

(15)    Equipment and methods used in wood treatment operations during LP's ownership;

(16)    The identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility;

(17)    Suppliers of chemicals used in wood treatment operations;

(18)    Material Safety Data Sheets (MSDSs) and other information received by LP regarding wood treatment chemicals used at the Lockhart facility;

(19)    The amounts of treated and untreated wood products produced by the Lockhart facility during the period of LP's operations;

(20)    Environmental permits issued to the Lockhart facility during the period of LP's ownership;

(21)    Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership;

(22)    Disposal of boiler ash at the Lockhart facility during the period of LP's ownership;

(23)    Off-site disposal of wastes from the Lockhart facility during LP's ownership;

(24)    Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits;

(25)    Communications about wood treatment and other Facility operations to ADEM and EPA;

(26)    Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility;

(27)    Information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals;

(28)    LP's internal structure for handling environmental issues during its ownership of the Lockhart facility;

(29)    Environmental training and/or presentations relating to wood treatment chemicals at the Lockhart Facility;

(30)    LP's Environmental, Health, and Safety program;

(31)    LP's environmental handbook;

(32)    LP's environmental audit program;

(33)    Sales of treated wood products, if any, to employees and/or others at the Lockhart facility during the period of LP's operations;

(34)    Agency inspections of the Lockhart facility during the period of LP's ownership;

(35)    Any notices of violation or similar citations resulting from inspections at the Lockhart facility;

(36)    Any consent order issued with respect to the Lockhart facility during the period of LP's ownership;

(37)    Any other consent order or decree imposing requirements applicable to the Lockhart facility;

(38)    LP's decision to close the Lockhart facility;

(39)    Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership;

(40)    Identification of third-party contractors who have performed remedial work at the Lockhart facility;

(41)    Costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv;

(42)    Disposition of Lockhart facility records;

(43)    The "spoliation" allegations you have raised in prior correspondence and Plaintiffs' complaints;

(44)    The collection of documents previously produced to Plaintiffs as part of LP's Initial Disclosures;

(45)    LP's document retention policies; and

(46)    Memberships during the time LP operated the Lockhart facility in industry or trade groups that dealt with issues relating to wood treatment activities, if any.

## Topic 2.

*TESTIMONY CONCERNING THE DOCUMENTS LISTED IN THE NEXT SECTION.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definition of the term "testimony concerning" because the scope of such testimony is not identified), overly broad (particularly because Plaintiffs are seeking testimony regarding documents and topics that are not relevant to this litigation, including

documents and testimony that are not limited in scope to the facility at issue and to the time that LP operated the Facility), unduly burdensome (particularly because Plaintiffs are seeking testimony regarding approximately 149,000 pages of documents and over 216 topics), seeks testimony that is protected from discovery by the attorney-client privilege/attorney work product doctrine, and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (particularly because Plaintiffs are seeking testimony regarding documents and topics that are not relevant to this litigation).

### Topic 3.

*Testimony concerning documents previously produced or provided to Plaintiffs in this action and all documents requested by Plaintiffs in this notice or Plaintiffs' request for production of documents.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definition of the phrase "testimony concerning" because the scope of such testimony is not identified), redundant (in that this subject asks for testimony that is substantially similar to that requested in the prior subject), unduly burdensome (particularly because Plaintiffs are seeking testimony regarding almost 149,000 documents), seeks testimony that is protected from discovery by the attorney-client privilege/attorney work product doctrine, seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (particularly because Plaintiffs are seeking testimony regarding documents and topics that are not relevant to this litigation because the topic seeks testimony regarding documents and testimony that is not limited in scope to the Facility at issue and to the time that LP operated that Facility), and calls for expert testimony, opinion, or analysis beyond the

requirements of Federal Rule of Civil Procedure 26 ("Rule 26") (to the extent that Plaintiffs are seeking testimony regarding Defendant's expert opinions regarding documents produced to Plaintiffs). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the collection of documents previously produced to Plaintiffs as part of LP's Initial Disclosures.

### Topic 4.

*Testimony concerning documents related to any of your defenses in this action.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definitions of the phrase "testimony concerning" because the scope of such testimony is not identified and to the term "related" because that term is susceptible to multiple interpretations), seeks testimony that is protected from discovery by the attorney-client privilege/attorney work product doctrine (in that it seeks testimony regarding communications between LP and its counsel regarding legal advice related to the defense of this matter), seeks legal testimony/conclusions (in that it calls for a fact witness to identify and testify regarding legal defenses raised by Defendant's counsel), and calls for expert testimony, opinion, or analysis beyond the requirements of Rule 26 (to the extent that it seeks testimony regarding documents that were prepared by Defendant's expert or experts). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 5.

*Testimony concerning documents related to any claims you may make for indemnity or contribution due to loss, costs or expenses of this action.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definitions of the phrase "testimony concerning" because the scope of such testimony is not identified and to the term "related" because that term is susceptible to multiple interpretations), overly broad (in that testimony regarding LP's claims for indemnity or contribution are outside the scope of proper testimony because they are not relevant to any of the issues in this litigation), seeks testimony that is protected from discovery by the attorney-client privilege/attorney work product (in that it seeks testimony regarding discussions that Defendant may have had with its counsel seeking legal advice on issues related to indemnity or contribution), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that testimony regarding LP's claims for indemnity or contribution is outside the scope of proper testimony because it is not relevant to whether LP is liable to Plaintiffs for any alleged wrong-doing, which is the issue in this litigation), and seeks legal testimony/conclusions (in that it seeks testimony regarding conclusions related to legal issues and obligations related to indemnity and contribution from a fact witness).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: costs LP has incurred in connection with investigation/remediation activities at the Lockhart Facility, including any division of costs for such activities between LP and Pactiv.

### Topic 6.

*Testimony concerning documents related to the defenses of any co-defendant in this action.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definition of the phrase "testimony concerning" because the scope of such testimony is not identified), overly broad (in that testimony regarding the defenses of LP should be obtained from LP and testimony regarding the defenses of a co-defendant should be obtained from that co-defendant), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that Plaintiffs are seeking testimony regarding communications between LP and its counsel regarding advice as to how LP should defend the litigation at issue), seeks testimony that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence (in that the testimony sought regarding a co-defendant has no relevance to LP and thus questioning regarding such a co-defendant is inappropriate), seeks information that may be protected from discovery by a joint defense privilege (in that any joint defense agreements or communications conducted pursuant to such an agreement are protected from discovery), and seeks information that is in the possession of a co-defendant which is not under LP's control (in that testimony regarding LP should be obtained from LP and testimony regarding the defenses of a co-defendant should be obtained from that co-defendant).

### Topic 7.

*Testimony concerning documents that you have provided to any co-defendant in this action, both during and before the notice of filing of this claim (including their predecessor,*

*parent, sister, insurer, contractor, or related entity) which is related to the facility or issues of*

*facility operation, remediation or for financial contribution.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definitions of the phrase "testimony concerning" because the scope of such testimony is not identified and the phrase "related to" because that phrase is susceptible to multiple interpretations), seeks testimony that is protected from discovery by the attorney-client privilege/attorney work product doctrine (in that it seeks testimony regarding communications between LP and its counsel regarding legal advice and strategy), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony regarding all issues, not just those related to the Facility at issue during the time which LP operated that Facility), and seeks information that may be protected from discovery by a joint defense privilege (in that any joint defense agreements or communications conducted pursuant to such an agreement are protected from discovery).

### Topic 8.

*Any and all manuals and/or documents relating to your corporation's public relations policy.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definition of the phrase "testimony concerning" because the scope of such testimony is not identified and as to the meaning of "public relations strategy" because that term is susceptible to numerous definitions), overly broad (in that LP's public relations policy has no bearing on its alleged liability for any of Plaintiffs' claims), unduly

burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that this request seeks testimony that is not limited to the time during which LP operated the Lockhart facility and because LP's public relations policy has no bearing on its alleged liability for any of Plaintiffs' claims).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Communications about wood treatment and other Facility operations to ADEM and EPA and (2) Information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals.

### Topic 9.

*The Deponent's document retention program and/or policy relating to the retaining, filing, indexing, accumulating, storing, compiling, retrieving and destroying of any and all documents, including documents stored at the facility and/or documents related to environmental matters.*

### Objections

Defendant objects to this proposed area of testimony on the grounds that it is vague and ambiguous (including but not limited what constitutes a document "related to environmental matters"), unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that this request seeks testimony that is not limited to the time during which LP operated the Lockhart facility or after the time when Defendant was first put on notice of this litigation).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) the collection of documents previously produced to you as part of LP's Initial Disclosures and (2) LP's document retention policies.

### Topic 10.

*Each document requested that you contend you don't have to produce and who has possession of such document. If said document was destroyed, why it was destroyed, who destroyed it and whether or not an electronic copy was kept of such document, and if so who has possession of such document or a copy thereof and where.*

### Objections

Defendant objects to this proposed area of testimony because it is unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation), seeks legal testimony/conclusions (in that it seeks legal contentions regarding legal responsibilities regarding document retention and destruction from a fact witness), and seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that it seeks communications between LP and its counsel regarding legal strategy). Defendant further objects to the contention raised in this subject because Defendant has produced all responsive, non-privileged documents and therefore is unable to identify the documents to which Plaintiffs are referring.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) the "spoliation" allegations you have raised in prior correspondence and Plaintiffs' complaints and (2) LP's document retention policies.

**Topic 11.**

*Any information and documents that you provided to your workers, employees and management at the facility to describe chemicals used, effects of exposure, safety and environmental concerns, including when, how, where and what was said or provided to each employee.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definitions of the phrases "to describe chemicals used," "effects of exposure," and "safety and environmental concerns"), unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation and could contain thousands of separate documents or conversations), seeks expert testimony beyond the requirements of Rule 26 (given that because there is no limit to the temporal scope of this request, it seeks expert reports produced to Facility management that were prepared at the request of counsel for purposes of preparing for litigation), and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that this request seeks testimony that is not limited to the time during which LP operated the Lockhart facility or even to the Lockhart facility itself). Defendant further objects to this request on the grounds that it should have been propounded as a request for production. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) information provided to Lockhart employees or others in Lockhart regarding environmental

issues or wood treatment chemicals; (2) LP's internal structure for handling environmental issues during its ownership of the Lockhart facility; (3) environmental training and/or presentations relating to wood treatment chemicals at the Lockhart Facility; (4) LP's Environmental, Health, and Safety program; and (5) LP's environmental handbook.

### Topic 12.

*Any statements, video or audio recordings of witnesses, employees or former employees or contractors. Please note that if you claim privilege or work product privilege, that you must provide a privilege list as described by Defendants during depositions taken in this action on July 25 and 26, 2007.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definition of the phrase "any statements"), unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation and could contain thousands of separate documents or conversations), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine, seeks testimony regarding experts outside the requirements of Rule 26 (in that it seeks statements from expert witnesses that may be retained only for consulting purposes and, for testifying witnesses, seeks their statements prior to the time that such statements must be disclosed pursuant to Rule 26), seeks legal testimony/conclusions (in that this request seeks testimony regarding the legal definition of privileged material from a fact witness), and is not reasonably calculated to lead to the discovery of admissible evidence (in that this request seeks testimony that is not limited to the time during which LP operated the Lockhart facility or even to the Lockhart facility itself). Defendant further objects to this proposed subject on the grounds

that the proper method of obtaining the desired materials would be a request for production of documents or things. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 13.

*Any presentations, documents, photographs, notices, letters, that you have provided to any insurance companies, adjusters, co-defendants, entities related to or predecessors or co-defendants, or any other entities where you were seeking or negotiating to seek indemnity for any losses or costs associated with the facility due to environmental contamination of any type, whether on the facility or off-site.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definitions of the terms "seeking or negotiating" and "costs associated with the facility due to environmental contamination" which are susceptible to multiple interpretations), unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation and could contain thousands of separate documents or conversations), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine, seeks information that may be protected pursuant to a joint defense privilege (in that any communications passed between co-defendants that were made pursuant to a joint defense privilege remain confidential), seeks information regarding expert witnesses beyond what is required pursuant to Rule 26 (in that it seeks statements from expert witnesses that may be retained only for consulting purposes and, for testifying witnesses, seeks their statements prior to the time that such statements must be disclosed pursuant to Rule 26), and seeks testimony that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence (in that it seeks testimony that is not limited in time to the period during which LP had control of or was responsible for the Lockhart facility). Defendant further objects to this proposed subject on the grounds that the proper method of obtaining the desired materials would be a request for production of documents or things. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv.

### Topic 14.

*All information and reports of worker injury made to State Department of Industrial Relations.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (in that "information," "reports," and "worker injury" are not defined so that Defendant is unable to determine Plaintiffs' intent in this request and as to whether the entity described as "State Department of Industrial Relations" means or is limited to the Alabama Department of Industrial Relations), overly broad (in that the request is not limited to the Facility at issue in this litigation, but potentially includes all fifty states and all facilities owned by Defendant and also appears to cover workplace injuries completely unrelated to wood treatment activities), unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation and could contain thousands of separate documents or conversations), and seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the Facility at issue in this litigation, but potentially includes all fifty states and all facilities owned by Defendant). Defendant further objects to this subject on the grounds that the requested information is available to Plaintiffs through a request to the State Department of Industrial Relations.

### Topic 15.

*Louisiana-Pacific or PACTIV's managers' environmental handbook.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definition of the terms "managers' environmental handbook"), unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation), seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that Plaintiffs are seeking testimony regarding handbooks that were not used at the Lockhart facility and at times other than when LP was responsible for operations at the Lockhart facility), and seeks information that is solely in the possession of Plaintiffs or others not under Defendant's control (in that Defendant cannot be required to testify regarding PACTIV's managers' environmental handbook). Defendant further objects to this proposed subject on the grounds that the proper method of obtaining the desired materials would be a request for production of documents or things.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: LP's environmental handbook.

## Topic 16.

*Louisiana-Pacific's PACTIV's environmental handbook for employees.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definitions of the term "environmental handbook for employees"), unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation), seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that Plaintiffs are seeking testimony regarding handbooks that were never in use at the Lockhart facility and at times other than when LP was responsible for operations at the Lockhart facility), and seeks information that is solely in the possession of plaintiffs or others not under defendant's control (in that Defendant cannot be required to testify regarding PACTIV's environmental handbook for employees). Defendant further objects to this proposed subject on the grounds that the proper method of obtaining the desired materials would be a request for production of documents or things.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: LP's environmental handbook.

## Topic 17.

*The tape series of Louisiana-Pacific CEO Mark Suwyn.*

### Objections

Defendant objects to this proposed area of testimony because it is overly broad (in that the requested tape series has no relation to the litigation at issue), unduly burdensome (in that

responding to this subject would require preparation for issues that have no relation to this litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the requested tape series has no relation to the litigation at issue). Defendant further objects on the grounds that the proper method of obtaining these materials is a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce the requested tape series.

### Topic 18.

*Internal environmental auditing reports.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (in that the requested reports are not specifically defined), unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation), seeks information protected from discovery by the attorney client privilege/work-product doctrine (to the extent it seeks testimony regarding the advice given to LP by its counsel regarding environmental policies for inclusion in auditing reports), seeks information regarding expert witnesses beyond the requirements of Rule 26 (in that it seeks statements from expert witnesses that may be retained only for consulting purposes and, for testifying witnesses, seeks their statements prior to the time that such statements must be disclosed pursuant to Rule 26), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that large portions of the requested reports have no relation to the litigation at issue). Defendant further objects on the grounds that the proper method of obtaining these materials is a request for production. Defendant will make expert disclosures and produce

expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: LP's environmental audit program.

### Topic 19.

*Any statements, recordings, investigations, videos or interviews of any potential witness or party to this litigation.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the fact that LP is unable to determine what constitutes a "potential witness" to this litigation), is unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation), seeks information protected from discovery by the attorney client privilege/work-product doctrine (to the extent it seeks testimony regarding the advice given to LP by its counsel regarding this or any other litigation or the preparation for litigation), seeks information regarding expert witnesses beyond the requirements of Rule 26 (in that it seeks statements from expert witnesses that may be retained only for consulting purposes and, for testifying witnesses, seeks their statements prior to the time that such statements must be disclosed pursuant to Rule 26), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that large portions of the requested documents have no relation to the litigation at issue). Defendant further objects on the grounds that the proper method of obtaining these materials is a request for

production.  Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 20.

*Any information or documents provided to or from any facility environmental or safety committee, including any recordings of the activities or meetings of such committee.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the fact that the referenced committees are not defined with particularity and as such the identity of potentially responsive committees is subject to multiple interpretations), unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation), seeks information protected from discovery by the attorney client privilege/work-product doctrine (to the extent it seeks testimony regarding the advice given to LP by its counsel regarding this or any other litigation or the preparation for litigation), seeks information regarding expert witnesses beyond the requirements of Rule 26 (in that it seeks statements from expert witnesses that may be retained only for consulting purposes and, for testifying witnesses, seeks their statements prior to the time that such statements must be disclosed pursuant to Rule 26), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that large portions of the requested documents have no relation to the litigation at issue).  Defendant further objects on the grounds that the proper method of obtaining these materials is a request for production.  Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: non-privileged environmental committee meeting minutes reflecting discussion of the Lockhart facility, including any discussion of environmental issues relating to the Facility.

### Topic 21.

*A description of documents produced to Plaintiffs in this action.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (in that what type of description is sought is not identified), overly broad and unduly burdensome (in that it is an abuse of the discovery process to request that LP "describe" approximately 149,000 pages of documents, plus additional documents produced by any co-defendant or third party), seeks testimony protected from discovery by the attorney-client privilege and/or the work product doctrine (to the extent the topic seeks impressions or testimony derived from LP's communications with counsel regarding documents produced to Plaintiffs), and in effect seeks legal testimony (to the extent that Plaintiffs seek a legal description of documents by a fact witness). Defendant further objects to this request because the referenced documents speak for themselves as to how they should be described.

