# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Bernard Taylor, Sr.  Direct Dial: 404-881-7288  E-mail: bernard.taylor@alston.com

September 21, 2007

**VIA EMAIL AND U.S. MAIL**

W. Eason Mitchell, Esq.
The Colom Law Firm, LLC
200 Sixth Street North
Suite 102
Columbus, MS 39701

Re: *M.C. v. Pactiv Corp., et. al.*
**30(b)(6) Deposition Notice**

Dear Eason:

    I am sending this letter as part of our continuing dialogue with you regarding the "Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)" ("Notice") previously served on Louisiana-Pacific (LP). This letter is intended to address the "Areas of Testimony" listed in the 30(b)(6) portion of the Notice. We will take up the document requests embedded in both the 30(b)(5) and 30(b)(6) portions of the Notice, along with the document requests in your Rule 34 Request for Production, separately.

    We are eager to work with you to identify those topics on which you are entitled to obtain 30(b)(6) testimony. We have reviewed your Notice in detail and developed the following list of subjects that we agree are properly subject to discovery in this case via the 30(b)(6) deposition process. This list of topics represents a good faith effort to synthesize the 218 separate "Areas of Testimony" in your Notice, many of which are duplicative of other items, into a manageable list so that we can identify appropriate witnesses to provide all testimony to which Plaintiffs are reasonably entitled.

(1) LP's corporate structure during the time period it has owned the Lockhart facility;

(2) Identification of individuals with management responsibilities relating to the Lockhart facility and their contacts with same;

Bank of America Plaza            90 Park Avenue            3201 Beechleaf Court, Suite 600    The Atlantic Building
101 South Tryon Street, Suite 4000   New York, NY 10016         Raleigh, NC 27604-1062         950 F Street, NW
Charlotte, NC 28280-4000         212-210-9400               919-862-2200                   Washington, DC 20004-1404
704-444-1000                     Fax: 212-210-9444          Fax: 919-862-2260              202-756-3300
Fax: 704-444-1111                                                                          Fax: 202-756-3333

W. Eason Mitchell
September 21, 2007
Page 2

    (3)    Non-privileged Board of Directors meeting minutes reflecting discussion of the Lockhart facility, including any discussions of environmental issues relating to the facility;

    (4)    Shareholder meeting minutes reflecting discussion of the Lockhart facility, including any discussion of environmental issues relating to the facility;

    (5)    Non-privileged environmental committee meeting minutes reflecting discussion of the Lockhart facility, including any discussion of environmental issues relating to the facility;

    (6)    Lockhart sawmill operations during the period of LP's ownership;

    (7)    Lockhart treatment plant operations during LP's ownership;

    (8)    Lockhart boiler operations during the period of LP's ownership;

    (9)    Ponds 1, 2 and 3;

    (10)    The spray evaporation system;

    (11)    Lockhart wood treatment cylinder operations during LP's ownership;

    (12)    Separator units for used wood treatment chemicals at the facility;

    (13)    The facility drip pad;

    (14)    The facility's layout/organization;

    (15)    Equipment and methods used in wood treatment operations during LP's ownership;

    (16)    The identification, purchase, and dates of use of each wood treatment chemical LP used at the Facility;

    (17)    Suppliers of chemicals used in wood treatment operations;

    (18)    Material Safety Data Sheets (MSDSs) and other information received by LP regarding wood treatment chemicals used at the Lockhart facility;

    (19)    The amounts of treated and untreated wood products produced by the Lockhart facility during the period of LP's operations;

    (20)    Environmental permits issued to the Lockhart facility during the period of LP's ownership;

W. Eason Mitchell
September 21, 2007
Page 3

(21)  Disposal of wastes resulting from wood treatment operations at the Lockhart facility during the period of LP's ownership;

(22)  Disposal of boiler ash at the Lockhart facility during the period of LP's ownership;

(23)  Off-site disposal of wastes from the Lockhart facility during LP's ownership;

(24)  Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility, including RCRA, EPCRA, and facility permits;

(25)  Communications about wood treatment and other Facility operations to ADEM and EPA;

(26)  Notifications/submissions to federal, state, and local agencies regarding the Lockhart facility;

(27)  Information provided to Lockhart employees or others in Lockhart regarding environmental issues or wood treatment chemicals;

(28)  LP's internal structure for handling environmental issues during its ownership of the Lockhart facility;

(29)  Environmental training and/or presentations relating to wood treatment chemicals at the Lockhart Facility;

(30)  LP's Environmental, Health, and Safety program;

(31)  LP's environmental handbook;

(32)  LP's environmental audit program;

(33)  Sales of treated wood products, if any, to employees and/or others at the Lockhart facility during the period of LP's operations;

(34)  Agency inspections of the Lockhart facility during the period of LP's ownership;

(35)  Any notices of violation or similar citations resulting from inspections at the Lockhart facility;

(36)  Any consent order issued with respect to the Lockhart facility during the period of LP's ownership;

(37) Any other consent order or decree imposing requirements applicable to the Lockhart facility;

(38) LP's decision to close the Lockhart facility;

(39) Investigation/remediation activities at or near the Lockhart facility during the period of LP's ownership;

(40) Identification of third-party contractors who have performed remedial work at the Lockhart facility;

(41) Costs LP has incurred in connection with investigation/remediation activities at the Lockhart facility, including any division of costs for such activities between LP and Pactiv;

(42) Disposition of Lockhart facility records;

(43) the "spoliation" allegations you have raised in prior correspondence and Plaintiffs' complaints;

(44) the collection of documents previously produced to you as part of LP's Initial Disclosures;

(45) LP's document retention policies; and

(46) Memberships during the time LP operated the Lockhart facility in industry or trade groups that dealt with issues relating to wood treatment activities, if any.

