IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C., Who Sues By and Through Her Mother And Next of Friend, GAIL TATUM,<br><br>    Plaintiff,<br><br>vs.<br><br>PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)  CASE NO. 2:06-cv-83-LES-CSC<br>)  (LEAD CASE)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROTECTIVE ORDER

It is hereby ORDERED that Plaintiffs are limited to the following forty-seven topics as proper subjects on which they may seek testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) from Defendant Louisiana-Pacific Corporation ("LP"):

(1) LP's corporate structure for the time period it has owned the Lockhart facility;

(2) Identification of LP employees with management responsibilities relating to the Lockhart facility and their contacts with the facility;

(3) Non-privileged Board of Directors meeting minutes, if any, reflecting discussion about the Lockhart facility, including any discussion of environmental matters relating to the facility;

(4) Shareholder meeting minutes, if any, reflecting discussion about the Lockhart facility, including any discussion of environmental matters relating to the facility;

(5) Non-privileged Environmental Committee Meeting minutes of the Board of Directors, if any, reflecting discussion about the Lockhart facility, including any discussion of environmental matters relating to the facility;

(6) Lockhart sawmill operations during the period of LP's ownership;

(7) Lockhart wood preserving operations during LP's ownership;

(8) Lockhart boiler operations during the period of LP's ownership;

(9) Lockhart Ponds 1, 2 and 3 during LP's ownership;

(10) Lockhart spray evaporation system during LP's ownership;

(11) Lockhart treatment cylinders associated with wood preservation operations during LP's ownership;

(12) Separator units associated with wood preserving operations at the Lockhart facility during LP's ownership;

(13) The drip pad associated with wood preserving operations at the Lockhart facility during LP's ownership;

(14) The layout and organization of the Lockhart facility during LP's ownership;

(15) Equipment and methods used for wood preserving operations at the Lockhart facility during LP's ownership;

(16) The identification, purchase, and dates of use by LP of creosote, pentachlorophenol and chromated copper arsenate ("CCA") at the Lockhart facility;

(17) The suppliers of creosote, pentachlorophenol and CCA used by LP in wood preservation operations at the Lockhart facility;

(18) Material Safety Data Sheets and other information received by LP regarding creosote, pentachlorophenol and CCA used by LP at the Lockhart facility;

(19) The amount of dimensional lumber produced annually by the Lockhart facility during the period of LP's operations;

(20) The amount of wood preserving conducted annually by the Lockhart facility during the period of LP's operations;

(21) Environmental permits issued to or in effect at the Lockhart facility during the period of LP's ownership;

(22) Disposition of wastes resulting from wood preserving operations at the Lockhart facility during the period of LP's ownership;

(23) Disposition of ash generated from operation of the boilers at the Lockhart facility during the period of LP's ownership;

(24) Off-site disposal of wastes from the Lockhart facility during LP's ownership;

(25)    Actions taken by LP to comply with state and federal environmental law relative to the Lockhart facility during the period of LP's ownership;

(26)    Written communications about wood preserving and other Lockhart facility operations to ADEM and U.S. EPA;

(27)    Written notifications and submissions by LP to federal, state, and local agencies regarding the Lockhart facility during LP's ownership;

(28)    Written information provided to Lockhart employees regarding environmental matters, including wood preserving, during the period of LP's ownership;

(29)    LP's corporate structure for handling environmental, health and safety matters during the period of its ownership of the Lockhart facility;

(30)    Environmental training or presentations relating to wood preserving operations at the Lockhart facility during LP's ownership;

(31)    LP's corporate Environmental, Health, and Safety program during the time LP operated the Lockhart facility,;

(32)    LP's corporate environmental handbook to the extent such a handbook existed during the time LP operated at the Lockhart facility;

(33)    To the extent any such documents existed during the time LP operated the Lockhart facility, LP's corporate environmental audit program to the extent such a program was in place during the time LP operated at the Lockhart facility;

(34)    Sales of treated wood, if any, to employees and/or others at the Lockhart facility during the period of LP's operations;

(35)    ADEM and U.S. EPA inspections of the Lockhart facility during the period of LP's ownership;

(36)    Any notices of violation resulting from ADEM and U.S. EPA inspections at the Lockhart facility during the period of LP's ownership;

(37)    Any ADEM or U.S. EPA consent order issued with respect to the Lockhart facility during the period of LP's ownership;

(38)    Any other ADEM or U.S. EPA consent order or decree imposing requirements applicable to the Lockhart facility during the period of LP's ownership;

(39)    LP's decision to close the Lockhart facility;

- 4 -

(40)  Investigation and remediation activities by LP at or near the Lockhart facility during the period of LP's ownership;

(41)  Identification of third-party contractors who have performed investigation and remedial work at the Lockhart facility during the period of LP's ownership;

(42)  Costs LP has incurred in connection with investigation and remediation work at the Lockhart facility, including any division of costs for such work between LP and Pactiv;

(43)  Disposition of Lockhart facility records during LP's ownership;

(44)  The "spoliation" allegations asserted by Plaintiffs against LP relating to Lockhart facility records;

(45)  The collection of documents previously produced by LP to Plaintiffs as part of LP's Initial Disclosures;

(46)  LP's corporate document retention policies during the period of ownership of the Lockhart facility; and

(47)  LP's memberships during the time LP operated the Lockhart facility in industry or trade groups that dealt with issues relating to wood preserving, if any.


So ordered this _____ day of _____, 2007.


_____
Chief Magistrate Judge Charles S. Coody