IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C., Who Sues By and Through Her Mother And Next of Friend, GAIL TATUM, <br><br>    Plaintiff, <br><br> vs. <br><br> PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION, <br><br>    Defendants. | ) <br> ) <br> ) <br> ) CASE NO. 2:06-cv-83-LES-CSC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S JOINT MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants Louisiana-Pacific Corporation and Pactiv Corporation hereby move the Court to enter a protective order staying the noticed deposition of Sasikumar Vishwanath, M.D. and limiting any future deposition testimony by Dr. Vishwanath to testimony regarding medical treatment he provided to the trial Plaintiffs.

### BACKGROUND

On September 17, 2007, Plaintiffs noticed the deposition of Dr. Sasikumar Vishwanath to be conducted October 19, 2007. *See* Exhibit A. All four initial trial Plaintiffs, Melanie Chambers, Susan Phillips, Kandy Creech, and Jimmie Lou Bowman (along with over 250 other Plaintiffs), have identified Dr. Vishwanath as their treating physician. Nonetheless, Plaintiffs' persistent delay and failure to provide the required and necessary medical authorizations on the selected trial Plaintiffs now places Defendants in the untenable position of taking the deposition of Dr. Vishwanath, an oft-named primary treating physician in this action who may also seek to

offer even broader, community-wide expert witness testimony, without the benefit of reviewing a complete medical record for any of the initial trial Plaintiffs.

Three of the initial trial Plaintiffs were selected by the Court on July 6, 2007. Shortly thereafter, on July 12, 2007, Defendants requested from each trial Plaintiff a signed medical authorization meeting the privacy regulations issued under the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. § 164.502(a)(iv) ("HIPAA"). *See* Exhibit B. Following Plaintiffs' failure to respond to Defendants' initial request for HIPAA authorizations, Defendants, in good faith, repeated their request on August 8, 2007, and again on August 29, 2007. *See* Exhibits C, D. In response to Defendants' August 29, 2007 correspondence, Plaintiffs provided signed, but incomplete, HIPAA authorizations for Melanie Chambers, Susan Phillips, and Kandy Creech. *See* Exhibit E.

On September 4, 2007, Defendants highlighted the deficiencies in the trial Plaintiffs' HIPAA authorizations received August 29, 2007 and again requested completed HIPAA authorizations for the initial trial Plaintiffs. *See id.* Finally, on September 13, 2007, a full two months after Defendants' initial request, Plaintiffs forwarded the completed HIPAA authorizations for Melanie Chambers, Susan Phillips, and Kandy Creech. *See* Exhibit F. Hence, despite Defendants immediate and continued attempts to obtain the medical authorizations necessary to request the trial Plaintiffs' medical records, such authorizations were received on three of the four Plaintiffs only four days prior to Plaintiffs' "Notice of Taking Deposition" of Dr. Vishwanath.

Defendants attempted to confer with Plaintiffs regarding the scheduling of Dr. Vishwanath's deposition in light of these delays in providing the required medical authorizations. *See* Exhibit G. Plaintiffs' response was cursory and unyielding. Though

offering to "work[] out an arrangement to do a later deposition on *just* the last named plaintiff [Jimmie Lou Bowman] . . . because that one should be a lot shorter," Plaintiffs' counsel stated that in regards to Melanie Chambers, Susan Phillips, and Kandy Creech, he was "not flexible on these dates for [Dr. Vishwanath's] deposition." *See* Exhibit H (emphasis added). Plaintiffs' counsel instead only offered: "If you would like to agree not to depose him and to just bring him live to trial, we may consider that proposal if you make it." *See id.*

## ARGUMENT

**I.     Defendants Will Suffer Undue Prejudice if Dr. Vishwanath's Deposition is Conducted Before Defendants Receive the Complete Medical Records of Each Trial Plaintiff.**

In order to conduct a balanced and thorough deposition of Dr. Vishwanath, the Defendants first need to obtain a full copy of each trial Plaintiffs medical records, including records held by Dr. Vishwanath or any identified treating physician or medical facility. Unfortunately, as noted above, this process has been unnecessarily hindered for several months. In fact, Plaintiffs relentlessly continue to delay Defendants' efforts to obtain the trial Plaintiffs' medical records by withholding the required medical authorizations, even stating directly that Defendants' requests for medical authorization "deserve[d] little attention." *See* Exhibit I.[1]

