IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **GAIL BEDSOLE TATUM** as Mother and Administratix of the Estate of **MELANIE CHAMBERS,** a Deceased Minor Child, <br><br> Plaintiff, <br><br> vs. <br><br> **PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,** <br><br> Defendants. | ) ) ) ) ) **CASE NO. 2:06-cv-83-LES-CSC** ) **(LEAD CASE)** ) ) ) ) ) ) ) |

**DEFENDANT PACTIV CORPORATION'S JOINDER IN
DEFENDANT LOUISIANA-PACIFIC CORPORATION'S MOTION FOR
PROTECTIVE ORDER NARROWING PLAINTIFFS' 30(b)(6) NOTICE**

Defendant Pactiv Corporation ("Pactiv"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby joins in Defendant Louisiana-Pacific Corporation's Motion for Protective Order Narrowing Plaintiffs' Rule 30(b)(6) Notice (docket no. 334). The depositions for both Pactiv and Louisiana-Pacific representatives are scheduled to begin on October 29, 2007. However, to do so, the parties need the ruling of this Court on the Motion for Protective Order to provide guidance on the appropriate scope of those depositions. In support of its joinder in the Motion for Protective Order, Pactiv states as follows:

1.   On August 10, 2007, Plaintiffs served both Pactiv and Louisiana-Pacific with a single "Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)." The Notice included at least 216 different subjects on which Plaintiffs sought 30(b)(6) testimony.

2.   As set forth in Louisiana-Pacific's Motion for Protective Order, these 216 subjects are overbroad and overreaching, preventing Defendants from effectively designating and appropriately preparing witnesses to provide corporate testimony.

13389100.1

3.    The overbroad 216 subject areas present particular difficulties for Pactiv, whose predecessor(s) ceased operations at the Lockhart sawmill nearly 24 years ago. Many of the topics may relate to information that is no longer known or reasonably available to Pactiv.

4.    Pactiv's and Louisiana-Pacific's counsel subsequently conferred with Plaintiffs' counsel—in person, by telephone, and in writing—in a good faith attempt to narrow and define the topics on which Plaintiffs seek 30(b)(6) testimony. The parties were unable to reach an agreement on the appropriate scope of the 30(b)(6) depositions.

5.    During that process, Louisiana-Pacific proposed the synthesized list of 47 subject areas that are currently set forth in its proposed Protective Order. Defendants believe that the synthesized list provides a concise and complete set of relevant topics for which Plaintiffs are properly entitled to cover during the 30(b)(6) depositions.

6.    Pactiv similarly requests that the Court narrow Plaintiffs' 30(b)(6) Notice by entering a Protective Order adopting these same 47 subject areas with respect to Pactiv, with the exception of topics 39 and 44, which are unique to Louisiana-Pacific.

7.    Pactiv is prepared to offer corporate testimony on these topics for the time period when the facility was owned by Pactiv's predecessor(s), to the extent such information is known or reasonably available to Pactiv.

WHEREFORE, Pactiv requests that the Court grant the Motion for Protective Order and narrow the scope of the 30(b)(6) depositions in accordance with the topic list propounded by Louisiana-Pacific. Alternatively, Pactiv is prepared to address objections to the 216 proposed subject areas identified by Plaintiffs with the Court.

October 12, 2007

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **GAIL BEDSOLE TATUM as Mother and Administratix of the Estate of MELANIE CHAMBERS, a Deceased Minor Child,**<br><br>         **Plaintiff,**<br><br>vs.<br><br>**PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,**<br><br>         **Defendants.** | )<br>)<br>)<br>) CASE NO. 2:06-cv-83-LES-CSC<br>)          (LEAD CASE)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Federal Rule of Civil Procedure 26(c), the undersigned counsel for Pactiv Corporation hereby certified that Pactiv's counsel, along with counsel for Louisiana-Pacific, has in good faith conferred with counsel for Plaintiffs to resolve the matters involved in the Motion for Protective Order without court action. These efforts to reach an agreement did not resolve the issues contained in the Motion for Protective Order.

October 12, 2007                                         /s/ Matthew C. Sostrin

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to at least the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Richard Elder Crum

Bernard Taylor

Douglas S. Arnold

Orlyn O. Lockard, III


/s/  Matthew C. Sostrin
Of Counsel