IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GAIL BEDSOLE TATUM as Mother and Administratix of the Estate of MELANIE CHAMBERS, a Deceased Minor Child,<br><br>Plaintiff,<br><br>vs.<br><br>PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>) CASE NO. 2:06-cv-83-LES-CSC<br>) (LEAD CASE)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION TO SCHEDULE ADDITIONAL TRIALS AND RESTRICT ACTIVITY**

Defendants Pactiv Corporation and Louisiana-Pacific Corporation, through their attorneys, and in response to Plaintiffs' "Motion to Schedule Additional Trials and Restrict Activity" (docket no. 309), state as follows:

1. On August 24, 2007, Plaintiffs filed their Motion to Schedule Additional Trials and Restrict Activity, which asked the Court to (1) assign trial dates for all initial trial Plaintiffs, and (2) enjoin Defendants from conducting discovery about any Plaintiff whose case is not yet scheduled for trial.

2. At the September 10, 2007 status conference, the Court addressed Plaintiffs' motion, at least in part. The Court indicated that the first trial would proceed on September 8, 2008, with additional trials to follow.

3. On October 4, 2007, the Court ordered all parties to respond to any motion within 10 days (docket no. 333). Defendants therefore now respond to the discovery prohibition sought by Plaintiffs' motion.

13394611.1

4. Plaintiffs say that Defendants have engaged in "scorched earth" discovery, and suggest that "this 'scorched earth' policy will continue unabated unless the Court . . . restrict[s] discovery to the cases actually scheduled for trial." *Id.* at 3.

5. Although Plaintiffs allude to "numerous examples" of this so-called "scorched-earth policy" (*id.*), Plaintiffs fail to identify any such discovery request.[1]

6. Despite the implications of Plaintiffs' motion, Defendants have not served a single discovery request on any non-trial Plaintiff to date.

7. Defendants served interrogatories and requests for production regarding the claims of only the four initial trial Plaintiffs. Defendants also noticed for deposition only the initial trial Plaintiffs themselves and fact witnesses potentially having knowledge relevant to those cases, including former facility employees (most of whom also happen to be Plaintiffs).[2]

8. Although Plaintiffs try to manufacture a discovery dispute, <u>there is no controversy before the Court</u>. A blanket order prohibiting any and all discovery of the non-trial Plaintiffs is inappropriate, unwarranted, and a premature advisory act.

9. Federal Rule of Civil Procedure 26(c) and Local Rule 37.1 already provide Plaintiffs with recourse (a recourse which Defendants have already been forced to invoke). If Defendants serve a discovery request that Plaintiffs deem objectionable, Plaintiffs can seek a

---

[1] Local Rule 37.1 requires that any discovery motion "shall include . . . a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." M.D. Ala. LR 37.1.

[2] In contrast, it is Plaintiffs who are scorching dirt. Plaintiffs served on Defendants (1) a 29-page "Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)," containing 216 separately numbered topics, and (2) a 28-page "Request for Production" of documents, containing at least 185 separate requests. *See, e.g.,* Exhibit A to LP's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice (docket no. 334). The only discovery in this litigation that has not been reasonably tailored to the initial trial Plaintiffs and their claims is that served by Plaintiffs themselves. We have, in Plaintiffs, a wolf in sheep's clothing.

13394611.1

2

protective order.  At that point, the Court can properly assess the benefits and/or burdens of the requested discovery in the context of an actual discovery dispute.

WHEREFORE, Defendants request that the Court deny Plaintiffs' Motion to Schedule Additional Trials and Restrict Activity (docket no. 309) without prejudice.

Dated:  October 15, 2007

/s/  John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

        /s/ Bernard Taylor, Sr.
        Bernard Taylor, Sr. (admitted *pro hac vice*)
        Douglas S. Arnold (admitted *pro hac vice*)
        Orlyn O. Lockard, III (admitted *pro hac vice*)

        Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel: (334) 206-3100
Fax: (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee 37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2007, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Richard Elder Crum

/s/  Matthew C. Sostrin
Of Counsel