IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C., Who Sues By and Through Her Mother And Next of Friend, GAIL TATUM, | ) ) ) |
| Plaintiff, | ) CASE NO. 2:06-cv-83-LES-CSC ) |
| vs. | ) ) |
| PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION, | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER
REGARDING PLAINTIFFS' REQUESTS FOR DOCUMENTS
PURSUANT TO RULES 34 AND 30(b)(5)**

The parties in this litigation previously agreed to a limit of 25 requests for production of documents. Unfortunately, Plaintiffs have decided to ignore this limitation by serving LP and Pactiv with 185 and 183 requests for production, respectively, pursuant to Rule 34, plus nine more document production requests pursuant to Rule 30(b)(5). Defendants have met and conferred repeatedly with Plaintiffs without success to work out a revised set of document production requests consistent with the previously agreed upon limitation. Therefore, Defendants have no choice but to ask this Court for a protective order pursuant to Rule 26(c).

## BACKGROUND

A limit of 25 requests to produce for each side was included in Defendants' Joint Motion to Amend/Correct the Scheduling Order (docket no. 277 - attached as Exhibit 1).[1] Plaintiffs filed a response indicating they had no opposition to amending/correcting the Scheduling Order as proposed by Defendants (docket no. 308 – attached as Exhibit 2). Further, Plaintiffs' counsel

---

[1] This proposed limitation was copied verbatim from the Parties' Report of Rule 26(f) meeting (docket no. 98).

LEGAL02/30554561v1

reconfirmed that they had no objections to Defendants' proposed changes to the Scheduling Order during the September 10, 2007 status conference before Judge Strom (docket no. 330 - attached as Exhibit 3).  Accordingly, Judge Strom granted the motion from the bench and indicated that the Court would issue an amended Scheduling Order reflecting the various new dates and discovery limits.

Despite the parties' agreement to limit each side to 25 requests for production, Plaintiffs served 185 requests for production on LP and 183 requests for production on Pactiv, under the auspices of Rule 34, on September 13, 2007 (attached as Exhibits 4 & 5).  The discovery includes a number of nonsensical and redundant requests, such as:

- "Documents produced or provided to Plaintiffs in this action."  (Rule 34 Request No. 1)
- "Documents related to the defenses of any co-defendant in this action."  (*Id.* at No. 4).
- "Documents provided to plaintiffs in this action for any reason, including documents related to the areas of testimony set out in Plaintiffs' notice of deposition of the Defendants pursuant to F.R.C.P. 30(b)(5) and (6)."  (*Id.* at No. 8).
- "Documents related to all issues set out in the plaintiff's complaint."  (*Id.* at No. 10).

Previously, on August 10, 2007, Plaintiffs' counsel also served Defendants with "Plaintiffs' Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)."[2]  The 29-page notice contained a request pursuant to Rule 30(b)(5) for all documents not yet produced by Defendants in this matter.  The nine requests include such additionally over broad and unduly burdensome requests as:

- "Each and every document evidencing, referring or relating in any way to each and every area of testimony set out above."  (Rule 30(b)(5) Request No. 1).

---

[2] To the extent they are relevant, Defendants herein incorporate each of their objections previously raised in their Objections to Plaintiffs' Proposed 30(b)(6) Designations.  These objections are included herein because some of Plaintiffs' proposed Rule 30(b)(6) topics actually were requests for production of documents.

- "All documents that you were required to generate or maintain under any statutes or any state or federal regulation, identifying who kept such documents, where such documents were kept, when they were generated and the nature and content of such documents." (*Id.* at No. 7).

- "All documents requested by Plaintiffs in Plaintiffs' request for production of documents." (*Id.* at No. 8).

- "Documents described in either Defendants' Rule 26 disclosures." (*Id.* at No. 9).

In a good faith attempt to resolve a clear violation of the Scheduling Order and also inappropriate requests under Rule 34 and Rule 30(b)(5), counsel for Defendants met and conferred repeatedly with Plaintiffs' counsel to resolve this matter, including by telephone during the week of September 17, 2007 and on September 26, 2007 and in correspondence via electronic and U.S. mail on September 24, 26, and 29, 2007 (attached, respectively, as Exhibits 6, 7 and 8).[3] To date, unfortunately, Plaintiffs have failed to modify their requests into a more manageable and appropriate number of documents requests consistent with the previously agreed upon limitation.

Given that the 30(b)(6) depositions at which the 30(b)(5) documents are sought to be produced currently are scheduled to commence the week of October 29th, Defendants ask that the Court enter a protective order striking Plaintiffs' pending document requests under Rule 34 and Rule 30(b)(5) with leave to serve Defendants a revised set of document requests consistent with the previously agreed upon limit. A proposed such order is attached as Exhibit 10.

---

[3] A Certificate of Good Faith Conferral is attached hereto as Exhibit 9.

