1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GAIL BEDSOLE TATUM as Mother      )      Civil Action No.
and Administratrix of the         )      2:06CV83-LES-CSC
Estate of MELANIE CHAMBERS, a     )      (Lead Case)
Deceased Minor Child,             )
                                  )
                  Plaintiff,      )
                                  )
        vs.                       )
                                  )
PACTIV CORPORATION and            )
LOUISIANA-PACIFIC                 )
CORPORATION,                      )
                                  )      Omaha, Nebraska
                  Defendants.     )      September 10, 2007


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE LYLE E. STROM
UNITED STATES SENIOR DISTRICT JUDGE


COURT REPORTER:                   Ms. Susan M. DeVetter, RMR, CRR
                                  Official Court Reporter
                                  Hruska Courthouse, Suite 3130
                                  111 South 18th Plaza
                                  Omaha, Nebraska 68102-1322
                                  (402) 661-7309


Proceedings recorded by mechanical stenography, transcript
produced with computer.

```
 1

 2                    A P P E A R A N C E S

 3   Mr. W. Eason Mitchell
     The Colom Law Firm, LLC
 4   P.O. Box 866
     Columbus, Mississippi 39703
 5         and
     Mr. Robert Leslie Palmer
 6   Mr. Gregory A. Cade
     Environmental Litigation Group
 7   3529 Seventh Avenue South
     Birmingham, Alabama 35255,              For the Plaintiff;
 8

 9   Mr. John C. Berghoff, Jr.
     Mr. Matthew C. Sostrin
10   Mayer Brown LLP
     71 South Wacker Drive
11   Chicago, IL 60606,                      For Defendant Pactiv;

12   Mr. Bernard Taylor
     Mr. Douglas S. Arnold
13   Mr. Orlyn O. Lockard III
     Alston & Bird, LLP
14   One Atlantic Center
     1201 West Peachtree Street
15   Atlanta, Georgia 30309,                 For Defendant
                                             Louisiana-Pacific.
16

17

18

19

20

21

22

23

24

25
```

 1          MR. MITCHELL:  Your Honor, my client suffers from

 2    chemical dependency and -- you know, I'll go down to -- down

 3    to Crestview and try to find him, but this is someone that

 4    was difficult to find the first time, took me two weeks just

 5    to get to him.  But I don't think I could get a letter to him

 6    and then get it back that quickly, but I'll send somebody.

 7          THE COURT:  Why don't you have somebody go down and

 8    see him and get it signed.

 9          MR. MITCHELL:  Yes, sir.

10          THE COURT:  Okay.  And I'd like to have a report by

11    you next Monday on this so we know where we stand.  One week.

12          MR. ARNOLD:  I'm sorry, Your Honor.  Doug Arnold for

13    Louisiana-Pacific.

14      Just concurrent with that plan of action, given the

15    cutoff on discovery, it would also move things forward if,

16    when defendants provide the alternative trial plaintiff for

17    the number two slot, if the plaintiffs could go ahead and --

18    and provide the authorization that the defendants will need

19    to gather that person's medical records.

20      We've served the plaintiffs with interrogatories and

21    document production requests for the other three trial

22    plaintiffs that, if we can go ahead and get that into

23    process, then that should help keep us on the schedule the

24    Court set out.

25          THE COURT:  Well, I'll tell you what, why don't you

```
1    designate the case and we'll go ahead and progress that as it

2    will become the number two case so that this discovery can

3    commence.

4        I note Mr. Mitchell nodding approval to everything that

5    you said, so I approve that that can -- assume that that can

6    all work out and there will be no problem.

7        Let's take up -- I didn't think that was going to take

8    as long as it took us.

9            MR. BERGHOFF:  I'm sorry, Your Honor.

10           THE COURT:  No, that's all right.  I...

11       The joint motion to amend the scheduling order, the

12   defendants' joint motion.  Did you look at those

13   modifications in there, Mr. Mitchell?

14           MR. MITCHELL:  Mr. Cade's handling that and I

15   believe he did.

16           THE COURT:  Are they all right?

17           MR. CADE:  They're just fine, Your Honor.

18           THE COURT:  All right.  That motion will be granted

19   and those modifications will be made.

20           MR. BERGHOFF:  Thank you, Your Honor.

21           THE COURT:  And I think what I'll do is just -- take

22   this scheduling order and make it a first amended scheduling

23   order and we'll put those dates in it.  We'll also put in the

24   name of the other case that you're going to designate.

25       I take it -- and I speak now to counsel for the
```

1  defendants -- that the counter motion -- the opposition to

2  plaintiffs' counter motion, request for immediate hearing, I

3  think that all related to a scheduling conference, did it

4  not?

5          MR. BERGHOFF:  I believe it did, Your Honor.  I

6  think it's been --

7          THE COURT:  And so it's moot.

8          MR. BERGHOFF:  I think it's been mooted.

9          THE COURT:  If I see anything in there -- but that

10 was my -- that was my thought at the time.

11         MR. PALMER:  Your Honor?

12         THE COURT:  Yeah.

13         MR. PALMER:  Actually, the counter motion relates to

14 the motion for partial summary judgment.

15         MR. BERGHOFF:  I'm sorry.

16         THE COURT:  Oh, okay.  The motion for partial

17 summary judgment.  Is that -- all the briefings in on that

18 now or have been in about a week maybe or two weeks?

19         MR. PALMER:  Two weeks.  A little more than two

20 weeks.

21         THE COURT:  Okay.  I will -- we'll address that

22 promptly, the motion for partial summary judgment.  If all

23 the briefing is in, we'll -- that will be taken up.

24         MR. TAYLOR:  Your Honor?

25         THE COURT:  Go ahead.  Yes, Mr. Taylor.