# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Bernard Taylor, Sr.          Direct Dial: 404-881-7288          E-mail: bernardtaylor@alston.com

September 29, 2007

**VIA: EMAIL and FIRST CLASS MAIL**

W. Eason Mitchell, Esq.
The Colom Law Firm, LLC
200 Sixth Street North
Suite 102
Columbus, MS 39701

Re:   M.C. v. Pactiv et al. (lead case)

Dear Eason:

Thank you for participating in our most recent meet and confer activity on September 26, 2007 regarding the "Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)" ("Notice") that you previously served on Louisiana-Pacific (LP). Realizing that the depositions are currently scheduled to occur in approximately a month from now, the purpose for this letter is to try to determine those areas upon which we have agreement and those areas requiring court intervention to resolve prior to the time of the scheduled depositions.

During our meeting, we discussed the relationship between the areas of testimony contained in our September 21 letter (attached hereto) and the areas of testimony contained in your Notice. As we explained, we believe that the areas of testimony addressed in our September 21 letter generally cover the areas contained in plaintiffs' Notice.

By way of example, and as we discussed, the following 30(b)(6) topics proposed by us include testimony regarding the related topics proposed in your Notice:

W. Eason Mitchell, Esq.
September 29, 2007
Page 2

- We acknowledge that LP's No. 15 includes testimony regarding safety equipment provided to Lockhart facility employees as was requested in plaintiffs' No. 38.

- We acknowledge that, at a minimum, LP's Nos. 16, 17, 18, 19, 21, 22, 23 and 39 cover the areas of testimony identified in the series of subjects raised in plaintiffs' Nos. 102 through 118.

- We acknowledge that to the extent Nos. 126-130 focuses upon remediation activities, those issues are covered by LP's Nos. 39 and 40.

- We acknowledge that LP's Nos. 1, 2, 3, 4, and 5 address the corporate issues raised in your Nos. 149, 150, and 152.

We could cite more examples, but, as you acknowledged during the meet and confer, many of the plaintiffs' topics are covered by the areas identified in our September 21 letter. Please advise us as soon as possible, however, of any pertinent areas of inquiry contained in plaintiffs' Notice that are not covered in the areas of testimony identified in the September 21 letter.

We also discussed the following issues during our meet and confer:

- You indicated that you have access to various studies (either performed by Louisiana-Pacific or others) that forms the basis of certain questions contained in the plaintiffs' Notice (for example, but not limited to, 107, 111, 114, 125, 195 and 196). In order to assist us in assuring that our witnesses' testimony complies with the pertinent scope of the plaintiffs' Notice, we have requested that you provide us with copies of those studies as soon as possible.

- The questions contained in the plaintiffs' Notice (for example, but not limited to, 51, 58, 100, 102, 103, 115, 116, 117, 120, 124, and 126) request expert witness testimony not subject to disclosure in response to a plaintiffs' Notice. We have advised you that we will object to the provision of that category of information.

- The plaintiffs' No. 24 of its Notice, refers to a dioxin task force. You have explained that the dioxin task force was part of a trade group. You have also agreed to provide us with the identity of that trade group. Once we receive that information, we will determine whether any LP employee was involved with that trade group and task force.

W. Eason Mitchell, Esq.
September 29, 2007
Page 3

- As we discussed during the meet and confer, we also request that you clarify which questions, if any, the plaintiffs intended for only LP or Pactiv to answer.

- Plaintiffs' Nos. 83 and 159 refer to pollution control devices. We request that you identify with particularity the pollution control devices to which you refer.

As we indicated during the meet and confer, we will provide testimony on the areas identified in our September 21 letter, as modified through our meet and confer process. All testimony offered by Louisiana-Pacific will be limited to the operations of the Lockhart facility during the period of time that Louisiana-Pacific operated that facility. Further, although we are continuing in good faith to attempt to reach an agreement concerning the scope of the 30(b)(6) testimony to be offered by Louisiana-Pacific, early next week, you will receive a list of the general objections LP has to the questions contained in your Notice.

We also discussed that the plaintiffs have used several different vehicles for the service of document request upon the defendants. The requests are embedded within the 30(b)(6) Notice; included in the 30(b)(5) Notice; and in the plaintiffs' Rule 34 Document Request. The documents requested in the above Requests exceed the 25 document request limit to which the parties previously agreed. Accordingly, we request that the plaintiffs determine the specific document requests to which they want the defendants to respond.

Finally, in order to prepare our witnesses to provide 30(b)(6) testimony on the currently scheduled deposition dates, if we are unable to reach an agreement in regards to the scope of that testimony by October 3, 2007, we will immediately seek the Court's assistance in resolving this matter by filing a motion for protective order.

Thanking you for your cooperation and assistance, and with kind regards, I am

Sincerely,

Bernard Taylor, Sr.

BT:dh
LEGAL02/30545526v1
cc:   Douglas S. Arnold, Esq.
      Orlyn O. Lockard, Esq.
      John C. Berghoff, Esq.
      Mark TerMolen, Esq.

W. Eason Mitchell, Esq.
September 29, 2007
Page 4

    Matthew C. Sostrin, Esq.
    Gregory A. Cade, Esq.
    Robert L. Palmer, Esq.