# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 2:06cv83-LES:** |
| | ) | |
| PACTIV CORPORATION, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

# PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST OCTOBER, 2007 MOTION FOR PROTECTIVE ORDER

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and respond to *Defendant Louisiana-Pacific's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice* (Document 334), filed on Monday, October 8, 2007, and to *Defendant Pactiv Corporation's Joinder in Defendant Louisiana-Pacific Corporation's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice* (Document No. 338), filed on Friday, October 12, 2007. In support hereof, the Plaintiffs state as follows:

## I.  The Objection is Untimely

On August 10, 2007, the Plaintiffs served their *Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)*, a copy of which is attached as **EXHIBIT A** hereto. On October 5, 2007, almost two months later, Defendant Louisiana-Pacific Corporation served

on the Plaintiffs *Defendant Louisiana-Pacific Corporation's Objections to Plaintiffs' Proposed 30(b)(6) Designations*, a copy of which is attached as **EXHIBIT B** hereto. ***Defendant Pactiv Corporation has never served any objection to the 30(b)(6) notice, instead apparently relying upon and incorporating by reference Defendant Louisiana-Pacific Corporation's untimely objections***.

If the Defendants intended to object to the Rule 30(b)(5) and (6) notice, they should have done so no later than September 10, 2007, thirty days later:

> The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. *The procedure of Rule 34 shall apply to the request.*

*Fed.R.Civ.P.* 30(b)(5), *emphasis added*.

> The party upon whom the request is served shall serve a written response *within 30 days after the service of the request.* A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29.

*Fed.R.Civ.P.* 34(b). The Defendants did not seek, and the Court did not grant, an extension of the 30-day period, and the parties did not agree in writing to a shorter time period. The Defendants' objections are therefore untimely.

In any event, by waiting two months to assert their objections, the Defendants are engaged in a stratagem to unreasonably delay the prosecution of this case.

## II.  The Context in Which the Objections Have Been Made Suggests That the Defendants Lack Good Faith

The Defendants have asserted their objections and filed their motion for protective order in a context that suggests a lack of good faith. Consider the following:

**Plaintiffs' Response to Defendants' Motion for Protective Order**          **Page 2**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

**A. The Defendants Delayed Rescheduling Their Rule 30(b)(6) Depositions Until the Friday Before They Were Initially Scheduled to be Taken**

The Plaintiffs' *Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)*, a copy of which is attached as EXHIBIT A hereto, was served on August 10, 2007 and scheduled depositions of the Defendants' corporate representatives more than one month later, Defendant Pactiv Corporation commencing on Monday, September 24, 2007 and Defendant Louisiana-Pacific Corporation commencing on Wednesday, September 26, 2007. The Defendants therefore had ample time within which to object to the scheduled deposition dates.

In addition, however, by letter dated August 23, 2007, a copy of which is attached as EXHIBIT C hereto, the Plaintiffs' counsel specifically advised the Defendants' counsel that mutually convenient dates and locations could be established:

> I have noticed the Defendants' depositions for the end of September in Montgomery. We are willing to change locations and dates, if Defendants will get together and offer some alternatives within the next two weeks for dates that are reasonably close to the presently scheduled date. If you need to change these locations and/or dates, please let me know as soon as possible when and where you propose to do them.

One week before the scheduled depositions, the Plaintiffs' counsel realized that the Defendants' counsel had failed either to indicate that the scheduled dates and location were acceptable or to provide alternate dates and locations for the two corporate representative depositions. Consequently, in the latter part of the week preceding the scheduled depositions, the *Plaintiffs' counsel was forced to contact the Defendants' counsel and specific inquire whether the corporate representatives would be present for depositions the following week*, as noticed more than one month earlier. The Defendants' counsel then, for the first time, offered

**Plaintiffs' Response to Defendants' Motion for Protective Order**    **Page 3**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

alternative dates, and by letter dated September 21, 2007, a copy of which is attached as **EXHIBIT D** hereto, the Plaintiffs' counsel confirmed these dates.

### B.  The Defendants Were Aware That They Should Seek an Agreed Extension But Failed to Request One from the Plaintiffs

By letter dated September 5, 2007, a copy of which is attached as **EXHIBIT E** hereto, the Defendants' counsel confirmed that the Plaintiffs' counsel agreed to extend the time period within which the Defendants were required to respond or object to ***another, different discovery request*** propounded by the Plaintiffs, *Plaintiffs' Request for Inspection of Land, Equipment, and Furnishings* served on August 7, 2007.  This evidences the fact that the Defendants were well aware that they were required to object to the Plaintiffs' *Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)* no later than 30 days after service thereof (by Monday, September 10, 2007).  This they failed to do, and the Plaintiffs never agreed to a similar extension in connection with the 30(b)(6) notice.

