*The Colom Law Firm, L.L.C.*

WILBUR O. COLOM
W. EASON MITCHELL*†
B. KELLY HARDWICK
CHARLES T. BRANT**†
EDWARD L. PLEASANTS, III
EDTRIK BAKER‡

ADMITTED IN:
ALABAMA*
GEORGIA*
FLORIDA‡
DISTRICT OF COLUMBIA†

Writer's e-mail:
emitchell@colom.com

200 6th STREET NORTH
COLUMBUS, MS  39701-3917

MAILING ADDRESSES:

POST OFFICE BOX 866
COLUMBUS, MS 39702-0866
TELEPHONE: (662) 327-0903
FACSIMILE: (662) 329-4832
WEBSITE: www.colom.com

POST OFFICE BOX 55787
JACKSON, MS 39296
TELEPHONE: (601) 974-6075
FACSIMILE: (601) 974-6076

170 MITCHELL STREET, S.W.
ATLANTA, GA 30303
TELEPHONE: (404) 522-5900
FACSIMILE: (404) 526-8855

August 23, 2007

**VIA E-MAIL**

All Defense Counsel

Re:    Defendants' Depositions
       *M.C. v. PACTIV, et al.*

Dear Counsel:

There are a few issues that I would like to address concerning depositions of Defendants and those persons listed as potential witnesses in Defendants' Rule 26 Disclosures.  I assume, based on our previous conversations, that these are issues that we should be able to agree upon; but if we cannot agree, I would like to know before we stand on this before our September 10th court appearance.  These issues are all very similar, but I will try to separate them as best I can.

1.    The Local Rules provide for one day and seven hours of deposition time.  I would like to agree that each Defendant representative deposition under Rule 30(b)(6) should be extended to three days a piece, with the understanding that we will try to complete them in two and one-half days a piece.  I do not mean three days for each representative.  This would mean three days for the topics set out in Plaintiffs' deposition notice, even if Defendants used multiple representatives.

All Defense Counsel
August 23, 2007
Page 2

2.    I have noticed the Defendants' depositions for the end of September in Montgomery. We are willing to change locations and dates, if Defendants will get together and offer some alternatives within the next two weeks for dates that are reasonably close to the presently scheduled date. If you need to change these locations and/or dates, please let me know as soon as possible when and where you propose to do them.

3.    I understand that we are limited to 30-40 discovery depositions. I think this depends on how many Plaintiffs are selected. The Defendants have listed almost that many witnesses, although I suspect that some of the listed defense witnesses may be put up as corporate representatives. We would like to depose all of the listed defense witnesses and retain a reasonable number, perhaps 10, for depositions of other persons. Is this agreeable? I assume that experts will not be counted in the number and that physicians will not be counted, because their depositions are actually for evidentiary use. Please let me know if this proposal is reasonable and agreeable for you.

4.    I believe that we can take depositions of more than one person at a time by dividing into teams of two or three, with several depositions to be taken at once. This way, we can do four to six depositions a day and get those witnesses who are quick disposed of rather fast.

5.    Would you agree to put up your past employees and listed witnesses without a subpoena being served upon them?

All Defense Counsel
August 23, 2007
Page 3

---

6.    Please provide me some dates and places for your listed witnesses, including Ronnie Paul and John Harrie, so that we can get the depositions of these witnesses scheduled.

7.    You have asked that we not contact your listed witnesses directly, because they may be company representatives. Please let me know which, if any, of your listed witnesses will be corporate representatives. I cannot agree not to contact those persons who are not corporate representatives, or in a position to bind the company. I will follow our Rules of Professional Conduct and opinions of our State Bar Association, in addition to the Federal Bar requirements. It would be helpful if your witnesses, particularly Mr. Paul, would stop contacting our clients or their family members. I will work with you on an informal basis to solve any disagreement that we have on this issue.

8.    I have found that physicians are difficult to schedule. I will attempt to coordinate dates with you and set up physicians' depositions so that we are not required to make multiple trips to Lower Alabama, but I may have to just take the dates that the physicians will provide.

If you know of any other issues or questions involving deposition scheduling, please let me know so that we can resolve these issues and make the process as convenient as possible for all of us. We might consider a meeting, or discussing this, while we are all together in Omaha on September 10th, if we need to work anything out or have a discussion. If possible, I would like to have some idea of your positions on my questions

All Defense Counsel
August 23, 2007
Page 4

_____

before the 10th so that I can be best prepared to discuss solutions with you. I look forward to seeing you.

                                    Sincerely yours,

                                    *Sent Without Signature To Avoid Delay*

                                    W. Eason Mitchell

WEM/knw
cc:   Gregory A. Cade, Esq.
      Robert L. Palmer, Esq.
      Wilbur O. Colom, Esq.
84593.wpd