# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| M.C. who sues by and through her<br>mother and next friend, GAIL TATUM | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 2:06cv83-LES:** |
| | ) | |
| PACTIV CORPORATION, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

# PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND OCTOBER, 2007 MOTION FOR PROTECTIVE ORDER

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and respond to *Defendants' Joint Motion for Protective Order* (Document 337), filed on Friday, October 12, 2007. In support hereof, the Plaintiffs state as follows:

## I. The Plaintiffs Object to the Premature Hearing

By letter dated today, Wednesday, October 17, 2007, the Defendants advised the Plaintiffs that they had arranged for a hearing on *Defendants' Joint Motion for Protective Order* (Document 337) to take place tomorrow, Thursday, October 18, 2007. The Plaintiffs hereby object to the hearing on the grounds (1) that it was apparently arranged *ex parte*, without the knowledge, consent, or input of the Plaintiffs, (2) that it is in conflict with a standing order entered by Judge Lyle E. Strom, (3) that in cutting short the time within which the Plaintiffs are

required to respond to the motion it gives insufficient time to do so, (4) that it therefore gives the Court insufficient time to consider the Plaintiffs' written response, and (5) that it gives the Plaintiffs insufficient time to prepare for the hearing.  None of this can be excused by any pretense of emergency, for ***the Defendants waited almost four weeks – 25 days – to file their motion for protective order***.  Consider the following timeline:

➤ On Monday, September 17, 2007, the Plaintiffs served their *Notice of Taking Deposition (of Dr. Sasikumar Vishwanath)*, a copy of which is attached hereto as **PLAINTIFFS' EXHIBIT A**.

➤ On Thursday, October 4, 2007, Judge Lyle E. Strom entered his *Order* (Document 333), in which he ruled that "parties in this action ***shall*** have ten (10) days to respond to motions filed by the opposing party, unless a motion seeking additional response time is granted by the Court."  The *Order* makes no provision for shortening the time to respond, and in any event, no motion was ever filed seeking to shorten the time.

➤ On Friday, October 12, 2007, ***less than one week ago***, the Defendants filed *Defendants' Joint Motion for Protective Order* (Document 337).  The motion was filed almost four weeks – 25 days – after their receipt of the notice of Dr. Sasikumar Vishwanath's deposition, and it was filed more than one week after the Defendants' receipt of Judge Strom's October 4, 2007 *Order*.

The Defendants could have filed their motion for protective order sufficiently in advance of the scheduled deposition to ensure that any hearing would have been conducted only after the Plaintiffs had received adequate notice and a meaningful opportunity to respond.  For example, if

**Plaintiffs' Response to Defendants' Second October, 2007                    Page 2
Motion for Protective Order**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court
For the Middle District of Alabama, Northern Division**

the Defendants had filed their motion one week earlier, on Friday October 5, 2007, the Plaintiffs would have been required to respond no later than Monday, October 15, 2007, and a hearing on Thursday, October 18, 2007 would then be reasonable, for it would give the Court ample opportunity to review and consider not just the Defendants' motion but also the Plaintiffs' response. Instead, ***already aware of Judge Strom's standing order***, the Defendants chose to wait and file their motion just one week prior to the scheduled deposition. By so doing, they have practically insured that the Plaintiffs cannot meaningfully respond, and that the Court will have insufficient time to review and consider any rushed written response prepared by the Plaintiffs.

## II.  The Plaintiffs Object to the Defendants' Public Disclosure of Confidential Information

In filing *Defendants' Joint Motion for Protective Order* (Document 337), the Defendants have made available to the public at large confidential information produced to the Defendants only for the purposes of litigation. For example, in 4 exhibits to their motion – **DEFENDANTS' EXHIBIT C** (Document 337-4), **DEFENDANTS' EXHIBIT D** (Document 337-5), **DEFENDANTS' EXHIBIT F** (Document 337-7), and **DEFENDANTS' EXHIBIT K** (Document 337-12), – the Defendants have attached unsigned HIPAA authorizations for all four Trial Plaintiffs.[1] ***Each of the authorizations includes the Trial Plaintiff's full name, address, date of birth, and social security number***. In addition, **DEFENDANTS' EXHIBIT K** (Document 337-12) to the Defendants'

---

1.     Not every exhibit includes HIPAA forms for all four Trial Plaintiffs, but collectively, the exhibits include HIPAA authorizations for all of them, some several times.

