MAYER·BROWN

Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

October 8, 2007

**Roberta M. Wertman**
Direct Tel (312) 701-7162
Direct Fax (312) 701-8160
rwertman@mayerbrown.com

Dr. David Marsh
24015 Fifth Avenue
Florala, Alabama 36442

Re:   Deposition regarding treatment of Melanie
      Chambers, Jimmie Lou Bowman, Susan Renee
      Phillips, and/or Kandy Creech

Dear Dr. Marsh:

        Please find enclosed a subpoena, requiring your attendance and production of documents
at a deposition regarding your treatment of Melanie Chambers, Jimmie Lou Bowman, Susan
Renee Phillips, and/or Kandy Creech.  These individuals have made personal injury claims
against my client, Pactiv Corporation.

        We understand the date and time as provided on the subpoena may not be compatible
with your schedule.  If so, please contact me as soon as possible.  We will try to work with you
to find a more convenient date and time.

Sincerely,

Roberta M. Wertman

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Hong Kong  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

MIDDLE _____ DISTRICT OF _____ ALABAMA, NORTHERN DIVISION

Gail Bedsole Tatum, as Mother and Administratrix of the Estate of
Melanie Chambers, a Deceased Minor Child

V.

Pactiv Corporation, and
Lousiana Pacific Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:06-CV-00083-LES-CSC
Lead Case

TO:  Dr. David Marsh
24015 Fifth Avenue
Florala, Alabama 36442
(334) 858-3241

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    Comfort Inn<br>1311 East Bypass<br>Andalusia, Alabama 36420 | DATE AND TIME<br>11/14/2007 1:00 pm |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A, attached.

| PLACE    Comfort Inn<br>1311 East Bypass<br>Andalusia, Alabama 36320 | DATE AND TIME<br>11/14/2007 1:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Roberta Wertman_ | 10/8/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Roberta Wertman, Esq.    Counsel for Pactiv Corporation
(312) 701-7162    Mayer Brown, LLP, 71 S. Wacker Drive, Chicago, Illinois, 60606

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Exhibit A

Please produce at the time of your deposition a copy of all medical and billing records, including but not limited to, all notes, reports, insurance records, films, pathology records, films, slides, and records received from other providers, that are now or ever have been in your possession pertaining to the following patient(s):

- Melanie R. Chambers          419-33-25XX

- Jimmie Lou Bowman          420-48-40XX

- Susan Renee Phillips          419-94-88XX

- Kandy M. Creech          423-06-13XX

AUTHORIZATION
FOR
DISCLOSURE OF PROTECTED HEALTH INFORMATION

**Patient:**   Melanie Chambers          **Date of Birth: 9/11/1987**

**Address:**   **P.O. Box 9**               **SSN:  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**
            **21295 Seminole Ave.**
            **Lockhart, AL  36455**

I hereby authorize the use and disclosure of the  "protected health information" of **Melanie Chambers** ("the Patient") covered under privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA Privacy Rule") as specified in this Authorization.  I understand that "protected health information" includes records disclosed to health care providers and facilities which currently provides or previously provided treatment to the Patient.

**Information to be Used or Disclosed:**

I authorize the release of all of the Patient's protected health information, including the Patient's complete medical records, all images (x-rays, photographs, videos, scans, etc.) and specimens (pathology, histology, cytology, etc.), pharmacy records, billing records, health insurance records (collectively "the Patient's Health Information and Records"), and includes interviews, clarification, explanation or evaluation of the Patient's Health Information.

_GT____   In addition to this required authorization for release of non-privileged protected health information, I also expressly authorize the release of privileged information, to the extent it is contained in the Patient's Health Information and Records, such as HIV/AIDS, mental health or psychiatric and alcohol/drug abuse treatment.

**Person(s) Authorized to Make the Use or Disclosure:**

I hereby authorize any physician, pharmacist, doctor of osteopathy, other practitioner of the healing arts, hospital, healthcare provider, pharmacy, health insurance company, health facility/institution, governmental or private agency or entity and their respective agents, officers, employees, or attorneys that maintain the Patient's Health Information and Records (collectively "Patient's Healthcare Providers") to release the Patient's Health Information and Records as specified in this Authorization.

