# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Karol A. DeVito　　　　　　　Direct Dial: 404-881-7257　　　　　　　E-mail: karol.devito@alston.com

October 5, 2007

Dr. Nicholas Voss
Neurospine
287 Healthwest Drive
Dothan, AL 36303

**RE:** *Sherri L. Davis, et. al., vs. TMA Forest Products Group, et al.*, U.S. District Court, Middle District of Alabama; Case No. 2:06-CV-00187-WKW-SRW

Dear Dr. Voss:

We understand that the day and time provided in the enclosed subpoena may not be compatible with your schedule, so please feel free to contact me at 404-881-7257 to discuss a date and time that may be more convenient for you.

We look forward to working with you to make this process as easy as possible.

Sincerely,

*Karol DeVito*

Karol A. DeVito
Nurse Consultant

Enclosure

LEGAL02/30553719v10

---

Atlanta • Charlotte • Dallas • New York • Research Triangle • Washington, D.C.

# Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

## SUBPOENA IN A CIVIL CASE

MELAINE CHAMBER, Who Sues
By and Through Her Mother and Next
Of Friend Gail Tatum,

V.  Civil Action No. 2:06-CV-00083-LES-CSC

PACTIV CORPORATION and LOUISIANA-
PACIFIC CORPORATION,

TO:  Dr. Nicholas Voss
Neurospine
287 Healthwest Drive
Dothan, AL 36303

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Comfort Inn<br>1311 East Bypass<br>Andalusia, AL 36420 | November 6, 2007<br>2:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects). **See Exhibit A, attached hereto:**

| PLACE | DATE AND TIME |
|---|---|
| Comfort Inn<br>1311 East Bypass<br>Andalusia, AL 36420 | November 6, 2007<br>2:00 p.m. |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | October 5, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Orlyn O. Lockard, III, Esq.<br>Attorney for Louisiana-Pacific<br>Alston & Bird LLP<br>1201 W. Peachtree St.<br>Atlanta, GA  30309 | ph. #(404) 881-7000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## EXHIBITS "A"

Please produce at the time of your deposition a copy of all medical and billing records that are now or ever have been in your possession. This production includes, but is not limited to, all notes, reports, insurance records, films, pathology slides, and any records received from other providers.

**PROOF OF SERVICE**

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GAIL BEDSOLE TATUM, as Mother and
Administratrix of the Estate of
Melanie Chambers, a Deceased
Minor Child,                                                                           PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 2:06-CV-00083-LES-CSC

                                                                                          (LEAD CASE)

PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,                                              DEFENDANTS

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure, Defendants, by and through their undersigned counsel, will proceed before a notary public or other officer duly authorized to administer oaths, to take the deposition of Dr. Nicholas Voss at 2:00 pm on Tuesday, November 6, 2007. Said deposition will take place at Comfort Inn, 1311 East Bypass, Andalusia, AL 36420.

The deposition will continue from time to time thereafter until it is completed or adjourned. The deposition will be recorded by stenographic means and will be taken for all purposes allowed by the Federal Rules of Civil Procedure.

Additionally, pursuant to Fed. R. Civ. P. 30(b)(5) and 34, the deponent is requested to make all documents described in Exhibit A hereto available for inspection and copying by November 6, 2007.

This 5th day of October, 2007.

_____
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III, (admitted *pro hac vice*)

*Attorneys for Louisiana-Pacific Corporation*

OF COUNSEL:

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000 (Telephone)
(404) 881-7777 (Facsimile)
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Laura Proctor, Esq.
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee 37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

Dennis R. Bailey, Esq.
ASB No. 4845-171D
R. Austin Huffaker
ASB No. 3422-F55R
RUSHTON, STAKELY, JOHNSON & GARRETT, P.A.
184 Commerce Street
Post Office 270
Montgomery, AL 36101
Tel: (334) 206-3100
Fax: (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

- 2 -

Alston & Bird

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GAIL BEDSOLE TATUM, as Mother and
Administratrix of the Estate of
Melanie Chambers, a Deceased
Minor Child,                                                                                          PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 2:06-CV-00083-LES-CSC

(LEAD CASE)

PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,                                             DEFENDANTS


CERTIFICATE OF SERVICE

I hereby certify that on October 5th, 2007, I served a true and correct copy of the foregoing via U.S. Mail with sufficient postage and addressed as follows:


W. Eason Mitchell, Esq.
The Colom Law Firm, LLC
200 Sixth Street North
Suite 102
Columbus, MS 39701

*Counsel for Plaintiffs*

Gregory A. Cade, Esq.
Robert Leslie Palmer, Esq.
Fred R. DeLeon, Jr.
Environmental Litigation Group P.C.
3529 7th Avenue South
P.O. Box 550219
Birmingham, AL 35255

*Counsel for Plaintiffs*

Richard Elder Crum
Shealy, Crum & Pike, P.C.
PO Box 6346
Dothan, AL 36302-6346

*Counsel for Plaintiff Jessie Moore*

John C. Berghoff, Esq.
Mark R. TerMolen, Esq.
Matthew C. Sostrin, Esq.
Jaimy Hamburg, Esq.
Roberta M. Wertman, Esq.
MAYER BROWN, LLP
71 S. Wacker Street
Chicago, IL 60606

*Counsel for Defendant Pactiv Corporation*

H. Thomas Wells, Jr., Esq.
John A. Earnhardt, Esq.
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

*Counsel for Defendant Pactiv Corporation*

Orlyn O. Lockard, III

*Attorney for Louisiana-Pacific Corporation*

ALSTON & BIRD LLP
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3424
(404) 881-7000 (Telephone)
(404) 881-7777 (Facsimile)
skip.lockard@alston.com

- 4 -

Alston & Bird