## AFFIDAVIT OF SEAN A. SIMMONS

Comes now the undersigned, Sean A. Simmons and testifies as follows:

1.      I am over nineteen (19) years of age, suffer from no disabilities that would prevent me from testifying, and am competent to testify regarding the facts set forth in this affidavit. The statements herein are based upon my personal knowledge.

2.      I am one of the counsel of record for Louisiana-Pacific Corporation in *M.C. v. Pactiv Corp., et al.*, U.S.D.C. for the Middle District of Alabama, Civ. No. 2:06-cv-00083-LES-CSC and related cases (the "Lockhart Litigation.")

3.      In connection with the Lockhart Litigation, Louisiana-Pacific forwarded requests for the medical records of trial Plaintiffs Melanie Chambers, Susan Phillips, Kandy Creech, and Jimmie Lou Bowman to the office of Sasikumar Vishwanath, M.D. These requests are attached as Exhibits 1 through 4.

4.      The medical records of Susan Renee Phillips were requested from Dr. Vishwanath by Louisiana-Pacific on May 10, 2005.  To date no records have been produced by Dr. Vishwanath in regards to Ms. Phillips and no written response to Louisiana-Pacific's request has been received. *See* Exhibit 1.

5.      The medical records of Kandy Creech were requested from Dr. Vishwanath by Louisiana-Pacific in June 2006.  To date no records have been produced by Dr. Vishwanath in regards to Ms. Creech and no written response to Louisiana-Pacific's request has been received. *See* Exhibit 2.

6.      The medical records of Melanie Chambers were requested from Dr. Vishwanath by Louisiana-Pacific on July 7, 2006.  In response, Dr. Vishwanath asserted that he had never seen Ms. Chambers in his office, but had seen her in the emergency


Exhibit K

room at Florala Memorial Hospital. *See* Exhibit 3. Accordingly, Dr. Vishwanath has not produced any medical records in regards to Ms. Chambers.

7.    Because the medical authorization submitted by Jimmie Lou Bowman in 2005 was incomplete, no medical records requests were to her physicians and medical providers until a complete medical authorization was provided by Plaintiffs in 2007. Thus, the medical records of Jimmie Lou Bowman were not requested from Dr. Vishwanath by Louisiana-Pacific until October 3, 2007. *See* Exhibit 4. To date no records have been produced by Dr. Vishwanath in regards to Ms. Bowman, and no written response to Louisiana-Pacific's request has been received.

8.    On October 12, 2007, I contacted the offices of Dr. Vishwanath and talked to his staff member, Jane (no last provided), regarding the existence of trial Plaintiffs' records. During my discussion with Jane, she indicated that there were no records available for Kandy Creech, and that a written response to that effect would be faxed the same day. As yet, no written response regarding the status of Ms. Creech's records has been received.

9.    Also during my conversation with Jane, she indicated that Dr. Vishwanath does in fact have records regarding both Susan Renee Phillips and Jimmie Lou Bowman, but that she would have to "drop everything" in order to retrieve them. She also indicated that Dr. Vishwanath prefers not to give out any records on any patients who have a past due balance, such as Ms. Bowman, who owes him over $800.

10.    Despite her reservations, Jane indicated that she would search for the records and forward the same by fax directly to me. As yet, no written responses regarding the status of either Ms. Phillips's or Ms. Creech's records have been received.

LEGAL02/30561706v1

Executed this _12th_ day of October, 2007.

_____

Sean A. Simmons

Sworn to and subscribed before me

This _12th_ day of _October_, 2007.

_Linda J. Woody_

Notary Public

My Commission Expires:_____

LEGAL02/30561706v1

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Melissa Stogner, Paralegal                Direct Dial: 404-881-4504                E-mail: mstogner@alston.com

May 10, 2005

*VIA: FIRST CLASS MAIL*

Records Custodian
Sasikumar Vishwanath, M.D.
24245 5th Avenue
Florala, AL  36442

Re:  Louisiana Pacific Arbitration

Dear Sir or Madam:

We represent Louisiana Pacific in the above-referenced arbitration.  In order to represent our client properly we must obtain medical records and related information concerning the patient or patients (**"the Patient(s)"**) listed on Exhibit "A" attached hereto.

Enclosed is an authorization for disclosure of protected health information for each Patient, which permits us to obtain medical records from third parties.  A lawsuit has not been filed in this matter, therefore no 34(c) requests are enclosed as there is no case or court file.  Pursuant to the privacy regulations issued under the Health Insurance Portability and Accountability Act of 1996 ("the HIPAA Privacy Rule"), 45 C.F.R. § 164.502(a)(iv), a party may request disclosure of a patient's protected health information from a covered entity and the covered entity may disclose a patient's protected health information <u>pursuant to a valid Authorization</u> signed by the patient or personal representative of the patient.

