IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM <br><br> Plaintiff, <br><br> vs. <br><br> PACTIV CORPORATION, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:06cv83-LES <br> ) (Lead Case) <br> ) <br> ) <br> ) |

# AFFIDAVIT OF
# DEBRA BROOKS HUGHES

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | : |
| COVINGTON COUNTY | ) |

BEFORE ME, THE UNDERSIGNED NOTARY PUBLIC, PERSONALLY APPEARED DEBRA BROOKS HUGHES, WHO BEING BY ME FIRST DULY SWORN, DEPOSED AND STATED AS FOLLOWS:

"My name is Debra Brooks Hughes. I am a resident of Covington County, Alabama. I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts stated herein."

"I am one of the Plaintiffs suing the owners and operators of the former Louisiana Pacific Wood Treatment facility (hereinafter the "Facility") in the town of Lockhart, Alabama. I am represented in this case by several attorneys, including Gregory A. Cade."

"I first contacted Mr. Cade in approximately July, 2003 to discuss a potential case on behalf of my father. My father died from metastatic colon cancer after having worked at the Facility for many years. I believed that he was exposed to something at the Facility that contributed to his cancer. After speaking with Mr. Cade about my father, I also began to question whether other former employees who were deceased or had failing health could have also been exposed to some type of harmful substance at the Facility."



"I took it upon myself to gather as much information as possible about the Facility and its former employees. In approximately October, 2003 I organized a meeting of former employees who had worked at the Facility. I invited Mr. Cade to meet with them at the Florala Armory concerning any potential claims they might have for illnesses caused by exposures at the Facility. Some of the workers knew that they were using creosote and pentachlorophenol, but no one had ever educated them or warned them about the dangers of these substances. None of the employees who attended the meeting recalled anyone at the mill being responsible for the prevention of chemical exposure to the workers or the communities of Florala and Lockhart. This first meeting took place around the middle of October, 2003."

"During this time, I worked as a substitute teacher for the elementary, middle, and high schools located in Florala and Lockhart. I had noticed that an exceptionally high number of children with significant health, behavioral, and learning problems attended the schools in the Florala and Lockhart School system."

"After realizing that the chemicals used at the Facility probably contaminated the entire community, I organized another meeting at the Florala Armory. This meeting occurred in approximately December, 2003 and was attended by a number of people in the community."

"At both the October, 2003 meeting and the December, 2003 meeting I confirmed that every attendee was there for the purpose of determining whether he or she might need legal representation in the joint matter being discussed. The only individuals who attended those meetings indicated that they were potentially interested in legal representation in connection with the poisoning of their community by the defendants. Under no circumstances were any other individuals permitted to attend the meetings."

FURTHER THE AFFIANT SAYETH NOT.

_____
Debra Brooks Hughes

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by Debra Brooks Hughes on this the __13__ day of __Dec__ 2006.

_____
NOTARY PUBLIC
My Commission Expires: __September 27, 2009__

**Affidavit of Debra Brooks Hughes** Page 2
*M.C. v. Pactiv Corporation, et al.*, Civil Action No. 2:06cv83-LES
**In the United States District Court for the Middle District of Alabama, Northern Division**