IN THE CIRCUIT COURT FOR ST. CLAIR COUNTY,
ALABAMA
NORTHERN JUDICIAL DIVISION AT ASHVILLE

SHEILA G. HENDERSON, as
Personal representative of the heirs-
At-law and/or wrongful death beneficiaries
Of TONY R. HENDERSON,

    Plaintiff,                                    Case Number: CV2006-122

Vs.

MEADWESTVACO CORPORATION,
Et al.,

    Defendants.

## ORDER

Pending before the court is Defendant MeadWestvaco Corporation's Motion for Summary Judgment based on Alabama's twenty year rule of Repose, Alabama's pre-1979 statute of limitations for asbestos exposure cases, and Alabama's Shareholder Immunity Defense. Defendant CSX Transportation, Inc., has joined in both the Rule of repose and statute of limitations aspects of MeadWestvaco Corporation's motion. Having considered the pleadings, the evidence of record, the briefs of the parties and the oral arguments heard on May 21, 2007, the Court hereby finds and Orders as follows:

FILED

JUL 0 3 2007

ST. CLAIR COUNTY
CLERK & REGISTER



The pleadings and evidence in this action establish that Plaintiff's decedent, Tony R. Henderson, was exposed to asbestos while employed at the Cement Asbestos Products Company ("CAPCO") in Ragland, Alabama, during the summers of 1971 and 1972 while unloading bags of raw asbestos fiber from rail cars. My Henderson was diagnosed with mesothelioma, an asbestos related cancer, in 2004 and died of his illness in February of 2006. This wrongful death action was filed by Sheila Henderson, as personal representative and wrongful death beneficiary, on June 19, 2006; however, prior to his death, Tony R. Henderson, had filed a personal injury action against the Defendants in the State of Georgia following his being diagnosed with mesothelioma.

## Statute of Limitations

This is a wrongful death action. The wrongful death statute of limitations is two years from the date of death. *Ala. Code 6-5-410 (1975)*. The wrongful death statute contains a proviso that such an action may go forward "provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death." *Ala. Code 6-5-410 (a)(1975)*. Defendants argue that Plaintiff's decedent Mr. Henderson could not have commenced a personal injury action before his death because such claim was barred by the Alabama statute of limitations. Plaintiff responds that the wrongful death statute proviso is not construed so narrowly. Plaintiff argues that since Mr. Henderson could have commenced an action in another state, and indeed did commence one in Georgia, the proviso is satisfied, and Defendants' statute of limitations fails.

FILED
JUL 0 3 2007
ST. CLAIR COUNTY
CLERK & REGISTER

The Court has reviewed *Pace v. Armstrong World Industries, Inc., 578 So.2d 281 (Ala.1991)* and *Textron, inc. v. Whitfield, 380 So.2d259 (Ala.1979)* and finds that Plaintiff has satisfied the wrongful death proviso. *Pace* and *Textron* construe the phrase "an action" in the wrongful death proviso to mean any action, not just an Alabama action. Mr. Henderson filed a timely personal injury action in Georgia, which was pending both at the time of his death and at the time this action was filed. The Defendants admitted they had no statute of limitations defense in Georgia. Therefore, Defendants have no statute of limitations defense in Plaintiff's wrongful death action.

As a side issue to their statute of limitations argument, the Defendants have suggested that since the decedent filed his personal injury action in Georgia, that his representative should have likewise filed the underlying wrongful death action in that state. Alabama law does not support this contention. The Alabama Supreme court established in *Textron, Inc. v. Whitfield* that the public policy of this state supports and protects the right of its citizens to pursue their personal injury claims in some other state. Yet when it comes to wrongful death claims, the enabling statute expressly requires the plaintiff to file the claim in Alabama. *Ala. Code 6-5-410 (1975)* ("A jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere"). Alabama law expressly recognizes and protects a personal injury plaintiff's right to file his/her claim in any state but restricts the same plaintiff's representative to Alabama when filing a wrongful death claim. Therefore, this Court finds that the instant action was property filed in Alabama and this part of Defendant's Motion for Summary Judgment is hereby denied.

FILED
JUL 06 2007
ST. CLAIR COUNTY
CLERK & REGISTER

3

## Mead's Shareholder Status

Mead argues that as a shareholder of CAPCO, it is protected by the limited liability shield inherent to share ownership. Plaintiff responds that there are sufficient facts in the record to support both her claim of direct negligence against Mead for negligent inspection based on Mead's voluntary control of industrial hygiene at CAPCO and her claim for piercing the corporate veil. The documents attached to Plaintiff's opposition support plaintiff's position that Mead voluntarily assumed the duties of testing, inspecting and providing adequate industrial hygiene controls with regard to asbestos at the CAPCO plant.

Therefore, this court finds that Mead's argument that as a shareholder of CAPCO it is protected by the limited liability shield inherent to share ownership is due to be denied.

## Rule of Repose

This brings us to the most difficult issue raised by the Defendants, and that would be Alabama's common law Rule of Repose.

