DEC-28-06  14:43  FROM-COLOM LAW FIRM                +                T-905  P.002/008  F-234

## The Colom Law Firm, L.L.C.

200 SIXTH STREET NORTH, SUITE 102
COLUMBUS, MS 39701

WILBUR O. COLOM*
W. EASON MITCHELL*‡
D. KELLY HARDWICK*
SHIRLEY C. BYERS*
CHARLES T. BRANT‡
CHARLES R. WAITS, III*‡
EDWARD L. PLEASANTS, III*
CRYSTAL R. GRIFFIN‡

ADMITTED IN
MISSISSIPPI*
GEORGIA†
ALABAMA*
TEXAS‡
DISTRICT OF COLUMBIA*

MAILING ADDRESS:
POST OFFICE BOX 866
COLUMBUS, MS 39703-0866
TELEPHONE: (662) 327-0903
FACSIMILE: (662) 329-4832
WEBSITE: www.colom.com

120 NORTH CONGRESS STREET, STE. 904
JACKSON, MS 39201
TELEPHONE: (601) 974-6075
FACSIMILE: (601) 974-6076

170 MITCHELL STREET, S.W.
ATLANTA, GA 30303
TELEPHONE: (404) 522-5900
FACSIMILE: (404) 526-8855

December 28, 2006
VIA FACSIMILE & U.S. MAIL
FACSIMILE NO. 402-661-7318

The Honorable Lyle E. Strom
Senior Judge
USDC, District of Nebraska
111 S. 18th Plaza, Suite 3190
Omaha, NE 68102-1322

Re:  Tatum/M.C. v. PACTIV, et al. (Lead Case)
     2:06-CV-00083; USDC, Middle District of Alabama

Dear Judge Strom:

I assume that your letter of December 21, 2006, invites a letter response. If I am incorrect and a formal pleading is required, please let me know. I will follow the form of your proposed order for ease of comparison.

    (1)    **Affidavit of Residence.**

        No suggested changes.

    (2)    **Personal Injury Claims.**

        a)    The dates on which a physician examined the Plaintiff, minor or decedent.


EXHIBIT Q

DEC-28-06   14:43   FROM-COLOM LAW FIRM                    +                T-905   P.003/008   F-234

The Honorable Lyle E. Strom
December 28, 2006
Page 2

---

        Plaintiff's response:

        Plaintiffs respond that recollection of dates of physician visits in the past is difficult and would provide less information than Plaintiffs' suggested question. Plaintiffs suggest that Plaintiffs provide the names and addresses of physicians who have treated them, along with approximate dates or time intervals for the time of treatment.

b)    No suggested changes.

c)    The identity and concentration of the materials or substances that, to a reasonable degree of medical and scientific certainty, caused each such injury, illness or condition.

        Plaintiffs' response:

        The Court indicated that the Court would not require individual causation reports for each Plaintiff. Plaintiffs can provide general information regarding concentration of chemicals and the results of testing, but individualized concentration reports would be laborious and expensive, especially in view of the fact that modifications would be expected after benefit of discovery. Plaintiffs can identify the chemicals of concern.

DEC-28-06  14:44    FROM-COLOM LAW FIRM                    +                    T-905  P.004/008  F-234

The Honorable Lyle E. Strom
December 28, 2006
Page 3

---

    d)    The date(s) and means (e.g., ingestion, inhalation or skin absorption) of the subject Plaintiff's, minor's or decedent's exposure.

        **Plaintiffs' response:**

        Plaintiffs claim exposure over long periods of time which would vary on a day to day basis according to Plaintiffs' location, Defendants' activities and wind direction. Plaintiffs assume that the Court intends for dates to be expressed as periods of time. Plaintiffs suggest that section (d) indicate periods of exposure other than exposure at the Plaintiffs' residence listed in section (a). For example:

            Plaintiff attended elementary school .8 miles from the facility from 1980 until 1986 and then attended high school .2 miles from the facility from 1987 until 1993. Plaintiff attended church for approximately 2 hours a week, adjacent to the facility from 1976 until 2003. Plaintiff also spent summers with their grandparents at (address) between 1980 and 1983.

    e)    The basis for concluding to a reasonable degree of medical and scientific certainty, that the alleged injury-causing materials or substances emanated from the facility, including a precise description of the environment pathway (e.g., soil, air, water) of each such alleged

The Honorable Lyle E. Strom
December 28, 2006
Page 4

---

injury-causing material or substance from the facility to the subject Plaintiff, minor or decedent.

