IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOAN SCHWAN, et al. | ) | 4:04CV3384 |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CNH AMERICA LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This is a "toxic tort" case in which, at last count, 189 plaintiffs assert claims on behalf of 261 individuals (including minors and decedents) against 8 companies for personal injuries, deaths, and property damage allegedly caused by 40 years of pollution at an industrial site in Grand Island, Nebraska, known as the Case New Holland property. Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

Although the action was originally filed on December 16, 2004, it has not advanced beyond the pleading stage. On April 20, 2005, the plaintiffs filed a first amended complaint in response to several motions to dismiss. On July 25, 2005, a second amended complaint was filed pursuant to a stipulation of the parties and with leave of court. Motions to dismiss were again filed pursuant to Federal Rule of Civil 12(b)(6), but were denied without prejudice after the court <u>sua</u> <u>sponte</u> granted the plaintiffs leave to file a third amended complaint to establish that complete diversity of citizenship exists. While not reaching the merits of the Rule 12(b)(6) motions, I cautioned the plaintiffs that the third amended complaint would be "examine[d] very closely [for] the factual basis upon which liability is asserted against each of the defendants." (Memorandum and order entered October 31, 2005 (filing 93), at 8.) I also advised the parties that I was inclined to enter a <u>Lone Pine</u> order[1] to require the

_____

[1] <u>Lore v. Lone Pine Corp.</u>, No. L 33606-85, 1986 WL 637507 (N.J. S⸻ C⸻ Lav Div., Nov. 18, 1986).



plaintiffs to define their injuries with precision and to produce some evidence of causation prior to any discovery taking place." (Id.)[2]

The plaintiff's third amended complaint was filed on November 21, 2005. It is 162 pages long, and it includes 11 different theories of recovery as against each of the defendants: (1) negligence; (2) negligent failure to warn; (3) negligent infliction of emotional distress; (4) intentional infliction of emotional distress; (5) fraud; (6) fraudulent concealment; (7) battery; (8) trespass to real property; (9) private nuisance; (10) unjust enrichment; and (11) wrongful death.

The matter is before the court on a new round of motions to dismiss. There are four such motions pending, filed by six of the defendants:[3]

- Filing 95, filed by Ford Motor Company
- Filing 97, filed by Unisys Corporation
- Filing 99, filed by CNH America LLC, Fiatallis North America LLC, Case New Holland, Inc., and CNH Global N.V.
- Filing 101, filed by Case New Holland, Inc., Fiatallis North America LLC, and CNH Global N.V.

It will be observed that the three defendants on filing 101 are also on filing 99. Although the motions themselves are uninformative, it appears from the supporting

---

[2] The defendants have since filed a motion for the entry of a <u>Lone Pine</u> order (filing 103). The plaintiffs oppose the motion and have proposed establishing a "test group" of plaintiffs instead (filing 109).

[3] An appearance was previously entered on behalf of the defendant Fiatallis North America, Inc., by the attorneys representing CNH America LLC (see filings 17, 46), but this defendant has not responded to the second or third amended complaints. The plaintiffs allege that Fiatallis North America, Inc., may have converted to Fiatallis North America LLC on November 30, 2004, but they also allege that Fiatallis may still be an active corporation in good standing. (Filing 94, ¶ 7.) In any event, both entities are named as defendants. The other non-moving defendant, Fiat S.p.A., an Italian corporation, was only recently served; with the plaintiffs' consent, it has been allowed until June 13, 2006, to respond to the third amended complaint.

briefs that filing 101 concerns liability issues that do not apply to CNH America LLC, the current operator of the facility. Each motion to dismiss is summarized below.

