IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C., Who Sues By and Through Her Mother And Next of Friend, GAIL TATUM, ) ) ) | |
| Plaintiff, ) ) | CASE NO. 2:06-cv-83-LES-CSC (LEAD CASE) |
| vs. ) ) | |
| PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION, ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' SECOND SUPPLEMENTAL BRIEF
IN SUPPORT OF JOINT MOTION TO COMPEL**

As shown in Defendants' prior briefing, several public meetings regarding alleged emissions from the Facility occurred before Plaintiffs' counsel initiated this litigation. *See* Defendants' Joint Motion to Compel, Reply in Support, and Supplemental Brief in Support (dkt. nos. 69, 115, 230). Multiple witnesses have testified that sign-in sheets were created for these meetings. *See* dkt. no. 230, pp. 9-10. Accordingly, Defendants' pending Motion to Compel seeks, among other things, "the production of any documents relating to the public meetings, including . . . sign-in sheets." *See* dkt. no. 69, p. 11.

As discussed in detail below, Plaintiffs' counsel previously represented to this Court that no sign-in sheets ever existed. Recent deposition testimony from Plaintiffs themselves, however, unequivocally re-confirms that sign-in sheets existed and were previously turned over to Plaintiffs' counsel. While Defendants cannot guess at the reasons for the discrepancy between Plaintiffs' counsels' representations and the record testimony, these sign-in sheets are clearly discoverable. Defendants therefore submit this

Second Supplemental Brief in support of their request for an Order compelling immediate production of all sign-in sheets (and other documents) relating to these public meetings.

**I.      Representations By Plaintiffs' Counsel.**

Plaintiffs' counsel have repeatedly advised this Court that sign-in sheets from these meetings do not exist. First, at the April 10, 2007 hearing on Defendants' Motion, Mr. Robert Palmer stated that "[m]y understanding is, there is [sic] no sign-in sheets of any sort." *See* Hearing Transcript, attached as Exhibit A at 4:18-20. Later in the same hearing, the Court stated, in pertinent part, as follows: "It does seem to me for, example, that the mere fact of somebody attending the meeting is not privileged. . . So I'm not sure that I don't agree that the sign-in sheets are not subject to production." *Id.* at 32:13-33:1. In response to the Court stating its position regarding the discoverability of sign-in sheets, Mr. Palmer unequivocally stated that "[t]here are no sign-in sheets." *Id.* at 33:2.

Thereafter, the Court suggested that Plaintiffs' counsel file an affidavit confirming that there are no sign-in sheets. *See* Exh. A at 33:3-12. In apparent response, Mr. Gregory A. Cade filed an affidavit with the Court on April 30, 2007. *See* Exhibit B. In his affidavit, Mr. Cade unambiguously testified that "I did not create or keep any sign-in sheets or records of attendance at any of the meetings." *Id.*, p. 2. The position staked out by Plaintiffs' counsel regarding the non-existence of any sign-in sheets seems unambiguous.

## II. Recent Testimony From Plaintiffs Themselves Re-Confirms that Un-Produced Sign-In Sheets Exist.

Notwithstanding Mr. Palmer's and Mr. Cade's representations to the Court, it is clear that sign-in sheets do (or at least did) exist.[1] It is also clear that these sheets are (or at least were) in the possession of Plaintiffs' counsel.

### A. Testimony by Debra Hughes, the Meeting Organizer.

Plaintiffs' "Rule 26 Disclosures" identify Ms. Debra Hughes as a witness that Plaintiffs may call to testify regarding "rebuttal of notice of claim" and "statute of limitations issues." *See* Exhibit C. Defendants therefore deposed Ms. Hughes on October 17, 2007. Ms. Hughes is also a named Plaintiff. And most significant here, Ms. Hughes organized the meetings at issue. *See* Affidavit of Debra Hughes, attached as Exhibit D, at p. 2.

Ms. Hughes provided details of the meetings (at least to the extent her attorneys permitted her to answer questions). As shown below, Ms. Hughes confirmed, in no uncertain terms, that she maintained sign-in sheets and turned them over to Plaintiffs' counsel, Mr. Cade. Ms. Hughes even described the type of paper on which some of the sign-in sheets were printed.

#### 1. The October 2003 Meeting.

During her deposition, Ms. Hughes described a 3-hour meeting at the Florala armory on October 16, 2003. *See* Excerpts from Deposition of Debra Hughes, attached

---

[1] As noted in Defendants' First Supplemental Brief, Plaintiffs Sandra Cobb and Dorothy DeVaughn testified in 2006 about sign-in sheets at the public meetings. *See* dkt. no. 230, pp. 9-10. For the sake of brevity, Defendants reincorporate that testimony by reference but will not re-state it here.

hereto as Exhibit E, at 69:3-9; 84:8-10.[2]  According to Ms. Hughes, 177 former Facility employees (and some spouses) attended the meeting.  *Id.* at 69:16-19; 70:9-15.  Mr. Cade also came to the meeting and spoke to attendees.  *Id.* at 70:20-71:2; 83:10-84:18.

