IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) | CIVIL ACTION NO. 2:06cv83-LES: |
| ) PACTIV CORPORATION, et al., ) ) | |
| Defendants. ) ) | |

# PLAINTIFFS' SUBSTITUTE REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

COME NOW the Plaintiffs and, instead of and in lieu of document requests previously propounded under Rules 30(b)(5) and 34 of the FEDERAL RULES OF CIVIL PROCEDURE, hereby request each Defendant separately produce the documents described herein.

## I. DEFINITIONS

1. As used herein, the term "**Plaintiffs**" refers collectively to all of the named plaintiffs in this case.

2. As used herein, the terms "**Defendant**," "**you**," and "**your**" all refer to the defendant responding to these requests, and shall also refer, when in the context it makes sense, to the responding defendant's directors, officers, employees, and agents.

3. As used herein, the term "**Relevant Period**" refers to the period during which the responding defendant operated the Plant.

4. As used herein, the terms "**Facility**," "**Site**," "**Mill**," and "**Plant**" all refer to the wood processing plant located in Lockhart (Covington County), Alabama.

5. As used herein, the term "**ADEM**" refers to the Alabama Department of Environmental Management.

6. As used herein, the term "**EPA**" refers to the United States Environmental Protection Agency.

7. As used herein, the terms "**Creosote**," "**Coal Tar Creosote**," and "**Creosote Materials**" all refer to the mixture of the many chemicals they represent, including, without limitation, polycyclic aromatic hydrocarbons.

8. As used herein, the term "**PAH's**" refers to Polycyclic Aromatic Hydrocarbons.

9. As used herein, the term "**CCA**" refers to Chromated Copper Arsenate, or a group of chemicals known as Osmose.

10. As used herein, the term "**Penta**" refers to Pentachlorophenol.

11. As used herein, the terms "**Hazardous Substance**," "**Pollutant**," and "**Contaminant**," include all such materials designated as such under the COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION, AND LIABILITY ACT OF 1980 ("CERCLA"), 42 U.S.C. §§ 9601, et seq., including, without limitation, Creosote, Coal Tar Creosote, Creosote Materials, PAH's, CCA, and Penta.

12. As used herein, the term "**Person**" refers to any entity of whatever description, and includes all individuals, associations, joint ventures, corporations, partnerships, trusts, and estates.

13. As used herein, "**Document**" means any writing or form of writing or recording (including, without limitation, handwritten, printed, mimeographed, lithographed, photographed, duplicated, typewritten, magnetically recorded, electronically recorded, coded, and/or in any other way made readable and/or retrievable), whether original or copy, in your possession and/or under your control, or known by you to exist, without regard to whether such Document was originally prepared by you.

14. As used herein, singular terms and plural terms should each be construed to include the other, and past, present, and future tenses should each be construed to include the others, unless to do so would make the construction ambiguous or confusing.

## II. REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the *FEDERAL RULES OF CIVIL PROCEDURE*, the Plaintiffs request that the responding Defendant produce the specified Documents for the Plaintiffs' inspection and copying.

1. All Documents related to any transfer of ownership or interest in the Facility.

**Plaintiffs' Substitute Requests for Production of Documents to Defendants**    Page 2
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

2. All Documents related to any agreement between the two Defendants concerning the Facility.

3. All Documents related to any indemnity agreement concerning the Facility and claims made thereunder.

4. All Documents related to insurance coverage for your environmental liability in connection with the Facility, including, without limitation, any coverage disputes and settlements of such disputes (e.g., in *Ketchikan Pulp Co., et al. v. Ace Indemnity Ins., et al.*, Case Nos. A01-223-CV-JWS and A02-0102-CV-JWS, in the U.S. District Court for the District of Alaska, and *Granite State Ins. Co., et al. v. Louisiana-Pacific Corp., et al.*, Case No. 4:01-CV-04842-CW, in the U.S. District Court for the Northern District of California).

5. All Documents related to any EPA or ADEM action in connection with the Facility, including, without limitation, environmental audits or assessments.