### Topic 22.

*Whether or not you contend that any documents requested by Plaintiffs or relative to your defense or indemnity have been lost or destroyed, including the identity and fate of those documents.*

## Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definition of the term "contend"), unduly burdensome (in that Plaintiffs seek to an impose an obligation on Defendant to discuss documents outside the requirements of the Federal Rules of Civil Procedure), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that plaintiffs are seeking documents that include communications between LP and its attorneys related to legal defenses and legal claims), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that Plaintiffs seek testimony that is not limited to the Facility at issue nor to the time during which LP operated that Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) LP's document retention policies and (2) Disposition of Lockhart facility records.

## Topic 23.

*Any documents that you have provided to any experts, witnesses or persons who you expect to give testimony in this case.*

## Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the fact that LP cannot determine the identity at this time of persons it expects "to give testimony in this case"), is overly broad (in that it seeks testimony regarding documents that are protected from discovery), unduly burdensome (in that responding to this subject would require preparation for issues that have no relation to this litigation), seeks information protected from discovery by the attorney-client privilege/attorney work product

doctrine (in that it seeks documents provided to LP by its counsel concerning legal strategy and advice), seeks information regarding expert witnesses beyond the requirements of Rule 26 (in that it seeks statements from expert witnesses that may be retained only for consulting purposes and, for testifying witnesses, seeks their statements prior to the time that such statements must be disclosed pursuant to Rule 26), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony regarding documents that are protected from discovery and testimony that is not limited to the Facility at issue in this litigation or to the time during which LP operated that Facility). Defendant further objects on the grounds that the proper method of obtaining these materials is a request for production. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 24.

*The identity of each and every former and/or current employee, including their name, position/title, address and telephone number, including cause of death if applicable, and including, but not limited to, contractors, and/or subcontractors retained who have been assigned any of the following job assignments from inception to the present to perform in any one or more of the following capacities at the facility: (1) Plant Manager; (2) Operations Manager/Supervisor; (3) Sales Manager; (4) Treating Supervisor; (5) Safety Director; (6) Risk Manager; (7) Industrial Hygienist; (8) Environmental Director; (9) Environmental Engineer; (10) Environmental Auditors and or Assessors; (11) Geologist; (12) Hydrologist; (13) Health and human Resources Manager; (14) Public Relations Director; (15) Environmental Consultant; Environmental Pre-operation and Post-operation Compliance and attorneys (16) Dioxin Task force Team Members.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the term "inception"), unduly burdensome (in that it seeks information concerning individuals who have no relevance to the instant litigation and seeks testimony that could be provided through documents), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks information concerning individuals who have no relevance to the instant litigation and the request is not limited to the time during which LP operated the Facility), seeks information that is solely in the possession of Plaintiffs or others not under Defendant's control (in that LP only has access to information within its own custody or control), and seeks information not properly the subject of a Rule 30(b)(6) deposition (in that the requested information is properly the subject of a request for production).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: identification of individuals with management responsibilities relating to the Lockhart facility and LP's contacts with same.

### Topic 25.

*The employees at the facility, including, but not limited to, the number, job title or position, duties and number of shifts during each year of historical operations.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definition of the phrase "at the facility"), is unduly burdensome (in that it seeks information concerning individuals who have no relevance to the instant

litigation and seeks testimony that could be provided through documents), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks information concerning individuals who have no relevance to the instant litigation), and seeks information not properly the subject of a Rule 30(b)(6) deposition (in that the requested information is properly the subject of a request for production).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: identification of individuals with management responsibilities relating to the Lockhart facility and LP's contacts with same.

### Topic 26.

*The chain of command from local manager to the president and CEO of your corporation for each year during which you operated the facility and how your company educated its employees in environmental matters from CEO to labor.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definitions of the phrases "chain of command" and "how your company educated its employees" and also with regard to the time for which such testimony is requested), unduly burdensome (in that it seeks information concerning individuals who have no relevance to the instant litigation and seeks testimony that could be provided through documents), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that this request seeks testimony regarding individuals who had no relation to the Lockhart facility and is not limited to the time during which LP operated the Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: LP's corporate structure during the time period it has owned the Lockhart facility.

### Topic 27.

*Selection, training, education, literacy and certification of employees who worked at the facility for any matters related to health, environmental or safety matters. This includes the criteria or reasons persons were assigned to certain jobs or tasks.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definitions of the terms "literacy," "related to" and "health, environmental or safety matters"), overly broad (in that it seeks information concerning individuals who have no relevance to the instant litigation and seeks testimony that could be provided through documents), unduly burdensome (in that it seeks information concerning individuals who have no relevance to the instant litigation and seeks testimony that could be provided through documents), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that this request seeks testimony that is not limited to the time during which LP operated the Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals; (2) LP's internal structure for handling environmental issues during its ownership of the Lockhart facility; (3) environmental training and/or

presentations relating to wood treatment chemicals at the Lockhart Facility; (4) LP's Environmental, Health, and Safety program; and (5) LP's environmental handbook.

### Topic 28.

*The personnel file of every person who was a manager or supervisor at the facility and every employee who you contend was trained, certified or responsible for handling of hazardous waste at the facility during the relevant time period.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definitions of the phrases "contend" and "trained, certified or responsible for handling of hazardous waste"), unduly burdensome (in that it seeks information concerning individuals who have no relevance to the instant litigation and seeks testimony that could be provided through documents), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony regarding employees who have not relevance to the instant litigation because they did not work at the Facility during the time when LP operated it), seeks legal testimony/conclusions (in that it seeks a contention regarding legal responsibilities and a legal conclusions as to what constitutes "hazardous waste"), seeks personal information that is confidential and proprietary (in that it seeks the personnel files of employees which include certain data to which Plaintiffs are not entitled pursuant to state and federal privacy laws), and seeks information not properly the subject of a Rule 30(b)(6) deposition (in that the requested documents should properly have been requested through a request for production).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding:

identification of individuals with management responsibilities relating to the Lockhart facility and their contacts with same.

### Topic 29.

*Company travel and planes related to travel of Ronnie Paul to the State of Alabama and all payments to and contacts with Ronnie Paul from 1997 to Present.*

### Objections

Defendant objects to this proposed area of testimony because it overly broad (in that it seeks testimony not limited to the Facility at issue and related to times after which any alleged wrongdoing took place, which are therefore not relevant to the issue in this case, which is defendants' purported liability for certain damages), unduly burdensome (in that it seeks every letter, email, voicemail, telephone call, etc. ever made between Defendant and Ronnie Paul), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony not limited to the Facility at issue and related to times after which any alleged wrongdoing took place, which are therefore not relevant to the issue in this case, which is defendants' purported liability for certain damages), and seeks information not properly the subject of a Rule 30(b)(6) deposition (in that the requested documents should properly have been requested through a request for production).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce any non-privileged responsive documents in its possession.

### Topic 30.

*The selection of employees for environmental positions or positions relative to compliance with environmental or safety rules and regulations at the facility.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to define "selection," "environmental positions," and "positions relative to compliance with environmental or safety rules or regulations"), unduly burdensome (in that it seeks information concerning individuals who have no relevance to the instant litigation), and overly broad (in that it seeks testimony that is not limited to the time during which LP operated the Facility at issue in this lawsuit).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) LP's internal structure for handling environmental issues during its ownership of the Lockhart facility; (2) environmental training and/or presentations relating to wood treatment chemicals at the Lockhart Facility; and (3) LP's Environmental, Health, and Safety program.

**Topic 31.**

*All inspections of the facility for environmental, safety or hazardous chemical factors for each year during the relevant time period, including the nature of the inspection, the name of the person or entity conducting the inspection and any documentation associated with inspection.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (inluding that "relevant time period" and "nature of the inspection" are not properly defined), unduly burdensome (in that it seeks testimony that is not relevant), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony that is not properly limited to the time period during which LP operated the Facility), seeks information regarding expert witnesses beyond the requirements of Rule 26 (in

that it seeks statements from expert witnesses that may be retained only for consulting purposes and, for testifying witnesses, seeks their statements prior to the time that such statements must be disclosed pursuant to Rule 26), seeks information that is solely in the possession of plaintiffs or others not under defendant's control (in that it seeks information regarding inspections by entities or individuals over whom Defendant has no control), and seeks documents that properly should have been requested in a request for production. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) agency inspections of the Lockhart facility during the period of LP's ownership and (2) any notices of violation or similar citations resulting from inspections at the Lockhart facility.

## Topic 32.

*Training for each and every employee for each year during the relevant time period, including the nature of the training, all documents associated with the training, the entity or person who provided the training concerning safety, hazardous chemicals, or environmental factors. Include any records or methods used to determine employee participation.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that the terms "training," "relevant time period," and "hazardous chemicals" are not defined), unduly burdensome (in that it seeks testimony that may not be admissible at trial and seeks information regarding employee), seeks legal testimony/conclusion (in that it requires a legal determination as to what constitutes a hazardous chemical), and seeks testimony that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony that is not properly limited to the time period during which LP operated the Facility and seeks testimony regarding training involving plant operations that are not relevant to this litigation).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) LP's internal structure for handling environmental issues during its ownership of the Lockhart facility; (2) environmental training and/or presentations relating to wood treatment chemicals at the Lockhart Facility; and (3) LP's Environmental, Health, and Safety program.

### Topic 33.

*Whether or not you contend that any other person or entity is responsible for training and education of employees of the facility during the relevant time period.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs fail to define what they mean by "contend," "responsible," and "relevant time period"), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that it seeks testimony that would be the result of communications between LP and its counsel regarding its defenses in this matter), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony that would be the result of communications between LP and its counsel regarding its defenses in this matter), and calls for legal conclusion/testimony (in that it requests a fact witness to offer testimony regarding legal arguments about alternate causation).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) LP's internal structure for handling environmental issues during its ownership of the Lockhart facility; (2) environmental training and/or presentations relating to wood treatment chemicals at the Lockhart Facility; and (3) LP's Environmental, Health, and Safety program.

### Topic 34.

*All certifications of operators or applicants of pesticides or wood treatment chemicals.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including as to what Plaintiffs intend by the terms "operators," "applicants," "certifications," and "wood treatment chemicals"), unduly burdensome (in that it seeks testimony regarding subjects that will not be admissible at trial), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the Facility at issue nor to the time during which LP operated that Facility), and seeks documents that should properly have been requested through a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits.

### Topic 35.

*Safety equipment or exposure prevention equipment supplied to workers and employees at the facility, including what devices, when used, how often, and including how much, when and where they were purchased.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that it does not define "safety equipment or exposure prevention equipment"), unduly burdensome (in that it seeks testimony regarding numerous employees during an extended period and it seeks testimony regarding subjects that will not be admissible at trial), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it requests testimony that is not limited to the time during which LP operated the Facility), and seeks documents that should properly have been requested through a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: equipment and methods used in wood treatment operations during LP's ownership.

**Topic 36.**

*Alternatives considered or available for pollution control equipment.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that it fails to define "considered or available" and "pollution control equipment"), unduly burdensome (in that it seeks a retrospective analysis of decisions made on numerous occasions over numerous years), seeks information protected from discovery by the attorney-client privilege/attorney work-product doctrine (because the request is not limited to the time that LP operated the Facility, it requests analysis by LP's counsel as to available alternatives), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it fails to limit the request for the Facility at issue or to limit the request to the time during which LP operated the Facility), and calls for expert testimony, opinion, or analysis

(because the request is not limited to the time that LP operated the Facility, it requests analysis by LP's experts as to available alternatives).    Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 37.

*The identity of people, contractors, past employees, or employees who knew, did or were responsible for management environmental policies and compliance for each item in the areas of testimony set out in this notice.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including as to how Plaintiffs define "responsible for"), overly broad (in that because Plaintiffs' notice is overbroad, any request to discuss the entire notice is also overbroad), unduly burdensome (requests testimony regarding up to 216 subjects), seeks information protected from discovery by the attorney-client privilege/attorney work-product doctrine (in that the overly broad request for people who know anything includes LP's counsel), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that Plaintiff's request is not limited to the Facility at issue or the time during which LP operated that Facility), seeks information that is solely in the possession of Plaintiffs or others not under Defendant's control (in that LP cannot know every individual employed by every contractor involved with its environmental policies and compliance), seeks information regarding expert witnesses outside the requirements of Rule 26 (in that this overly broad request for people who know anything includes LP's experts), and seeks information not properly the subject of a Rule 30(b)(6) deposition (in that the responsive documents should properly have been requested

through a request for production). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: identification of individuals with management responsibilities relating to the Lockhart facility and their contacts with same.

### Topic 38.

*Safety equipment and chemical exposure prevention equipment that was provided to employees.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including because Plaintiffs fail to define the terms "provided" and "safety equipment and chemical exposure prevention equipment"), unduly burdensome (in that this subject includes numerous items of equipment provided to numerous individuals on numerous occasions over numerous years), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the Facility at issue or to the time during which LP operated the Facility), and that this topic should properly have been made the subject of a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: equipment and methods used in wood treatment operations during LP's ownership.

## Topic 39.

*Travel data and flight records concerning trips by any management or environmental managers to the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including as to Plaintiffs' definition of "concerning"), unduly burdensome (in that it seeks testimony that will not be admissible at trial), is not reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the time during which operations giving rise to this lawsuit were commenced), and seeks information not properly the subject of a Rule 30(b)(6) deposition (on the grounds that the proper method of obtaining these materials is a request for production).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce any non-privileged responsive documents in its possession.

## Topic 40.

*Supervision and control of any employees of your company or predecessors who you know were charged, indicted, investigated or convicted of criminal or regulatory violations related to environmental matters.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to define what they mean by the phrases "supervisions and control" and "related to environmental matters"), unduly burdensome (in that it seeks testimony that will not be admissible at trial), seeks information protected from discovery by the attorney-

client privilege/attorney work product doctrine (in that the request seeks communications between LP and its counsel regarding "environmental matters"), and is not reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the Facility at issue or to the time during which LP operated that Facility).

**Topic 41.**

*The training and certification of employees for application of pesticides and/or wood treatment chemicals and their relationship to the day to day activities at the facility.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Defendant is unable to determine what Plaintiffs mean by "training and certification"), unduly burdensome (in that it seeks testimony that will not be admissible at trial), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the time during which LP operated the Facility at issue).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) LP's internal structure for handling environmental issues during its ownership of the Lockhart facility; (2) environmental training and/or presentations relating to wood treatment chemicals at the Lockhart Facility; (3) LP's Environmental, Health, and Safety program; and (4) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits.

**Topic 42.**

*What you now admit should have been done both in operation and technology to prevent environmental damage at or in the vicinity of the facility. This includes what you would have done differently if you had the knowledge that you now have concerning the operation of the facility and nature of the chemicals used.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Defendant is unable to determine the meaning of Plaintiffs' term "admit"), unduly burdensome (in that it seeks testimony that will not be admissible at trial), argumentative (in that it suggests Defendant would or should have conducted operations in a fashion different than how they were conducted), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that the request seeks testimony regarding LP's attorneys and their opinions as to what, if anything, should have been done differently at the Facility), seeks a legal conclusion/testimony (in that it seeks a fact witness to offer testimony on legal conclusions about admissions), seeks information regarding expert witnesses beyond what is required by Rule 26 (in that the request seeks testimony regarding LP's experts and their opinions as to what, if anything, should have been done differently at the Facility), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the time during which LP operated the Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

**Topic 43.**

*Air Permits, Title V permits and any other emission permits, including, but not limited to, the preparation and submission of such permit applications, and data gathered to prepare such applications for submittal to the appropriate regulatory agencies, including your compliance or lack of compliance and, air pollution control devices implemented at the facility, including, but not limited to, the type of devices installed, when such devices were installed, the testing of these devices, and supervision to ensure their proper use and compliance.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to identify what it intends by the phrases "appropriate regulatory agencies" and "other emission permits"), unduly burdensome (in that this topic request testimony regarding years and facilities not relevant to this litigation), seeks information regarding expert witnesses beyond the requirements of Rule 26 (in that this topic could be interpreted as requiring Defendant to produce information from or regarding its expert other than as is required by Rule 26), and is not reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the Facility at issue or to the time during which LP operated the Facility). Defendant further objects on the grounds that the proper method of obtaining these materials is a request for production. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: environmental permits issued to the Lockhart facility during the period of LP's ownership.

### Topic 44.

*The submission of air emission related data required by regulatory agencies.*

#### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including because Plaintiffs fail to define the "regulatory agencies" for which they seek testimony regarding "air emission related data"), unduly burdensome (in that this topic requests testimony regarding years and facilities not relevant to this litigation), calls for a legal conclusion/testimony (in that a legal conclusion as to what data is required by regulatory agencies is requested of a fact witness), and seeks expert testimony beyond what is required by Rule 26 (to the extent this request seeks testimony regarding what data Defendant's experts believe must be submitted). Defendant further objects because Plaintiffs should have requested the data at issue in this request through a request for production. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 45.

*Solid and hazardous waste, storage, use and disposal, including, but not limited to, RCRA Part A, RCRA Part B, RCRA investigations and assessments, Hazardous Waste Permits, Solid Waste Permits, Post Closure Plans and Closure Plans.*

#### Objections

Defendant objects to this proposed area of testimony because it is unduly burdensome (in that this request seeks testimony regarding 1000s of pages of documents and Plaintiffs have made no effort to focus this request to manageable portions of the requested subjects) and seeks testimony regarding expert witnesses beyond what is required by Rule 26 (Plaintiffs request

appears to include a request for LP's experts opinions and documents regarding the referenced documents). Defendant further objects because Plaintiffs should have requested the data at issue in this request through a request for production. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership; (2) disposal of boiler ash at the Lockhart facility during the period of LP's ownership; (3) off-site disposal of wastes from the Lockhart facility during LP's ownership; and (4) actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits.