We are providing this list as a vehicle for focusing on the testimony to which Plaintiffs are reasonably entitled without the need for Court involvement. As we indicated during our September 10 "meet and confer" discussion in Omaha, we believe that your clients' 29-page Notice, which includes 218 separately numbered Areas, is impermissibly broad, insufficiently limited in scope and time, and beyond the bounds of corporate deposition testimony contemplated by Fed. R. Civ. P. 30(b)(6). Various blanket requests contained in the Notice, such as "Area of Testimony Nos. 205 and 206" seeking testimony on "any of [LP's] defenses to this action" and "all issues set out in the plaintiff's complaint," are overbroad and fail to specify the information sought with reasonable particularity.

It also appears that many of the items in your clients' Notice potentially relate to activities at Louisiana-Pacific facilities other than the Lockhart mill that is the subject of your clients' claims and/or time periods other than the years LP owned the Lockhart facility. By way of example, "Area of Testimony No. 53" broadly describes "any citations or warnings that you have received from any regulatory agencies at any plant or

W. Eason Mitchell
September 21, 2007
Page 5

facility operated or formerly operated by you between 1970 and the Present." We cannot agree that requests for information regarding facilities other than Lockhart and/or time periods other than the years LP owned or operated the Lockhart facility are reasonably calculated to lead to the discovery of admissible evidence. We are willing, however, to confer with you further on a topic-by-topic basis if there are specific issues relating to other locations or time periods that you believe are appropriate for discovery.

Likewise, certain requests appear to seek testimony regarding aspects of the Lockhart facility that are not relevant to the claims and issues presented in your clients' complaints. By way of example, "Area of Testimony No. 14" requests "all information and reports of worker injury made to the State Departments of Industrial Relations" and therefore appears to cover workplace injuries completely unrelated to wood treatment activities. We object to requests for information that do not have a reasonable nexus to your clients' claims.

We note that many of the items listed in your clients' Notice appear to request testimony identifying laws, rules, or regulations applicable to the Lockhart facility (facility), a legal opinion on whether LP complied with such laws, rules, or regulations, and/or a legal opinion about potential legal liabilities associated with the facility. Such Areas of Testimony include, without limitation, "Areas of Testimony" Nos. 46, 47, 49, 51, 54, 57, 59, 60, 62, 64, 110, 144, 145, and 146. LP believes that these requests impermissibly seek legal or expert opinions beyond the scope of Rule 30(b)(6) and objects to such requests on that basis.

Similarly, several requests plainly appear to implicate, either in whole or in part, scientific issues that are properly the subject of expert discovery. Such requests include, without limitation, Areas 102, 103, 111, 119, 128, 177, 180, 181, 182, 183, 184, 185, 186, 187, 193, and 194.

Several "Areas of Testimony" in your 30(b)(6) Notice appear to be more properly within the realm of Rule 34 Requests for Production. For example, Number 93 references "photographs, maps, plats, and schematic diagrams prepared by you and/or your consultants…including but not limited to aerial, fly-by and ground level photographs, including any in electronic format." As another example, Number 17 requests "the tape series of Louisiana-Pacific CEO Mark Suwyn." We would like to discuss these "Document Request" issues with you on Monday or Tuesday of next week in the context of our anticipated meet-and-confer regarding the "Request for Production of Documents" you served on Thursday, September 13, 2007. We believe that it would simplify the 30(b)(6) process for all parties if we can agree that the straightforward document requests in your Notice, such as Numbers 17 and 93, can be handled as part of Plaintiffs' Rule 34 Request.

W. Eason Mitchell
September 21, 2007
Page 6

     Finally, we object to several "Areas of Testimony" that seek documents or information that is either privileged or subject to work-product considerations. We believe that these requests, including, without limitation, Numbers 10, 12, 19, 21, 23, 100, should be resolved by counsel outside the context of corporate depositions under Rule 30(b)(6).

     We would like to discuss this matter with you early next week, if possible, in hopes of coming to an agreement on an appropriate scope of the 30(b)(6) depositions. We would like to reach a well-defined, mutually-acceptable set of topics and limits so that we can offer appropriate witnesses to provide testimony on the truly relevant issues in a time frame that will permit all parties to comply with the Court's scheduling order. It is our strong preference not to have to seek the Court's assistance in limiting your Notice to reasonable parameters. Please let me know when you are available to resume our discussions.

                                      Sincerely,

                                        Bernard Taylor

OOL:mos
LEGAL02/30528422v2
  cc:     Greg Cade
           Bob Palmer
           John Berghoff (email only)
           Mark TerMolen (email only)
           Matt Sostrin (email only)
           Doug Arnold
           Skip Lockard