Given his role as a treating physician to the Plaintiffs in this action, including each of the initial trial Plaintiffs, and coupled with the likelihood that Plaintiffs will seek broader expert testimony regarding causation and the alleged increase in select health conditions in the Lockhart area, Dr. Vishwanath should be deposed only after Defendants have had the opportunity to review each trial Plaintiff's complete medical record. Defendants, in good faith and a timely

---

[1] In response to Defendants' request for the medical records of Kandy Creech, the South Central Alabama Mental Health Board informed Defendants that another authorization, separate from the supplied HIPAA authorization, was required. *See* Exhibit I. Defendants related this information to Plaintiffs' counsel on October 5, 2007 and requested Plaintiff's completed authorization. *Id.* Plaintiffs' counsel initially refused to comply with Defendants' request and did not attempt to provide the requested authorization until October 12, 2007. *See id.*; Exhibit J.

manner, have initiated this process in accordance with HIPAA and Federal Rules of Civil Procedures 34 and 45, hindered only by the delay tactics of the Plaintiffs.

Defendants' need for a complete set of medical records prior to deposing Dr. Vishwanath is exacerbated by Dr. Vishwanath's own poor recordkeeping practices. Dr. Vishwanath has previously indicated that he had no medical records regarding any of the four initial trial Plaintiffs, even though each identified him as their treating physician. Only now has Dr. Vishwanath's practice admitted to having records regarding Susan Phillips and Jimmie Lou Bowman, but has still not produced any such records. *See* Exhibit K. Nonetheless, during the discovery process Defendants have received medical records regarding these trial Plaintiffs from other treating physicians and medical facility records that reference Dr. Vishwanath and his treatment of the individual trial Plaintiffs. Though the outstanding requests for medical records directly from Dr. Vishwanath are relatively limited, it is clear that a complete set of medical records is necessary to examine Dr. Vishwanath concerning his treatment of the four initial trial Plaintiffs. As a result, it would be severely prejudicial to the Defendants if they are forced to conduct Dr. Vishwanath's deposition in the absence of the very documents that show his involvement. For this reason, Defendants request a stay of the noticed deposition until the remaining medical records, requested but delayed by the actions of the Plaintiffs, are received.

**II.  Plaintiffs Should Be Prevented from Seeking Any Expert Testimony During the Noticed Deposition Outside of Dr. Vishwanath's Own Documented Treatment Provided to the Initial Trial Plaintiffs.**

Dr. Vishwanath allegedly treated not only the four initial trial Plaintiffs, but also over 250 other named Plaintiffs in these cases, if not more.[2] Defendants have reason to believe that Plaintiffs will attempt to elicit broader testimony that can only be characterized as expert

---

[2] Defendants suspect that, given the fact that three of the four initial trial Plaintiffs failed to indicate that Dr. Vishwanath was a treating physician in their own *Lone Pine* responses, this number may be significantly greater.

opinion. Specifically, Defendants believe that Dr. Vishwanath will seek to testify concerning what he believes are excess rates of cancer and other health conditions in Lockhart and Florala.

This opinion on epidemiology is necessarily based on "scientific, technical, or other specialized knowledge," and is only admissible if it meets the requirements of Federal Rule of Evidence 702 and *Daubert*. Plaintiffs have not disclosed Dr. Vishwanath as an expert witness. Indeed, under the Scheduling Order (docket no. 265), Plaintiffs' expert reports are not due until December 8, 2007, with expert depositions to follow thereafter. Plaintiffs should not be permitted to circumvent *Daubert* and the Scheduling Order by eliciting such testimony during a fact witness deposition.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion and enter the proposed Protective Order attached hereto as Exhibit L, thus staying the deposition of Dr. Sasikumar Vishwanath until discovery regarding the medical records of the each trial Plaintiff is complete.

Respectfully submitted this 12th day of October, 2007.

/s/ Bernard Taylor
Bernard S. Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of October, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to all counsel of record.

      /s/Sean A. Simmons_____
      Of Counsel