# ARGUMENT

A. **This Court has the Authority to Limit Discovery Under Rule 26(c).**

In pertinent part, Rule 26(c) provides that this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes an order providing "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place" or "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." Fed. R. Civ. P. 26(c)(2)(4). A trial court "has wide discretion in setting the limits of discovery, and its decisions will not be reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports the decision." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991) (*citing Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)).

B. **Plaintiffs' Requests for Documents Pursuant to Rule 34 and Rule 30(b)(5) Violate the Parties' Agreement and the Court's Scheduling Order.**

The nearly 200 document requests served by Plaintiffs pursuant to Rules 34 and 30(b)(5) directly violate the agreement of the parties and the forthcoming amended Scheduling Order to be entered by Judge Strom. Even apart from any strict numerical limit, the document requests served by Plaintiffs go well beyond the bounds of permissible discovery under Rule 26(b)(1). The entry of a protective order is necessary to protect Defendants from undue annoyance, oppression, burden, and expense. Accordingly, Defendants file this motion as their response to Plaintiffs' document requests. Defendants object to each of Plaintiffs' document requests on the grounds that they exceed the limit to document requests existent in this litigation. Defendants would not oppose *per se* Plaintiffs serving a few more than 25 requests, but the filing of the inordinately large number of nearly 200 such requests is plainly inappropriate.

The document requests served by Plaintiffs are especially excessive in light of the substantial exchange of documents that already has taken place. Notably, even before Plaintiffs served these voluminous requests, both LP and Pactiv already had voluntarily produced to Plaintiffs a large number of documents. At great time and expense, LP previously produced approximately 149,000 pages of documents along with its initial disclosures. Pactiv similarly searched its files and produced to Plaintiffs discoverable documents that it had in its possession, custody, or control relating to the Lockhart facility.

Defendants are prepared, subject to and without waiving their objections and arguments set forth in this motion, to produce additional categories of documents, to the extent they exist, responsive to certain of Plaintiffs' Rule 34 and Rule 30(b)(5) production requests (e.g., in the case of LP, relevant board of director meetings minutes, annual reports, and environmental committee minutes). Defendants intend to proceed with production of the above-identified documents in a continuing good faith effort to resolve this current dispute. Defendants are not, however, in a position to guess as to which of the nearly 200 requests to which Plaintiffs seek responses are consistent with the agreed upon limitation. Defendants therefore move for a protective order from this Court requiring Plaintiffs' requests for production to comply with the parties' prior agreement and Judge Strom's order.

C.  **Plaintiffs' Requests for Documents Pursuant to Rule 30(b)(5) Would be Improper Even if the Parties were not Limited to Twenty-Five Requests for Production.**

The Rule 30(b)(5) requests served by Plaintiffs contain an additional flaw. The text of Rule 30(b)(5) reads as follows: "The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request." The Advisory Committee Notes (1970 Amendments) include the following qualification:

> Whether production of documents or things should be obtained directly under Rule 34 or at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available. When the documents are few and simple, and closely related to the oral examination, ability to proceed via this rule will facilitate discovery. <u>If the discovering party insists on examining many and complex documents at the taking of the deposition, thereby causing undue burdens on others, the latter may, under Rules 26(c) or 30(d), apply for a court order that the examining party proceed via Rule 34 alone.</u> (Emphasis added).

*See also Carter v. United States*, 164 F.R.D. 131, 133 (D. Mass. 1995) ("In essence, a document request under Rule 30(b)(5) is a complement to a Rule 30 deposition, not a substitute for a Rule 34 document request. . . . Thus, . . . requests which fall under the rubric of Rule 30(b)(5) should be 'few and simple' and 'closely related to the oral examination' sought.").

While Plaintiffs' Request for Documents pursuant to Rule 30(b)(5) contains only nine requests, those requests are overly broad and encompass complex documents dealing with numerous highly technical state and federal laws and regulations and other documents requiring expert knowledge to fully comprehend. As such, Plaintiffs' Rule 30(b)(5) requests clearly violates the scope and purpose of the Rule as made clear by the Advisory Committee notes.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion and enter the proposed Protective Order attached hereto as Ex. _, requiring Plaintiffs to withdraw their document production requests and giving Plaintiffs leave to serve new requests compliant with the Scheduling Order. Alternatively, Defendants seeks an order from this Court requiring Plaintiffs to identify which of their Rule 34 requests to which LP and Pactiv should respond. Defendants at that time will make specific objections to those requests as needed and produce any responsive, non-privilege documents.

Respectfully submitted this 15th day of October, 2007.

/s/ Bernard Taylor
Bernard S. Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2007, I filed the foregoing Defendants' Joint Motion for Protective Order Regarding Plaintiffs' Requests for Documents Pursuant to Rules 34 and 30(b)(5) via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

John Berghoff

Mark TerMolen

Matt Sostrin

Roberta Wertman

Jaimy Hamburg

/s/ Joshua L. Becker
Of Counsel