### C.  The Defendants Assert Boilerplate Objections to Every Deposition Topic And Ask This Court to Substitute Their Own Topics for the Plaintiffs' Topics

*Defendant Louisiana-Pacific Corporation's Objections to Plaintiffs' Proposed 30(b)(6) Designations*, a copy of which is attached as **EXHIBIT B** hereto, is 177 pages and consists of ***boilerplate objections to every one of the Plaintiffs' deposition topics***.[1]  This fact alone suggests

---

1.    A review of the objections reveals that the Defendants do not assert any objection with respect to deposition topics 123 and 166, but these numbers were omitted from the Plaintiffs' deposition notice.

**Plaintiffs' Response to Defendants' Motion for Protective Order**                    **Page 4**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

that the objections are being presented for the improper purpose of harassing the Plaintiffs or causing unnecessary delay and a needless increase in the cost of the litigation.[2]

### III.  The Defendants Seek to Use this Court to Substitute The Defendants' Discretion for the Plaintiffs' Discretion

Litigation is an adversarial process, and as such, the parties each choose the claims or defenses that they will assert and the discovery that is necessary to achieve that objective.  There is nothing in the rules or case law, or in commons sense, that would suggest that one party ought to be permitted to make those decisions for an opposing party.  But this is precisely what the Defendants seek to do.  Incredibly, they are asking this Court to force the Plaintiffs to take the depositions of their corporate representatives on ***topics selected by the Defendants***!

In support of this incredible proposition, the Defendants cite just two cases binding on this Court, *Moore v. Armour Pharmaceutical Company*, 927 F.2d 1194 (11th Cir. 1991) and *Farnsworth v. Procter & Gamble Company*, 758 F.2d 1545 (11th Cir. 1985).  Significantly, however, as the Defendants have done on other occasions in this case, they have cited to this Court – without any discussion of the facts – cases that are simply not applicable to the instant case.

Neither *Moore* nor *Farnsworth* involved the scope of a Rule 30(b)(6) deposition notice ***to a party***.  Instead, the two cases both involved the scope of deposition notices ***to a non-party*** that

---

2.     Under *Fed.R.Civ.P.* 11(b)(1), Bernard Taylor, Esq., counsel for Defendant Louisiana-Pacific Corporation, by signing the objection, and John C. Berghoff, Jr., Esq., counsel for Defendant Pactiv Corporation, by joining in Defendant Louisiana-Pacific Corporation's motion for protective order, have affirmatively represented to this Court that the objections are "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

**Plaintiffs' Response to Defendants' Motion for Protective Order**                    **Page 5**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

was also a governmental agency, the United States Centers for Disease Control.  In *Moore* the

subpoena was quashed based upon the limited resources of that agency:

> The primary concern underlying the district court's decision to quash the subpoena was the CDC's interest in conserving the time and attention of its employees for the fight against AIDS.  The plaintiffs' interest in getting the deposition of Dr. Evatt simply *cannot compare to the government's interest in maximizing the use of its limited resources* in dealing with a national health crisis.  Each day that Dr. Evatt and other doctors employed by the CDC spend giving deposition testimony is a day they are kept from doing research that might save numerous lives.

927 F.2d 1194, 1197-1198 (11th Cir. 1991), *emphasis added*.

    *Farnsworth* involved a subpoena served on the United States Centers for Disease Control

seeking the names and addresses of 300 women who had participated in a CDC study.  Key to

the court's decision to deny this discovery was the protection of the privacy of those 300 women:

> First, the Center's purpose is the protection of the public's health.  Central to this purpose is the ability to conduct probing scientific and social research supported by a population willing to submit to in-depth questioning.  Undisputed testimony in the record indicates that disclosure of the names and addresses of these research participants could seriously damage this voluntary reporting.  Even without an express guarantee of confidentiality there is still an expectation, not unjustified, that when highly personal and potentially embarrassing information is given for the sake of medical research, it will remain private.

758 F.2d 1545, 1547 (11th Cir. 1985).

    Aside from the fact that neither *Moore* nor *Farnsworth* involved the deposition of a party,

it is also noteworthy that neither case involved the kind of sweeping relief sought by the

Defendants.  ***Indeed, the Defendants cannot direct this Court's attention to any case, binding***

***or not, in which the court sustained objections to every single 30(b)(6) topic and then***

***substituted a set of topics written by the very party to be deposed!***

    Moreover, it is significant that in both *Moore* and *Farnsworth*, the Eleventh Circuit

reaffirmed the basic principle that the scope of discovery contemplated by Rule 26 is very broad.