**Plaintiffs' Response to Defendants' Second October, 2007**                    **Page 3**
**Motion for Protective Order**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

motion includes ***a listing of more than 30 other Plaintiffs by name, date of birth, and social securty number***, and **DEFENDANTS' EXHIBIT J** (Document 337-11) to the Defendants' motion includes an authorization form for a specific medical service provider for Kandy Creech.  ***In addition to including her name, address, date of birth, and social security number, it also includes – by its very existence – a disclosure of the nature of her medical treatment***.  Aside from other privacy concerns, this information is sufficient to make the Trial Plaintiffs (and several other Plaintiffs) vulnerable to identity theft, which is of paramount concern for the two living Trial Plaintiffs, Kandy Creech and Jimmie Lou Bowman, and for the other Plaintiffs whose confidential information is disclosed in **DEFENDANTS' EXHIBIT K** (Document 337-12) to the Defendants' motion.

The Plaintiffs object to this wanton dissemination of their confidential information and pray that this Court will immediately seal the offending exhibits.

## III.  The Defendants Were Furnished with HIPAA authorizations in 2005 And With Other Medical Records Over the Past Two Years

In the section of their motion entitled "Background," the Defendants give an incomplete and largely inaccurate history of what has actually transpired.  First, and of great significance, is the fact that the Defendants' "background" goes no further into the past than the July 6, 2007 selection of three Trial Plaintiffs.  The Defendants omit to disclose to this Court that for years, even preceding the filing of this action (in connection with pre-litigation mediation), they have sought and been furnished with considerable information about each of the Plaintiffs, including the four Trial Plaintiffs.  Consider the following:

**Plaintiffs' Response to Defendants' Second October, 2007**                                    **Page 4**
**Motion for Protective Order**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

➢     In 2005, the Defendants were furnished with diagnosing medical records for each Plaintiff, ***including all four Trial Plaintiffs*** (Melanie Chambers, Renee Phillips, Kandy Creech, and Jimmie Lou Bowman).

➢     Also in 2005, the Defendants were furnished with completed questionnaires for each Plaintiff, ***including all four Trial Plaintiffs*** (Melanie Chambers, Renee Phillips, Kandy Creech, and Jimmie Lou Bowman). The questionnaire had been prepared by the Defendants in connection with pre-litigation mediation and included a HIPAA authorization. ***The questionnaire responses submitted on behalf of the four Trial Plaintiffs in 2005 included signed HIPAA authorizations***. With appropriate protective measures (to avoid the release of confidential information), the Plaintiffs are prepared to submit copies of these HIPAA authorizations to the Court and to opposing counsel.

➢     ***The Defendants' own evidence makes it clear that they received and used the HIPAA authorizations furnished to them in 2005.*** See **DEFENDANTS' EXHIBIT K** (Document 337-12) to *Defendants' Joint Motion for Protective Order* (Document 337).[2]

➢     On October 27, 2005, the Defendants were furnished with medical records from South Alabama Oncology on Trial Plaintiff Renee Phillips.

➢     On October 31, 2005, the Defendants were furnished with diagnosing medical records for Trial Plaintiffs Melanie Chambers and Renee Phillips.

---

2.     In paragraph 7 of his affidavit, attached as **DEFENDANTS' EXHIBIT K** (Document 337-12) to *Defendants' Joint Motion for Protective Order* (Document 337), Sean E. Simmons states that "the medical authorization submitted by Jimmie Lou Bowman in 2005 was incomplete." He does not, however, indicate just how the authorization was "incomplete," and the Plaintiffs dispute this assertion.

**Plaintiffs' Response to Defendants' Second October, 2007**       **Page 5**
**Motion for Protective Order**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

➤    On July 7, 2006, the Defendants were furnished with an updated HIPAA authorization for Trial Plaintiff Melanie Chambers.

➤    On July 25, 2007, the Defendants were furnished with copies of death certificates and letters of administration for Trial Plaintiffs Melanie Chambers and Renee Phillips.

It should be clear, therefore, that the Defendants' principal complaint – that they were not timely furnished with HIPAA authorizations – is simply wrong, and that there must be some other purpose for filing this motion.

## IV.  The Unending Stream of Objections

_Defendants' Joint Motion for Protective Order_ (Document 337) is just part of the Defendants' unending stream of objections to virtually any discovery efforts by the Plaintiffs, and it is one of **_three such motions filed just this month (so far)_**.  Consider the other two motions filed just this month:

➤    In _Defendant Louisiana-Pacific's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice_ (Document 334) and _Defendant Pactiv Corporation's Joinder in Defendant Louisiana-Pacific Corporation's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice_ (Document No. 338), the Defendants have objected to **_every single one of the deposition topics listed in the Plaintiffs' Rule 30(b)(6) notice_**.