**Recipient(s) of Use or Disclosure:**

The Patient's Health Information and Records may be used by or disclosed to the attorneys, employees, experts, consultants, and other agents of Alston & Bird LLP and/or Rushton, Stakely, Johnson & Garrett P.A., who represent Louisiana-Pacific Corporation, and the attorneys, consultants, employees and other agents of Mayer, Brown, Rowe & Maw LLP and/or Maynard, Cooper & Gale P.C who represent Pactiv Corporation, for the purposes of defending litigation initiated by the Patient or on the Patient's behalf, and the attorneys, consultants, employees and other agents of The Colom Law Firm, who represent the Patient or Patient's representative.

**Purpose(s) of the Use or Disclosure:**

The purpose of the use or disclosure is to defend legal claims and allegations.

This authorization will expire at the close of litigation, including all appeals.

I understand that treatment, payment, enrollment or eligibility for benefits cannot be conditioned on whether or not I sign this Authorization.

I understand that I may revoke (cancel) this Authorization by submitting a written revocation to Bernard Taylor, Esq., Alston & Bird LLP, 1201 W. Peachtree St., Atlanta, GA 30309; or Mayer, Brown, Rowe & Maw LLP, 190 South LaSalle Street, Chicago, IL 60603; or Eason Mitchell, Esq., The Colom Law Firm, LLC, 200 Sixth Street North, Suite 102, P.O. Box 866, Columbus, MS 39703. However, such revocation will not be effective with respect to any use or disclosure already made in reliance on this Authorization before these individuals received notice of my revocation.

I understand that the Patient's Health Information and Records used or disclosed by the Patient's Healthcare Providers pursuant to this Authorization may be subject to redisclosure by the recipient, in which case they might no longer be protected under the HIPAA Privacy Rule.

I hereby release the Patient's Healthcare Providers and any other persons or entities permitted by this Authorization from any liability, damages or expenses arising in connection with the use or disclosure of the Patient's Health Information and Records pursuant to this authorization.

PHOTOCOPIES OF THIS AUTHORIZATION ARE VALID AND MAY BE USED IN LIEU OF THE ORIGINAL

**Melanie Chambers**
Patient Name

_____
Patient Signature                    _____
                                     Date

Or

_Gail Bedsole Tatum_ (signature)     _9-11-07_
Gail Bedsole Tatum                   Date
Personal Representative of Patient

Basis of Personal Representative's authority to sign for Patient: <u>Mother and Estate Administratrix</u>

[Note: A copy of the signed Authorization must be provided to Patient or Personal Representative]

2006   1026
corded in the Above
rrobate Minutes Book & Page
06-19-2006 09:42:57 AM

IN THE PROBATE COURT OF COVINGTON COUNTY, ALABAMA

IN RE:        THE ESTATE OF                    •

                                               •        CASE NO. PC-2006-*122*

MELANIE CHAMBERS, DECEASED.                    •

## LETTERS OF ADMINISTRATION
## WITH ADDITIONAL POWERS

Letters of Administration on the Estate of **MELANIE CHAMBERS**, Deceased, are hereby granted to **GAIL BEDSOLE TATUM**, who have duly qualified and given bond as such Personal Representatives, and is authorized to administer such estate. Subject to the priorities stated in Code of Alabama (1975, as amended) 43-8-76, the said Personal Representatives, acting prudently for the benefit of interested persons, without limitation, [EXCEPT for the powers in numbers *N/A* ] authorized in transactions under Code of Alabama (1975, as amended) 43-2-843, as follows:

1.    Retain assets owned by the decedent pending distribution or liquidation including those in which the representative is personally interested or which are otherwise improper for trust investment.

2.    Receive assets from fiduciaries, or other sources.

3.    Perform, compromise, or refuse performance of the decedent's contracts that continue as obligations of the estate, as the personal representative may determine under the circumstances. In performing enforceable contracts by the decedent to convey or lease land, the personal representative, among other possible courses of action, may do either of the following:

      a.    Execute and deliver a deed of conveyance for cash payment of all sums remaining due or the purchaser's note for the sum remaining due secured by a mortgage or deed or trust on the land.

      b.    Deliver a deed in escrow with directions that the proceeds when paid in accordance with the escrow agreement, be paid to the successors of the decedent, as designated in the escrow agreement.