<u>The enclosed Authorization signed by each Patient</u> specifically allows you, as a healthcare provider of the Patient, to disclose the Patient's protected health information to us, Alston & Bird LLP, as attorneys for Louisiana Pacific, a party to the arbitration, for the limited purpose of the arbitration involving the Patient(s).

Pursuant to this request and the Authorization, the protected health information of the Patient(s) that we wish to obtain includes a complete, certified copy of all medical records pertaining to the care and treatment of the Patient(s).  This includes all records

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax 919-862-2260

601 Pennsylvania Avenue, N.W.
North Building, 10th Floor
Washington, DC 20004-2601
202-756-3300
Fax 202-756-3333

# Exhibit 1

May 10, 2005
Page 2

you have received from other physicians and/or facilities concerning the Patient(s). Please note that our request is not limited to your medical records. It also covers radiology films, correspondence, telephone messages, personal notes on the Patient, records received by you from others, and essentially any other medical document you have pertaining to this individual.

To facilitate your return of the requested documents, we are enclosing mailing labels, as well as a certificate of authenticity for your signature and that of a notary. Your bill for reasonable expenses in reproducing the records should be forwarded to us for prompt payment. **Please forward these records to my attention within two weeks, along with your invoice.**

We appreciate your assistance and cooperation and encourage you to contact us if you have any questions.

Sincerely,

Melissa Stogner
Paralegal

MAS:mas

Encl.: Authorization and Certification

ATL01/11940114v1

Exhibit "A" – Medical Records Request from Dr. Sasikumar Vishwanath

| PLAINTIFF | BIRTHDATE | SSN |
|---|---|---|
| Brooks, Ruby Ann | | |
| Cobb, Sandra E. | | |
| Coon, Teresa Fay | | |
| Matthews, Kristen Joy | | |
| Price, Heather N. | | |
| Thompson, Royce E. | | |
| Adams, Jennifer | | |
| Adams, Phyllis I. | | |
| Bettis, Ronnie J. | | |
| Bettis, Susie | | |
| Bowman, Jimmie Lou | | |
| Cassady, Teresa R. | | |
| Cobb, Kenneth E. | | |
| Commander, Carol B. | | |
| Coone, Kelley | | |
| DeVaughn, Dorothy | | |
| Gilbert, Mary Alene (f/k/a Fleming, Mary) | | |
| Hill, Charlie H. | | |
| Hughes, Debra | | |
| Lynn, David | | |
| Martin, Cody | | |
| Martin, Joyce Johnson | | |
| Matthews, Everett Jason | | |
| Mays, Marvin | | |
| Pelham, Francie | | |
| Pelham, Jimmie | | |
| Phillips, Susan Renee | | |
| Robbins, Zadie | | |

Exhibit "A" - Medical Records Request from Dr. Sasikumar Vishwanath

| PLAINTIFF | BIRTHDATE | SSN |
|---|---|---|
| Rowe, Daphne A. | | |
| Tatum, Amber | | |
| Taylor, Geneva | | |
| Thompson, Jerry D. | | |
| Vaughn, Darran | | |
| Vaughn, Robert Jr. | | |
| Williams, Victoria Marie | | |

## MEDICAL AUTHORIZATION FORM
## FOR DISCLOSURE OF MEDICAL RECORDS AND
## PROTECTED HEALTH INFORMATION

Patient Name: Susan Realce Phillips    Date of Birth: __

Address: __

Social Security Number: __

I hereby authorize the use or disclosure of the "protected health information" of [Name of Patient] ("the Patient") covered under privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA Privacy Rule") as specified in this Authorization. I understand that "protected health information" includes records disclosed to health care providers and facilities by other health care providers and facilities that previously provided treatment to the Patient.

**Information to be Used or Disclosed:**

I authorize the release of all of the Patient's protected health information, including the Patient's complete **Medical Record**, all images (x-rays, photographs, videos, scans, etc.), and specimens (pathology, histology, cytology, etc.), **Pharmacy Record, Billing Record, Health Insurance Record** (collectively "the Patient's Health Information And Records"), except information that is considered privileged, unless expressly authorized.

___ **(Initial)**    In addition to this required authorization for release of non-privileged protected health information, I also expressly authorize the release of privileged information, to the extent it is contained in the Patient's Health Information and Records, such as regarding HIV/AIDS, mental health or psychiatric and alcohol/drug abuse treatment.

**Person(s) Authorized to Make the Use or Disclosure:**

I hereby authorize any physician, hospital, health care provider, pharmacy, health insurance company, health facility/institution, governmental or private agency and their respective agents, employees, or attorneys which maintain the Patient's Health Information and Records (collectively "Patient's Healthcare Providers") to make the uses and disclosures of the Patient's Health Information and Records specified in this Authorization.