Defendant MeadWestvaco Corporation is the successory to The Mead Corporation, which was the majority shareholder of CAPCO from 1968 until 1974. Defendant CSX Transportation, Inc., is the successor to the railroad that shipped the asbestos bags that were unloaded by Mr. Henderson. Plaintiff asserts that both Mead and CSX failed to warn Mr. Henderson of the dangers associated with working around asbestos and failed to implement appropriate industrial hygiene practices that might have prevented Mr. Henderson's exposure to asbestos.

FILED
JUL 03 2007
ST. CLAIR COUNTY
Ronnie M. Fell
CLERK & REGISTER

4

Defendant's argue that Alabama's common law Rule of Repose operates as a complete bar to this law suit, because the acts complained of occurred more than twenty years before this lawsuit was filed. Alabama's common law Rule of Repose operates as a complete bar to this lawsuit because the acts complained of occurred more than twenty years before this lawsuit was filed. It is undisputed that Plaintiff's decedent's last exposure to asbestos at the CAPCO plant was in August of 1972. The instant action was not commenced until June 16, 2006, almost thirty-four years after the events allegedly giving rise to the cause of action. The lawsuit in Georgia was not commenced until after 2004 when Mr. Henderson was diagnosed with mesothelioma. "Application of the rule of Repose has only one element-the passage of twenty years from the moment that the actions giving rise to the claim occurred-and, if that time has elapsed, no claim can be pursued." *Moore v. Liberty Nat'l Ins. Co.*, 108 F. Supp. 1266, 1275 (N>D> Ala.2000).

The Rule of Repose is a judicially-created doctrine that is broader in scope than a statute of limitations- it "provides the outer limits within which an action may be maintained, regardless of whether that action is barred by the statute of limitations." *Id.* At 1274. Notably, Alabama's rule of Repose is a "*substantive* doctrine of the State, eliminating a cause of action, irrespective of its date of accrual." *Id* at 1275. The Rule of Repose "is not affected by the circumstances of the situation, by personal disabilities, or by whether prejudice has resulted or evidence obscured." *Spain v. Brown & Williamson Tobacco Corp.*, 230 F. 3rd 1300, 1307 (11th Cir. 2000) quoting *Boshell v. Keith*, 418 So. 2d 89, 91 (Ala. 1982)(citations omitted)).

Alabama's common law Rule of Repose "begins running on a claim as soon as all of the essential elements of that claim coexist so that the plaintiff could validly file suit." *American General Life and Accident*

FILED
JUL 03 2007
ST. CLAIR COUNTY
CLERK & REGISTER

*Insurance Co. v. Underwood,* 886 So. 2d 807, 812 (Ala.2004)(citing *Spain v. Brown & Williamson Tobacco Corp.,* 872 So.2d 101, 128 (Ala.2003)). As the Alabama Supreme Court has recognized, "(i)n some instances, (the first point in time when all of the essential elements of a claim first coexist so that the plaintiff could validly sue and, therefore, the point in time when the rule of repose begins to run) may be the same as the date of "accrual' of a claim." *Underwood,* 886 So. 2d at 812 (quoting *Ex parte Liberty Nat'l Life In. Co.,* 825 So. 2d 758, 764, fn. 2 (Ala. 2002)). However, "repose does not depend on 'accrual' because the concept of accrual sometimes incorporates other factors, such as notice, knowledge, or discovery." *Id.* Importantly, "(l)ack of notice (of the existence of a claim) is not sufficient to avert the application of the (rule of repose)." *Id.* (quoting *Ballenger v. Liberty Nat'l Life Ins. Co., 123 So. 2d 166, 169 (Ala. 1960).*

Plaintiff's argue that Alabama's twenty year rule of repose had not run for Tony Henderson at the time that the legislature enacted section 6-2-30, which changed the statute of limitations in Alabama in asbestos cases from exposure to discovery. However, the Supreme Court in Alabama in *Tyson v. Johns-Manville Sales Corporation,* 399 So2d 263 (Ala. 1981) ruled that this statute of limitations was prospective not retrospective. Consequently, Mr. Henderson since he had not been diagnosed with mesothelioma in 1980 or filed suit, still operated under the exposure statute of limitations. Therefore, the twenty year rule of repose must begin to run from the date of last exposure 1972, not date of discovery, 2004.

If the statute of limitations is not retroactive then to allow the rule of Repose to be retroactive would be inconsistent and illogical.

Having said that, this is a situation that needs to be re-addressed by the appellant courts of this state and perhaps the legislature as exposure to

asbestos is the only known causation of mesothelioma, and this condition can lie dormant for many, many years.

WHEREFORE, MeadWestvaco Corporation's Motion for Summary Judgment, joined in by CSX Transportation, Inc., based on Alabama's twenty year Rule of Repose is hereby GRANTED and MeadWestvaco Corporation and CSX Transportation, Inc. are dismissed as defendants in this action, with prejudice.

DONE and ORDERED on this the 2 day of July, 2007.

James E. Hill, Jr./Circuit Judge

FILED
JUL 03 2007
ST. CLAIR COUNTY
Annette M. Hall
CLERK & REGISTER

7