**Plaintiffs' response:**

The Court has indicated that individualized causation reports will not be required for each Plaintiff. Plaintiffs do not claim exposure by a water pathway. Plaintiffs only claim exposure by a soil or ingestion pathway when airborne particulates or chemicals were deposited on Plaintiffs' soil or became dust in Plaintiffs' environment. Plaintiffs have already provided affidavits sufficient to establish the fact that contamination occurred in their community. The term "precise description" leaves open an argument that each Plaintiff be required to provide detailed expert reports. Plaintiffs suggest that the basis for Plaintiffs' conclusion be provided as a general community wide conclusion rather than for each specific Plaintiff.

f) Any cause for the injury, illness, or condition identified by Plaintiff's physician or other qualified expert, which is unrelated to the materials or substances allegedly emanated from the facility.

**Plaintiffs' response:**

Most all non-infectious diseases can have different causes. Plaintiffs assume that the Court does not

The Honorable Lyle E. Strom
December 28, 2006
Page 5

---

require a list of all possible causes of cancers, birth defects and other diseases. Plaintiffs suggest hat they list any probable or likely alternative cause which has been identified by any expert or physician, as well as the identity of the physician who suggested an alternative cause.

3) **Property Damage Claims.**

The Court previously indicated that individualized expert reports would not be required. The proposed requirements would cause excessive expense and could not be completed in six weeks. For instance, an affidavit from an expert which quantifies the amount of each specific property contamination would require testing and expert expense, would could equal or exceed some property claims.

Plaintiffs suggest that Plaintiffs provide the following preliminary information within the time frame established by the Court and that additional information may be required after discovery is complete:

a) The legal or equitable owner of the property affected.

b) The street address of the property affected.

c) The date the property was purchased and date of sale, if sole.

The Honorable Lyle E. Strom
December 28, 2006
Page 6

---

    d)    The purchase price and if sold, the sales price.

    e)    The appraised value of the property for tax purposes.

    f)    The nature and date of any additions, structured repairs or major alterations.

    g)    The name of the present owner of the property, if not the Plaintiff.

    h)    How the property was acquired (purchase, inheritance, etc.).

    I)    Within 90 days, the Plaintiff must provide written proof of ownership, such as deed or tax record.

    The Court indicated that the Court would require the parties to present a proposal three or four trial Plaintiffs after 90 percent of the questionnaires are provided. Plaintiffs request that this requirement be included in the Court's order. Also, Plaintiffs request an additional two weeks time to answer individual Plaintiff responses in order to accommodate mail and communication delays. Some Plaintiffs with special needs may not be identified and the staff of Plaintiffs' attorneys will be taxed during the questionnaire completion period. Plaintiffs request that the deadline include "unless just cause is shown" in order to allow for error or those Plaintiffs who may need assistance.

The Honorable Lyle E. Strom
December 28, 2006
Page 7

---

Plaintiffs would also agree to provide executed medical record release forms to Defendants, provided Plaintiffs receive copies of any records obtained. Waiting for medical records on all Plaintiffs would cause an unjust delay, but the Defendants would have the right to continue their inquiry into medical records if they chose to do so.

Judge Strom, I have attempted to avoid arguing any points that I wished to make in this response. I believe that the suggestions fit the spirit and requirements of your proposed memorandum and order. Please let me know if additional input is requested, or if we need to schedule a conference.

Sincerely yours,

W. Eason Mitchell

WEM/knw
cc: John C. Berghoff, Jr., Esq.
    Bernard Taylor, Sr., Esq.
    Gregory A. Cade, Esq.
73715.wpd