### Filing 95

The defendant Ford Motor Company is alleged to be a Delaware corporation that has its principal place of business in Michigan. (Filing 94, ¶¶ 11, 20.) The plaintiffs claim that Ford Motor Company "is directly liable for . . . damages, both through its control of the facility and through its contractual agreement to accept liability for certain contaminated areas at the facility, and is also liable for . . . damages through its past alter ego relationship with Ford New Holland, Inc." (Id., ¶¶ 101, 150, 196, 242, 286, 335, 352, 370, 419, 432, 480.) The plaintiffs allege that Ford New Holland, Inc., was formed in 1986 when "Ford Motor Company purchased the Sperry-New Holland agricultural division [from the defendant Unisys Corporation] and then merged it with its own Ford Tractor Operations." (Id., ¶¶ 10, 11.) The plaintiffs further allege that the defendant Fiat S.p.A. acquired 80 percent of Ford New Holland, Inc., in1991, and the remaining 20 percent in 1993. (Id.)

Ford Motor Company contends (1) that the plaintiffs' pleadings only show that Ford agreed to voluntary remediation activities at a time when its subsidiary, Ford New Holland, Inc., no longer owned the property, and (2) that no facts are alleged to permit "piercing the corporate veil" of its subsidiary. Ford also joins in arguments made by CNH America LLC and Unisys Corporation that "Plaintiffs' claims have numerous incurable defects, including . . . (1) the failure to plead subject matter jurisdiction; (2) the failure to plead any claim that is not barred by Nebraska's statutes of limitations; (2) [sic] the failure to plead fraud and fraudulent concealment with the requisite particularity; (3) [sic] the failure to plead each cause of action against each Defendant, often substituting legal conclusions for required facts, ignoring necessary elements of those causes and lumping Defendants together to hide glaring pleading deficiencies; and (4) [sic] the failure to plead any facts concerning any individual plaintiff." (Filing 96, at 1-2.) I will consider these additional arguments as having

fraud" under Nebraska law). In this regard, I caution the plaintiffs that Ford's alleged actions in contracting with environmental consulting companies, contracting with Unisys Corporation to assume liability for contaminated areas at the Case New Holland property, or negotiating with other defendants or the Nebraska Department of Environmental Quality regarding pollution remediation efforts[16] do not provide "evidentiary support" for an allegation that Ford disregarded its subsidiary's separate corporate existence  and controlled day-to-day operations at the facility, nor do such actions  reasonably support an inference that evidentiary support for the allegation is likely to be obtained "after a reasonable opportunity for further investigation or discovery." See Fed. R. Civ. P. 11(b)(3). To put the matter plainly, if the plaintiffs have no other reason for alleging that Ford New Holland, Inc., was the alter ego of Ford Motor Company, they should not file a fourth amended complaint.[17]

### 4. Liability for Remediation Efforts

The plaintiffs claim that all defendants except CNH America LLC "took actions consistent with the types of actions that would normally be taken by the direct owner and direct controller of the facility at Case New Holland Property." (Filing 94, ¶¶ 42, 43, 44, 45, 46, 49, 51.)  In the case of CNH Global N.V., "[t]hese actions include, but are not limited to, contracting with various environmental consulting companies for those companies to perform monitoring and assessments of the Property; negotiating with the Nebraska Department of Environmental Quality on behalf of New Holland North America, Inc.; actively participating in the drafting of a Remedial Action Plan Monitoring Act agreement between New Holland North America, Inc. and the Nebraska Department of Environmental Quality; and actively negotiating with and coordinating with Defendants Unisys Corporation, Ford Motor

---

[16] See the discussion which immediately follows.

[17] If a fourth amended complaint is not filed, however, I will enter a final judgment dismissing Ford Motor Company as a party pursuant to Federal Rule of Civil Procedure 54(b).

Company, Fiat S.p.A., Fiatallis North America, Inc., Fiatallis North America LLC f/k/a Fiatallis North America, Inc., and New Holland North America, Inc. and with the Nebraska Department of Environmental Quality regarding characterization of contaminants at the Property and remediation of those contaminants." (Id., ¶ 42.) Case New Holland, Inc., Ford Motor Company, and Unisys Corporation, among other things, allegedly "contract[ed] with various environmental consulting companies for those companies to perform monitoring and assessments of the Property and actively negotiat[ed] with and coordinat[ed] with . . . [the other defendants] and with the Nebraska Department of Environmental Quality regarding characterization of contaminants at the Property and remediation of those contaminants." (Id., ¶¶ 44, 49, 51.) Fiatallis North America, Inc., and Fiatallis North America LLC, are not alleged to have contracted with environmental consulting companies, but, among other things, they allegedly "actively negotiat[ed] with and coordinat[ed] with . . . [the other defendants] and with the Nebraska Department of Environmental Quality regarding characterization of contaminants at the Property and remediation of those contaminants." (Id., ¶ 45, 46.)