Ms. Hughes testified that she prepared a sign-in sheet for this October 2003 meeting.  Specifically, she stated that "I did a sign-in sheet due to the fact that I wanted to see how many people were interested, which I gave to Mr. Cade." *Id.* at 71:20-72:1.  She also re-confirmed that Mr. Cade had possession of this sheet.  *Id.* at 72:2-6, 111:8-112:2.

### 2. The December 2003 Meeting.

Ms. Hughes described a subsequent December 8, 2003 meeting at the Florala armory.  *Id.* at 100:23-101:6.  Mr. Cade also attended the meeting, along with approximately 800 individuals – including "former employees, their families, and the citizens of the surrounding towns." *Id.* at 88:14-89:15.

Ms. Hughes again gave detailed testimony about the sign-in sheets created for this meeting.  The sign-sheets consisted of "ledger pads and when they walked through they had to sign in." *Id.* at 89:16-90:1.  The sheets contained 26 to 30 names per page.  *Id.* at 90:2-7.  And, as before, Mr. Cade retained the sign-in sheets.  *Id.*, 101:14-17; 111:8-112:2.

---

[2] Because Ms. Hughes was deposed so recently, the transcript excerpts attached as Exhibit E are in rough draft form as received from the court reporter.  Defendants are submitting excerpted pages 68-102, 112-120, and 181-187 due to file size limitations on the EC/CMF system, and are submitting them in rough draft form to ensure that the Court has an opportunity to review relevant portions of Ms. Hughes' testimony before ruling on the pending Motion to Compel.  Defendants will file a complete, final copy of Ms. Hughes' transcript and a copy of her deposition video for the record as soon as these materials are available.

### 3. The October/November 2004 Meeting.

Later in her deposition, Ms. Hughes described sign-in sheets used at still more public meetings. According to Ms. Hughes, <u>1169</u> citizens and former employees collectively attended two meeting sessions with Mr. Cade and Mr. Mitchell in October or November 2004. *Id.* at 113:10-115:2. Two separate sessions were necessary "because of the number of people; we couldn't fit them all" in the armory. *Id.* at 115-3-9. Ms. Hughes described the sign-in sheets for these meetings in remarkable detail, explaining that the sheets were contained in two "composition notebook[s]." *Id.* at 117:13-118:1. Ms. Hughes was also clear regarding the fate of these notebooks: "I personally know that Wendy took them." *Id.* at 118:2-5. Wendy Garmon is Mr. Cade's paralegal and was also in attendance. *Id.* at 118:6-8; 114:13-17.[3]

### B. Testimony by Raymond Kelly.

If Ms. Hughes' testimony were not enough, recent testimony by Raymond Kelly also confirms that sign-in sheets were created at the pre-litigation meetings. Mr. Kelly is a former Facility employee and was deposed in this capacity on August 28, 2007. Mr. Kelly, like many other former employees, is also represented by Plaintiffs' counsel.

During his deposition, Mr. Kelly described a pre-litigation meeting he attended at the local armory hall. *See* Deposition of Raymond Kelly, attached hereto as Exhibit F, at 42:14-43:6. According to Mr. Kelly, this meeting was attended "by a lot of people…the

---

[3] Ms. Hughes is aware of another pre-litigation meeting that occurred in approximately October or November of 2005. *See* Exhibit E at 183:20-184:8. Although Ms. Hughes did not attend this meeting and could not testify to the existence of any sign-in sheets, she confirmed that Plaintiffs' counsel showed a visual presentation that apparently included former Site employee Ronnie Jackson, Melanie Chambers, and scenes from the Lockhart area. *Id.* at 182-186. Defendants respectfully submit that they are entitled to this video, along with any other documents, materials, and presentations relating to at the meetings, for the reasons set forth in prior briefing.

former employees and some of their family, and some of the community in Lockhart and around." *Id.* at 43:7-12. Mr. Kelly later attended additional meetings. *Id.* at 43:20-44:2.

Mr. Kelly was clear that he signed in at each meeting. *Id.* at 43:20-44:2; 49:16-20. Mr. Kelly recalled sign-in sheets contained in notebooks and someone "taking names when we came through the door." *Id.* at 44:3-11. He also recalled that the lists were on "something like a legal pad." *Id.* at 49:21-50:6.

## CONCLUSION

Defendants cannot offer the Court any explanation for the apparent confusion surrounding the existence of sign-in sheets for these meetings. Based on the testimony outlined above and the additional testimony set forth in Defendants' prior briefing, it is readily apparent that sign-in sheets existed for these meetings. In addition to the other relief requested in Defendants' Motion to Compel, Defendants respectfully reiterate their request for an Order requiring Plaintiffs' counsel to produce all records showing attendance at these meetings, regardless of whether Plaintiffs' counsel prefer to describe them as "sign-in sheets" or otherwise.

Dated: October 24, 2007

/s/Mark R. TerMolen
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

/s/ Bernard Taylor, Sr.
Bernard Taylor, Sr. (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific
  Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2007, I filed the foregoing via the Court's CM/ECF system which will send notice of said filing to all counsel of record.

/s/  Orlyn O. Lockard, III
Of Counsel