6. All of your Shareholders' Annual Reports for the Relevant Period.

7. All Documents related to total sales and revenues generated by the Facility during the Relevant Period.

8. All Documents related to your document retention policy.

9. All Documents related to the destruction of documents related to the Facility since January 1, 2003, including, without limitation, all Documents related to the Plaintiffs' spoliation claims.

10. All Documents related to the construction and layout of the Facility, including, without limitation, construction diagrams, photos, maps, drawings, and surveys.

11. All Documents related to the discharge or release of Hazardous Substances, Pollutants, and Contaminants from the Facility.

12. All Documents related to the quantity, storage, and disposal of Hazardous Substances, Pollutants, and Contaminants generated at the Facility.

13. All Documents related to all actions you took (or declined to take) to monitor and control the release of Hazardous Substances, Pollutants, and Contaminants from the Facility.

14. All Documents related to all actions you took (or declined to take) to comply with the EMERGENCY PLANNING AND COMMUNITY RIGHT-TO-KNOW ACT OF 1986 (hereinafter "EPCRA"), 42 U.S.C. § 11000, *et seq.*

**Plaintiffs' Substitute Requests for Production of Documents to Defendants**   **Page 3**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

15. All Documents related to all actions you took (or declined to take) to assess and evaluate the health of the communities in the vicinity of the Facility.

16. All Documents related to judicial and administrative orders concerning the Facility.

17. All Documents related to the selection, promotion, training, education, and certification of your employees who worked at the Facility.

18. All Documents related to information you received from or provided to any trade associations during the Relevant Period concerning wood treatment or the operation of the Facility.

19. All Documents related to company travel and planes used by Ronnie Paul to the Facility, including, without limitation, all of Ronnie Paul's personal and employment information.

20. All Documents related to your contact with any of the Plaintiffs or their spouses (other than contact initiated through the Plaintiffs' counsel).

21. All Documents related to payments to or contacts with Ronnie Paul from 1997 to Present, including any of his activities in Alabama or associated with this litigation.

22. All Documents related to your conviction of any criminal offense, including, without limitation, environmental crimes and offenses.

23. All Documents related to the clean-up or remediation of the Facility.

24. All Documents related to your infiltration of any of the meetings between the Plaintiffs and any one or more of their lawyers.

RESPECTFULLY SUBMITTED on this the __24th__ day of October 2007.

*/s/ Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Substitute Requests for Production of Documents to Defendants**    **Page 4**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2007, I caused the foregoing *Plaintiffs' Substitute Requests for Production of Documents to Defendants* to be served by e-mail to the following counsel of record:

| For the Plaintiffs | For the Defendant Pactiv Corporation | For the Defendant Louisiana-Pacific Corporation |
|---|---|---|
| Robert Leslie Palmer, Esq. | John C. Berghoff, Jr., Esq. | Dennis Ray Bailey, Esq. |
| Gregory Andrews Cade, Esq. | Matthew C. Sostrin, Esq. | R. Austin Huffaker, Esq. |
| H. Gregory Harp, Esq. | Mark R. Ter Molen, Esq. | Joshua L. Becker, Esq. |
| Mark L. Rowe, Esq. | H. Thomas Wells, Jr., Esq. | Orlyn O. Lockhard, III, Esq. |
| Fred R. DeLeon, Jr., Esq. | John Aaron Earnhardt, Esq. | Douglas Sheppard Arnold, Esq. |
| Wilbur O. Colom, Esq. | Edwin Bryan Nichols, Esq. | Bernard Taylor, Sr., Esq. |
| William Eason Mitchell, Esq. | Jaimy L. Hamburg, Esq. | Laura Ellison Proctor, Esq. |
| Richard Elder Crum, Esq.[1] | Roberta M. Wertman, Esq. | |

  */s/ Robert Leslie Palmer*
  Of Counsel

---

1. Richard Elder Crum does not represent all of the Plaintiffs but represents one estate and entered an appearance in order to receive all filings.

**Plaintiffs' Substitute Requests for Production of Documents to Defendants**   **Page 5**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**