### Topic 46.

*Permitting and regulatory information referencing pesticide use and application as a matter of compliance with State and Federal law, or any applicable regulations or standards.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs fail to define "referencing" and fail to identify what "State and Federal law" and what "applicable regulations or standards" are being referenced), unduly burdensome (in that the subject seeks testimony involving issues other than those that are related to this litigation), seeks legal conclusions/testimony (in that the request seeks a legal conclusion from a fact witness as to what constitutes compliance and what regulations and standards are applicable), seeks testimony regarding expert witnesses beyond what is required by Rule 26 (in

that it seeks the opinions of experts regarding pesticide use/application and whether such use/application complies with state and federal law), and seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that it seeks the opinions of LP's counsel regarding pesticide use/application and whether such use/application complies with state and federal law). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: environmental permits issued to the Lockhart facility during the period of LP's ownership.

### Topic 47.

*Any and all regulatory information relating to compliance and enforcement, including but not limited to Compliance Orders, Consent Decrees, injunctions, lawsuits, penalties, fines, public complaints, Notices of Deficiencies, Notices of Violations, Notification of Exceedences, Compliance Evaluation Inspections, citations and compliance sampling.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including because Plaintiffs failed to define "regulatory information relating to compliance and enforcement"), unduly burdensome (in that it seeks testimony that is not admissible in this matter), seeks a legal conclusion/testimony (in that it seeks legal conclusions as to what constitutes compliance), seeks testimony regarding expert witnesses beyond what is required by Rule 26 (in that it requests testimony regarding expert opinions as to what constitutes compliance), seeks information protected from discovery by the attorney-client

privilege/attorney work product doctrine (in that it requests testimony regarding LP's attorneys opinions as to what constitutes compliance), and is not reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the Facility at issue or to the time during which LP operated that Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) any notices of violation or similar citations resulting from inspections at the Lockhart facility; (2) any consent order issued with respect to the Lockhart facility during the period of LP's ownership; and (3) any other consent order or decree imposing requirements applicable to the Lockhart facility.

### Topic 48.

*RCRA investigations at the facility, CERCLA investigations and any State or Federal Clean Air Act or Clean Water Act reporting requirements or violations for the facility. This is intended to include any environmental audits, reports or plant environmental reports conducted by, or on behalf of your corporation and/or any regulatory agency for the facility, whether specifically prepared for reasons required by law or for any other purpose.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that the referenced reporting requirements are not properly defined), unduly burdensome (in that the topic seeks testimony related to numerous, poorly defined regulatory requirements such that it would take an unreasonable time to prepare a witness to testify on this

topic), seeks a legal conclusion/testimony (in that this topic seeks testimony from a fact witness as to the legal requirements of reporting to regulatory authorities), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that the topic seeks testimony regarding the opinions of LP's counsel as to the referenced investigations and requirements), seeks testimony regarding expert witnesses beyond what is required by Rule 26 (in that the topic seeks testimony regarding the opinions of LP's experts as to the referenced investigations and requirements), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not properly limited in scope to the Facility at issue during the time that LP was responsible for operations at that Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) any notices of violation or similar citations resulting from inspections at the Lockhart facility and (2) LP's environmental audit program.

### Topic 49.

*State and Federal Community-Right-To-Know compliance, violation, and/or procedural protocol referencing community health concerns and documentation of such.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to sufficiently define "compliance, violation, and/or procedural protocol" and "community health concerns"), unduly burdensome (in that the topic seeks testimony related to numerous, poorly defined regulatory requirements such that it would take an

unreasonable time to prepare a witness to testify on this topic), seeks a legal conclusion (in that this topic seeks testimony from a fact witness as to the legal requirements of regulatory compliance), seeks testimony regarding expert witnesses beyond what is required by Rule 26 (in that the topic seeks the opinions of LP's experts as to its compliance with community-right-to-know obligations), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that the topic seeks the opinions of LP's attorneys as to its compliance with community-right-to-know obligations), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the Facility at issue or to the time during which LP operated that Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals.

### Topic 50.

*Investigations related to the facility, including but not limited to, regulatory agency investigations, internal investigations, independent third-party investigations including all reports, correspondence, data, graphs, figures and diagrams prepared in connection with them, along with their findings and follow-up action taken.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs propose such a broad and undefined topic that Defendant is unable to

determine the intent of Plaintiffs' proposed topic), unduly burdensome (in that the topic seeks testimony related to numerous, poorly defined regulatory requirements such that it would take an unreasonable time to prepare a witness to testify on this topic), seeks a legal conclusion (in that this topic seeks testimony from a fact witness as to the legal requirements of regulatory compliance), seeks testimony regarding expert witnesses beyond what is required by Rule 26 (in that the topic seeks the opinions of LP's experts as to its compliance with the referenced investigations), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that the topic seeks the opinions of LP's attorneys as to its compliance with the referenced investigations), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the Facility at issue or to the time during which LP operated that Facility), and seeks testimony regarding organizations over which LP has no custody or control (LP cannot offer 30(b)(6) testimony on the practices of other organizations or individuals). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) any notices of violation or similar citations resulting from inspections at the Lockhart facility and (2) LP's environmental audit program.

### Topic 51.

*Compliance with rules and regulations of the Alabama Department of Environmental Management and compliance with the rules and regulations of the U.S. Environmental Protection Agency.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs fail to define the specific "rules and regulations" for which they seek testimony), unduly burdensome (in that the topic seeks testimony related to numerous, poorly defined regulatory requirements such that it would take an unreasonable time to prepare a witness to testify on this topic), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the Facility at issue in this litigation and is not limited to the time during which LP operated that Facility), seeks testimony regarding expert witnesses beyond what is required by Rule 26 (in that the topic seeks the opinions of LP's experts as to its compliance with the referenced rules and regulations), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that the topic seeks the opinions of LP's attorneys as to its compliance with the referenced rules and regulations), and calls for a legal conclusion/testimony (in that the topic seeks for a fact witness to reach legal conclusions as to whether LP complied wither certain rules and regulations).   Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: communications about wood treatment and other Facility operations to ADEM and EPA.

**Topic 52.**

*All court orders or agreements with any regulatory agencies, which in any way affected your operation of the facility.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with what is intended by the "which in any way affected" language), seeks a legal conclusion/testimony (in that this request seeks from a fact witness the legal impact of the referenced orders and agreements), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is limited in time to when LP operated the Facility). Defendant further objects to this topic on the grounds that it properly should have been made as a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) any notices of violation or similar citations resulting from inspections at the Lockhart Facility; (2) any consent order issued with respect to the Lockhart facility during the period of LP's ownership; and (3) any other consent order or decree imposing requirements applicable to the Lockhart facility.

**Topic 53.**

*Any citations or warnings that you have received from any regulatory agencies at any plant or facility operated or formerly operated by you between 1970 and the Present.*

**Objections**

Defendant objects to this proposed area of testimony because it is unduly burdensome (in that it seeks citations and warnings having nothing to do with the environmental issues relevant to this litigation), seeks information that may be protected from discovery by agreement with government agencies (if a private citation or warning was entered into with a regulatory agency then Plaintiffs are not entitled to that citation or warning), and seeks testimony that is nether

relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request includes a time period during which LP did not even have control of the Facility at issue).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) any notices of violation or similar citations resulting from inspections at the Lockhart facility; (2) any consent order issued with respect to the Lockhart facility during the period of LP's ownership; and (3) any other consent order or decree imposing requirements applicable to the Lockhart facility.

### Topic 54.

*Everything you did to comply and prove compliance with environmental regulations, including tests and studies, including where you obtained them and who you relied upon and what your company did or did not do to ensure compliance with environmental regulations and safety at the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including because Plaintiffs did not identify what specific "environmental regulations" it seeks testimony regarding), unduly burdensome (in that it is impossible to identify "everything" that was done relative to environmental compliance), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that the topic seeks the opinions of LP's attorneys as to its compliance with the referenced rules and regulations), seeks a legal conclusion (in that the topic seeks testimony from a fact witness as to compliance with legal requirements), and seeks testimony regarding expert witnesses beyond what is required by Rule

26 (in that the topic seeks the opinions of LP's experts as to its compliance with the referenced rules and regulations). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Environmental permits issued to the Lockhart facility during the period of LP's ownership; (2) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership; (3) Disposal of boiler ash at the Lockhart facility during the period of LP's ownership; (4) Off-site disposal of wastes from the Lockhart facility during LP's ownership; (5) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (6) Communications about wood treatment and other Facility operations to ADEM and EPA; and (7) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility.

## Topic 55.

*Any and all information that you provided to medical providers, employees and community emergency responders and any other persons concerning the nature of the hazardous chemicals stored at your facility, or any hazardous chemicals which could have emanated from your facility and if you failed to do so, your reasons and documents related to such decision.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including because Defendant cannot determine what Plaintiffs mean by the terms "provided" and "hazardous chemicals"), unduly burdensome (in that this request seeks testimony regarding poorly defined issues over an indefinite time period, so preparing a witness to testify on this

issue is unduly burdensome), seeks information protected from discovery by the attorney-client privilege/attorney work-product doctrine (in that the topic seeks the opinions of LP's attorneys as to its reasons for taking or not taking certain actions), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (to the extent this topic seeks testimony regarding any Facility other than the one at issue in this litigation or for any time during which LP did not operate that Facility), seeks information that is in the custody or control of entities not under the control of this defendant (in that this request seeks documents and information from entities over which LP has no custody or control so LP cannot provide meaningful testimony regarding such documents and information), and calls for expert testimony, opinion, or analysis (in that the topic seeks the opinions of LP's experts as to its reasons for taking or not taking certain actions). Defendant further objects to this request on the grounds that the proper method for obtaining the requested documents is a request for production. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Material Safety Data Sheets (MSDSs) and other information received by LP regarding wood treatment chemicals used at the Lockhart facility; (2) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; and (3) Information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals.

**Topic 56.**

*Each and every thing you did to inform the community or medical providers or any other persons concerning chemicals used at or emanating from the facility which could have caused health hazards or effects in the surrounding area.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with respect to Plaintiffs' definition of "health hazards or effects" and "surrounding areas"), unduly burdensome (in that this request seeks testimony regarding poorly defined issues over an indefinite time period, so preparing a witness to testify on this issue is unduly burdensome), and seeks information that is in the custody or control of entities not under the control of this defendant, (in that this request seeks documents and information from entities over which LP has no custody or control so LP cannot provide meaningful testimony regarding such documents and information).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Material Safety Data Sheets (MSDSs) and other information received by LP regarding wood treatment chemicals used at the Lockhart facility; (2) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; and (3) Information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals.

**Topic 57.**

*Whether or not you complied with the EPA record keeping requirements of the wood treatment facility checklist dated June 19, 1996, at any time and the nature of each act of*

*compliance as set out or described in the wood preserving report, appendices C through F, of*
*the EPA.*

## Objections

Defendant objects to this proposed area of testimony because it is unduly burdensome (in
that the request seeks testimony regarding every single incident of compliance with any portion
of the cited requirements, which is an amount of information for which a deponent cannot be
prepared without more specificity), calls for a legal conclusion/testimony (in that this request
seeks for a fact witness to testify as to compliance with legal obligation set for by the EPA),
seeks testimony regarding expert witnesses beyond what is required by Rule 26 (in that this
request seeks testimony regarding the opinions of LP's experts as to whether it complied with the
referenced requirements), and seeks testimony that is neither relevant nor reasonably calculated
to lead to the discovery of admissible evidence (in that the topic is not properly limited to the
Facility at issue in this litigation).  Defendant will make expert disclosures and produce expert
testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling
Order.

Subject to and without waiving the general objections set forth above and the specific
objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1)
Actions taken by LP to comply with state and federal environmental law relative to the Lockhart
facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood
treatment and other Facility operations to ADEM and EPA; and (3) Notifications/submissions to
federal, state, and local agencies regarding the Lockhart facility.

**Topic 58.**

*Whether or not you contend that the United States Environmental Protection Agency Office of Air Quality Planning and Standards of Emission Factor Group concerning emission factor documentation for AP-42 Sec. 10.8, the Wood Preserving Final Report, sets forth accurate methods for determining and measuring the quantity of waste emanating from your facility and if not why not and what methods would you contend are more accurate.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including because Plaintiffs fail to identify the standard by which they seek to have the existence of "accurate methods" determined), seeks information protected from discovery by the attorney-client privilege/attorney work-product doctrine (in that the request seeks testimony as to whether LP's attorneys have concern with certain government standards and whether those concerns, which involve legal strategy, have been shared with LP), calls for a legal conclusion (in that the request seeks testimony from a fact witness as to the validity of government agency requirement, which is not a factual question), and calls for expert testimony, opinion, or analysis (in that the request seeks testimony as to whether LP's experts have concern with certain government standards and whether those concerns, which involve work product, have been shared with LP).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits and (2) Communications about wood treatment and other Facility operations to ADEM and EPA.

**Topic 59.**

*Whether or not you contend that you or chemicals emanating from the facility are exempt from CERCLA, or any other Federal or State law.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including because Plaintiffs fail to identify the "any other Federal or State law" on which they seek testimony and further fail to define the meaning of the word "exempt"), seeks information protected from discovery by the attorney-client privilege/attorney work-product doctrine (in that the request seeks testimony as to whether LP's attorneys have contentions regarding certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP), calls for a legal conclusion (in that the request seeks testimony from a fact witness as to the validity of government agency requirements, which is not a factual question), and calls for expert testimony, opinion, or analysis (in that the request seeks testimony as to whether LP's experts have contentions regarding certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits and (2) Communications about wood treatment and other Facility operations to ADEM and EPA.

**Topic 60.**

*Your compliance with the Emergency Planning and Community Right to Know Act, also known as SARA Title III.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including Plaintiffs fail to identify their definition of the word "compliance"), seeks information protected from discovery by the attorney-client privilege/attorney work-product doctrine (in that the request seeks testimony as to whether LP's attorneys have contentions regarding compliance with certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP), calls for a legal conclusion (in that the request seeks testimony from a fact witness as to compliance with a government agency requirement, which is not a factual question), and calls for expert testimony, opinion, or analysis (in that the request seeks testimony as to whether LP's experts have contentions regarding compliance with certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood treatment and other Facility operations to ADEM and EPA; and (3) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility.

## Topic 61.

*All programs related to storm water discharge, the National Pollutant Discharge Elimination System, Alabama Department of Agriculture regulations, Safe Drinking Water Act, Toxic Substances Control Act and/or Federal Insecticide, Fungicide and Rodenticide Act.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the phrase "related to" and the unidentified Alabama Department of Agriculture "regulations"), unduly burdensome (in that the request seeks testimony regarding every single program of compliance with any portion of the cited requirements, which is an amount of information for which a deponent cannot be prepared without more specificity), seeks information protected from discovery by the attorney-client privilege/attorney work-product doctrine (in that the request seeks testimony as to whether LP's attorneys have contentions regarding compliance with certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited in scope to the Facility at issue or the time during which LP operated that Facility), calls for a legal conclusion (in that the request seeks testimony from a fact witness as to compliance with government agency requirements, which are not factual questions), and calls for expert testimony, opinion, or analysis (in that the request seeks testimony as to whether LP's experts have contentions regarding compliance with certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood treatment and other Facility operations to ADEM and EPA; and (3) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility.

### Topic 62.

*All acts, regulations, decrees and agreements which you contend control, affected or regulated your handling, disposal, storage or use of hazardous chemicals at the facility during the relevant time period.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to what Plaintiff means by "hazardous chemicals" and "during the relevant time period"), unduly burdensome (in that the request seeks testimony regarding every single act, regulation, decree or agreement related to LP's contentions regarding hazardous chemicals, which is an amount of information for which a deponent cannot be prepared without more specificity), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that the request seeks testimony as to whether LP's attorneys have contentions regarding compliance with certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP), calls for a legal conclusion (in that the request seeks testimony from a fact witness as to compliance with government agency requirements, which are not factual questions), and calls for expert testimony, opinion, or analysis (in that the request seeks testimony as to whether LP's experts

have contentions regarding compliance with certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood treatment and other Facility operations to ADEM and EPA; and (3) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility.

### Topic 63.

*All correspondence to and from any ADEM and EPA concerning operation of this or any other facility in the State of Alabama, including the preparation of such reports.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including because Defendant is unable to identify the reports to which Plaintiffs are referring), unduly burdensome (in that the request seeks testimony regarding voluminous correspondence over a period of many years, which is more information that a deponent can be prepared for without more specificity), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the Facility at issue nor to the time during which LP operated that Facility). Defendant further objects to this subject on the grounds that any responsive documents speak for themselves as to their contents.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Communications about wood treatment and other Facility operations to ADEM and EPA and (2) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility.

### Topic 64.

*The laws and regulations you contend applied to operation of this facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that what aspect of the operations of the Facility with which Plaintiffs are concerned is not identified), unduly burdensome (in that the request seeks to require a witness to testify to laws not just related to this lawsuit, but to any law that conceivably applies to the Facility), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that the request seeks testimony as to whether LP's attorneys have contentions regarding compliance with certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP), calls for a legal conclusion (in that the request seeks testimony from a fact witness as to compliance with government agency requirements, which are not factual questions), and calls for expert testimony, opinion, or analysis (in that the request seeks testimony as to whether LP's experts have contentions regarding compliance with certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP).  Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood treatment and other Facility operations to ADEM and EPA; and (3) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility.