**Plaintiffs' Response to Defendants' Motion for Protective Order**    **Page 6**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

In *Moore*, the Eleventh Circuit observed that "The Federal Rules of Civil Procedure, however, strongly favor full discovery whenever possible," 927 F.2d at 1197, and in *Farnsworth*, it stated:

> The law's basic presumption is that the public is entitled to every person's evidence. [*citations omitted*]. The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.

758 F.2d 1545 (11th Cir. 1985).

Because they are parties, rather than non-parties, because they are not governmental agencies with public resources that must be protected, and because they are not attempting to protect the privacy of unrelated individuals, the Defendants do not fall within the narrow parameters of the two principal cases upon which they rely. Thus, instead of demonstrating to this Court that they are entitled to the relief that they seek, they have instead proved just the opposite.

## IV. The Defendants Also Cite Non-Binding Cases That Are Similarly Irrelevant

The remaining cases cited by the Defendants are not binding on this Court and, in any event, either support the Plaintiffs' position or are simply irrelevant.

### A. Cases in Which Court Ruled in Favor of 30(b)(6) Deposition

In a number of cases cited by the Defendants the courts actually ruled in favor of the party taking the 30(b)(6) deposition.

While the Defendants correctly cite *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633 (D.Minn. 2000), as observing that the requester and recipient of a 30(b)(6) notice have "reciprocal obligations," they omit to disclose to this Court that the court in *Prokosch* granted a

**Plaintiffs' Response to Defendants' Motion for Protective Order**　　　　　**Page 7**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

plaintiff's motion to compel and for sanctions because the defendant corporation refused to produce a representative to testify about the subjects of the deposition notice. Perhaps because the corporate deponent was a party to the litigation, rather than merely a non-party witness, the court made the following observation:

> We understand that the burden upon the responding party, to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one, but we are not aware of any less onerous means of assuring that the position of a corporation, that is involved in litigation, can be fully and fairly explored.
>
> Applying these considerations here, we are satisfied that the Plaintiffs adequately designated, after a conscientious effort to focus its intended inquiry, the subject areas which were both temporally and factually relevant to its claims in this matter.

193 F.R.D. 633, 639, 2000 U.S. Dist. LEXIS 9224 (D.Minn. 2000).

Without explanation, the Defendants also quote from _New World Network v. MV Norwegian Sea_, 2007 U.S. Dist. LEXIS 25731 (S.D.Fla. 2007), a case in which a corporate defendant's motion for protective order was – for the most part[3] – denied. _Id._ at 14. In so doing, the court noted that the burden in seeking a motion for protective order is a high one:

> Rule 26(c)(1) allows for a protective order precluding any type of discovery "for good cause shown." The party requesting a protective order must make a specific demonstration of facts in support of the request, rather than conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. [citations omitted]. A court must balance the competing factors involved in determining whether good cause has been shown.

2007 U.S. Dist. LEXIS 25731, at 2-3 (S.D.Fla. 2007). The defendant in _New World Network_ failed to satisfy that high burden, _id._ at 14, just as the Defendants in this case have failed to make a specific demonstration of facts in support of their sweeping request for protective order to

---

3.      The motion was granted with respect to deposition topics and document requests submitted just 8 days before the deposition. 2007 U.S. Dist. LEXIS 25731, at Page 4.

**Plaintiffs' Response to Defendants' Motion for Protective Order**                    **Page 8**
_M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES_
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

***avoid having to testify about even one of the deposition topics listed by the Plaintiffs*** in their 30(b)(6) notice.

The Defendants also quote from *Smithkline Beecham Corporation v. Apotex Corporation*, 2000 U.S. Dist. LEXIS 667 (N.D.Ill. 2000), a case that ***did not even involve a motion for protective order***. Instead, the case involved a motion to compel filed by the party that served the 30(b)(6) request. Moreover, the court in *Smithkline* actually granted the motion to compel with respect to all but three deposition topics. In stark contrast, the Defendants in this case are asking the Court to protect them from testifying about ***any*** of the deposition topics listed by the Plaintiffs.

Finally, the Defendants also quote from *Banks v. Office of the Senate Sergeant-at-Arms*, 222 F.R.D. 7, 2004 U.S. Dist. LEXIS 9952 (D.D.C. 2004), another case in which the court actually ***denied the deponent's motion for protective order***. *Id.* at 18.