➤    In _Defendants' Joint Motion for Protective Order Regarding Plaintiffs' Request for Documents Pursuant to Rules 34 and 30(b)(5)_ (Document 342), the Defendants have **_objected to every single one of the production requests_** propounded by the Plaintiffs and

**Plaintiffs' Response to Defendants' Second October, 2007**      **Page 6**
**Motion for Protective Order**
_M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES_
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

have further ***asked this Court to require the Plaintiffs to withdraw every single one of the production requests***.

From the foregoing, it should be clear that the Defendants are simply attempting to thwart the Plaintiffs' legitimate efforts to collect discovery and preserve relevant evidence, for they not only object to every discovery effort of the Plaintiffs, but actually seek to squelch them entirely.

## V.  The Defendants Will Not Suffer Undue Prejudice

The Defendants assert that unless the Court stays the deposition of Dr. Vishwanath, they will be prejudiced, ostensibly because they have not had ample opportunity to obtain the Trial Plaintiffs' medical records. ***The Defendants make this assertion despite the fact that they have had more than two years within which to collect medical records***, and so they blame their own failing on "the delay tactics of the Plaintiffs."[3] *Defendants' Joint Motion for Protective Order* (Document 337), page 4.  They also blame their failure to collect medical records on Dr. Vishwanath himself, castigating his "poor recordkeeping practices." *Defendants' Joint Motion for Protective Order* (Document 337), page 4.

---

3.       In making this accusation, the Defendants take statements made by Plaintiffs' counsel out of context.  For example, on page 3 of their motion, the Defendants baldly state that "Plaintiffs relentlessly continue to delay Defendants' efforts to obtain the trial Plaintiffs' medical records by withholding the required medical authorizations, ***even stating directly that Defendants' requests for medical authorization 'deserve[d] little attention*.'**"  This is clearly taken out of context, for Plaintiffs' counsel actually stated that the authorizations ***should be dealt with expeditiously*** and then added that efforts to respond were compounded by daily e-mail messages from the Defendants seeking things that deserved little attention: "There will come a time when much of what we are doing will become much more meaningful, say next year prior to trial, so these type things ***should be dealt with expeditiously*** in fear of an attempt to move trial dates.  ***We tend to get an email almost daily seeking something that deserves little attention so understand my responses*.**"  Exhibit I (Document 337-10) to *Defendants' Joint Motion for Protective Order* (Document 337).

**Plaintiffs' Response to Defendants' Second October, 2007**                                **Page 7**
**Motion for Protective Order**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

But apart from having had HIPAA authorizations on all four Trial Plaintiffs since 2005, the Defendants have also had renewed HIPAA authorizations for quite some time. Indeed, by their own admission, the Defendants have had renewed HIPAA authorizations for three of the Trial Plaintiffs for ***more than a month***, since September 13, 2007. *Defendants' Joint Motion for Protective Order* (Document 337), page 2. Moreover, with respect to the one Trial Plaintiff for whom the Defendants had only a 2005 HIPAA authorization, the Plaintiffs offered to permit the Defendants to take a follow-up deposition once the Defendants received the medical records for that Trial Plaintiff. See **DEFENDANTS' EXHIBIT H** (Document 337-9) to *Defendants' Joint Motion for Protective Order* (Document 337).

In light of these facts, it is difficult to see just how the Defendants will suffer undue prejudice if the deposition of Dr. Vishwanath is allowed to proceed as noticed for more than one month.

## VI. Dr. Vishwanath's Full Testimony Should Be Permitted

The Defendants also assert that Dr. Vishwanath's testimony should be restricted to the medical conditions of the four Trial Plaintiffs and that he should not be permitted to testify about excess rates of cancer and other health conditions in Lockhart and Florala. In support of this proposition, ***the Defendants do not cite a single case or other relevant authority***, but only make the generalized, two-paragraph argument that the anticipated testimony constitutes "opinion" evidence, that Dr. Vishwanath has not been identified as an expert witness, and that Dr.

**Plaintiffs' Response to Defendants' Second October, 2007**                          **Page 8**
**Motion for Protective Order**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

Vishwanath should not be permitted to testify about his opinions unless and until the Plaintiffs designate him as an expert witness.

The Defendants simply *__assume__* that because he might render some opinion testimony, Dr. Vishwanath cannot testify until sometime after December 8, 2007. And although the Defendants accuse the Plaintiffs of trying to "circumvent *Daubert* and the Scheduling Order," *Defendants' Joint Motion for Protective Order* (Document 337), page 5, they do not direct this Court's attention to any provision in the Scheduling Order that would be "circumvented" by permitting Dr. Vishwanath's deposition to proceed. Indeed, there is no such provision, for the Scheduling Order does not even preclude the depositions of designated experts *__prior__* to December 8, 2007 – it merely authorizes such depositions *__after__* that date.