4     Satisfy written charitable pledges of the decedent irrespective of whether the pledges constituted binding obligations of the decedent or were properly presented as claims, if in the judgment of the personal representative the decedent would have wanted the pledges completed under the circumstances.

5.    If funds are not needed to meet debts and expenses currently payable and are not immediately distributable, deposit or invest liquid assets of the estate, including moneys received from the sale of other assets, in federally insured interest-bearing accounts, readily marketable secured loan arrangements, or other prudent investments which would be reasonable for use by trustees generally.

6.    Abandon personal property when, in the opinion of the personal representative, it is valueless, or is so encumbered, or is in condition that it is of no benefit to the estate.

7.    Vote stocks or other securities in person or by general or limited proxy.

8.    Pay calls, assessments, and sums chargeable or accruing against or on account of securities, unless barred by the provisions relating to claims.

9.    Hold a security in the name of a nominee or in other form without disclosure of the interest of the estate but the personal representative is liable for any act of the nominee in connection with the security so held.

10.   Insure the assets of the estate against damage, loss and liability and the personal representative against liability as to third persons.

2006   1027
Recorded in the Above
Probate Minutes  Book & Page

11. Borrow money without security or with security of personal property to be repaid from the estate assets or otherwise; and advance money for the protection of the estate.

12. Effect a fair and reasonable compromise with any debtor or obligor, or extend, renew, or in any manner modify the terms of any obligation owing to the estate. If the personal representative holds a mortgage, pledge, or other lien upon property of another person, the personal representative may, in lieu of foreclosure, accept a conveyance or transfer of encumbered assets from the owner thereof in satisfaction of the indebtedness secured by the lien.

13. Pay taxes, assessments, and other expenses incident to the administration of the estate.

14. Sell or exercise stock subscription or conversion rights; consent, directly or through a committee or other agent, to the reorganization, consolidation, merger, dissolution, or liquidation of a corporation or other business enterprise.

15. Enter for any purpose into a lease as lessor or lessee, with or without option to purchase or renew, for a term not to exceed one year.

16. Allocate items of income or expense to either estate income or principal, as permitted or provided by law.

17. Employ necessary persons, including appraisers, attorneys, auditors (who may include certified public accountants, public accountants, or internal auditors), investment advisors, or agents, even if they are associated with the personal representative, to advise or assist the personal representative in the performance of administrative duties; act without independent investigation upon recommendations of agents or advisors; and instead of acting personally, employ one or more agents to perform any act of administration, whether or not discretionary.

18. Prosecute or defend claims or proceedings in any jurisdiction for the protection or benefit of the estate and of the personal representative in the performance of duties of the personal representative.

19. Continue any unincorporated business or venture in which the decedent was engaged at the time of death as provided in any of the following:

a. In the same business from for a period of not more than one year from the date of appointment of a general personal representative if continuation is a reasonable means of preserving the value of the business including good will.

b. In the same business form for any additional period of time that may be approved by order of the court in a proceeding to which the persons interested in the estate are parties.

c. Throughout the period of administration if the business is incorporated by the personal representative and if none of the probable distributees of the business who are competent adults object to its incorporation and retention in the estate.

20. Incorporate any business or venture in which the decedent was engaged at the time of death.

21. Provide for exoneration of the personal representative from personal liability in any contract entered on behalf of the estate.

22. Satisfy and settle claims and distribute the estate as provided in Title 43 of the Code of Alabama 1975.

It is further ORDERED that the said Personal Representative, in addition to the general powers and duties granted herein, specifically is authorized to act in transactions as follows:

(1) Acquire or dispose of an asset, including land in this or another state, for cash or on credit, at public or private sale; and manage, develop, improve, exchange, partition, change the character of, or abandon an estate asset.

006    1028
Recorded in the Above
Probate Minutes  Book & Page
06-19-2006 09:42:57 AM

(2)    Make ordinary or extraordinary repairs or alterations in buildings or other structures, demolish any improvements, or raze existing or erect new party walls or buildings.

(3)    Subdivide, develop, or dedicate land to public use; make or obtain the vacation of plats and adjust boundaries; adjust differences in valuation on exchange or partition by giving or receiving consideration; or dedicate easements to public use without consideration.