**Recipient(s) of Use or Disclosure:**

The Patient's Health Information and Records may be used by or disclosed to the attorneys, consultants, employees and other agents of Alston & Bird LLP, who represent [Name of Defendant] for the purpose of pre-litigation evaluation ("the Evaluation"), the attorneys, consultants, employees and other agents of Mayer, Brown, Rowe & Maw LLP, who represent [Name of Defendant] for the purpose of the Evaluation, and the attorneys,

ATL01/11900592v1

consultants, employees and other agents of The Colom Law Firm, who represent Plaintiffs for the purpose of the Evaluation.

**Purpose(s) of the Use or Disclosure:**

The purpose of the use or disclosure is to facilitate the investigation, evaluation, and defense of certain claims and allegations.

This authorization expires in 180 days from the date of ___5/6/05___

I understand that treatment, payment, enrollment or eligibility for benefits cannot be conditioned on whether or not I sign this Authorization. I understand I may revoke (cancel) this Authorization by submitting a written revocation to _____, Esq., Alston & Bird LLP, 1201 W. Peachtree Street, Atlanta, Georgia 30309-3424; or _____, Esq., Mayer, Brown, Rowe & Maw LLP, 190 South LaSalle Street, Chicago, IL 60603-3441; or Eason Mitchell, Esq., The Colom Law Firm, LLC, 200 Sixth Street North, Suite 102, P.O. Box 866, Columbus, MS 39703-0866. However, such revocation will not be effective with respect to any use or disclosure already made in reliance on this Authorization before such persons received notice of my revocation.

I understand the Patient's Health Information and Records used or disclosed by the Patient's Healthcare Providers pursuant to this Authorization may be subject to redisclosure by the recipient, in which case they might no longer be protected under the HIPAA Privacy Rule.

I hereby release the Patient's Healthcare Providers and any other persons or entities permitted by this Authorization from any liability, damages and expenses arising in connection with the use or disclosure of the Patient's Health Information and Records pursuant to this Authorization.

PHOTOCOPIES OF THIS AUTHORIZATION ARE VALID AND MAY BE USED IN LIEU OF THE ORIGINAL.

___Susan Renee Phillips___
Patient Name

___4-2-5___
Date

_____
Patient Signature

Or

_____
Personal Representative of Patient

Basis of Personal Representative's authority to sign for Patient: ___Husband___

Note: A copy of the signed Medical Authorization Form must be provided to the Patient or Personal Representative signing the Form

ATL01/11900592v1

-2-

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Karol A. DeVito                    Direct Dial: 404-881-7257              E-mail: karol.devito@alston.com

Sasikumar Vishwanath, M.D.
24245 5th Avenue
Florala, Alabama 36442


**ATTN: Medical Records Custodian**

*Re:*    *Sherri L. Davis, et. al., vs. TMA Forest Products Group, et al., U.S. District
         Court, Middle District of Alabama; Case No. 2:06-CV-00187-WKW-SRW*

Dear Sir or Madam:

This firm represents Louisiana-Pacific Corporation ("the Defendant"), one of the
defendants in the above-referenced case. Pursuant to the enclosed Authorization Form
and Subpoena, we are requesting medical records and related information concerning the
following patients:

> **Kandy Creech – DOB:**
> **Sandra E. Cobb – DOB:**                                   **; and,**

> UPDATED (as of June 1, 2005 up to present day) medical records for
> **Dorothy DeVaughn - DOB:**

Enclosed you will find a Subpoena for records, as well as properly executed
Medical Authorization Form for disclosure of protected health information of the Patient,
which permits us to obtain documentary evidence from persons who are not actually
parties to the lawsuit. Pursuant to the privacy regulations issued under the Health
Insurance Portability and Accountability Act of 1996 ("the HIPAA Privacy Rule"), 45
C.F.R. § 164.502(a)(iv), a party may request disclosure of a patient's protected health
information from a covered entity, and the covered entity may disclose a patient's
protected health information pursuant to a valid authorization signed by the patient or
personal representative of the patient.

The enclosed Authorization signed by the Patient specifically allows you, as a
healthcare provider of the Patient, to disclose the Patient's protected health information
for the limited purpose of the litigation of the above-referenced case to us, Alston & Bird
LLP, as attorneys for the Defendant, a party to the above-referenced action.

| Bank of America Plaza | 90 Park Avenue | 3201 Beechleaf Court, Suite 600 | 601 Pennsylvania Avenue, N.W. |
|---|---|---|---|
| 101 South Tryon Street, Suite 4000 | New York, NY 10016 | Raleigh, NC 27604-1062 | North Building, 10th Floor |
| Charlotte, NC 28280-4000 | 212-210-9400 | 919-862-2200 | Washington, DC 20004-2601 |
| 704-444-1000 | Fax: 212-210-9444 | Fax: 919-862-2260 | 202-756-3300 |
| Fax: 704-444-1111 | | | Fax: 202-756-3333 |

# Exhibit 2

Dr. Sasikumar Vishwanath
Page 2

Pursuant to the Authorization, the protected health information of the Patient that we wish to obtain includes a complete, certified copy of all medical records pertaining to the care and treatment of the Patient. This includes all records you have received from other physicians and/or facilities concerning the Patient. Please note that our Request is not limited to your medical records. It also covers x-rays, correspondence, telephone messages, personal notes on the Patient, records received by you from others, and essentially any other medical document you have pertaining to this individual.