It is further alleged on information and belief that "Ford Motor Company has contractually agreed to be liable for two areas at the facility—the burn pits and the burial pits—and for remediation of contamination resulting from those two areas[,]" and "has also made affirmative representations to the Nebraska Department of Environmental Quality that it will be liable for the burn pits and burial pits at the facility." (Id., ¶ 49.) Ford allegedly stated in a letter to the NDEQ on February 27, 1997, that "it has contractual agreements with both Unisys Corporation and Fiat S.p.A. with regard to contamination assessment and remediation at the Grand Island, Nebraska facility located on the Property and the surrounding area." (Id., ¶¶ 74, 87, 119, 132, 168, 181, 214, 227, 259, 272, 303, 316, 388, 401, 451, 464.) Also, Ford allegedly "has a contractual agreement with New Holland to assess and remediate contamination associated with specific identified source areas at the Property." (Id., ¶¶ 88, 133, 182, 228, 273, 317, 402, 465.) Specifically, Ford "has agreed to conduct detailed assessments of soil and groundwater contamination at the Property and has

agreed to remediate the burial area, the burn area, the Duck Pond, and the associated contaminations from those source areas." (Id.) Similarly, it is alleged on information and belief that "Unisys Corporation has a contractual agreement with Ford to remediate contamination associated with specific identified source areas on the Property[,]" and "has agreed to remediate the burial area, the burn area, the Duck Pond, and the associated contaminations from those source areas on the Property and surrounding the Property." (Id., ¶¶ 70, 115, 164, 210, 255, 299, 384, 447.)

The plaintiffs have cited no authority for the proposition that the defendants may be held liable in tort simply because they hired experts to monitor and assess pollution, negotiated among themselves and with the NDEQ concerning remediation efforts, or contracted with each other to assume liability for certain portions of the property. These actions may be "consistent with the types of actions that would normally be taken by the direct owner and direct controller of the facility," but it does not follow that by taking such actions the defendants became de facto owners or controllers of the facility. Thus, to the extent that the plaintiffs seek to impose liability upon Fiatallis North America, Inc., Case New Holland, Inc., CNH Global N.V., Unisys Corporation, Ford Motor Company, and Fiatallis North America LLC as "Control Defendants," their claims will be dismissed.[18]

---

[18] The "Control Defendants" allegedly "all participated directly in controlling and performing the day-to-day operations at the Property and/or represented themselves as the entity in control of the Property or of operations taking place at the Property." (Filing 94, ¶ 62.) I construe this allegation of "controlling and performing the day-to-day operations" as pertaining only to the claimed liability for remediation efforts, as opposed to alter ego liability. It is also distinct from owner liability, which provides the basis for the plaintiffs' claims against the "Manufacturing Plant Defendants," namely, "Unisys Corporation, successor-in-interest to Sperry Rand Corporation, and . . . CNH America LLC, successor-in-interest to New Holland North America, Inc. p/k/a Ford New Holland, Inc." (Id., ¶ 60.) Allegations made against "Manufacturing Plant Defendants" that are alleged to be the alter egos of other defendants also apply to such other defendants.

The plaintiffs also allege repeatedly that Ford Motor Company and Unisys Corporation are directly liable "through [their] control of the facility and through [their] contractual agreement to accept liability for certain contaminated areas at the facility." Regarding the alleged assumption of liability by Ford and Unisys, it is well-established that "in order for those not named as parties to a contract to recover thereunder as third-party beneficiaries, it must appear by express stipulation or by reasonable intendment that the rights and interests of such unnamed parties were contemplated and that provision was being made for them." Molina v. American Alternative Ins. Corp., 699 N.W.2d 415, 419 (Neb. 2005). The test is whether the parties to the contract intended to confer a benefit directly upon the third party or whether the benefit to the third party was merely incidental. Spring Valley IV Joint Venture v. Nebraska State Bank of Omaha, 690 N.W.2d 778, 782 (Neb. 2005). Because the plaintiffs do not allege that they have third-party beneficiary status, their claims made against Ford and Unisys on a contract liability theory are also dismissed.