### Topic 65.

*Your compliance (or failure to comply) with OSHA Right to Know, 29 CFR 1910.1200, and what information and documents that were provided to employees.*

### Objections

Defendant objects to this proposed area of testimony because it is unduly burdensome (in seeking testimony on every document provided to employees at any time at any facility), seeks information protected from discovery by the attorney-client privilege/attorney work-product doctrine (in that the request seeks testimony as to whether LP's counsel have contentions regarding compliance with certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the Facility at issue or to the time during which LP operated that Facility), calls for a legal conclusion (in that the request seeks testimony from a fact witness as to compliance with government agency requirements, which are not factual questions), and calls for expert testimony, opinion, or analysis (in that the request seeks testimony as to whether LP's experts have contentions regarding compliance with certain government regulations and whether those contentions, which involve legal strategy, have been shared with LP). Defendant will make

expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Material Safety Data Sheets (MSDSs) and other information received by LP regarding wood treatment chemicals used at the Lockhart facility; (2) Information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals; (3) LP's internal structure for handling environmental issues during its ownership of the Lockhart facility; (4) Environmental training and/or presentations relating to wood treatment chemicals at the Lockhart Facility; (5) LP's Environmental, Health, and Safety program; and (6) LP's environmental handbook.

### Topic 66.

*Any notices of any type of violations of any environmental laws or regulations or of any damages caused by release or exposure to toxic chemicals in the State of Alabama.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly as to what environmental laws or regulations are implicated by the subject), unduly burdensome (in that it seeks testimony regarding facilities other than the one at issue in this litigation and is not limited to the time during which LP operated that Facility), and is not reasonably calculated to lead to the discovery of admissible evidence (in that it seeks information regarding facilities other than the one at issue in this litigation and is not limited to the time during which LP operated that Facility).  Defendant further objects to this subject on the grounds that any responsive documents speak for themselves as to their contents.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Any notices of violation or similar citations resulting from inspections at the Lockhart facility; (2) Any consent order issued with respect to the Lockhart facility during the period of LP's ownership; and (3) Any other consent order or decree imposing requirements applicable to the Lockhart facility.

### Topic 67.

*The Deponent's policy and/or practice of dispensing or selling treated lumber product to employees or any person, including the expected use of such material.*

### Objections

Defendant objects to this proposed area of testimony because it seeks information that is not in the custody or control of Defendant (in that there is no way by which LP could know the expected use of material it may have provided to employees or the public) and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the Facility at issue nor limited to the time during which LP operated that Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: sales of treated wood products, if any, to employees and/or others at the Lockhart facility during the period of LP's operations.

### Topic 68.

*The disposal and/or treatment of sludges, process waste and wastewater from process operations and/or operational units for each type of waste for each year of operation.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including, without limitation, that is fails to define the term "sludges"), is unduly burdensome (in that it requires preparation to discuss facilities other than the Facility at issue in this litigation), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the Facility at issue in this litigation), and seeks information that is solely in the possession of Plaintiffs or others not under defendant's control (in that LP cannot testify as to disposal or treatment once other entities had assumed control of those processes).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership; (2) Disposal of boiler ash at the Lockhart facility during the period of LP's ownership; and (3) Off-site disposal of wastes from the Lockhart facility during LP's ownership.

**Topic 69.**

*The locations of natural or manmade surface water flows, discharge points, ditches, streams, creeks, ponds or drainages on or in the vicinity of the facility and changes to their locations and/or size over time.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including, but not limited to, the fact that "in the vicinity" is not defined), is unduly burdensome (in that it seeks preparation of testimony regarding features that are not on Defendant's

property), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited in time to the period during which LP was responsible for operating the Facility), calls for expert testimony, opinion, or analysis (to the extent it seeks information regarding work by experts to identify changes over time), and seeks information that is solely in the possession of plaintiffs or others not under defendant's control (in that LP cannot testify as to locations that were merely in the vicinity of the Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Lockhart treatment plant operations during LP's ownership; (2) Ponds 1, 2 and 3; (3) Equipment and methods used in wood treatment operations during LP's ownership; and (4) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

### Topic 70.

*Any investigations of natural or manmade surface water flows or ponds in the vicinity of the facility including but not limited to: memoranda/reports of any site investigations, engineering, or other documents, including data collected in the vicinity of these surface water pond, and chemical constituent concentrations in its sediments, adjacent soil and water and any modifications to these water structures, including, but not limited to: movement of each segment, closures of segments, cleaning-out (excavations), enhancements and the disposal of material removed from them.*

## Objections

Defendant objects to this proposed area of testimony because it is unduly burdensome (in that it seeks preparation of testimony regarding features that are not on Defendant's property), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited in time to the period during which LP was responsible for operating the Facility), calls for expert testimony, opinion, or analysis (to the extent it seeks information regarding work by experts that need not yet be produced pursuant to the Federal Rules of Civil Procedure), and seeks information that is solely in the possession of plaintiffs or others not under defendant's control (in that LP cannot testify as to locations that were merely in the vicinity of the Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Ponds 1, 2 and 3; (2) Equipment and methods used in wood treatment operations during LP's ownership; and (3) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

## Topic 71.

*Historic rates of discharges to surface water and/or ponds on or in the vicinity of the facility as a result of operations at the facility, including the chemical constituents and concentrations contained in them.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including as to the definition of the term "vicinity of the facility," unduly burdensome (in that it seeks preparation of testimony regarding features that are not on Defendant's property), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited in time to the time during which LP was responsible for operating the Facility), calls for expert testimony, opinion, or analysis (to the extent it seeks information regarding work by experts that need not yet be produced pursuant to the Federal Rules of Civil Procedure), and seeks information that is solely in the possession of Plaintiffs or others not under Defendant's control (in that LP cannot testify as to locations that were merely in the vicinity of the Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Lockhart treatment plant operations during LP's ownership; (2) Ponds 1, 2 and 3; (3) Equipment and methods used in wood treatment operations during LP's ownership; (4) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership; and (5) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership.

**Topic 72.**

*Arguments between your operations section and "corporate" concerning use of wood fired boilers for chemical waste disposal.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (Defendant requires more specificity as to the use of the terms "arguments," "corporate," "use of," and "chemical waste disposal"), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that if "corporate" includes the legal department then such communications may be protected from discovery as confidential legal advice), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the Facility at issue or to the time during which LP operated that Facility).

**Topic 73.**

*The disposal of excavated soils or sludges from the facility.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including without limitation as to the terms "disposal" and "sludges") and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to time during which LP operated the Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership and (2) Off-site disposal of wastes from the Lockhart facility during LP's ownership.

**Topic 74.**

*Disposal of hazardous waste generated, used or stored at the facility, including the quantity of waste shipped off-site for each year of operation, its source and who paid for disposal.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to define the term "hazardous waste") and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (to the extent the topic seeks testimony during periods during which LP did not operate the Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership; (2) Disposal of boiler ash at the Lockhart facility during the period of LP's ownership; and (3) Off-site disposal of wastes from the Lockhart facility during LP's ownership.

**Topic 75.**

*Transportation of hazardous waste from the facility.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to define the term "hazardous waste"), seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (to the extent the topic seeks testimony during periods during which LP did not operate the Facility), and to the extent it seeks testimony regarding information that is not under LP's custody or

control (in that LP cannot testify as to the transportation of waste from the Facility by outside contracts once those contractors left LP's Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership; (2) Disposal of boiler ash at the Lockhart facility during the period of LP's ownership; and (3) Off-site disposal of wastes from the Lockhart facility during LP's ownership.

### Topic 76.

*The operation of boilers at the facility.*

### Objections

Defendant objects to this proposed area of testimony on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (to the extent the topic seeks testimony during periods during which LP did not operate the Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: Lockhart boiler operations during the period of LP's ownership.

### Topic 77.

*The disposal of Pentachlorophenol, creosote, CCA, contaminated waste (or any other hazardous waste at the facility) in the boilers or by burning. This includes your contentions, if any, that facility boilers or fire at the facility was a proper, safe or effective method of waste disposal and the effective operating temperatures of those boilers, burners or fires.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to define the term "hazardous waste"), seeks a legal conclusion (in that this topic seeks testimony regarding contentions as to the legal propriety of certain disposal methods from a fact witness), seeks information protected from discovery by the attorney-client privilege/attorney work-product doctrine (in that the request calls for information learned from communications with attorneys for purposes of the instant litigation), and calls for expert testimony, opinion, or analysis (in that the request calls for information learned from communications with expert witnesses for purposes of the instant litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership and (2) Off-site disposal of wastes from the Lockhart facility during LP's ownership.

**Topic 78.**

*The operation of and disposal of waste from the following methods and areas:*

> *Ponds;*

> *Aeration/spray field systems;*

> *TeePee burners;*

> *Injection into boilers, boiler exhaust or boiler smoke stacks;*

> *Thermal evaporation;*

*Effluent filter or collection sawdust;*

*Drippage or waste collection areas;*

*Burning;*

*Burying;*

*Onsite disposal by any means;*

*Transportation and disposal to approved facilities, unapproved facilities, or any*

*other entities or locations;*

*Thermal evaporation and dehydration of treatment chemicals in holding tanks.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the facility at issue in the litigation or to the time during which LP operated that facility), seeks testimony relating to LP's use of "TeePee burners" at the Facility which is alleged nowhere in the Complaints, and calls for a legal conclusion (seeks a legal conclusion from a fact witness as to what facilities are approved versus which are unapproved).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership; (2) Disposal of boiler ash at the Lockhart facility during the period of LP's ownership; and (3) Off-site disposal of wastes from the Lockhart facility during LP's ownership.

**Topic 79.**

*The operation or failure of operation of pollution control devices at the facility, including disconnection.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to define the terms "failure of operation" and "pollution control devices" such that Defendant can respond to this proposed topic); seeks a legal conclusion (in that Plaintiffs seek testimony form a fact witness regarding legal conclusions as to whether certain pollution control devices failed to properly operate), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the time during which LP operated the Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits and (2) Equipment and methods used in wood treatment operations during LP's ownership.

**Topic 80.**

*The purchase, operation and use of environmental equipment at the facility.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to define "environmental equipment") and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the time during which LP operated the facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: equipment and methods used in wood treatment operations during LP's ownership.

## Topic 81.

*Turning off or disconnection of pollution control devices at this facility, or any facility operated by your corporation.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to define what they mean by "pollution control devices") and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the Facility at issue in this litigation or to the time during which LP operated that Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: equipment and methods used in wood treatment operations during LP's ownership.

## Topic 82.

*The dumping, disposal and fate of boiler ash.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the facility at issue in this litigation or to the time during which LP operated the facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposal of boiler ash at the Lockhart facility during the period of LP's ownership and (2) Lockhart boiler operations during the period of LP's ownership.

### Topic 83.

*All environmental pollution control devices used at the facility and any devices or methods used to dispose of hazardous chemicals, or mixtures of hazardous chemicals at the facility, including any improvements to devices or methods used to dispose of hazardous chemicals, or mixtures of hazardous chemicals at the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to define what they mean by "pollution control devices" or by "hazardous chemicals") and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the time during which LP operated the facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: equipment and methods used in wood treatment operations during LP's ownership.

### Topic 84.

*Documents produced by Defendants show that Defendants learned of the hazards or lack of effectiveness of the spray evaporation system formerly used for pond water evaporation at the facility. You will be asked what you learned, how you learned it, what, if anything, you did in response and to provide all documents associated with the matter.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that Plaintiffs failed to define what they mean by "hazards or lack of effectiveness"), argumentative and a misstatement of fact (in that it suggests Defendant did anything other than what it believed to be proper), and seeks a legal conclusion (to the extent it seeks testimony as to whether the referenced system complied with any law or regulation). Further, Plaintiffs are impeding LP's ability to respond to this topic by their failure to respond to LP's request to identify the documents referenced herein.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the spray evaporation system.

**Topic 85.**

*Why Louisiana-Pacific did not inform regulators about the extent of buried waste discovered at the facility within a few years of purchase.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly as to what Plaintiffs mean by the phrase "a few years"), argumentative (in that it suggests Defendant failed to comply with any applicable law or regulation), seeks information protected from discovery by the attorney-client privilege and/or work product doctrine (in that any discussions regarding this issue between LP and its counsel are privileged and therefore not subject to discovery), and calls for a legal conclusion (to the extent it seeks testimony as to whether the referenced reporting complied with any law or regulation).

**Topic 86.**

*Why Louisiana-Pacific and PACTIV did not immediately inform regulators that a large amount of waste had been buried (or hidden) under the concrete drip pad.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly as to what Plaintiffs mean by the phrases "immediately" and "a large amount of waste"), argumentative (in that it suggests Defendant failed to comply with any applicable law or regulation or even affirmatively acted to conceal), seeks information protected from discovery by the attorney-client privilege and/or work product doctrine (in that any discussions regarding this issue between LP and its counsel are privileged and therefore not subject to discovery), and calls for a legal conclusion (to the extent it seeks testimony as to whether the referenced reporting complied with any law or regulation).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the facility drip pad.

**Topic 87.**

*Why Defendants did not inform regulators or the community of the amount and nature of hazardous waste burned at the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly as to what Plaintiffs mean by "regulators or in the community" and "hazardous waste"), argumentative (in that it suggests Defendant failed to comply with any applicable law or regulation), seeks information protected from discovery by the attorney-client privilege and/or

work product doctrine (in that any discussions regarding this issue between LP and its counsel are privileged and therefore not subject to discovery), calls for a legal conclusion (to the extent it seeks testimony as to whether the referenced reporting complied with any law or regulation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the time during which LP operated the facility).

### Topic 88.

*Each action you took in connection with the release or threat of release of any hazardous or toxic substance from the facility, and why and when you took each such action.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with respect to the definition of the phrase "hazardous or toxic substance"), seeks a legal conclusion (to the extent it seeks testimony as to whether the referenced actions complied with any law or regulation), seeks information protected from discovery by the attorney-client privilege and/or work product doctrine (in that any discussions regarding this issue between LP and its counsel are privileged and therefore not subject to discovery), and it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the time during which LP operated the Facility).

### Topic 89.

*Each action you declined to take in connection with the release or threat of release of any hazardous or toxic substance from the facility, and why you declined to take such action.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with respect to the definition of the phrase "hazardous or toxic substance"), redundant (in that it asks substantially the same questions as the prior topic), seeks a legal conclusion (to the extent it seeks testimony as to whether the alleged inactions failed to comply with any law or regulation), seeks information protected from discovery by the attorney-client privilege and/or work product doctrine (in that any discussions regarding this issue between LP and its counsel are privileged and therefore not subject to discovery), and it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the time during which LP operated the facility).

**Topic 90.**

*The purchase of containers for the shipment of hazardous waste and the amount, if any, that was placed in containers for shipment, including the source of the waste, including the number of containers purchased each year.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with respect to the definition of the phrase "hazardous waste"), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony regarding facilities other than the Facility at issue in the litigation and during periods other than when LP operated that Facility). Defendant further objects to this request because it should properly have been brought as a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: off-site disposal of wastes from the Lockhart facility during LP's ownership.

### Topic 91.

*Plant construction diagrams, design, layout, and photos, including, but not limited to, property descriptions, maps, drawings, survey information, and locations of buildings, operational units, treatment systems, lagoons, ponds, land fields, spray irrigation fields, waste piles, creosote hole, disposal areas and storage area.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony regarding facilities other than the facility at issue in the litigation and during periods other than when LP operated the facility at issue). Defendant further objects to this request because it should properly have been brought as a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the facility's layout/organization.

### Topic 92.

*Buildings and operational units, including treatment retorts, waste storage areas, boiler waste disposal areas and water collection, including, but not limited to, the dates of construction/modification/replacement, physical features, period of use, historical use, fuel sources and types, design, height, capacity, type, and use of each building and unit and any changes with time.*

## Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony regarding facilities other than the facility at issue in the litigation and during periods other than when LP operated the facility at issue). Defendant further objects to this request because it should properly have been brought as a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the facility's layout/organization.

## Topic 93.

*All photographs, drawings, maps, plats, and schematic diagrams, prepared by your and/or your consultants and contractors associated with the facility and the surrounding vicinity as a function of time, including but not limited to, aerial, fly-by and ground level photographs, including any in electronic format.*

## Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony regarding facilities other than the facility at issue in the litigation and during periods other than when LP operated the facility at issue) and seeks information regarding expert witness beyond the requirements of Rule 26 (in that any of the requested documents prepared by Defendant's experts are not at this time obligated for production to Plaintiffs). Defendant further objects to this request because it should properly have been brought as a request for production.

Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the facility's layout/organization.

**Topic 94.**

*The use of specific wood treating preservatives, by chemical name, commercial product doctrine name/number and chemical composition used at the facility, including, but not limited to, the time period of use, the types of preservatives used, the volumes of chemicals used by month and year, MSDS Sheets, product doctrine labels, hazardous waste manifest records and chemical inventory reports.*

**Objections**

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony regarding periods other than when LP operated the facility at issue). Defendant further objects to this request because it should properly have been brought as a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) The identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility; (2) Suppliers of chemicals used in wood treatment operations; (3) Material Safety Data Sheets (MSDSs) and other information received by LP regarding wood treatment chemicals used

at the Lockhart facility; and (4) The amounts of treated and untreated wood products produced by the Lockhart facility during the period of LP's operations.