### B. Another Case Not Involving a 30(b)(6) Notice to a Party

Like the two binding cases cited by the Defendants and discussed above, one of the non-binding cases cited by the Defendants involved a 30(b)(6) subpoena to a non-party rather than a 30(b)(6) notice to a party. Incredibly, in citing *General Foods Corporation v. Computer Election Systems, Inc.*, 211 U.S.P.Q. 49, 1980 U.S. Dist. LEXIS 10479 (S.D.N.Y. 1980), a case in which the court actually quashed a 30(b)(6) subpoena, ***the Defendants falsely represent to***

**Plaintiffs' Response to Defendants' Motion for Protective Order**    **Page 9**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

***this Court***[4] that the quashed 30(b)(6) request was made to a "defendant,"[5] when in fact the case involved a non-party deponent:

> GF's present position is that, in order to prepare its defense of the counterclaims on trial in the District of New Jersey, it is entitled to discovery from IBM, *a non-party*, which was involved in certain of the devices, patents and transactions which CES alleges were implicated in the alleged fraud.

211 U.S.P.Q. 49, 1980 U.S. Dist. LEXIS 10479, at 2 (S.D.N.Y. 1980).

## V.  The Defendants' Arguments Conflict and Are Logically Inconsistent

In essence, the Defendants simultaneously argue both (1) that the designated subject areas of the Rule 30(b)(5) and (6) notice are vague, ambiguous, and overbroad and (2) that the Plaintiffs have identified too many subject areas.  These arguments are logically inconsistent, for the more specific the designations of subject matter, the greater the number of subject areas that must be enumerated.

Consider, for example, *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633 (D.Minn. 2000), ***one of the cases cited by the Defendants***.  There the court noted that:

> … to allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.  Correlatively, the responding party 'must make a conscientious goodfaith endeavor to designate the persons having knowledge of the matters sought by [the

---

4.    The undersigned counsel for the Plaintiffs does not believe that Bernard Taylor, Esq., when he signed *Defendant Louisiana-Pacific's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice* (Document 334) or John C. Berghoff, Jr., Esq., when he signed *Defendant Pactiv Corporation's Joinder in Defendant Louisiana-Pacific Corporation's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice* (Document No. 338), intended to deceive this Court.  Instead, it appears that they simply did not thoroughly read the cases that they were citing.

5.    "The Southern District of New York quashed a 30(b)(6) notice and document request identifying 143 topics, many with subparts, as 'extremely broad' because it required ***the defendant*** to 'produce every document and recall every fact, conception, intention, understanding, belief, and sense impression, of [a] patent.'"  *Defendant Louisiana-Pacific's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice* (Document 334), filed on Monday, October 8, 2007, page 5, *emphasis added*.

**Plaintiffs' Response to Defendants' Motion for Protective Order**                    **Page 10**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters.' [*citations omitted*].

193 F.R.D. 633, 638, 2000 U.S. Dist. LEXIS 9224 (D.Minn. 2000). It should be quite clear from the 30(b)(6) notice that the Plaintiffs took care to designate with "painstaking specificity" the particular subject areas of the noticed depositions. The Defendants, however, appear unwilling to make a conscientious good faith effort to designate the persons having knowledge of these matters.

## VI.  The Better Procedure – Extra-Judicial Operation

<u>New World Network v. MV Norwegian Sea</u>, 2007 U.S. Dist. LEXIS 25731 (S.D.Fla. 2007), **<u>one of the cases cited by the Defendants</u>**, suggests that the better procedure in considering objections to the scope of a 30(b)(6) deposition is to first permit the deposition to be taken:

> Significantly, "[n]ormally the process [associated with depositions under Rule 30(b)(6)] operates extrajudicially." [citation omitted]. Good cause exists to intervene only when there has been a compelling and sufficient demonstration that the procedures specified in the Rule have not been or cannot be followed.

2007 U.S. Dist. LEXIS 25731, at 6 (S.D.Fla. 2007). Then, during the deposition, if the actual questions are irrelevant or burdensome, the deponent may object and stand on its objection, and if the party taking the deposition believes that the objections are without merit, that party may then file a motion to compel:

> Instead, the better procedure to follow for the proper operation of the Rule is for a corporate deponent to object to the designation topics that are believed to be improper and give notice to the requesting party of those objections, so that they can either be resolved in advance or otherwise. The requesting party has the obligation to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers if necessary, **<u>following the deposition</u>**. The reason that is a better procedure is that **<u>the deponent's answers to relevant</u>**

**Plaintiffs' Response to Defendants' Motion for Protective Order**                    **Page 11**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

> *questions at the deposition will have a great deal of impact upon the strength of the arguments in support of or against a motion to compel. The answers provided will give the Court a factual record with which to judge whether a particular topic or question asked should be compelled or not*. And what forces a responding party to ensure that the witness provides as much relevant or possibly relevant information as possible given the liberal scope of discovery provided by Rule 26 to forestall the necessity for a motion to compel.