In making their argument, the Defendants confuse the operation of two very distinct rules, *Fed.R.Civ.P.* 26(a)(2)(B) and *Fed.R.Evid.* 702. The former procedural rule requires the parties to designate their specially retained expert witnesses and submit reports to the opposing counsel while the latter evidentiary rule establishes the threshold for expert opinion testimony. Because they apparently do not realize that these two rules operate independently, the Defendants assume that if a witness is likely to give expert testimony, that witness must first be designated as an expert witness and therefore cannot be deposed until he or she has submitted an expert report. Actual practice is very different from this fantasy world, for lay witnesses often give opinion testimony (*see Fed.R.Evid.* 701) and treating physicians, though generally considered fact witnesses, fall somewhere between the two neat designations, "fact witness" and "opinion witness."

---

**Plaintiffs' Response to Defendants' Second October, 2007**                    **Page 9**
**Motion for Protective Order**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

That the expert disclosure required by *Fed.R.Civ.P.* 26(a)(2)(B) does not apply to treating physicians is made clear in the NOTES OF ADVISORY COMMITTEE ON 1993 AMENDMENTS:

> For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

Thus, even though the Plaintiffs may elicit some opinion testimony from Dr. Vishwanath, that alone does not render him an expert witness for whom an expert designation must be made to the Defendants. Indeed, so long as Dr. Vishwanath's opinions were acquired through the treatment of the Plaintiffs, those opinions may be elicited even if the Plaintiffs do not designate him as a specially retained expert under *Fed.R.Civ.P.* 26(a)(2)(B). A treating physician is not considered an expert witness if his or her opinion testimony is based on personal knowledge, including the treatment of the party. *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005). *See also* *Brown v. Best Foods*, 169 F.R.D. 385, 1996 U.S.Dist. LEXIS 17400 (N.D.Ala. 1996).

But the Defendants already know this, for they have so far noticed the depositions of no fewer than 12 treating physicians. See the deposition subpoenas attached hereto as **PLAINTIFFS' EXHIBITS B** through **M**. It is doubtful that the Defendants will be able to take these depositions without eliciting one or more "expert" opinions subject to *Fed.R.Evid.* 702, and thus it is not opinion testimony from a treating physician that concerns them – it is just the opinion testimony of this one treating physician, Dr. Sasikumar Vishwanath.

**Plaintiffs' Response to Defendants' Second October, 2007**                    **Page 10**
**Motion for Protective Order**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# Conclusion

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Honorable Court will deny *Defendants' Joint Motion for Protective Order* (Document 337), filed on Friday, October 12, 2007, and further that the Court will enter an order sealing the exhibits that disclose confidential information and make the Plaintiffs vulnerable to identity theft.


*/s/ Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Response to Defendants' Second October, 2007**          **Page 11**
**Motion for Protective Order**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2007, I caused the foregoing *Plaintiffs' Response to Defendants' Motion for Protective Order* to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to send to the following:

| For the Plaintiffs | For the Defendant Pactiv Corporation | For the Defendant Louisiana-Pacific Corporation |
|---|---|---|
| Robert Leslie Palmer, Esq. | John C. Berghoff, Jr., Esq. | Dennis Ray Bailey, Esq. |
| Gregory Andrews Cade, Esq. | Matthew C. Sostrin, Esq. | R. Austin Huffaker, Esq. |
| H. Gregory Harp, Esq. | Mark R. Ter Molen, Esq. | Joshua L. Becker, Esq. |
| Mark L. Rowe, Esq. | H. Thomas Wells, Jr., Esq. | Orlyn O. Lockhard, III, Esq. |
| Fred R. DeLeon, Jr., Esq. | John Aaron Earnhardt, Esq. | Douglas Sheppard Arnold, Esq. |
| Wilbur O. Colom, Esq. | Edwin Bryan Nichols, Esq. | Bernard Taylor, Sr., Esq. |
| William Eason Mitchell, Esq. | Jaimy L. Hamburg, Esq.. | Laura Ellison Proctor, Esq. |
| Richard Elder Crum, Esq.[4] | Roberta M. Wertman, Esq. | |

*/s/ Robert Leslie Palmer*
Of Counsel

---

[4]    Richard Elder Crum does not represent all of the Plaintiffs but represents one estate and entered an appearance in order to receive all filings.

**Plaintiffs' Response to Defendants' Second October, 2007**          **Page 12**
**Motion for Protective Order**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**