(4)    Enter for any purpose into a lease as lessor or lessee, with or without option to purchase or renew, for a term of more than one year.

(5)    Enter into a lease arrangement for exploration and removal of minerals or other natural resources or enter into a pooling or unitization agreement.

(6)    Sell, mortgage, or lease any real or personal property of the estate or any interest therein for cash, credit, or for part cash and part credit, and with or without security for any unpaid balance.

(7)    Pay compensation of the personal representative.

WITNESS my hand, and dated this _12_ day of May 2006.

_____
JUDGE OF PROBATE

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

STATE OF ALABAMA)

COUNTY OF COVINGTON)

    I, Sherrie R. Phillips, Judge of Probate in and for said County and State, hereby certify that the within and foregoing is a true, correct and complete copy of the Letters of Administration issued to GAIL BEDSOLE TATUM, as Personal Representative of the estate of MELANIE CHAMBERS, deceased, as the same appears of record in my office, and are still in full force and effect.

    Given under my hand and my seal of office, this the 29th day of May 2007.

_____
JUDGE OF PROBATE

# ALABAMA
## Center for Health Statistics

# ALABAMA
## CERTIFICATE OF DEATH

06-10709

101

| DECEASED NAME | First | Middle | Last | DATE OF DEATH | COUNTY OF DEATH |
|---|---|---|---|---|---|
| | Melanie | | CHAMBERS | March 15, 2006 | Covington |

CITY/TOWN: Lockhart  36455  INSIDE CITY LIMITS: yes  21295 Seminole Avenue

HISPANIC ORIGIN: no

AGE: 18  DATE OF BIRTH: Sept 11, 1987  SOCIAL SECURITY NUMBER: 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  SEX: female

EDUCATION: 8  MARITAL STATUS: Never Married  SURVIVING SPOUSE: —

RESIDENCE - STATE: Florida  Alabama  COUNTY: Covington  Lockhart 36455

21295 Seminole Avenue  21295 Seminole Ave, Lockhart, AL

OCCUPATION: never worked

FATHER NAME: Renee Osbun Chambers  MOTHER NAME: Gail Beasley

DISPOSITION: Burial  Mar 18, 2006  Greenwood Cemetery

FUNERAL HOME: Evans Funeral Home  9 Dekle St. Florala, AL 36442  Mar 20, 2006

HOUR OF DEATH: 11²⁰ Pm  DATE PRONOUNCED DEAD: Robert M Williams

103 East Memorial Avenue, Opp, Al 36467  13653

REGISTRAR: Thelma B. Sorrells  April 20, 2006

## MEDICAL CERTIFICATION

EWING'S SARCOMA

APR 07 2006

I, Dorothy S. Harshbarger, State Registrar of Health Statistics, certify this is a true and correct copy of the original certificate filed in the Center for Health Statistics, State of Alabama Department of Public Health, Montgomery, Alabama and the official seal of the Center for Health Statistics be affixed.

**AUTHORIZATION**
**FOR**
**DISCLOSURE OF PROTECTED HEALTH INFORMATION**

**Patient:**   Jimmie Lou Bowman            **Date of Birth:** 7/26/1938

**Address:**   22602 Fifth Avenue            **SSN:**  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
             Florala, AL  36442

I hereby authorize the use and disclosure of the "protected health information" of **Jimmie Lou Bowman** ("the Patient") covered under privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA Privacy Rule") as specified in this Authorization. I understand that "protected health information" includes records disclosed to health care providers and facilities which currently provides or previously provided treatment to the Patient.

**Information to be Used or Disclosed:**

I authorize the release of all of the Patient's protected health information, including the Patient's complete medical records, all images (x-rays, photographs, videos, scans, etc.) and specimens (pathology, histology, cytology, etc.), pharmacy records, billing records, health insurance records (collectively "the Patient's Health Information and Records"), and includes interviews, clarification, explanation or evaluation of the Patient's Health Information.