Additionally, the enclosed Subpoena requires that the documents and films be provided to us, Alston & Bird LLP, at our offices at 1201 W. Peachtree Street, Atlanta, Georgia 30030 by Wednesday, June 21, 2006. We will pay reasonable expenses associated with overnight shipping via a delivery service such as UPS.

Also enclosed is a certificate of authenticity for your signature and that of a notary. Your bill for reasonable expenses in reproducing the records and shipment of same should be forwarded to us for prompt payment.

We appreciate your assistance and cooperation and encourage you to contact us if you have any questions.

Sincerely,

*Karol DeVito*

Karol A. DeVito, RN
Nurse Consultant

Enclosures

ATL01/12244587v9

## CERTIFICATE OF AUTHENTICITY

The enclosed documents constitute an accurate and true reproduction of the medical records of **Kandy M. Creech.** The original of these records is on file in the offices of **Dr. Sasikumar Vishwanath, 24245 5th Avenue, Florala, Alabama 36442.**

The undersigned certifies that these records are maintained under my care, custody and control, are kept in the ordinary course of business of this facility, and are used in the diagnosis and treatment of the patient.

This Certificate is given in lieu of the personal appearance of the person certifying hereto.

_____
Signature

## NOTARIZATION

Sworn to and subscribed
before me this_____day
of_____, 2006.

_____
Notary Public

My Commission Expires:

ATL01/12245069v4

## MEDICAL AUTHORIZATION FORM
## FOR DISCLOSURE OF MEDICAL RECORDS AND
## PROTECTED HEALTH INFORMATION

Patient Name: _Kandy Creech_                                    Date of Birth:
Address:

I hereby authorize the use or disclosure of the "protected health information" of
_____ "the Patient") covered under privacy
regulations issued pursuant to the Health Insurance Portability and Accountability Act of
1996 ("HIPAA Privacy Rule") as specified in this Authorization. I understand that
"protected health information" includes records disclosed to health care providers and
facilities by other health care providers and facilities that previously provided treatment to
the Patient.

**Information to be Used or Disclosed:**

I authorize the release of all of the Patient's protected health information, including the
Patient's complete Medical Record, all images (x-rays, photographs, videos, scans, etc.), and
specimens (pathology, histology, cytology, etc.), Parmacy Record, Billing Record, Health
Insurance Record (collectively "the Patient's Health Information And Records"), expcept
information that is considered privileged, unless expressly authorized.

**Person(s) Authorized to Make the Use or Disclosure:**

I hereby authorize any physician, hospital, health care provider, pharmacy, health insurance
company, health facility/institution, governmental or private agency and their respective
agents, employees, or attorneys which maintain the Patient's Health Information and Records
(collectively "Patient's Healthcare Providers") to make the uses and disclosures of the
Patient's Health Information and Records specified in this Authorization.

**Recipient(s) of Use or Disclosure:**

The Patient's Health Information and Records may be used by or disclosed to the attorneys,
consultants, employees and other agents of Alston & Bird OLP, for the purpose of litigation
evaluation, attorneys consultants, employees and other agents of Mayer, Brown, Rowe &
Maw LLP, and the attorneys, consultants, employees and other agents of The Colom Law
Firm.

**Purpose(s) of the Use or Disclosure:**

This authorization expires in 180 days from the date of June 10, 2006.

Page 1 of 2

I understand I may revoke (cancel) this Authorization by submitting a written revocation to Alston & Bird LLP, 1201 W. Peachtree Street, Atlanta Georgia 30309-3424; or Mayer, Brown, Rowe & Maw LLP, 190 South LaSalle Street, Chicago, Illinois 60603-3441; or Eason Mitchell, Esq., The Colom Law Firm LLC, 200 6th Street North, Post Office Box 866, Columbus, Mississippi 39703-0866. However, such revocation will not be effective with respect to any use or disclosure already made in reliance on this Authorization before such persons received notice of my revocation.

I understand the Patient's Health Information and Records used or disclosed by the Patient's Healthcare Providers pursuant to this Authorization may be subject to redisclosure by the recipient, in which case they might no longer be protected under the HIPAA Privacy Rule.

I hereby release the Patient's Healthcare Providers and any other persons or entities permitted by this Authorization from any liability, damages and expenses arising in connection with the use or disclosure of the Patient's Health Information and Records pursuant to this Authorization.

The person or entity authorized to receive my records shall be responsible for payment of all copy and/or search fees and further agrees to provide me (through my attorneys) a copy of all medical records produced.