Consistent with the foregoing rulings, the following paragraphs of the third amended complaint, pertaining solely to "Control Defendants," will be stricken in their entirety: Paragraphs 62, 91, 92, 107, 136, 137, 156, 185, 186, 202, 231, 232, 247, 291, 376, 405, 406, 439, 468, and 469. In addition, all references to "Control Defendants" in the following paragraphs of the third amended complaint will be stricken: Paragraphs 93, 94, 138, 139, 140, 141, 142, 143, 187, 188, 189, 233, 234, 235, 246, 276, 277, 278, 279, 290, 320, 321, 322, 323, 328, 341, 342, 343, 344, 345, 359, 360, 407, 408, 409, 410, 411, 412, 423, 424, 425, 470, 471, 472, and 473.

The following paragraphs alleging liability on the part of Ford Motor Company (based on eleven different theories of recovery) because of its remediation efforts, its alleged assumption of liability by contract, or its alter ego liability will be stricken: Paragraphs 101, 150, 196, 242, 286, 335, 352, 370, 419, 432, and 480. General allegations that Ford is liable for these same reasons will also be stricken, namely: Paragraphs 49 and 50. If the plaintiffs file a fourth amended complaint to supply a factual basis for imposing alter ego liability on Ford, they may re-allege paragraph

50 and, as to each theory of recovery, may re-allege their conclusion that Ford is "liable for [the plaintiffs'] damages through its past alter ego relationship with Ford New Holland, Inc." (Paragraphs 101, 150, 196, 242, 286, 335, 352, 370, 419, 432, and 480.)  However, the plaintiffs shall <u>not</u> re-allege paragraph 49 or the conclusory statements that Ford is liable for the plaintiffs' damages under each theory of recovery "through its control of the facility and through its contractual agreement to accept liability for certain contaminated areas at the facility." (<u>Id.</u>)

Similarly, the following paragraph of third amended complaint, generally alleging that Unisys Corporation is liable to the plaintiffs because of remediation efforts or contractual liability, will be stricken: Paragraph 51.  Allegations claiming that Unisys is directly liable through "its control of the facility, and through its contractual agreement to accept liability for certain contaminated areas at the facility," will also be stricken from the following paragraphs: Paragraphs 102, 151, 197, 243, 287, 336, 353, 371, 420, 433, and 481.  The allegations in these eleven paragraphs that Unisys is directly liable as a successor-in-interest to Sperry Rand Corporation and as an owner of the property will not be stricken.

### 5.  *Joinder of Claims*

The defendants once again complain that the plaintiffs' claims should not all be "lumped together."  It remains my view that the claims are properly joined under Federal Rule of Civil Procedure 20(a), provided that sufficient facts are alleged to establish the liability of each defendant for some personal injury, property damage, or wrongful death associated with the alleged spread of contaminants from the Case New Holland property.  <u>See</u> <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330, 1332-34 (8th Cir. 1974) (single trials tend to lessen the delay, expense, and inconvenience to all concerned; prerequisites to joinder are: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action).  The sufficiency of those

## CONCLUSION

As summarized in the first part of this opinion, Unisys Corporation and CNH America LLC are potentially liable as owners of the property and as successors-in-interest to previous owners, while CNH Global N.V., Case New Holland, Inc., and Fiatallis North America LLC may have alter ego liability; however, none of these defendants can be held liable for "controlling" remediation efforts or for entering into contracts, and the allegations made against Ford Motor Company do not establish that it is liable in any capacity.  In examining each theory of recovery, I have also held that there can be no recovery for the alleged fraud or fraudulent concealment, and I have stricken redundant allegations.