### Topic 95.

*Any and all chemicals stored, mixed or utilized in any part of the operations, processes, maintenance, cleaning, or treating at the facility, including, but not limited to, chemical name, commercial product doctrine name/number chemical composition, the volume of chemicals used by month and year, MSDS Sheets, product labels, hazardous waste manifest records and chemical inventory reports and its purpose and use.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony periods other than when LP operated the facility at issue). Defendant further objects to this request because it should properly have been brought as a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) The identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility; (2) Suppliers of chemicals used in wood treatment operations; (3) Material Safety Data Sheets (MSDSs) and other information received by LP regarding wood treatment chemicals used at the Lockhart facility; and (4) The amounts of treated and untreated wood products produced by the Lockhart facility during the period of LP's operations.

### Topic 96.

*Suppliers of any and all preservatives and/or chemical utilized in any part of the operations, processes, maintenance, cleaning, or treating at the facility.*

**Objections**

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony periods other than when LP operated the facility at issue). Defendant further objects to this request because it should properly have been brought as a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: suppliers of chemicals used in wood treatment operations.

**Topic 97.**

*The operational history of the facility, including, but not limited to, the days and hours of operation, periods of shutdown/non-operation, operational and maintenance records/reports, processes and techniques utilized and changes in type(s) or method(s) of process(es) utilized.*

**Objections**

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony periods other than when LP operated the facility at issue). Defendant further objects to this request because it should properly have been brought as a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) the facility's layout/organization; (2) Lockhart sawmill operations during the period of LP's ownership; (3) Lockhart treatment plant operations during LP's ownership; (4) Lockhart boiler operations during the period of LP's ownership; (5) Ponds 1, 2 and 3; and (6) The spray evaporation system.

### Topic 98.

*The types, dimensions, and numbers of each wood product that was treated/processed at the facility throughout its history, by month and year, as well as the volume of preservative used, by month and year, including, but not limited to, treating logs and inventory reports.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it seeks testimony periods other than when LP operated the facility at issue). Defendant further objects to this request because it should properly have been brought as a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the amounts of treated and untreated wood products produced by the Lockhart facility during the period of LP's operations.

### Topic 99.

*Upsets, spills, fires (including intentional burns and unintentional fire events), leaks, incidences, and other occurrences/events at the facility, including all reporting and actions taken.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including without limitation the lack of a definition of the terms "upsets," "incidences," "other occurrences/events," and "reporting and actions taken"), is unduly burdensome (in that there is no way to identify each of the requested events that may have occurred during the decades that the facility was in operation), and seeks testimony that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence (in that it seeks testimony periods other than when LP operated the facility at issue). Defendant further objects to this request because it should properly have been brought as a request for production.

### Topic 100.

*Air modeling simulations undertaken by, or on behalf, your corporation, for the facility in question, for any purpose, including the computer program used, assembled information and data ('raw' data), input and output data sets, assumptions and hypotheses made and conclusions derived from these simulations.*

### Objections

Defendant objects to this proposed area of testimony because it seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that any such simulations performed by Defendant's counsel or an expert witness at Defendant's counsel's request are protected from discovery) and is not reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP was responsible for operation of the Facility).

### Topic 101.

*Environmental submissions related to the facility, including but not limited to, environmental data associated with the EPA's Toxic Release Inventory (TRI - Form R).*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly as to the definition of the term "environmental submissions"), seeks information that is not in the custody or control of defendant (in that LP is incapable of providing corporate testimony regarding any document only in the possession of a regulatory agency), and seeks

testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the time during which LP operated the facility at issue). Defendant further objects to this topic because the proper method of obtained the requested documents was a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood treatment and other Facility operations to ADEM and EPA; and (3) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility.

### Topic 102.

*The amount or quantity of any and all hazardous chemicals emitted by your corporation at the facility during its term of operation during the relevant time period for each month of operation, including the time of day or night such emissions normally occurred.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the terms "hazardous chemicals" and "relevant time period"), calls for expert testimony, opinion, or analysis (in that a responsive report or study, if one exists that was prepared by an expert, is not required to be identified to Plaintiffs at this stage of the litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not properly limited to the time that LP operated the facility at issue). Defendant will make expert disclosures and produce expert

testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: equipment and methods used in wood treatment operations during LP's ownership.

### Topic 103.

*The amount and quantity of hazardous chemicals emitted by your corporation from each of the sources, including burning in the facility's boilers, thermalization, evaporation, aeration, whether by discharge into the air, soil, or water or by dust.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the terms "hazardous chemicals" and "relevant time period"), unduly burdensome (in that a breakdown by source such as is requested by Plaintiffs would be extremely difficult to accomplish and would be of correspondingly little benefit to Plaintiffs), calls for expert testimony, opinion, or analysis (in that a responsive report or study, if one exists that was prepared by an expert, is not required to be identified to Plaintiffs at this stage of the litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not properly limited to the time that LP operated the Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the

identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility.

### Topic 104.

*The volume of wood treated, including the type of treatment chemical used, for each of the years that your corporation operated the facility. This includes the amount of treatment chemical injected or pressured into various amounts and types of wood.*

### Objections

Defendant objects to this proposed area of testimony because it is unduly burdensome (in that it calls for the calculation of figures that are as readily available to Plaintiffs as they are to Defendant) and that this topic should properly have been requested by a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the amounts of treated and untreated wood products produced by the Lockhart facility during the period of LP's operations.

### Topic 105.

*The quantity and type of each wood treatment chemical used by your corporation at the facility during the term of its operation which was purchased by you.*

### Objections

Defendant objects to this proposed area of testimony because it is unduly burdensome (in that it calls for the calculation of figures that are as readily available to Plaintiffs as they are to Defendant) and that this topic should properly have been requested by a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the

identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility.

## Topic 106.

*The quantity and type of each wood treatment chemical which was disposed of by you, including records and methods of disposal.*

### Objections

Defendant objects to this proposed area of testimony because it is unduly burdensome (in that it calls for the calculation of figures that are as readily available to Plaintiffs as they are to Defendant) and that this topic should properly have been requested by a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership.

## Topic 107.

*Any reports or studies whether generated by you or any other entity which you have made, studied or consulted which predicts the: amount of expected treatment chemical necessary to treat your products, or the amount of waste that should be expected to result from wood treatment operations.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (especially as to "amount of expected treatment chemical necessary to treat your products"), seeks information protected form discovery by the attorney-client/attorney work-product (to the extent any such report or study was performed at the request of LP's counsel for purposes of

rendering legal advice), and calls for expert testimony, opinion, or analysis (in that such a report or study, if any exists, is not required to be identified to Plaintiffs at this stage of the litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility.

### Topic 108.

*The hours and dates of operation of the facility during the relevant time period.*

### Objections

Defendant objects to this proposed area of testimony because it is unduly burdensome (in that it calls for the calculation of information that is as readily available to Plaintiffs as it is to Defendant) and that this topic should properly have been requested by a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: Lockhart sawmill operations during the period of LP's ownership.

### Topic 109.

*The amount and kind of all hazardous chemicals purchased by you, including the amount and type of hazardous chemicals that you contend were emitted into the air, water or ground at the facility for each year of operation.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly as it relates to the definition of "hazardous chemicals"), is unduly burdensome (in that it calls for the calculation of figures that are as readily available to Plaintiffs as they are to Defendant), seeks information protected form discovery by the attorney-client/attorney work-product (to the extent any such report or study was performed at the request of LP's counsel for purposes of rendering legal advice), calls for expert testimony, opinion, or analysis (in that such a report or study, if any exists, is not required to be identified to Plaintiffs at this stage of the litigation), and that this information should properly have been requested by a request for production. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility.

**Topic 110.**

*The amount and types of any chemicals that you contend that you were entitled to emit from the facility, or that was safe to emit.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly as it relates to whether the definition of chemicals includes all chemicals or only those at issue in this litigation and the definitions of the terms "contend," "entitled," and "safe"), seeks a legal conclusion (in that it seeks testimony from a fact witness regarding legal

determinations as to appropriate amounts of chemicals), seeks information protected form discovery by the attorney-client/attorney work-product (to the extent any report or study regarding an emission was performed at the request of LP's counsel for purposes of rendering legal advice), calls for expert testimony, opinion, or analysis (in that a report or study evaluating emissions, if any exists, is not required to be identified to Plaintiffs at this stage of the litigation), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the facility), and that this information should properly have been requested by a request for production. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

## Topic 111.

*Any studies that you conducted or consulted to determine the amount and nature of hazardous chemicals emitted from the facility.*

## Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly as it relates to the definition of "hazardous chemicals"), seeks information protected form discovery by the attorney-client/attorney work-product (to the extent any report or study regarding an emission was performed at the request of LP's counsel for purposes of rendering legal advice), calls for expert testimony, opinion, or analysis (in that a report or study evaluating emissions, if any exists, is not required to be identified to Plaintiffs at this stage of the litigation), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the facility), and that this information should properly have been requested by a request for production.

Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 112.

*Material safety data sheets concerning hazardous chemicals used at the facility for each year during the time period that hazardous chemicals were used at the facility.*

#### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly because the term "hazardous chemicals" is not defined) and because the requested documents should properly have been requested by a request for production.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: Material Safety Data Sheets (MSDSs) and other information received by LP regarding wood treatment chemicals used at the Lockhart facility.

### Topic 113.

*The use and identification of carrier agents, whether it be water, diesel fuel, coal tar distillates, wood treatment oil for solvents, or wood treatment chemical carriers for each year of operation.*

#### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of a "carrier agent"), seeks expert testimony beyond the requirement of Rule 26 (in that it seeks identification of "carrier agents" by all individuals, including experts retained by LP to perform such identification for the purposes of preparing for litigation), seeks information protected from discovery by the attorney-client privilege/work

product doctrine (in that it seeks identification of "carrier agents" by all individuals, including attorneys retained by LP to perform such identification for the purposes of preparing for litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the facility at issue or to the time during which LP operated the facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Lockhart treatment plant operations during LP's ownership and (2) Lockhart wood treatment cylinder operations during LP's ownership.

## Topic 114.

*All studies or information concerning the amount of chemicals lost or the amount of waste created by your wood treatment operations, or any similar wood treatment operations.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to whether the requested "chemicals" include chemicals that are not relevant to this litigation), unduly burdensome (to the extent is requires preparation for testimony regarding chemicals that are not relevant to this litigation), seeks expert testimony beyond the requirement of Rule 26 (in that it seeks identification of "all studies or information" by all individuals, including experts retained by LP to perform such identification for the purposes of preparing for litigation), seeks information protected from discovery by the attorney-client privilege/work product doctrine (in that it seeks identification of "all studies or information" by all individuals, including attorneys retained by LP to perform such identification for the purposes of preparing for litigation), and seeks testimony that is neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence (in that it is not limited to the facility at issue or to the time during which LP operated the Facility). Further, Plaintiffs are impeding LP's ability to respond to this topic by their failure to respond to LP's request to identify the studies referenced herein. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 115.

*The nature of each and every wood treatment chemical used by your corporation at the facility, including its color, odor, taste, detection, contaminants, hazardous nature, carcinogenity, mutantogenicinty, health affects caused by exposure, and the amount of both time and amount for all health affects.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to whether the requested "chemicals" include chemicals that are not relevant to this litigation and the meaning of the phrases "nature of each and every wood treatment chemical" and "all health effects"), unduly burdensome (to the extent is requires preparation for testimony regarding chemicals that are not relevant to this litigation), seeks expert testimony beyond the requirement of Rule 26 (in that it seeks the opinions of all individuals, including experts retained by LP to perform evaluations for the purposes of preparing for litigation), seeks information protected from discovery by the attorney-client privilege/work product doctrine (in that it seeks the opinions of all individuals, including experts retained by LP to perform evaluations for the purposes of preparing for litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the Facility). Defendant

will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility.

### Topic 116.

*What you contend is produced, both in quantity and quality, from burning pentachlorophenol in the facility boilers.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definitions of the terms "contend" and "produce"), seeks expert testimony beyond the requirement of Rule 26 (in that it seeks the opinions of all individuals, including experts retained by LP to perform evaluations for the purposes of preparing for litigation), seeks information protected from discovery by the attorney-client privilege/work product doctrine (in that it seeks the opinions of all individuals, including experts retained by LP to perform evaluations for the purposes of preparing for litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

## Topic 117.

*The fate of arsenic and/or hexavalent chromium compounds placed in fires or wood fired boilers similar to the facility boilers.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the term "fate"), seeks expert testimony beyond the requirement of Rule 26 (in that it seeks the opinions of all individuals, including experts retained by LP to perform evaluations for the purposes of preparing for litigation), seeks information protected from discovery by the attorney-client privilege/work product doctrine (in that it seeks the opinions of all individuals, including experts retained by LP to perform evaluations for the purposes of preparing for litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the facility at issue in this litigation or to the time during which LP operated the facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

## Topic 118.

*The nature and amount of any material placed in the facility boilers, or disposed of at the facility other than lumber sales.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to whether the requested "material" testimony includes materials that are not relevant to this litigation), unduly burdensome (to the extent is requires preparation for testimony regarding materials that are not relevant to this litigation), seeks expert testimony

beyond the requirement of Rule 26 (in that it seeks identification from all individuals, including experts retained by LP to perform evaluations for the purposes of preparing for litigation), seeks information protected from discovery by the attorney-client privilege/work product doctrine (in that it seeks identification from all individuals, including experts retained by LP to perform evaluations for the purposes of preparing for litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Lockhart boiler operations during the period of LP's ownership; (2) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership; (3) Disposal of boiler ash at the Lockhart facility during the period of LP's ownership; and (4) Off-site disposal of wastes from the Lockhart facility during LP's ownership.

### Topic 119.

*Any other facilities that you contend emitted hazardous chemicals which affected the Plaintiffs, Florala or Lockhart communities, including the name of the facility you claim emitted such chemicals, the nature of the chemicals emitted, when they were emitted, the amount emitted, and the information that you rely upon to make such contention.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (for instance, with regard to the definition or use of the term "hazardous chemicals"), seeks

testimony protected from discovery by the attorney-client privilege/attorney work product doctrine (in that on its face it seeks information provided to LP from its counsel for purposes of developing legal strategy regarding alternate causation from other facilities), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the time during which LP operated the Lockhart facility), calls for expert testimony, opinion, or analysis (in that it seeks information provided to LP from its experts for purposes of developing legal strategy regarding alternate causation from other facilities), seeks legal testimony (in that the request seeks legal conclusions from a fact witnesses regarding alternative causation theories), and seeks information that is solely in the possession of Plaintiffs or others not under Defendant's control (in that LP cannot offer testimony regarding the operations of or emissions from facilities over which it did not exercise custody or control).

### Topic 120.

*Your method of determining the quantity and nature of hazardous waste generated or emanating from your facility by any means and of any type.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including but not limited to the definitions of the terms "quality", "hazardous waste" and "generated or emanating from your facility"), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that on its face it seeks information provided to LP from its counsel for purposes of developing legal strategy regarding the effect, if any, of the facility's waste disposal), calls for expert testimony, opinion, or analysis (in that it seeks information provided to LP from its experts for purposes of developing legal strategy regarding the effect, if any, of the facility's waste disposal), and seeks testimony that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership; (2) Disposal of boiler ash at the Lockhart facility during the period of LP's ownership; and (3) Off-site disposal of wastes from the Lockhart facility during LP's ownership.

**Topic 121.**

*Different wood treatment methods used by you at the facility for each year, including the amount of lumber treated by each method.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly because the term "wood treat methods" is not defined) and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Equipment and methods used in wood treatment operations during LP's ownership; (2) Lockhart wood treatment cylinder operations during LP's ownership; (3) The separator units used in the wood treatment process at the Facility during LP's operations; (4) The drip pad used as part of the wood treatment process at the Facility during LP's operations; (5) The identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility; (6) The suppliers of chemicals used in wood treatment operations during LP's operations at the Facility; and (7) The amounts of treated and untreated wood products produced by the Facility during the period of LP's operations.

**Topic 122.**

*The classification for each source of air, water or ground contamination.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly because the terms "classification" and "air, water or ground contamination" are not defined), is unduly burdensome, (in that it requires preparation of testimony regarding facilities other than the one at issue), seeks legal testimony (to the extent it requests that a fact witness offer testimony regarding the legal classification of any alleged contamination), and seeks

testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the Facility at issue or to the time during which LP operated that Facility).

### Topic 124.

*The nature of chemical constituents and percentage composition of each chemical constituent of each and every wood treatment chemical used by you at the facility, and the period of time that such chemicals were used, including, but not limited to, Creosote, Pentachlorophenol, Copper naphthenate, solubilized copper-8- quinolinolate, Alkyl ammonium compound, waterborne preservatives, Acid copper chromate, Ammouniacal copper arsenate, Ammoniacal copper zinc arsenate, chromated copper arsenate Type A, chromated copper arsenate Type B, chromated copper arsenate Type C, chromated zinc chloride, any other treatment chemicals, any measurements made of waste emanating and/or emissions at the facility, including quantity, quality, and when they were made or manufactured.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the phrases "nature of chemical constituents," "waterborne preservatives," and "any other treatment chemicals"), overly broad (in that it seeks testimony regarding chemicals that Plaintiffs have not alleged, much less established, are at issue in this litigation, e.g., "copper naphtenate," "solubized copper-8-quinolinolate", or "Akyly ammonium compound"), seeks testimony protected from discovery by the attorney-client privilege/attorney work product doctrine (to the extent the request for testimony regarding "the nature of chemical constituents" requires reliance on information provided to LP by its counsel for use in preparing for or defending this litigation), seeks testimony that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to testimony regarding the Facility nor to the time period in which LP operated the Facility), calls for expert testimony, opinion, or analysis (to the extent the request for testimony regarding "the nature of chemical constituents" requires reliance on information provided to LP by experts for use in preparing for or defending this litigation), and calls for information that is contained in the Material Data Safety Sheets (MSDSs) for the wood treatment chemicals at issue, copies of which LP previously produced to Plaintiffs as part of the Rule 26 initial disclosures. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) The identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility;   (2) The suppliers of chemicals used in wood treatment operations during LP's operations at the Facility; and (3) MSDSs and other information receive by LP regarding the wood treatment chemicals used at the Facility.