2007 U.S. Dist. LEXIS 25731, at 10-11 (S.D.Fla. 2007), *emphasis added*. Indeed, by objecting

*__prior__* to the deposition, what the Defendants seek is an advantage that other deponents do not

have merely because they are not corporations:

> … the proper operation of the Rule does not require, and indeed does not justify, a process of objection and Court intervention prior to the schedule deposition. *__That would provide a corporate deponent a procedural benefit that no other deponent has__*.

2007 U.S. Dist. LEXIS 25731, at 10 (S.D.Fla. 2007), *emphasis added*.

_Banks v. Office of the Senate Sergeant-at-Arms_, 222 F.R.D. 7, 2004 U.S. Dist. LEXIS

9952 (D.D.C. 2004), *__another case cited by the Defendants__*, makes similar observations:

> The premise of defendant's motion is that it is an appropriate exercise of the judicial supervision of discovery to issue a protective order to prevent counsel from asking a question that is irrelevant or so ineptly phrased that it can be condemned as vague or ambiguous. The problem with that premise is that, as I have pointed out in this very case, the federal courts do not permit a witness to refuse to answer a question that is irrelevant. Instead, the witness must answer the question, subject to the objection. On the other hand, if SAA has it right, federal courts should go to the opposite extreme and, when a 30(b)(6) deposition is taken, not only permit the witness to refuse to answer an irrelevant question but rule in advance as to what topics are relevant.
>
> Alternatively, a party can secure a protective order under Rule 26 upon a showing of good cause. Although those words are designed to be malleable, all can agree that insisting that a federal court act to prevent the possibility that irrelevant questions will be asked at a deposition is completely unprecedented and would require the court to micro-manage the discovery process.

222 F.R.D. 7, at 18, 2004 U.S. Dist. LEXIS 9952 (D.D.C. 2004).

If the Court does not simply deny the Defendants' motion for protective order for one of

the reasons set forth above, then the Plaintiffs request that the Court adopt the procedure set out

in these cases cited by the Defendants, a procedure that may well obviate the need for the Court

to entertain this discovery dispute, for the procedure will force the Plaintiffs to frame specific

**Plaintiffs' Response to Defendants' Motion for Protective Order**          **Page 12**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

deposition questions that they are willing to present to the Court and will further force the Defendants to assert specific objections that they are willing to present to the Court. In so doing, the entire dispute may simply disappear, or at least be narrowed before the Court is required to expend precious judicial time and resources entertaining it.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Honorable Court will deny *Defendant Louisiana-Pacific's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice* (Document 334), filed on Monday, October 8, 2007 and *Defendant Pactiv Corporation's Joinder in Defendant Louisiana-Pacific Corporation's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice* (Document No. 338), filed on Friday, October 12, 2007.

*/s/ Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Response to Defendants' Motion for Protective Order**          **Page 13**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2007, I caused the foregoing *Plaintiffs' Response to Defendants' Motion for Protective Order* to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to send to the following:

| For the Plaintiffs | For the Defendant<br>Pactiv Corporation | For the Defendant<br>Louisiana-Pacific Corporation |
|---|---|---|
| Robert Leslie Palmer, Esq. | John C. Berghoff, Jr., Esq. | Dennis R. Bailey, Esq. |
| Gregory Andrews Cade, Esq. | Matthew C. Sostrin, Esq. | R. Austin Huffaker, Esq. |
| Fred R. DeLeon, Jr., Esq. | Mark R. Ter Molen, Esq. | Orlyn O. Lockhard, III, Esq. |
| Wilbur O. Colom, Esq. | H. Thomas Wells, Jr., Esq. | Douglas Sheppard Arnold, Esq. |
| William Eason Mitchell, Esq. | John Aaron Earnhardt, Esq. | Bernard Taylor, Sr., Esq. |
| Richard Elder Crum, Esq.[6] | Edwin Bryan Nichols, Esq. | Laura Ellison Proctor, Esq. |

*/s/ Robert Leslie Palmer*
Of Counsel

---

6.      Richard Elder Crum does not represent all of the Plaintiffs but represents one estate and entered an appearance in order to receive all filings.

**Plaintiffs' Response to Defendants' Motion for Protective Order**                    **Page 14**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**