_JdB_____   In addition to this required authorization for release of non-privileged protected health information, I also expressly authorize the release of privileged information, to the extent it is contained in the Patient's Health Information and Records, such as HIV/AIDS, mental health or psychiatric and alcohol/drug abuse treatment

**Person(s) Authorized to Make the Use or Disclosure:**

I hereby authorize any physician, pharmacist, doctor of osteopathy, other practitioner of the healing arts, hospital, healthcare provider, pharmacy, health insurance company, health facility/institution, governmental or private agency or entity and their respective agents, officers, employees, or attorneys that maintain the Patient's Health Information and Records (collectively "Patient's Healthcare Providers") to release the Patient's Health Information and Records as specified in this Authorization.

**Recipient(s) of Use or Disclosure:**

The Patient's Health Information and Records may be used by or disclosed to the attorneys, employees, experts, consultants, and other agents of Alston & Bird LLP and/or Rushton, Stakely, Johnson & Garrett P.A., who represent Louisiana-Pacific Corporation, and the attorneys, consultants, employees and other agents of Mayer, Brown, Rowe & Maw LLP and/or Maynard, Cooper & Gale P.C who represent Pactiv Corporation, for the purposes of defending litigation initiated by the Patient or on the Patient's behalf, and the attorneys, consultants, employees and other agents of The Colom Law Firm, who represent the Patient or Patient's representative.

**Purpose(s) of the Use or Disclosure:**

The purpose of the use or disclosure is to defend legal claims and allegations.

This authorization will expire at the close of litigation, including all appeals.

I understand that treatment, payment, enrollment or eligibility for benefits cannot be conditioned·on whether or not I sign this Authorization.

I understand that I may revoke (cancel) this Authorization by submitting a written revocation to Bernard Taylor, Esq., Alston & Bird LLP, 1201 W. Peachtree St., Atlanta, GA 30309; or Mayer, Brown, Rowe & Maw LLP, 190 South LaSalle Street, Chicago, IL 60603; or Eason Mitchell, Esq., The Colom Law Firm, LLC, 200 Sixth Street North, Suite 102, P.O. Box 866, Columbus, MS 39703. However, such revocation will not be effective with respect to any use or disclosure already made in reliance on this Authorization before these individuals received notice of my revocation.

I understand that the Patient's Health Information and Records used or disclosed by the Patient's Healthcare Providers pursuant to this Authorization may be subject to redisclosure by the recipient, in which case they might no longer be protected under the HIPAA Privacy Rule.

I hereby release the Patient's Healthcare Providers and any other persons or entities permitted by this Authorization from any liability, damages or expenses arising in connection with the use or disclosure of the Patient's Health Information and Records pursuant to this authorization.

PHOTOCOPIES OF THIS AUTHORIZATION ARE VALID AND MAY BE USED IN LIEU OF THE ORIGINAL

**Jimmie Lou Bowman**
Patient Name

_Jimmie Bowman_
Patient Signature

_10-1-07_
Date

[Note: A copy of the signed Authorization must be provided to Patient or Personal Representative]

## AUTHORIZATION
## FOR
## DISCLOSURE OF PROTECTED HEALTH INFORMATION

**Patient:**   **Susan Renee Phillips**        **Date of Birth: 6/13/1961**

**Address:**   **22744 North Ave.   .**        **SSN:  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**
              **Florala, AL  36442**

I hereby authorize the use and disclosure of the  "protected health information" of **Susan
Phillips** ("the Patient") covered under privacy regulations issued pursuant to the Health
Insurance Portability and Accountability Act of 1996 ("HIPAA Privacy Rule") as specified in
this Authorization. I understand that "protected health information" includes records
disclosed to health care providers and facilities which currently provides or previously
provided treatment to the Patient.

**Information to be Used or Disclosed:**

I authorize the release of all of the Patient's protected health information, including the
Patient's complete medical records, all images (x-rays, photographs, videos, scans, etc.) and
specimens (pathology, histology, cytology, etc.), pharmacy records, billing records, health
insurance records (collectively "the Patient's Health Information and Records"), and
includes interviews, clarification, explanation or evaluation of the Patient's Health
Information.