PHOTOCOPIES OF THIS AUTHORIZATION ARE VALID AND MAY BE USED IN LIEU OF THE ORIGINAL.

_Kandy Creech_
Patient Name (Printed)                          Date  6-2-06

Patient Signature

OR

Personal Representative of Patient

Basis of Personal Representative's authority to sign for Patient:

51642.wpd

Page 2 of 2

FROM :VISHWANATH                    FAX NO. :3348582120          Jul. 11 2006 12:26PM P1

## S. VISHWANATH, M.D.
### 24244 Fifth Ave.
### P.O.BOX 505
### FLORALA, ALABAMA 36442
### PHONE:   (334) 858-2050
### FAX:       (334) 858-2120

## FAX TRANSMISSION COVER SHEET

DATE: _7/11/06_                              TIME: _____

TO: _Karol A. DeVito @ Alston & Bird LLP_
(NAME OF AUTHORIZED RECEIVER)

TELEPHONE: (    ) _____       FAX (404) _881-7777_

RE: _Melanie Chambers_

---

YOU SHOULD RECEIVE ___9___ PAGE(S) INCLUDING THIS COVER SHEET.
IF YOU DO NOT RECEIVE ALLTHE PAGES PLEASE CALL (334) 858-2050

## **CONFIDENTIALLY NOTICE**

The documents accompanying this telecopy transmission contain confidential information belonging to the sender that is legally privileged.  This information is intended only for the use of the individual or entity named above.  The authorized recipient of the information is prohibited from disclosing this information to any other party.
If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or action taken in reliance upon the contents of these documents is strictly prohibited.  If you have received this telecopy in error, please notify the sender immediately to arrange for return of these documents.

# Exhibit 3

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax 404-881-7777
www.alston.com

Karol A. DeVito                    Direct Dial 404-881-7257                    E-mail karol.devito@alston.com

July 7, 2006

Dr. Vishwanath &
Robby Kemp, CRNP
24245 5th Avenue
Florala, AL 36442

**ATTN: Medical Records Custodian**

Re:    *Melanie Chambers vs. PACTIV Corporation and Louisiana-Pacific Corporation,*
       *U.S. District Court, Middle District of Alabama: Case No. 2:06-CV-83-WKW*

Dear Sir or Madam:

     This firm represents Louisiana-Pacific Corporation ("the Defendant"), one of the defendants in the above-referenced case. Pursuant to the enclosed Authorization Form and Subpoena, we are requesting medical records and related information concerning **Melanie Chambers ("the Patient"); DOB:**

     Enclosed you will find a Subpoena for records, as well as properly executed Medical Authorization Form for disclosure of protected health information of the Patient, which permits us to obtain documentary evidence from persons who are not actually parties to the lawsuit. Pursuant to the privacy regulations issued under the Health Insurance Portability and Accountability Act of 1996 ("the HIPAA Privacy Rule"), 45 C.F.R. § 164.502(a)(iv), a party may request disclosure of a patient's protected health information from a covered entity, and the covered entity may disclose a patient's protected health information pursuant to a valid authorization signed by the patient or personal representative of the patient.

     The enclosed Authorization signed by the Patient specifically allows you, as a healthcare provider of the Patient, to disclose the Patient's protected health information for the limited purpose of the litigation of the above-referenced case to us, Alston & Bird LLP, as attorneys for the Defendant, a party to the above-referenced action.

     Pursuant to the Authorization, the protected health information of the Patient that we wish to obtain includes a complete, certified copy of all medical records pertaining to

Bank of America Plaza                90 Park Avenue              3201 Beechleaf Court, Suite 600      601 Pennsylvania Avenue, N.W.
101 South Tryon Street, Suite 4000    New York, NY 10016          Raleigh, NC 27604-1062               North Building, 10th Floor
Charlotte, NC 28280-4000              212-210-9400                919-862-2200                         Washington, DC 20004-2601
704-444-1000                          Fax 212-210-9444            Fax 919-862-2260                     202-239-3300
Fax 704-444-1111                                                                                        Fax 202-756-3333

*7/11/06- We have Not seen this patient in our office, only in Emergency Room at Florala Memorial Hospital.*

*Sistrom*

Dr. Vishwanath & Bobby Kemp, CRNP
July 7, 2006
Page 2

the care and treatment of the Patient. This includes all records you have received from
other physicians and/or facilities concerning the Patient. Please note that our Request is
not limited to your medical records. It also covers correspondence, telephone messages,
personal notes on the Patient, records received by you from others, and essentially any
other medical document you have pertaining to this individual.

Additionally, the enclosed Subpoena requires that the documents and films be
provided to us, Alston & Bird LLP, at our offices at 1201 W. Peachtree Street,
Atlanta, Georgia 30030 by Friday, July 14, 2006. We will pay reasonable expenses
associated with overnight shipping via a delivery service such as UPS.