Accordingly,

IT IS ORDERED that:

1.    Filing 120, Plaintiff's motion to file supplemental memoranda, is granted instanter.

2.    Filing 95, Defendant Ford Motor Company's motion to dismiss the third amended complaint, is granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Consistent with such dismissal, and without limitation, the following paragraphs of the third amended complaint alleging liability on the part of Ford Motor Company are stricken in their entirety:  Paragraphs 49, 50, 101, 150, 196, 242, 286, 335, 352, 370, 419, 432, and 480.

3.    Filings 97, 99, and 101, motions to dismiss the third amended complaint filed by Defendants Unisys Corporation, CNH America LLC, Fiatallis North America LLC, Case New Holland, Inc., and CNH Global N.V., are granted in part and denied in part, as follows:

a.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), all claims that Defendants are liable because of their control of remediation efforts or because of contractual liability are dismissed with prejudice.  Consistent with such dismissal, and without limitation:

    i.  Paragraphs 51, 62, 91, 92, 107, 136, 137, 156, 185, 186, 202, 231, 232, 247, 291, 376, 405, 406, 439, 468, and 469 of the third amended complaint are stricken in their entirety.

    ii.  All references to "Control Defendants" are hereby stricken from the following paragraphs of the third amended complaint:  Paragraphs 93, 94, 138, 139, 140, 141, 142, 143, 187, 188, 189, 233, 234, 235, 246, 276, 277, 278, 279, 290, 320, 321, 322, 323, 328, 341, 342, 343, 344, 345, 359, 360, 407, 408, 409, 410, 411, 412, 423, 424, 425, 470, 471, 472, and 473.

    iii.  All allegations that Unisys Corporation is directly liable through "its control of the facility, and through its contractual agreement to accept liability for certain contaminated areas at the facility," are stricken from the following paragraphs of the third amended complaint: Paragraphs 102, 151, 197, 243, 287, 336, 353, 371, 420, 433, and 481.

b.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's "fraud" count is dismissed and paragraphs 244 through 247 and 276 through 287 of the third amended complaint are stricken.

      c.     Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's "fraudulent concealment" count is dismissed and paragraphs 288 through 290 and 328 through 336 of the third amended complaint are stricken.

      d.     In all other respects, Defendants' motions to dismiss are denied.

4.     Defendant Unisys Corporations's request for oral argument (filing 97) is denied.

5.     On the court's own initiative, pursuant to Federal Rule of Civil Procedure 12(f), the following paragraphs of the third amended complaint are stricken in their entirety, as redundant: Paragraphs 105 through 137, 154 through 186, 200 through 232, 247 through 275, 291 through 319, 374 through 406, 437 through 469, and 483.

6.     Within fourteen (14) days of today's date, the plaintiffs may file a fourth amended complaint to allege that Ford Motor Company disregarded corporate formalities and controlled day-to-day operations at the facility when it was owned by its subsidiary, Ford New Holland, Inc., or to allege that Ford Motor Company has alter ego liability for some other fact-based reason. If a fourth amended complaint is filed, the plaintiffs shall not re-allege any paragraphs or portions of paragraphs that have been ordered stricken, except possibly paragraph 50 and those portions of paragraphs 101, 150, 196, 242, 352, 370, 419, 432, and 480 that claim Ford Motor Company has alter ego liability.

7.     If the plaintiffs do not file a fourth amended complaint as provided in the preceding paragraph, a final judgment shall be entered pursuant to Federal Rule of Civil Procedure 54(b) that dismisses Ford Motor Company as a party defendant, there being no just reason for delay.

8.     If the plaintiffs do not file a fourth amended complaint within the time allowed by this order, all remaining Defendants, except Fiat S.p.A., shall file an answer to the third amended complaint on or before June 13, 2006; Fiat S.p.A. may answer or otherwise plead to the third amended complaint by such date. If the plaintiffs do file a fourth amended complaint within the time allowed by this order, all Defendants will have the usual rule time to respond to such pleading.

May 4, 2006.                     BY THE COURT:

                                         s/ *Richard G. Kopf*
                                      United States District Judge