### Topic 125.

*Any research done by or known to you prior to or during the times that your company used wood fired boilers or TeePee burners for disposal of pentachlorophenol, creosote or CCA waste, which research concerned the safety of these activities.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definitions of the terms "research done by or known to you" and "which research concerned the safety of these activities"), seeks information protected from

discovery by the attorney-client privilege/attorney work product doctrine (in that it seeks information provided to LP from its counsel for purposes of developing legal strategy regarding the effect of the facility's processes), calls for expert testimony, opinion, or analysis (in that it seeks information provided to LP from its experts for purposes of developing legal strategy regarding the effect of the facility's processes), seeks testimony relating to LP's use of "TeePee burners" at the Facility which is alleged nowhere in the Complaints, and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the Facility at issue in this litigation or to the time during which LP operated the Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 126.

*Your methods and data for determining the values, types and quantity of fugitive emissions from creosote treated wood, CCH treated wood, Pentachlorophenol treated wood and any other type of chemical treated wood for each year during the operation of the facility and also fugitive emissions related to each aspect of your wood treatment operation.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the terms "fugitive emissions" and "CCH treated wood" and as to whether the proposed topic is limited to the wood treatment chemicals at issue in this litigation or to all chemicals generally), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that it seeks information provided to LP from its counsel for purposes of developing legal strategy regarding the effect of the facility's processes), calls for expert testimony, opinion, or analysis (in that it seeks information provided

to LP from its experts for purposes of developing legal strategy regarding the effect of the facility's processes), calls for legal testimony (to the extent that the request seeks testimony from a fact witness regarding legal classifications of the referenced emissions), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 127.

*Your methods and data for determining each and every source of emission of hazardous chemicals at the facility for each year during its operation by you.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the term "emission" and the phrases "methods and data," "every source of emission," and "hazardous chemicals"), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that it seeks information provided to LP from its counsel for purposes of developing legal strategy regarding the effect of the facility's processes), and calls for expert testimony, opinion, or analysis (in that it seeks information provided to LP from its experts for purposes of developing legal strategy regarding the effect of the facility's processes). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

**Topic 128.**

*The emission and methods of determining the amount of emissions or contamination by ash waste stored or emanating from the facility for each year during the relevant time period.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the phrases "contamination," "relevant time period" and "methods of determining" as well as seeking testimony about "emissions" of "ash waste" which is nonsensical), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that it seeks information provided to LP from its counsel for purposes of developing legal strategy regarding the effect of the facility's processes), calls for expert testimony, opinion, or analysis (in that it seeks information provided to LP from its experts for purposes of developing legal strategy regarding the effect of the facility's processes), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of evidence in that it is not limited to the time during which LP operated the Facility. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: disposal of boiler ash at the Lockhart Facility during the period of LP's ownership.

**Topic 129.**

*Each and every method of your identification of solvent and hazardous waste, and standards for generation of waste.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the phrases "method of identification," "solvent and hazardous waste," and "standard for generation of waste"), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that it seeks information provided to LP from its counsel for purposes of developing legal strategy regarding the effect of the facility's processes), calls for expert testimony, opinion, or analysis (in that it seeks information provided to LP from its experts for purposes of developing legal strategy regarding the effect of the facility's processes), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the Facility at issue or to the time during which LP operated the Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership.

**Topic 130.**

*Your contentions regarding the quantity and nature of chemicals used at, emitted from, and/or released from the facility.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the phrases "contentions" and "nature of chemicals

used at, emitted from, and/or released from"), seeks information protected from discovery by the attorney-client privilege/attorney work product doctrine (in that it seeks information provided to LP from its counsel for purposes of developing legal strategy regarding the effect of the facility's processes), calls for expert testimony, opinion, or analysis (in that it seeks information provided to LP from its experts for purposes of developing legal strategy regarding the effect of the facility's processes), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the facility).  Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: the identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility.

### Topic 131.

*The history of the wood preserving site and the facility in Lockhart, Alabama, regarding its use and ownership dating back to when the wood treating operations began.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the phrase "history of the wood preserving site"), seeks testimony that is overbroad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the Facility), and seeks information that is solely in the possession of Plaintiffs or others not

under LP's control (in that LP cannot offer corporate testimony regarding operations at the Facility by other companies prior to LP assuming control of the Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Lockhart sawmill operations during the period of LP's ownership; and (2) Lockhart treatment plant operations during LP's ownership.

### Topic 132.

*Environmental communications and/or documents concerning the facility, including, without limitation, internal memoranda, correspondence, permit applications, reports, closure reports/documents, independent third-party reports or documents between facility personnel and regulatory agency personnel, and vice versa.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the phrases "environmental communications," "regulatory agency personnel," and "concerning the facility"), seeks testimony that is overbroad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to the time during which LP operated the Facility, and seeks information that is solely in the possession of Plaintiffs or others not under LP's control in that LP cannot offer corporate testimony regarding operations at the facility based on other companies' procedures at the facility prior to LP assuming control of the Facility because those other companies are in the best position to offer such testimony.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1)

Actions taken by LP to comply with state and federal environmental law relative to the Facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood treatment and other Facility operations to ADEM and EPA during LP's ownership of the Facility; (3) Environmental permits issued to the Facility during the period of LP's ownership; (4) Notifications/submissions to federal, state, and local agencies regarding the Facility during LP's ownership; (5) EPA and ADEM inspections of the Facility during the period of LP's ownership; (6) Any notices of violation or similar citations resulting from EPA or ADEM inspections at the Facility during LP's ownership; (7) Any consent order issued by EPA or ADEM with respect to the Facility during the period of LP's ownership; and (8) Any other consent order or decree by EPA or ADEM imposing requirements applicable to the Facility.

### Topic 133.

*Any and all insurance policies, insurance agreements under which any insurance policy may be invoked to satisfy part of all of the judgment which may be entered in this action, or to indemnify or pay any costs of defense, including the name of the person(s) or entity insured, the name of the insurer, the policy number, dates of coverage and the amount of any liability insurance coverage, including any agreements or settlements which may alter or amend any form or amount of coverage or indemnity under those policies. This also applies to excess coverage and/or re-insurance agreements.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that insurance coverage is not relevant to this issue involved in this litigation, which is to determine LP's alleged liability, if any, to the named Plaintiffs, in connection with former operations at the

Facility) and also that the proper procedure for requesting such documents is a request for production.

### Topic 134.

*Any insurance carrier or insurance policy which has paid any claims in any way related to losses in whole or in part which included a wood treatment facility and in particular the facility in issue, whether or not the claim was admitted or disputed.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that insurance coverage is not relevant to the issue involved in this litigation, which is to determine LP's alleged liability, if any, to the named Plaintiffs, in connection with former operations at the Facility) and also that the proper procedure for requesting such documents is a request for production.

### Topic 135.

*All claims and notices produced to your insurance carriers or indemnitors related in whole or part to indemnity or insurance coverage for any activities, losses or matters related to the facility and all presentations, correspondence, studies, material or other arguments, facts or materials that you used to support, argue or settle that claim.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that insurance coverage is not relevant to the issue involved in this litigation, which is to determine LP's alleged liability, if any, to the named Plaintiffs, in connection with former operations at the

Facility) and also that the proper procedure for requesting such documents is a request for production.

## Topic 136.

*All settlement agreements, all documents and all other matters concerning the case of Ketchikan Pulp Co., et al. V. Ace Indemnity Ins., et al., Case Nos. A01-223-CV-JWS and A02-0102-CV-JWS, in the U.S. District Court for the District of Alaska, and Granite State Ins. Co., et al. v. Louisiana-Pacific Corp., et al., Case No. 4:01- CV-04842-CW, in the U.S. District Court, California Northern District (Oakland).*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to what should be interpreted as "concerning the case"), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that prior actions are not relevant to the issue involved in this litigation, which is to determine LP's alleged liability, if any, to the named Plaintiffs, in connection with former operations at the Facility), seeks information which is protected from discovery by the attorney-client privilege and/or work product doctrine (to the extent the request seeks communications with counsel regarding legal issues or advice), and also that the proper procedure for requesting such documents is a request for production.

## Topic 137.

*All depositions and discovery which existed or were taken in Ketchikan Pulp Co., et al. V. Ace Indemnity Ins., et al., Case Nos. A01-223-CV-JWS and A02-0102- CV-JWS, in the U.S. District Court for the District of Alaska, and Granite State Ins. Co., et al. v. Louisiana-Pacific*

*Corp., et al., Case No. 4:01-CV-04842-CW, in the U.S. District Court, California Northern District (Oakland).*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (in that the term "discovery" is not defined and is susceptible to multiple interpretations), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that prior actions are not relevant to the issue involved in this litigation, which is to determine LP's alleged liability, if any, to the named Plaintiffs, in connection with former operations at the Facility), seeks information which is protected from discovery by the attorney-client privilege and/or work product doctrine (to the extent the request seeks communications with counsel regarding legal issues or advice), and also that the proper procedure for requesting such documents is a request for production.

### Topic 138.

*Your contribution or payment for remediation and/or occupation at the site.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly in that "remediation and/or occupation at the site" is not defined) and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that contribution or payment for remediation is relevant to the issue involved in this litigation, which is to determine LP's alleged liability, if any, to the named Plaintiffs, in connection with former operations at the Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: costs

LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv.

### Topic 139.

*The percentage, if any, that your company has agreed to allocate to their share of responsibility for contamination at the site versus responsibility and share of the Co-Defendant and to what extent that division applies to responsibility for off-site contamination by air pathway.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly in that "off-site contamination" and "air pathway" are not defined), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that contribution or payment for remediation is relevant to the issue involved in this litigation, which is to determine LP's alleged liability, if any, to the named Plaintiffs, in connection with former operations at the Facility) and to the extent is seeks information that is protected from discovery by joint defense privilege (in that agreements regarding the defense of this litigation, if any exist, are privileged and therefore not the proper subject of 30(b)(6) testimony).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv.

**Topic 140.**

*Notices that you have provided to any co-defendant in this action, including their predecessor, parent, sister or related entity concerning the facility. (Note applicable time period in definitions.)*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly as to what is meant by the word "notices"), nonsensical insofar as there are only two named defendants in the cases but the question refers to "any co-defendant," seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that post-lawsuit communications between co-defendants are not relevant to this issue involved in this litigation, which by definition are based on alleged acts and omissions that pre-date the filings of the lawsuits), and seeks information that is protected from discovery by joint defense privilege (in that communications involving the defense of this litigation are privileged and therefore not the proper subject of 30(b)(6) testimony).

**Topic 141.**

*Negotiations for contributions to compliance with environmental regulations at the facility from 1982 to the present.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the use of the term "contributions" and the phrase "compliance with environmental regulations"), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the Facility), seeks information protected from discovery by the attorney-client

privilege/work product doctrine (to the extent any requested testimony would involve revealing communications between LP and its counsel regarding the strategy involved in any negotiations), seeks information that is solely in the possession of plaintiffs or others not under defendant's control (in that LP cannot be expected to offer testimony regarding the "negotiation" positions or postures of other entities), and seeks information protected from disclosure by joint defense privilege.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv.

### Topic 142.

*Your acceptance or rejection of responsibility for the alleged cost of clean-up and/or environmental compliance at the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the meaning of the phrases "your acceptance or rejection of responsibility for the alleged cost" and "environmental compliance"), seeks legal testimony/conclusion (to the extent the request seeks testimony from a fact witness regarding the legal obligations for any alleged responsibility), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the Facility), seeks information protected from discovery by the attorney-client privilege/work product doctrine (to the extent any requested testimony would involve revealing communications between LP and its counsel regarding the strategy involved in

any "acceptance or rejection"), and seeks information protected from disclosure by joint defense privilege.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv.

### Topic 143.

*Your communication with any other Defendant in this action concerning environmental remediation, cost of environmental remediation, environmental quality, compliance with environmental regulations.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the phrases "concerning" and "compliance with environmental regulations"), nonsensical insofar as there are only two named defendants in the cases but the question refers to communications with "any other Defendant," seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the facility), seeks information protected from discovery by the attorney-client privilege/work product doctrine (to the extent any requested testimony would involve revealing communications between LP and its counsel regarding the strategy involved in any negotiations), seeks information that is solely in the possession of Plaintiffs or others not under Defendant's control (in that LP cannot be expected to offer testimony regarding the positions or postures of other entities), and seeks information protected from disclosure by joint defense privilege.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv.

### Topic 144.

*Whether or not you contend that any other person or entity is responsible for hazardous waste emanating from the facility during the relevant time period.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the terms "contend," "responsible for," "hazardous waste," "emanating," and "relevant time period"), seeks a legal conclusion, potentially seeks information protected from disclosure by joint defense privilege, and is overly broad and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to the period during which LP operated the Facility.

### Topic 145.

*Whether or not you contend that any other person or entity is responsible for inspection of the facility during the relevant time period.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the terms "contend," "responsible for," "relevant time period," and "inspection"), seeks a legal conclusion, and potentially seeks information protected from disclosure by joint defense privilege.

## Topic 146.

*Whether or not you contend that any other person or entity is responsible for any claim made by any plaintiffs in this action.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the terms "contend" and "responsible for"), seeks a legal conclusion (in that the request seeks testimony from expert and witnesses regarding alternate causation theories), seeks information protected from disclosure by joint defense privilege, and is overly broad and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to the period during which LP operated the Facility. Defendant further objects to this proposed area in that LP has limited, and in many cases no, information about Plaintiffs' claims (with the exception, to an extent, of the four initial trial plaintiffs). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

## Topic 147.

*Any agreements related to your purchase and operation of the facility including any indemnity agreements or agreements to distribute and share cost of environment study remediation or other matters and all documents related to those agreement and any claims that you may have asserted under those agreements.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the terms "any agreements related to" and "environment study

remediation"), seeks a legal conclusion, and seeks information protected from disclosure by joint defense privilege.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv.

### Topic 148.

*Control of the facility location and/or your contribution to expense of control, security, remediation and/or prevention of future contamination.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the phrase "control of the facility") and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that it is not limited to the time during which LP operated the Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Lockhart sawmill operations during the period of LP's ownership and (2) costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv.

### Topic 149.

*The corporate structure and/or corporate flowchart of each Deponent, including the following: (a) the full and exact legal name in which its charter and articles of incorporation were issued; (b) the date and place of incorporation; (c) the names and relationships of any*

*corporations or other business entities affiliated with each Deponent, including but not limited to, parent corporations and/or subsidiary corporations; and (d) the identities and addresses of the officers and board members of any and all corporations previously identified, including the identity of each member of any corporate environmental committees. This area of testimony relates to the entity which operated the facility up to the present entity or defendant.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to what is meant by "each Deponent"), is overly broad and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that information regarding entities with no relevance to this matter is sought), and should properly be the subject of a request for production rather than a 30(b)(6) topic.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: LP's corporate structure during the time period it has owned the Lockhart facility.

### Topic 150.

*Any and all Shareholders' Annual Reports for all corporations which had ownership or liability of the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is overly broad, seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that information with no relevance to this matter is sought), should properly be the subject of a request for production rather than a 30(b)(6) topic, and is not properly limited in time to the period during which LP operated the Facility.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: shareholder meeting minutes reflecting discussion of the Lockhart facility, including any discussion of environmental issues relating to the facility.

### Topic 151.

*The financial status of the facility, including tax returns, financial statements, ledgers, profit and loss statements and/or accounting records reflecting total revenues and/or total expenditures on an annual basis for the relevant time period.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regards to the definition of the term "financial status"), is overly broad and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that information with no relevance to this matter is sought), should properly be the subject of a request for production rather than a 30(b)(6) topic, and is not properly limited in time to the period during which LP operated the Facility.

### Topic 152.

*All Board, Shareholders, Board Committee, Environmental Committee and compliance Committee meeting minutes of your corporation and the corporation which operated, owned or were responsible for the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is overly broad and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that information with no relevance to this matter is sought), should properly be the

subject of a request for production rather than a 30(b)(6) topic, and is not properly limited in time to the period during which LP operated the facility.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Non-privileged Board of Directors meeting minutes reflecting discussion of the Lockhart facility, including any discussions of environmental issues relating to the facility and (2) Non-privileged environmental committee meeting minutes reflecting discussion of the Lockhart facility, including any discussion of environmental issues relating to the facility.

## Topic 153.

*Corporate Policy Manuals and/or documents that govern the conduct of business operations, management, regulatory compliance, environmental protection policies, and safety policies of all of your companies including, but not limited to, Strategic Planning, Functional Planning, Financial Planning, Financial Record-Keeping, Capital Budgeting, Capital Expenditures, and Tax Planning for those activities. Including your financial ability to provide alternative means of waste disposal.*

## Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regards to the definition of the phrases "govern the conduct of," "all of your companies" and "your financial ability to provide"), is overly broad and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that information with no relevance to this matter is sought, including but not limited to such information for every facility LP has ever operated), should properly be the subject of a request

for production rather than a 30(b)(6) topic, and is not properly limited to the Facility at issue or to the period during which LP operated the facility.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding:  (1) LP's internal structure for handling environmental issues during its ownership of the Facility; (2) LP's Environmental, Health, and Safety program; (3) LP's environmental handbook; and (4) LP's environmental audit program.