_RP_____  In addition to this required authorization for release of non-privileged
protected health information, I also expressly authorize the release of privileged
information, to the extent it is contained in the Patient's Health Information and Records,
such as HIV/AIDS, mental health or psychiatric and alcohol/drug abuse treatment

**Person(s) Authorized to Make the Use or Disclosure:**

I hereby authorize any physician, pharmacist, doctor of osteopathy, other practitioner of
the healing arts, hospital, healthcare provider, pharmacy, health insurance company,
health facility/institution, governmental or private agency or entity and their respective
agents, officers, employees, or attorneys that maintain the Patient's Health Information
and Records (collectively "Patient's Healthcare Providers") to release the Patient's
Health Information and Records as specified in this Authorization.

**Recipient(s) of Use or Disclosure:**

The Patient's Health Information and Records may be used by or disclosed to the
attorneys, employees, experts, consultants, and other agents of Alston & Bird LLP and/or
Rushton, Stakely, Johnson & Garrett P.A., who represent Louisiana-Pacific Corporation,
and the attorneys, consultants, employees and other agents of Mayer, Brown, Rowe &
Maw LLP and/or Maynard, Cooper & Gale P.C who represent Pactiv Corporation, for the
purposes of defending litigation initiated by the Patient or on the Patient's behalf, and the
attorneys, consultants, employees and other agents of The Colom Law Firm, who
represent the Patient or Patient's representative.

**Purpose(s) of the Use or Disclosure:**

The purpose of the use or disclosure is to defend legal claims and allegations.

This authorization will expire at the close of litigation, including all appeals.

I understand that treatment, payment, enrollment or eligibility for benefits cannot be conditioned on whether or not I sign this Authorization.

I understand that I may revoke (cancel) this Authorization by submitting a written revocation to Bernard Taylor, Esq., Alston & Bird LLP, 1201 W. Peachtree St., Atlanta, GA 30309; or Mayer, Brown, Rowe & Maw LLP, 190 South LaSalle Street, Chicago, IL 60603; or Eason Mitchell, Esq., The Colom Law Firm, LLC, 200 Sixth Street North, Suite 102, P.O. Box 866, Columbus, MS 39703. However, such revocation will not be effective with respect to any use or disclosure already made in reliance on this Authorization before these individuals received notice of my revocation.

I understand that the Patient's Health Information and Records used or disclosed by the Patient's Healthcare Providers pursuant to this Authorization may be subject to redisclosure by the recipient, in which case they might no longer be protected under the HIPAA Privacy Rule.

I hereby release the Patient's Healthcare Providers and any other persons or entities permitted by this Authorization from any liability, damages or expenses arising in connection with the use or disclosure of the Patient's Health Information and Records pursuant to this authorization.

PHOTOCOPIES OF THIS AUTHORIZATION ARE VALID AND MAY BE USED IN LIEU OF THE ORIGINAL

**Susan Renee Phillips**
Patient Name

_____
Patient Signature                          _____
                                           Date

Or

Rickey T. Phillips                          9/11/2007
Personal Representative of Patient          _____
                                            Date

Basis of Personal Representative's authority to sign for Patient:  Husband and Estate Administrator

[Note: A copy of the signed Authorization must be provided to Patient or Personal Representative]

2006    57
Recorded in the Above
Willis, Book & Page
01-19-2006 10:20:51 AM

IN THE PROBATE COURT OF COVINGTON COUNTY, ALABAMA

IN RE:  THE MATTER OF THE

ESTATE OF SUSAN R. PHILLIPS,                    CASE NO.: PC-2005-253

DECEASED.

### LETTERS OF ADMINISTRATION

The Intestate Estate of Susan R. Phillips, deceased, having been duly admitted to record in said

County,  Letters of Administration are hereby granted unto Rickey T. Phillips, the Administrator of said

Intestate Estate, who has complied with the requirements of the law and is authorized to take upon

himself the administration of the Intestate Estate of Susan R. Phillips.

Witness my hand and dated this the _28_ day of _December_, 2005.

_____
SHERRIE R. PHILLIPS
PROBATE JUDGE

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

STATE OF ALABAMA
COVINGTON COUNTY

I, Sherrie R. Phillips, Judge of Probate in and for said County and State, hereby certify that the within

and foregoing is a true, correct and complete copy of the Letters of Administration issued to Rickey T.

Phillips as Administrator of the Intestate Estate of Susan R. Phillips, deceased, as the same appears of

record in my office, and are still in full force and effect.