Also enclosed is a certificate of authenticity for your signature and that of a
notary. Your bill for reasonable expenses in reproducing the records and shipment of
same should be forwarded to us for prompt payment.

We appreciate your assistance and cooperation and encourage you to contact us if
you have any questions.

Sincerely,

*Karol DeVito*

Karol A. DeVito, RN
Nurse Consultant


Enclosures

LEGAL02/30005463v13

07/06/2006 16:48 FAX 2053269206          Environmental Litigation                    ☒003/004

## MEDICAL AUTHORIZATION FORM
## FOR DISCLOSURE OF MEDICAL RECORDS AND
## PROTECTED HEALTH INFORMATION

Patient Name: *Melanie Chambers*          Date of Birth: _

Address: _____                    Social Security Number: (

I hereby authorize the use or disclosure of the "protected health information" of *Melanie Chambers* ("the Patient") covered under privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA Privacy Rule") as specified in this Authorization. I understand that "protected health information" includes records disclosed to health care providers and facilities by other health care providers and facilities that previously provided treatment to the Patient.

**Information to be Used or Disclosed:**

I authorize the release of all of the Patient's protected health information, including the Patient's complete Medical Record, all images (x-rays, photographs, videos, scans, etc.), and specimens (pathology, histology, cytology, etc.), Pharmacy Record, Billing Record, Health Insurance Record (collectively "the Patient's Health Information And Records"), except information that is considered privileged, unless expressly authorized.

_____ (Initial)    In addition to this required authorization for release of non-privileged protected health information, I also expressly authorize the release of privileged information, to the extent it is contained in the Patient's Health Information and Records, such as regarding HIV/AIDS, mental health or psychiatric and alcohol/drug abuse treatment.

**Person(s) Authorized to Make the Use or Disclosure:**

I hereby authorize any physician, hospital, health care provider, pharmacy, health insurance company, health facility/institution, governmental or private agency and their respective agents, employees, or attorneys which maintain the Patient's Health Information and Records (collectively "Patient's Healthcare Providers") to make the uses and disclosures of the Patient's Health Information and Records specified in this Authorization.

**Recipient(s) of Use or Disclosure:**

The Patient's Health Information and Records may be used by or disclosed to the attorneys, consultants, employees and other agents of Alston & Bird LLP and/or Rushton, Stakely, Johnson & Garrett P.A., who represent Louisiana-Pacific Corporation, and the attorneys, consultants, employees and other agents of Mayer, Brown, Rowe & Maw LLP and/or Maynard, Cooper & Gale P.C. who represent Factiv Corporation, for the purposes of defending litigation initiated by Patient or on Patient's behalf, and the attorneys,

ATL01/12235329v1

consultants, employees and other agents of The Colom Law Firm, who represent Patient or Patient's representative.

**Purpose(s) of the Use or Disclosure:**

The purpose of the use or disclosure is to defend legal claims and allegations.

This authorization expires in 180 days from the date of _6-28-07_

I understand that treatment, payment, enrollment or eligibility for benefits cannot be conditioned on whether or not I sign this Authorization. I understand I may revoke (cancel) this Authorization by submitting a written revocation to _____, Esq., Alston & Bird LLP, 1201 W. Peachtree Street, Atlanta, Georgia 30309-3424; or _____, Esq., Mayer, Brown, Rowe & Maw LLP, 190 South LaSalle Street, Chicago, IL 60603-3441; or Eason Mitchell, Esq., The Colom Law Firm, LLC, 200 Sixth Street North, Suite 102, P.O. Box 866, Columbus, MS 39703-0866. However, such revocation will not be effective with respect to any use or disclosure already made in reliance on this Authorization before such persons received notice of my revocation.

I understand the Patient's Health Information and Records used or disclosed by the Patient's Healthcare Providers pursuant to this Authorization may be subject to redisclosure by the recipient, in which case they might no longer be protected under the HIPAA Privacy Rule.

I hereby release the Patient's Healthcare Providers and any other persons or entities permitted by this Authorization from any liability, damages and expenses arising in connection with the use or disclosure of the Patient's Health Information and Records pursuant to this Authorization.

PHOTOCOPIES OF THIS AUTHORIZATION ARE VALID AND MAY BE USED IN LIEU OF THE ORIGINAL.

_Melanie Chambers_                    _June 28, 2006_
Patient Name                          Date

_____
Patient Signature

Or

_mother and administrator of the estate of_
Personal Representative of Patient _Melanie Chambers, a deceased minor child_

Basis of Personal Representative's authority to sign for Patient: _Mother_

Note: A copy of the signed Medical Authorization Form must be provided to the Patient or Personal Representative signing the Form.