### Topic 154.

*Any and all manuals and/or documents relating to employee benefit plans.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regards to the definition of the phrase "relating to employee benefit plans"), is overly broad and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that information with no relevance to this matter is sought), should properly be the subject of a request for production rather than a 30(b)(6) topic, and is not properly limited to the Facility at issue  or to the period during which LP operated the Facility.

### Topic 155.

*Budgetary requests, budgetary increases and/or expenditures for environmental matters regarding the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regards to the definition of the phrase "for environmental matters"), is overly broad and potentially seeks testimony that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence (in that information with no relevance to this matter appears to be sought), should properly be the subject of a request for production rather than a 30(b)(6) topic, and is not properly limited to the Facility at issue or to the period during which LP operated the Facility.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv.

### Topic 156.

*The cost or your contribution to clean-up, maintenance or environmental compliance at the facility from 1958 to the present.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regards to the definition of the phrase "clean-up, maintenance or environmental compliance"), is overly broad and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that information with no relevance to this matter is sought), should properly be the subject of a request for production rather than a 30(b)(6) topic, and requests information dating back more than 20 years prior to when LP even commenced operations at the Facility.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Facility

and (2) Costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv.

### Topic 157.

*The Deponent's plans or knowledge of the likely closing date or depletion date for the facility based upon any reasons, including depletion of forest products, markets or any other projections or predictions concerning the time during which the facility was expected to operate from time of purchase until closure.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the phrase "plans or knowledge").

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: LP's decision to close the Lockhart facility.

### Topic 158.

*All requirements of your probation resulting from any criminal convictions and any of your company's efforts to prevent or minimize criminal responsibility of its officers, employees, directors and facilities.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regards to the definition of the phrase "efforts to prevent or minimize criminal responsibility"), seeks information protected from discovery by the attorney-client privilege and/or work product doctrine (in that any communications between LP and its counsel regarding potential legal liability of its employees or otherwise is privileged), seeks testimony that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the Facility at issue or to the period during which LP operated that Facility), and should properly be the subject of a request for production rather than a 30(b)(6) topic.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental laws relative to the Facility; (2) LP's internal structure for handling environmental issues during its ownership of the Facility; (3) LP's Environmental, Health, and Safety program; (4) LP's environmental handbook; (5) LP's environmental audit program; (6) Any notices of violation or similar citations resulting from inspections at the Lockhart facility; (7) Any consent order issued with respect to the Lockhart facility during the period of LP's ownership; and (8) Any other consent order or decree imposing requirements applicable to the Lockhart facility.

### Topic 159.

*Costs of pollution control and devices used at the facility and costs or alternative methods of pollution control.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the terms "costs" and "alternative methods of pollution control") and calls for expert testimony beyond the requirements of Rule 26 (in that the request seeks testimony regarding information shared with LP by experts regarding "alternative methods of pollution control" which such information was provided for purposes of preparing for or

defending this litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental laws relative to the Facility; (2) Environmental permits issued to the Facility during the period of LP's ownership; and (3) Costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv.

### Topic 160.

*Costs of savings from both transportation and disposal of all amounts of hazardous chemicals disposed of by burning, burial or dumping at the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the terms "costs of savings," "hazardous chemicals," "burning," "burial," and "dumping") and calls for expert testimony beyond the requirements of Rule 26. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership; (2) Disposal of boiler ash at the Lockhart facility during the period of LP's ownership; and (3) Off-site disposal of wastes from the Facility during LP's ownership.

**Topic 161.**

*Costs of savings from both transportation and disposal of all amounts of hazardous chemicals disposed of by discharge at the facility.*

## Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the terms "costs of savings" and "hazardous chemicals") and calls for expert testimony beyond the requirements of Rule 26. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership; (2) Disposal of boiler ash at the Lockhart facility during the period of LP's ownership; and (3) Off-site disposal of wastes from the Facility during LP's ownership.

**Topic 162.**

*Affairs overseen by the Environmental Affairs Committee of the Board of Directors related to any site in the State of Alabama.*

## Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly in that is does not define "affairs overseen"), seeks information protected from discovery by the attorney-client privilege and/or work product doctrine (in that any communications between LP and its counsel regarding advice on environmental affairs is privileged), and seeks testimony that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence (in that the topic is not limited to the Facility at issue or to the period during which LP operated that facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Non-privileged Board of Directors meeting minutes reflecting discussion of the Lockhart facility, including any discussions of environmental issues relating to the facility and (2) Non-privileged environmental committee meeting minutes reflecting discussion of the Lockhart facility, including any discussion of environmental issues relating to the facility.

### Topic 163.

*Affairs overseen by the Environmental Affairs Committee of the Board of Directors related to any site in the United States.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly in that is does not define "affairs overseen"), seeks information protected from discovery by the attorney-client privilege and/or work product doctrine (in that any communications between LP and its counsel regarding advise on environmental affairs is privileged), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the topic is not limited to the facility at issue or to the period during which LP operated that facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant is prepared to provide a 30(b)(6) witness to discuss the topics of (1) Non-privileged Board of Directors meeting minutes reflecting discussion of the Lockhart facility, including any discussions of environmental issues relating to the facility and

(2) Non-privileged environmental committee meeting minutes reflecting discussion of the Lockhart facility, including any discussion of environmental issues relating to the facility.

### Topic 164.

*Your investigation or receipt of Plaintiffs' counsel credit and financial reports and status.*

### Objections

Defendant objects to this proposed area of testimony because it is not reasonably calculated to lead to the discovery of admissible evidence (in that no such effort, if it were to have occurred, would be related in any way to LP's alleged liability in this litigation).

### Topic 165.

*Criminal investigations, charges, indictments, or convictions of your company, its predecessors, or any of its management or personnel entrusted with environmental management during the applicable time period.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regards to the definition of the phrase "entrusted with environmental management" and "applicable time period"), seeks information protected from discovery by the attorney-client privilege and/or work product doctrine (in that any communications between LP and its counsel regarding legal strategy, including strategy related to any alleged criminal investigations, is privileged), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the Facility at issue or to the period during which LP operated that Facility), and should properly be the subject of a request for production rather than a 30(b)(6) topic.

**Topic 167.**

*Air monitoring or sampling performed at, or in the vicinity of, the facility, including but not limited to: ambient temperature, wind speed and wind direction at noted anemometer heights, barometric pressure, cloud conditions, concentration measurements of chemical constituents including particulate matter and constituents grouped according to their physical or chemical characteristics.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the terms "chemical constituents" and "constituents grouped according to their physical or chemical characteristics"), seeks information regarding experts outside the requirements of Rule 26 (in that any monitoring or sampling performed by LP's experts for the purposes of preparing for or defending this litigation is not subject to disclosure at this time), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the Facility), and should properly be the subject of a request for production rather than a 30(b)(6) topic. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

**Topic 168.**

*Surface and subsurface water flow and /or contaminant transport modeling simulations undertaken by, or on behalf of, your corporation, for the facility in question for any purpose, including the computer program used, assembled information and data ('raw' data), input and output data sets, assumptions and hypotheses made, model calibrations, verifications, model applications, conclusions derived from these simulations, Groundwater Monitoring Reports,*

*water sampling, water sampling results, water sampling results reported to regulatory agencies, Groundwater Assessments, Site Characterization Reports, Groundwater Sampling Reports, Groundwater Corrective Action Plans, Groundwater Remediation Programs, Corrective Action Performance Evaluation Reports, and all appendices, tables, figures, measurements, maps data, logs, results and attachments that accompany such reports, plans, studies and assessments. Please note that this area includes the means by which or determination of sampling, monitoring or removal site locations were selected.*

### Objections

Defendant objects to this proposed area of testimony because it seeks information regarding experts outside the requirements of Rule 26 (in that any monitoring, modeling, or sampling performed by LP's experts for the purposes of preparing for or defending this litigation is not subject to disclosure at this time), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated that Facility), and should properly be the subject of a request for production rather than a 30(b)(6) topic. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Environmental permits issued to the Lockhart facility during the period of LP's ownership; (2) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (3) Communications about wood

treatment and other Facility operations to ADEM and EPA; and (4) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility.

### Topic 169.

*Sampling, boring or well locations on, or in the vicinity of, the facility associated with 'free' product or concentrated areas of wastes, and measurements and samplings of dissolved constituent concentrations in water or air collected on, or in the vicinity of, the facility, including but not limited to: chemical constituent sampled, analytical result, method of analysis, qualifiers, depth of sample, units of measurement, detection limits and selection of test times and locations.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including as to failing to define the term "free product"), seeks information regarding experts outside the requirements of Rule 26 (in that any monitoring or sampling performed by LP's experts for the purposes of preparing for or defending this litigation is not subject to disclosure at this time), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated that Facility), and should properly be the subject of a request for production rather than a 30(b)(6) topic. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant is prepared to provide a 30(b)(6) witness to discuss the topics of (1) Environmental permits issued to the Lockhart facility during the period of LP's ownership; (2) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (3) Communications

about wood treatment and other Facility operations to ADEM and EPA; and (4) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility.

### Topic 170.

*All domestic and other public and/or private wells on, or in the vicinity of, the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the term "in the vicinity of"), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated that Facility), seeks testimony regarding information that is under neither the custody or control of Defendant (in that LP cannot offer testimony regarding the location of wells on property that is not owned by LP), and should properly be the subject of a request for production rather than a 30(b)(6) topic.

### Topic 171.

*The identification and abandonment of wells on property in the vicinity of the facility or on the facility itself, including, but not limited to: well identification program, well locations, owners, dates of construction and abandonment, method and procedures of abandonment, well information records (depth, capacity, screened intervals, uses of water), measurement records, pumping rate records, chemical concentration samples, hydraulic and analytical date used to assess possible well abandonment, including your reasons for abandonment.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the terms "in the vicinity of" and "assess possible well abandonment"), seeks testimony that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence (in the request is not limited to the period during which LP operated that Facility), seeks testimony regarding information that is under neither the custody nor control of Defendant (in that LP cannot offer testimony regarding the location of wells on property that is not owned by LP), and should properly be the subject of a request for production rather than a 30(b)(6) topic.

### Topic 172.

*Soil borings, soil samples and sediment samples collected on, or in the vicinity of, the facility, including, but not limited to, name, date of construction/replacement, date of sample, depth of sample, lithologic logs, boring depth, ground surface and top of casing elevation, location description and survey coordinates, concentration measurements of chemical constituents, method of analysis, analytical result, qualifiers, units, comments and all other measurement, lab, and analytical data associated with such, including any photographs or descriptions of those borings or samples.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the terms "in the vicinity of," "location description," and "method of analysis"), seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated that Facility), seeks testimony regarding information that is under neither the custody nor control of Defendant (in that LP cannot offer testimony regarding the sampling on property that is not owned by LP), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding any borings and samples collected by LP's experts for purposes of preparing for or defending this litigation), and should properly be

the subject of a request for production rather than a 30(b)(6) topic. Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Environmental permits issued to the Lockhart facility during the period of LP's ownership; (2) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (3) Communications about wood treatment and other Facility operations to ADEM and EPA; and (4) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility.

### Topic 173.

*Risk assessments or health assessments performed on or offsite of the facility, including any in electronic format.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the phrases "risk assessments," "health assessments," and "offsite"), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding any assessments performed by LP's experts for purposes of preparing for or defending this litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated that Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant is prepared to provide a 30(b)(6) witness to discuss the topics of LP's Environmental, Health, and Safety program.

### Topic 174.

*Industrial hygiene studies, employee monitoring, medical surveillance data, health surveys, occupational health studies and/or exposure monitoring performed at any and/or all of your corporations' facilities for any and all types of health exposures in wood product manufacturing. This includes health profiles, comparative community studies, community health profiles, epidemiology studies or any other health studies performed on the nearby residences and/or communities at any and/or all of your corporation's wood product processing facilities.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the phrases "employee monitoring," "health surveys," "exposure monitoring," "health exposures," and "health studies"), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding activities performed by LP's experts for purposes of preparing for or defending this litigation) and/or prematurely requires expert testimony (including testimony regarding materials upon which LP's testifying experts may rely), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the facility at issue in this litigation or to period during which LP operated that facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) LP's Environmental, Health, and Safety program; (2) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (3) Communications about wood treatment and other Facility operations to ADEM and EPA; (4) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; (5) Information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals; and (6) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

### Topic 175.

*Documentation and/or activities of the Dioxin Task Force or any similar internal or external organization, which studied or studies issues associated with dioxin and/or furan formation and releases as a matter of environmental compliance, concerns, or health risk.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that "Dioxin Task Force" is undefined and it is impossible to determine what Plaintiffs intend by the phrase "similar internal or external organization," and the phrase "issues associated with dioxin and/or furan formation" is overly broad) and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the Facility at issue in this litigation).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1)

memberships during the time LP operated the Lockhart facility in industry or trade groups that dealt with issues relating to wood treatment activities, if any; (2) Non-privileged Board of Directors meeting minutes reflecting discussion of the Lockhart facility, including any discussions of environmental issues relating to the facility; (3) Non-privileged environmental committee meeting minutes reflecting discussion of the Lockhart facility, including any discussion of environmental issues relating to the facility; and (4) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits;

### Topic 176.

*Demographic or epidemiological studies conducted by, or on behalf of your corporation relating to nearby residences or the community where the facility is located, or in any community in the vicinity of a wood product manufacturing facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including with regard to the phrase "any community in the vicinity of a wood product manufacturing facility"), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding activities performed by LP's experts for purposes of preparing for or defending this litigation) and/or prematurely requires expert testimony (including testimony regarding materials which LP's testifying experts may rely), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the facility at issue in this litigation or to period during which LP operated that facility). Defendant will make expert disclosures and produce expert

testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 177.

*Scientific literature, worker studies, community studies, animal studies, epidemiological studies, toxicological studies and reports regarding the health effects of creosote, creosote constituents, pentachlorophenol, dioxins, CCA, or chemicals used, either presently or in the past, at the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including with regard to other "chemicals used"), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding activities performed by LP's experts for purposes of preparing for or defending this litigation) and/or prematurely requires expert testimony (including testimony regarding materials which LP's testifying experts may rely), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated that facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 178.

*Testing at the facility site or elsewhere within a five mile radius of the facility, whether it be blood, soil, air, dust attic samples, or any other form of environmental testing, including the date on which the tests were performed, what entities and persons were involved in the testing, all reports concerning the testing and the nature and purpose of the testing.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of "testing at the facility site"), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding activities performed by LP's experts for purposes of preparing for or defending this litigation) and/or prematurely requires expert testimony (including testimony regarding materials which LP's testifying experts may rely), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated that facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; and (3) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

**Topic 179.**

*All safety and exposure studies done or funded by you at the facility, or any other wood product facility operated by your corporation at any time.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of "testing at the facility site"), seeks information

regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding activities performed by LP's experts for purposes of preparing for or defending this litigation) and/or prematurely requires expert testimony (including testimony regarding materials which LP's testifying experts may rely), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the Facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; and (3) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

## Topic 180.

*Any reasons or purposes that you contend that trial plaintiffs' diseases were caused by any other condition or circumstance other than exposure to hazardous chemicals emitted by your facility.*

## Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including as to the definition of the phrases "hazardous chemicals" and "trial plaintiffs' diseases"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding alternate causation theories

developed by LP's counsel and experts for purposes of preparing for or defending this litigation), calls for a legal conclusion (in that this request seeks testimony from a fact witness regarding legal contentions that are not the proper subject of a 30(b)(6) witness' testimony), and calls for expert testimony, opinion, or analysis (in that the topic seeks testimony regarding theories developed by LP's experts for purposes of preparing for or defending this litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

## Topic 181.

*Your contentions, if any, that hazardous chemicals emitted by your facility do not generally cause the type of health conditions of the trial plaintiffs.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including as to the definition of the phrases "hazardous chemicals" and "trial plaintiffs' diseases"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding alternate causation theories developed by LP's counsel and experts for purposes of preparing for or defending this litigation), calls for a legal conclusion (in that this request seeks testimony from a fact witness regarding legal contentions that are not the proper subject of a 30(b)(6) witness' testimony), and calls for expert testimony, opinion, or analysis (in that the topic seeks testimony regarding theories developed by LP's experts for purposes of preparing for or defending this litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 182.

*The sampling analysis methods that you contend are proper for determination of off-site contamination and determination of Plaintiffs' exposure to hazardous substances.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of "proper," "off-site contamination," and "determination of Plaintiffs' exposure to hazardous substances"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding alternate causation theories developed by LP's counsel and experts for purposes of preparing for or defending this litigation), calls for a legal conclusion (in that this request seeks testimony from a fact witness regarding legal contentions that are not the proper subject of a 30(b)(6) witness' testimony), and calls for expert testimony, opinion, or analysis (in that the topic seeks testimony regarding theories developed by LP's experts for purposes of preparing for or defending this litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 183.

*The methods that you contend should be used in order to determine Plaintiffs' (or Plaintiffs' decedents) exposure to chemicals and substances alleged to have come from your facility, including primary and secondary air exposure, dust, soil, ingestion, or absorption.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including with regard to the definition of "chemicals" and "substances alleged to have come

from your facility"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding alternate causation theories developed by LP's counsel and experts for purposes of preparing for or defending this litigation), calls for a legal conclusion (in that this request seeks testimony from a fact witness regarding legal contentions that are not the proper subject of a 30(b)(6) witness' testimony), and calls for expert testimony, opinion, or analysis (in that the topic seeks testimony regarding theories developed by LP's experts for purposes of preparing for or defending this litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 184.