Given under my hand and seal this the _29_ day of _May_, _2007_.

_____
SHERRIE R. PHILLIPS
PROBATE JUDGE

THE BACK OF THIS DOCUMENT IS BLUE AND HAS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

# ALABAMA
## Center for Health Statistics

# ALABAMA
### CERTIFICATE OF DEATH

Phillips

May

Eufaula          36442

42                    married

Alabama        Alabama

Yes       2744 9th Avenue

Sewing operator                    Textile

Donald     Ray     Jackson

May 26, 2004   New Hope Cemetery

This Funeral Home

P.O. Box        Florala, AL 36442

Signature   Earl Parrish

May 26, 2004-4:10PM

P.O.        Andalusia, AL

Vivian D. Brown

## MEDICAL CERTIFICATION

## AUTHORIZATION
### FOR
### DISCLOSURE OF PROTECTED HEALTH INFORMATION

**Patient:**    **Kandy Creech**    **Date of Birth: 7/11/1978**

**Address:**    **24659 Creech Road**    **SSN:  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**
                  **Florala, AL  36442**

I hereby authorize the use and disclosure of the  "protected health information" of **Kandy Creech** ("the Patient") covered under privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA Privacy Rule") as specified in this Authorization. I understand that "protected health information" includes records disclosed to health care providers and facilities which currently provides or previously provided treatment to the Patient.

**Information to be Used or Disclosed:**

I authorize the release of all of the Patient's protected health information, including the Patient's complete medical records, all images (x-rays, photographs, videos, scans, etc.) and specimens (pathology, histology, cytology, etc.), pharmacy records, billing records, health insurance records (collectively "the Patient's Health Information and Records"), and includes interviews, clarification, explanation or evaluation of the Patient's Health Information.

*KC*        In addition to this required authorization for release of non-privileged protected health information, I also expressly authorize the release of privileged information, to the extent it is contained in the Patient's Health Information and Records, such as HIV/AIDS, mental health or psychiatric and alcohol/drug abuse treatment.

**Person(s) Authorized to Make the Use or Disclosure:**

I hereby authorize any physician, pharmacist, doctor of osteopathy, other practitioner of the healing arts, hospital, healthcare provider, pharmacy, health insurance company, health facility/institution, governmental or private agency or entity and their respective agents, officers, employees, or attorneys that maintain the Patient's Health Information and Records (collectively "Patient's Healthcare Providers") to release the Patient's Health Information and Records as specified in this Authorization.

**Recipient(s) of Use or Disclosure:**

The Patient's Health Information and Records may be used by or disclosed to the attorneys, employees, experts, consultants, and other agents of Alston & Bird LLP and/or Rushton, Stakely, Johnson & Garrett P.A., who represent Louisiana-Pacific Corporation, and the attorneys, consultants, employees and other agents of Mayer, Brown, Rowe & Maw LLP and/or Maynard, Cooper & Gale P.C who represent Pactiv Corporation, for the purposes of defending litigation initiated by the Patient or on the Patient's behalf, and the attorneys, consultants, employees and other agents of The Colom Law Firm, who represent the Patient or Patient's representative.

**Purpose(s) of the Use or Disclosure:**

The purpose of the use or disclosure is to defend legal claims and allegations.

This authorization will expire at the close of litigation, including all appeals.

I understand that treatment, payment, enrollment or eligibility for benefits cannot be conditioned on whether or not I sign this Authorization.

I understand that I may revoke (cancel) this Authorization by submitting a written revocation to Bernard Taylor, Esq., Alston & Bird LLP, 1201 W. Peachtree St., Atlanta, GA 30309; or Mayer, Brown, Rowe & Maw LLP, 190 South LaSalle Street, Chicago, IL 60603; or Eason Mitchell, Esq., The Colom Law Firm, LLC, 200 Sixth Street North, Suite 102, P.O. Box 866, Columbus, MS 39703. However, such revocation will not be effective with respect to any use or disclosure already made in reliance on this Authorization before these individuals received notice of my revocation.

I understand that the Patient's Health Information and Records used or disclosed by the Patient's Healthcare Providers pursuant to this Authorization may be subject to redisclosure by the recipient, in which case they might no longer be protected under the HIPAA Privacy Rule.