- 2 -

ATL01/12233525v1

## CERTIFICATE OF AUTHENTICITY

The enclosed documents constitute an accurate and true reproduction of the medical records of Melanie Chambers. The original of these is on file at the offices of **Dr. Vishwanath and Bobby Kemp, CRNP, 24245 5th Avenue, Florala, AL 36442.**

The undersigned certifies that these records are maintained under my care, custody and control, are kept in the ordinary course of business of this facility, and are used in the diagnosis and treatment of the patient.

This Certificate is given in lieu of the personal appearance of the person certifying hereto.

_____  _____  _____
Signature

## NOTARIZATION

Sworn to and subscribed
before me this_____day
of_____, 2006.

_____
Notary Public

My Commission Expires:

LEGAL02/30006109v12

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF ALABAMA

MELANIE CHMBERS, et al.,
    Plaintiffs

         v.

PACTIV CORPORATION, et al.,
    Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:06-cv-83-WKW

TO: Dr. Vishwanath & Bobby Kemp, CRNP
    24245 5th Avenue
    Florala, AL 36442

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

medical records, correspondence, telephone messages, personal notes on the Patient, records received by you from others, and essentially any other medical document you have pertaining to Melanie Chambers; DOB:

| PLACE | DATE AND TIME |
|---|---|
| The offices of Alston & bird LLP, 1201 W. Peachtree St. Atlanta, GA 30030 | July 14, 2006; by 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 7/7/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Orlyn O. Lockhard, III; Alston & Bird, LLP; One Atlantic Center; 1201 West Peachtree Street, N.W. Atlanta, George 30309-3424; Phone:(404)881-7000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                      DATE                          SIGNATURE OF SERVER

                                         _____
                                         ADDRESS OF SERVER

                                         _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contend the claim.

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Karol A. DeVito                     Direct Dial: 404-881-7257              E-mail: karol.devito@alston.com

October 3, 2007

Dr. Sasikumar Vishwanath & Bobby Kemp, CRNP
24245 5th Avenue
Florala, AL 36442

*RE:*   *Betty J. Adams, et al., v. Pactiv Corporation and Louisiana Pacific Corporation*
       *U.S. District Court, Middle District of Alabama; Case No. 2:06-CV-660-WKW*

Dear Records Custodian:

This firm represents Louisiana-Pacific Corporation ("the Defendant"), one of the defendants
in the above-referenced case. In order to represent our client properly, we must obtain your
medical records and related insurance information concerning:

**JIMMIE LOU BOWMAN, ( "the Patient"); DOB**

       Enclosed is a request for disclosure of protected health information of the Patient,
which permits us to obtain documentary evidence from persons who are not actually parties
to the lawsuit. Pursuant to the privacy regulations issued under the Health Insurance
Portability and Accountability Act of 1996 ("the HIPAA Privacy Rule"), 45 C.F.R. §
164.502(a)(iv), a party may request disclosure of a patient's protected health information
from a covered entity, and the covered entity may disclose a patient's protected health
information pursuant to a valid authorization signed by the patient or personal representative
of the patient.

The enclosed Authorization signed by the Patient, specifically allows you, as a healthcare
provider of the Patient, to disclose the Patient's protected health information for the limited
purpose of the litigation of the above-referenced case to us, Alston & Bird L.L.P., as
attorneys for the Defendant, a party to the above-referenced action.

Pursuant to the Authorization, the protected health information of the Patient that we wish to
obtain includes a complete certified copy of all medical records pertaining to the care and
treatment of the Patient. This includes all records you have received from other physicians
and/or facilities concerning the Patient. Please note that our Request is not limited to your
medical records and radiology reports. It also covers x-rays (not needed at this time),

Bank of America Plaza          90 Park Avenue         3201 Beechleaf Court, Suite 600   601 Pennsylvania Avenue, N.W.
101 South Tryon Street, Suite 4000  New York, NY 10016        Raleigh, NC 27604-1062        North Building, 10th Floor
Charlotte, NC 28280-4000       212-210-9400          919-862-2200              Washington, DC 20004-2601
704-444-1000               Fax: 212-210-9444      Fax: 919-862-2260             202-756-3300
Fax: 704-444-1111                                                             Fax: 202-756-3333


Exhibit 4

Dr. Sasikumar Vishwanath & Bobby Kemp, CRNP
Page 2

correspondence, telephone messages, personal notes on the Patient, records received by you from others, and essentially any other medical document you have pertaining to this individual.

Also enclosed is a **certificate of authenticity** for your signature and that of a **notary**. By signing and having this certification notarized, we avoid the necessity to subpoena someone from your office to testify at trial as to the validity of the records. Your bill for reasonable expenses in reproducing the records should be forwarded to us for prompt payment. **Please forward these records to my attention within two weeks.**

We appreciate your assistance and cooperation and encourage you to contact us if you have any questions.