*The relationship of the chemicals which Plaintiffs allege in their Complaint (CCA, arsenic, dioxin/furans, pentachlorophenol, creosote and their constituents) to have emanated from your facility with the likely cause of Plaintiffs' (or Plaintiffs' decedents) diseases (Ewings Sarcoma, lung cancer and brain tumor).*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including with regard to the definition of "relationship of the chemicals" and "the likely cause of Plaintiffs' diseases"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding alternate causation theories developed by LP's counsel and experts for purposes of preparing for or defending this litigation), calls for a legal conclusion (in that this request seeks testimony from a fact witness regarding legal contentions that are not the proper subject of a 30(b)(6) witness' testimony), and calls for expert testimony, opinion, or analysis (in that the topic seeks testimony regarding

theories developed by LP's experts for purposes of preparing for or defending this litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 185.

*The amount of exposure that you contend would be required both in amount and in distance and time for a person to suffer ill health effects from the hazardous chemicals that were emitted from the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including with regard to the definitions of "ill health effects" and "hazardous chemicals"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding alternate causation theories developed by LP's counsel and experts for purposes of preparing for or defending this litigation), calls for a legal conclusion (in that this request seeks testimony from a fact witness regarding legal contentions that are not the proper subject of a 30(b)(6) witness' testimony), and calls for expert testimony, opinion, or analysis (in that the topic seeks testimony regarding theories developed by LP's experts for purposes of preparing for or defending this litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 186.

*Any studies that you conducted or consulted to determine any health effects related to hazardous chemicals emitted from the facility.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including with regard to the definition of "health effects related to hazardous chemicals emitted from the facility"), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding activities performed by LP's experts for purposes of preparing for or defending this litigation) and/or prematurely requires expert testimony (including testimony regarding materials which LP's testifying experts may rely), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated that facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

**Topic 187.**

*The nature of any ill health effects that you contend or admit could or would result from exposure to the hazardous chemicals used or emitted from the facility, including the amount of chemical, concentration and time required to produce any adverse health effects.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including with regard to the definitions of "any ill health effects," "hazardous chemicals," and "adverse health effects"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding alternate causation theories developed by LP's counsel and experts for purposes of preparing for or defending this litigation), calls for a legal conclusion (in that this request seeks testimony from a fact witness regarding legal contentions that are not the proper subject of a 30(b)(6) witness' testimony), and

calls for expert testimony, opinion, or analysis (in that the topic seeks testimony regarding theories developed by LP's experts for purposes of preparing for or defending this litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 188.

*All information received by you, or provided by you, from or to any trade associations during the relevant time period concerning wood treatment, the operation of the facility, the operation of your corporation, or the safety of the wood treatment chemicals used by your corporation, or any other environmental matter.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the terms "information," "trade associations," "the operation of your corporation," and "any other environmental matter") and is overly broad and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the facility at issue in this litigation or to period during which LP operated that facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) memberships during the time LP operated the Lockhart facility in industry or trade groups that dealt with issues relating to wood treatment activities, if any and (2) Material Safety Data Sheets (MSDSs) and other information received by LP regarding wood treatment chemicals used at the Lockhart facility.

### Topic 189.

*Risk assessments to workers or persons in the vicinity of this facility or any other facility which provide data which you contend is relevant to this facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the terms "risk assessments" and "persons in the vicinity") and is overly broad and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the Facility at issue in this litigation or to period during which LP operated that Facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) LP's Environmental, Health, and Safety program; (2) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (3) Communications about wood treatment and other Facility operations to ADEM and EPA; (4) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; (5) Information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals; and (6) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

### Topic 190.

*The name, address and written report of each and every person, corporation, entity which have been employed by you to do environmental or health studies related to wood treatment facilities, or the community of Florala/Lockhart.*

## Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definitions of "related to wood treatment facilities" and "environmental or health studies"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding studies or monitoring performed by LP's experts for purposes of preparing for or defending this litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the facility at issue in this litigation or to period during which LP operated that facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) LP's Environmental, Health, and Safety program; (2) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (3) Communications about wood treatment and other Facility operations to ADEM and EPA; (4) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; (5) Information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals; and (6) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

**Topic 191.**

*Any and all compounds detected in any creosote, pentachlorophenol or CCA samples, or samples of their waste at the facility for each year such chemicals were used.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of "compounds seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding alternate causation theories developed by LP's counsel and experts for purposes of preparing for or defending this litigation), calls for a legal conclusion (in that this request seeks testimony from a fact witness regarding legal contentions that are not the proper subject of a 30(b)(6) witness' testimony), and calls for expert testimony, opinion, or analysis (in that the topic seeks testimony regarding theories developed by LP's experts for purposes of preparing for or defending this litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) The identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility; (2) Material Safety Data Sheets (MSDSs) and other information received by LP regarding wood treatment chemicals used at the Lockhart facility; and (3) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

**Topic 192.**

*Any voluntary consumer awareness programs or other programs in which you participated concerning the nature of the chemicals used at your facility.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the terms "voluntary consumer awareness programs" and "the nature of the chemicals used at your facility") and is overly broad and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in that the request is not limited to the facility at issue in this litigation or to period during which LP operated that facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals; (2) Material Safety Data Sheets (MSDSs) and other information received by LP regarding wood treatment chemicals used at the Lockhart facility; and (3) Environmental training and/or presentations relating to wood treatment chemicals at the Lockhart Facility.

**Topic 193.**

*Your contentions concerning the identity and nature of chemicals used at or emitted from the facility including your contentions on adverse health effects and time of exposure and amount required to cause adverse health effects. What do you contend is bad enough to cause disease and if you contend that no adverse health effects caused to Plaintiffs and what type disease do you admit it does cause.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definitions of "identity and nature of chemicals," "adverse health

effects," "bad enough," and the "disease" about which Plaintiffs seek information), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding alternate causation theories developed by LP's counsel and experts for purposes of preparing for or defending this litigation), calls for a legal conclusion (in that this request seeks testimony from a fact witness regarding legal contentions that are not the proper subject of a 30(b)(6) witness' testimony), and calls for expert testimony, opinion, or analysis (in that the topic seeks testimony regarding theories developed by LP's experts for purposes of preparing for or defending this litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 194.

*What do you contend are authoritative sources for information to calculate or determine amount of exposure and effects of exposure to chemicals used at or emitted from the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of "authoritative sources" and as to what chemicals specifically are being referenced), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding alternate causation theories developed by LP's counsel and experts for purposes of preparing for or defending this litigation), calls for a legal conclusion (in that this request seeks testimony from a fact witness regarding legal contentions that are not the proper subject of a 30(b)(6) witness' testimony), and calls for expert testimony, opinion, or analysis (in that the topic seeks testimony regarding theories developed by LP's experts for purposes of preparing for or defending this

litigation).  Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 195.

*Any medical or environmental research funded or partially funded by you.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of "medical or environmental research"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding studies or monitoring performed by LP's experts for purposes of preparing for or defending this litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the facility at issue in this litigation or to period during which LP operated that facility).  Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) LP's Environmental, Health, and Safety program; and (3) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

## Topic 196.

*Any studies on your employees or neighborhoods surrounding any of your facilities, whether by you or by any other entity.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of "neighborhoods surrounding any of your facilities"), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding activities performed by LP's experts for purposes of preparing for or defending this litigation) and/or prematurely requires expert testimony (including testimony regarding materials upon which LP's testifying experts may rely), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the facility at issue in this litigation or to period during which LP operated that facility).  Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

## Topic 197.

*Any and all information and testimony concerning notice or expected expense for treating workers for either acute or chronic exposure to metals or toxic chemical at your facilities during the relevant time period.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of "notice or expected expense" and "metals or toxic chemical"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's

attorneys for purposes of preparing for or defending this litigation), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding studies or monitoring performed by LP's experts for purposes of preparing for or defending this litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to facility at issue in this litigation or to the period during which LP operated that facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) LP's Environmental, Health, and Safety program and (2) Information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals.

### Topic 198.

*Your reasons, if any, for not testing for dioxin/furans in soil, water or air emissions, both on site and off site, including the selection, method and results of any dioxin/furan test sites if samples were taken.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding studies or monitoring performed by LP's experts for purposes of preparing for or defending this litigation), and seeks testimony that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to facility at issue in this litigation or to the period during which LP operated that facility).  Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood treatment and other Facility operations to ADEM and EPA; (3) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; and (4) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

### Topic 199.

*Whether or not you sampled air quality or historical air quality on site or off site and if not, why.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the term "off site"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding studies or monitoring performed by LP's experts for purposes of preparing for or defending this litigation), and seeks testimony that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to facility at issue in this litigation or to the period during which LP operated that facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood treatment and other Facility operations to ADEM and EPA; (3) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; and (4) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

### Topic 200.

*What, if anything, you did or didn't do to determine locations of well sites and/or sampling times and locations.*

### Objections

Defendant objects to this proposed area of testimony because it is vague, ambiguous, and unintelligible as written (Defendant cannot reasonably ascertain what Plaintiffs mean by "What, if anything, [Defendant] did or didn't do"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding studies or monitoring performed by LP's experts for purposes of

preparing for or defending this litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to facility at issue in this litigation or to the period during which LP operated that facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood treatment and other Facility operations to ADEM and EPA; (3) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; and (4) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

### Topic 201.

*The history of soil excavations and remediation efforts conducted on, or in the vicinity of the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the term "history of soil excavations and remediation efforts"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding studies

or monitoring performed by LP's experts for purposes of preparing for or defending this litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility).  Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood treatment and other Facility operations to ADEM and EPA; (3) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; and (4) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

### Topic 202.

*Everything done in connection with the remediation of the facility, including results of air samples, soil samples, water samples, or other tests.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the term "everything done"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding studies or monitoring performed by LP's

experts for purposes of preparing for or defending this litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits; (2) Communications about wood treatment and other Facility operations to ADEM and EPA; (3) Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility; and (4) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership.

### Topic 203.

*Appraisals of any and all property, residential or commercial, within a two mile radius of the facility or along the flood plain down gradient of the facility, as well as any and all purchases and/or leases of parcels of residential and/or commercial properties in the vicinity of the facility.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the term "along the flood plain down gradient of the facility"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's

attorneys for purposes of preparing for or defending this litigation), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding studies or monitoring performed by LP's experts for purposes of preparing for or defending this litigation), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility).  Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 204.

*All tolling agreements or agreements to toll statute of limitations with the plaintiffs or any other parties in this action.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks legal testimony (in that it seeks testimony from a fact witness regarding agreements between counsel), seeks information already within the custody and control of Plaintiffs' counsel; and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility and also relates to inadmissible legal agreements between counsel).

### Topic 205.

*Any of your defenses to this action.*

**Objections**

Defendant objects to this proposed area of testimony because it is overbroad (in that it fails to specify the information sought with reasonable particularity), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks legal testimony (in that it seeks testimony regarding the legal significance of defenses raised by LP's counsel from a fact witness), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will provide a 30(b)(6) witness to speak to the 46 separately-identified topics listed above, each of which is implicated by the claims and defenses in this litigation.

**Topic 206.**

*All issues set out in the plaintiff's complaint.*

**Objections**

Defendant objects to this proposed area of testimony because it is overbroad (in that it fails to specify the information sought with reasonable particularity), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks legal testimony (in that it seeks testimony regarding the legal significance of defenses raised by LP's counsel from a fact witness), and seeks testimony that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will provide a 30(b)(6) witness to speak to the 46 separately-identified topics listed above, each of which is implicated by the claims and defenses in this litigation.

### Topic 207.

*All of your other facilities which were sold to or purchased from any other Defendant in this action or their predecessors.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the facility at issue in this litigation or to the period during which LP operated the facility).

### Topic 208.

*Any communications and information provided to experts employed or consulted relative to the claims, defenses, facts and/or allegations in this action.*

### Objections

Defendant objects to this proposed area of testimony on the grounds that it seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding studies or

monitoring performed by LP's experts for purposes of preparing for or defending this litigation). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### Topic 209.

*Your duties related to operation of the facility and release or control of hazardous substances.*

### Objections

Defendant objects to this proposed area of testimony on the grounds that it is overly broad and fails to identify any "duty" with reasonable particularity; seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks legal testimony (in that it seeks testimony regarding a legal determination of duty from a fact witness), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will provide a 30(b)(6) witness to speak to the 46 separately-identified topics listed above, each of which is implicated by the claims and defenses in this litigation.

### Topic 210.

*The breach of your duty to control release of hazardous substances.*

**Objections**

Defendant objects to this proposed area of testimony because it is overly broad and fails to identify any "duty" or the supposed breach thereof with reasonable particularity; seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks legal testimony (in that it seeks testimony regarding a legal determination of breach of duty from a fact witness), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility).

**Topic 211.**

*The best practices for operation of the facility, pollution control devices and environmental protection during each year of operation.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of the term "best practices"), fails to identify the "pollution control devices" Plaintiffs seek information on with reasonable particularity; seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks information regarding experts outside the requirements of Rule 26 (in that the topic seeks testimony regarding studies or monitoring performed by LP's experts for purposes of preparing for or defending this litigation), seeks legal testimony (in that it seeks testimony regarding a legal determination whether certain acts constitute best practices, which is a term with legal significance), and seeks testimony that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility). Defendant will make expert disclosures and produce expert testimony consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will provide a 30(b)(6) witness to speak to the 46 separately-identified topics listed above, each of which is implicated by the claims and defenses in this litigation.

### Topic 212.

*Issues regarding spoliation as defined by the Alabama Pattern Jury Instructions.*

### Objections

Defendant objects to this proposed area of testimony because it seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks legal testimony (in that it seeks testimony regarding a legal determination of breach of duty from a fact witness), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposition of Lockhart facility records and (2) the "spoliation" allegations you have raised in prior correspondence and Plaintiffs' complaints.

**Topic 213.**

*Your pattern and practice of disregarding or violating environmental laws and regulations within the State of Alabama, including citations, warnings and contamination at other Alabama sites owned or operated by you.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including the failure to define the term "environmental laws and regulations"), is argumentative (in that it improperly suggests Defendant had a pattern and practice of disregarding or violating environmental laws and regulations), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks legal testimony (in that it seeks testimony regarding a legal determination of breach of duty from a fact witness), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility).

**Topic 214.**

*Any activities, notices, citations or other matters which occurred outside the State of Alabama which could or reasonably should have put your company on notice that proper environmental protection was not being practiced in the State of Alabama or that there existed a failure or questionable compliance of your environmental management, employee training or corporate detection.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (including that the phrases "could or reasonably should have put your company on notice" and "failure or questionable compliance" are not defined so as to allow a meaningful response), is argumentative (in that it improperly suggests Defendant had a pattern and practice of disregarding or violating environmental laws and regulations or had a "failure or questionable compliance"), seeks testimony that is protected from discovery by the attorney-client privilege and/or work product doctrine (in that it seeks testimony regarding evaluations performed by LP's attorneys for purposes of preparing for or defending this litigation), seeks legal testimony (in that it seeks testimony regarding a legal determination of breach of duty from a fact witness), and seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (in the request is not limited to the period during which LP operated the facility).

**Topic 215.**

*Issues related to determination of damages, including the net worth of your company.*

**Objections**

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to the definition of "issues related to determination of damages"); seeks financial information that is publicly-available to Plaintiffs (as LP is a publicly-traded company), and testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (inasmuch as LP's financial status is irrelevant and inadmissible).

**Topic 216.**

*Knowledge, position, activities and expected testimony of John Harrie, Ronald Paul and those persons listed in either Defendants' Rule 26 disclosures.*

**Objections**

Defendant objects to this proposed area of testimony as overly broad and unduly burdensome inasmuch as the identified individuals are expected to testify in this litigation.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Identification of individuals with management responsibilities relating to the Lockhart facility and their contacts with same and (2) Identification of third-party contractors who have performed remedial work at the Lockhart facility.

**Topic 217.**

*The identity of each and every employee or contractor of the Deponent who was ever present at the facility, including the date of their presence and purpose from January 1, 2002, to present. Please include the dates that they were present at the facility.*

**Objections**

Defendant objects to this proposed area of testimony on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in seeking information regarding each and every LP employee or contractor ever present at the Facility for any duration or for any purposes over a many year period.

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Identification of individuals with management responsibilities relating to the Lockhart facility

and their contacts with same and (2) Identification of third-party contractors who have performed remedial work at the Lockhart facility.

### Topic 218.

*The spoliation, destruction of documents, tampering of witnesses, contacts with plaintiffs and plaintiffs' families during the pendency of this litigation, or after you received notice of the fact that plaintiffs made claims against your company.*

### Objections

Defendant objects to this proposed area of testimony because it is vague and ambiguous (particularly with regard to what Plaintiffs mean by alleged "tampering of witnesses") and unduly argumentative (in that it improperly alleges that Defendant engaged in spoliation, destruction of documents, tampering of witnesses, or improper contacts with plaintiffs and plaintiffs' families).

Subject to and without waiving the general objections set forth above and the specific objections set forth herein, Defendant will produce a 30(b)(6) witness to testify regarding: (1) Disposition of Lockhart facility records and (2) the "spoliation" allegations you have raised in prior correspondence and Plaintiffs' complaints.

### CONCLUSION

Defendant expressly reserves the right to modify or amend each objection set forth herein.

Respectfully submitted this _____ 5 _____ day of October, 2007.

Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant
Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama  36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219

Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ___5th___ day of October, 2007, I served the foregoing DEFENDANT LOUISIANA-PACIFIC CORPORATION'S OBJECTIONS TO PLAINTIFFS' PROPOSED 30(b)(6) DESIGNATIONS on the following identified counsel:

W. Eason Mitchell

Gregory A. Cade

Bob Palmer

John Berghoff

Mark TerMolen

Matt Sostrin

Roberta Wertman

Jaimy Hamburg

_____
Of Counsel