I hereby release the Patient's Healthcare Providers and any other persons or entities permitted by this Authorization from any liability, damages or expenses arising in connection with the use or disclosure of the Patient's Health Information and Records pursuant to this authorization.

PHOTOCOPIES OF THIS AUTHORIZATION ARE VALID AND MAY BE USED IN LIEU OF THE ORIGINAL

<u>**Kandy Creech**</u>
Patient Name


*Kandy Creech*
Patient Signature

9/11/2007
Date

Or


_____
Personal Representative of Patient

_____
Date

Basis of Personal Representative's authority to sign for Patient: _____

[Note: A copy of the signed Authorization must be provided to Patient or Personal Representative]

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**GAIL BEDSOLE TATUM, as Mother and**
**Administratrix of the Estate of Melanie**
**Chambers, a Deceased Minor Child,**

.

**PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 2:06-cv-00083-LES-CSC**

**LEAD CASE**

**PACTIV CORPORATION and**
**LOUISIANA-PACIFIC CORPORATION,**

**DEFENDANTS**

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure, Defendants, by and through their undersigned counsel, will proceed before a notary public or other officer duly authorized to administer oaths, to take the following deposition at the Comfort Inn, 1311 East Bypass , Andalusia, AL, US, 36420: **Dr. David Marsh**, on **November 14, 2007** at **1:00 pm.**

The deposition will continue from time to time thereafter until it is completed or adjourned. The deposition will be recorded by stenographic means and will be taken for all purposes allowed by the Federal Rules of Civil Procedure.

Additionally, pursuant to Fed. R. Civ. P. 30(b)(5) and 34, the deponent is requested to make all documents described in Exhibit A available for inspection and copying at the time of his/her deposition.

John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen   (admitted *pro hac vice*)
Matthew C. Sostrin   (admitted *pro hac vice*)
Roberta M. Wertman(admitted *pro hac vice*)

*Counsel for Defendant Pactiv Corporation*

OF COUNSEL:

MAYER BROWN, LLP
71 South Wacker Drive
Chicago, IL  60606
Tel:  (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrown.com
mtermolen@mayerbrown.com
msostrin@mayerbrown.com
rwertman@mayerbrown.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr., Esq.
Alabama Bar No. WEL004
John A. Earnhardt, Esq.
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL  35203
Tel:   (205) 254-1000
Fax:  (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**GAIL BEDSOLE TATUM, as Mother and
Administratrix of the Estate of Melanie
Chambers, a Deceased Minor Child,**

.

PLAINTIFF

**VERSUS**                          CIVIL ACTION NO. 2:06-cv-00083-LES-CSC

LEAD CASE

**PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,**

DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2007, I served a true and correct copy of the foregoing

via U.S. Mail with sufficient postage and electronic mail to the following:

W. Eason Mitchell, Esq.
The Colom Law Firm, LLC
406 3rd Avenue North
Columbus, MS  39703

*Counsel for Plaintiffs*

Gregory A. Cade, Esq.
Robert Leslie Palmer, Esq.
Fred R. DeLeon, Jr.
Environmental Litigation Group P.C.
3529 7th Avenue South
P.O. Box 550219
Birmingham, Al  35255

*Counsel for Plaintiffs*

Richard Elder Crum
Shealy, Crum & Pike, P.C.
PO Box 6346
Dothan, AL  36302-6346

*Counsel for Plaintiff Jessie Moore*

*Counsel for Defendant Lousiana Pacific Corporation*

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000 (Telephone)
(404) 881-7777 (Facsimile)
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Laura Proctor, Esq.
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee 37219
Tel:   (615) 986-5878
Fax:   1-866-741-5091
Laura.proctor@lpcorp.com

Dennis R. Bailey;, Esq.
ASB No. 4845-171D
R. Austin Huffaker
ASB No. 3422-F55R
RUSHTON, STAKELY, JOHNSON & GARRETT, P.A.
184 Commerce Street
Post Office 270
Montgomery, AL 36101
Tel:   (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Roberta Wertman
*Attorney for Pactiv Corporation*

MAYER BROWN, LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
rwertman@mayerbrown.com