Sincerely,

*Karol DeVito*

Karol DeVito, RN

Enclosures

## <u>CERTIFICATION OF MEDICAL RECORDS</u>

**PROVIDER:**      **Dr. Sasikumar Vishwanath & Bobby Kemp, CRNP**
                   **24245 5th Avenue**
                   **Florala, AL 36442**

**RECORDS OF:**    **Jimmie Lou Bowman**
                   **DOB:**
                   **SSN:**

**NUMBER OF PAGES:** _____

The copies of records for which this Certification is made are true and complete reproductions of the original or microfilmed records that are housed in the above Provider's office. The records were made at or near the time of the occurrence of the matters set forth therein, by (or with information transmitted by) a person with knowledge of these matters, in the regular course of business and it was the regular course of the Provider to make such records. This Certificate is given in lieu of the personal appearance of the person certifying hereto.

_____
Signature

Sworn to and subscribed
before me this_____day
of_____, 2007.


_____
Notary Public

My Commission Expires:

LEGAL02/30545883v8

## AUTHORIZATION
## FOR
## DISCLOSURE OF PROTECTED HEALTH INFORMATION

**Patient:**    Jimmie Lou Bowman                    **Date of Birth:**

**Address:**                                        **SSN:**

I hereby authorize the use and disclosure of the "protected health information" of **Jimmie Lou Bowman** ("the Patient") covered under privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA Privacy Rule") as specified in this Authorization. I understand that "protected health information" includes records disclosed to health care providers and facilities which currently provides or previously provided treatment to the Patient.

**Information to be Used or Disclosed:**

I authorize the release of all of the Patient's protected health information, including the Patient's complete medical records, all images (x-rays, photographs, videos, scans, etc.) and specimens (pathology, histology, cytology, etc.), pharmacy records, billing records, health insurance records (collectively "the Patient's Health Information and Records"), and includes interviews, clarification, explanation or evaluation of the Patient's Health Information.

In addition to this required authorization for release of non-privileged protected health information, I also expressly authorize the release of privileged information, to the extent it is contained in the Patient's Health Information and Records, such as HIV/AIDS, mental health or psychiatric and alcohol/drug abuse treatment

**Person(s) Authorized to Make the Use or Disclosure:**

I hereby authorize any physician, pharmacist, doctor of osteopathy, other practitioner of the healing arts, hospital, healthcare provider, pharmacy, health insurance company, health facility/institution, governmental or private agency or entity and their respective agents, officers, employees, or attorneys that maintain the Patient's Health Information and Records (collectively "Patient's Healthcare Providers") to release the Patient's Health Information and Records as specified in this Authorization.

**Recipient(s) of Use or Disclosure:**

The Patient's Health Information and Records may be used by or disclosed to the attorneys, employees, experts, consultants, and other agents of Alston & Bird LLP and/or Rushton, Stakely, Johnson & Garrett P.A., who represent Louisiana-Pacific Corporation, and the attorneys, consultants, employees and other agents of Mayer, Brown, Rowe & Maw LLP and/or Maynard, Cooper & Gale P.C who represent Pactiv Corporation, for the purposes of defending litigation initiated by the Patient or on the Patient's behalf, and the attorneys, consultants, employees and other agents of The Colom Law Firm, who represent the Patient or Patient's representative.

LEGAL02/30050966v 1

**Purpose(s) of the Use or Disclosure:**

The purpose of the use or disclosure is to defend legal claims and allegations.

This authorization will expire at the close of litigation, including all appeals.

I understand that treatment, payment, enrollment or eligibility for benefits cannot be conditioned on whether or not I sign this Authorization.

I understand that I may revoke (cancel) this Authorization by submitting a written revocation to Bernard Taylor, Esq., Alston & Bird LLP, 1201 W. Peachtree St., Atlanta, GA 30309; or Mayer, Brown, Rowe & Maw LLP, 190 South LaSalle Street, Chicago, IL 60603; or Eason Mitchell, Esq., The Colom Law Firm, LLC, 200 Sixth Street North, Suite 102, P.O. Box 866, Columbus, MS 39703. However, such revocation will not be effective with respect to any use or disclosure already made in reliance on this Authorization before these individuals received notice of my revocation.

I understand that the Patient's Health Information and Records used or disclosed by the Patient's Healthcare Providers pursuant to this Authorization may be subject to redisclosure by the recipient, in which case they might no longer be protected under the HIPAA Privacy Rule.

I hereby release the Patient's Healthcare Providers and any other persons or entities permitted by this Authorization from any liability, damages or expenses arising in connection with the use or disclosure of the Patient's Health Information and Records pursuant to this authorization.

PHOTOCOPIES OF THIS AUTHORIZATION ARE VALID AND MAY BE USED IN LIEU OF THE ORIGINAL

<u>**Jimmie Lou Bowman**</u>
Patient Name


_____               10 · 1 · 07
Patient Signature                              Date


[Note: A copy of the signed Authorization must be provided to Patient or Personal Representative]