# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 2:06cv83-LES: |
| PACTIV CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |

# PLAINTIFFS' EMERGENCY MOTION
# FOR ADDITIONAL TIME

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and move this Honorable Court to grant additional time within which to respond to *Defendant Pactiv Corporation's Motion for Summary Judgment and Memorandum of Law* (Document 350), filed on Friday, October 19, 2007.  Specifically, the Plaintiffs pray that this Court will enter its order permitting the Plaintiffs to respond to the motion for summary judgment 10 days after the completion of all fact discovery, including the Rule 30(b)(6) depositions of both Defendants.  In support hereof, the Plaintiffs state as follows:

## I.  The Motion for Summary Judgment is Premature

By its *Memorandum and Order* (Document 112) dated December 8, 2006, this Honorable Court denied Defendant Pactiv Corporation's motion to dismiss based largely on the same

grounds – Alabama's rule of repose – on which its current motion for summary judgment is based. In denying Pactiv Corporation's motion to dismiss, the Court noted that the rule of repose issue was a fact-driven issue that is therefore premature:

> Even if Pactiv's interpretation of the rule of repose were correct, granting Pactiv's motion to dismiss on rule of repose grounds would be ***inappropriate at this stage of the litigation***. Pactiv argues that the rule of repose was triggered no later than November 1983, when it ceased operations at the wood treatment facility. That argument depends on Pactiv's assertion that Pactiv ceased operations at the facility in November, 1983. The third amended complaint does not allege that Pactiv ceased operations in November 1983; instead, it alleges that LP began operations in November 1983. Even assuming that Pactiv ceased operations and ownership of the facility in November 1983, it does not necessarily follow that Pactiv's actions giving rise to the plaintiff's claims ceased at that time. ***Pactiv may later prove that the plaintiff's claims are barred by the rule of repose; however, at this time, factual questions remain regarding the timeliness of plaintiff's claims***.

*Memorandum and Order* (Document 112), December 8, 2006, page 5, *emphasis added*.

Until discovery is complete, and the testimony elicited during discovery has been organized in a manner in which it may be used to respond to Pactiv Corporation's motion for summary judgment, the Plaintiffs will not have an adequate opportunity to respond to the rule-of-repose issue raised in that motion, an issue that this very Court has called a factual question.

## II. Defendant Pactiv Corporation is Not Opposed to an Extension

Based on correspondence between counsel, it is clear that Defendant Pactiv Corporation is not opposed to an extension, but it is apparently unwilling to agree to the extension that the Plaintiffs believe is necessary to properly respond to Pactiv's motion for summary judgment.

By letter dated Sunday, October 21, 2007, a copy of which is attached as **EXHIBIT A** hereto, the undersigned Plaintiffs' counsel requested that Pactiv agree to an extension of time

**Plaintiffs' Emergency Motion for Additional Time**                                    **Page 2**
*Tatum v. Pactiv Corporation, et al.*, Civil Action No. 2:06cv83-LES
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

within which the Plaintiffs must respond to its motion for summary judgment.  Specifically, the Plaintiffs requested that Pactiv Corporation consent to an order:

> … continuing the date on which the Plaintiffs are required to respond to the motion to some date within a reasonable period of time (perhaps 10 days) after the completion of all fact discovery, including the Rule 30(b)(6) depositions of both defendants.

Thereafter, by letter dated Monday, October 22, 2007, a copy of which is attached as **EXHIBIT B** hereto, counsel for Pactiv Corporation offered to agree to an order extending the time within which the Plaintiffs must respond to its motion for summary judgment to November 30, 2007.

In reply, by letter also dated Monday, October 22, 2007, a copy of which is attached as **EXHIBIT C** hereto, the undersigned Plaintiffs' counsel explained the reason for requesting that Pactiv Corporation agree to an order extending the time within which the Plaintiffs must respond to its motion for summary judgment to 10 days after the completion of all fact discovery, including the Rule 30(b)(6) depositions of both Defendants:

> By letter dated October 22, 2007, you graciously agreed to an extension of time within which the Plaintiffs must respond to Defendant Pactiv Corporation's motion for summary judgment. However, you suggested that we respond no later than November 30, 2007.  Because we do not know when we will be able to take the Defendants' Rule 30(b)(6) depositions, we request that you agree that the Plaintiffs be permitted to respond within ten (10) days after the conclusion of all fact discovery, including the Defendants' Rule 30(b)(6) depositions.  ***In this way we will be able to obtain and use the transcripts of those depositions in our response to the motion***.

*Emphasis added*.

Thereafter, by letter dated Tuesday, October 23, 2007, a copy of which is attached as **EXHIBIT D** hereto, counsel for Pactiv Corporation offered to agree to an order extending the time within which the Plaintiffs must respond to its motion for summary judgment to December 7, 2007.

**Plaintiffs' Emergency Motion for Additional Time**                                    **Page 3**
***Tatum v. Pactiv Corporation, et al.,*** Civil Action No. 2:06cv83-LES
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

At first blush, this offer appears to give the Plaintiffs 7 days after the completion of all fact discovery within which to respond to Defendant Pactiv Corporation's motion for summary judgment, but it speaks volumes in its failure to even mention the Rule 30(b)(6) depositions of the Defendants. Unfortunately, based upon the tortured history behind the scheduling of the Defendants' Rule 30(b)(6) depositions, the Plaintiffs cannot be certain that the Defendants will actually make their corporate representatives available for deposition before the November 30, 2007 discovery cut-off date.

## III.  Unilateral Postponement of the Rule 30(b)(6) Depositions

The Plaintiffs have been attempting to take the Rule 30(b)(6) depositions of both Defendants since August, but have been thwarted by the Defendants' unilateral postponement and cancellation of these important depositions.

The Plaintiffs' *Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)*, a copy of which is attached as EXHIBIT E hereto, was served on August 10, 2007 and scheduled depositions of the Defendants' corporate representatives more than one month later, Defendant Pactiv Corporation commencing on Monday, September 24, 2007 and Defendant Louisiana-Pacific Corporation commencing on Wednesday, September 26, 2007. The Defendants therefore had ample time within which to object to the scheduled deposition dates.

In addition, however, by letter dated August 23, 2007, a copy of which is attached as EXHIBIT F hereto, the Plaintiffs' counsel specifically advised the Defendants' counsel that mutually convenient dates and locations could be established:

**Plaintiffs' Emergency Motion for Additional Time**                                **Page 4**
*Tatum v. Pactiv Corporation, et al.*, **Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

I have noticed the Defendants' depositions for the end of September in Montgomery. We are willing to change locations and dates, if Defendants will get together and offer some alternatives within the next two weeks for dates that are reasonably close to the presently scheduled date. If you need to change these locations and/or dates, please let me know as soon as possible when and where you propose to do them.

One week before the scheduled depositions, the Plaintiffs' counsel realized that the Defendants' counsel had failed either to indicate that the scheduled dates and location were acceptable or to provide alternate dates and locations for the two corporate representative depositions. Consequently, in the latter part of the week preceding the scheduled depositions, the ***Plaintiffs' counsel was forced to contact the Defendants' counsel and specifically inquire whether the corporate representatives would be present for depositions the following week***, as noticed more than one month earlier. The Defendants' counsel then, for the first time, offered alternative dates, and by letter dated September 21, 2007, a copy of which is attached as **EXHIBIT G** hereto, the Plaintiffs' counsel confirmed these dates.

At the October 18, 2007 telephone hearing this Court scheduled an in-person hearing for Monday, October 29, 2007, the very same date on which Defendant Pactiv Corporation's Rule 30(b)(6) deposition was scheduled to begin. The purpose of the hearing is to consider the Defendants' multiple motions for protective order. On the very next day, by letter dated October 19, 2007, a copy of which is attached as **EXHIBIT H** hereto, the Plaintiffs' counsel specifically requested that the Defendants keep the deposition dates to which they had agreed open, pending resolution of the discovery disputes.

Counsel for Defendant Pactiv Corporation did not immediately respond, but counsel for Defendant Louisiana-Pacific Corporation did. By e-mail dated October 19, 2007, a copy of which is attached as **EXHIBIT I** hereto, Bernard Taylor advised the Plaintiffs' counsel that "we

**Plaintiffs' Emergency Motion for Additional Time**                                          **Page 5**
***Tatum v. Pactiv Corporation, et al.***, Civil Action No. 2:06cv83-LES
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

have already advised the LP witnesses that they could schedule other commitments during the week of October 29." He did not indicate whether those witnesses had, in fact, already scheduled other commitments.

Thereafter, by letter dated Saturday, October 20, 2007, a copy of which is attached as **EXHIBIT J** hereto, the Plaintiffs' counsel pleaded with the counsel for the Defendants to leave the week of October 29, 2007 open for the scheduled Rule 30(b)(6) depositions, stating that:

> … in light of Judge Coody's comments during the hearing, we are reviewing your proposals with respect to the deposition categories and the document requests and ***may well be willing to accept your suggestions without substantial changes if we can keep the currently scheduled deposition dates***. This, of course, would be unprecedented, for we would essentially be permitting you and your clients to define the scope of our discovery.

By letter dated Monday, October 22, 2007, a copy of which is attached as **EXHIBIT K** hereto, counsel for Defendant Pactiv Corporation finally responded, advising the Plaintiffs that Defendant Pactiv Corporation would not have its corporate representatives available on October 29, 2007.[1]

As promised, this morning the undersigned Plaintiffs' counsel filed *Plaintiffs' Response to Defendants' Third October, 2007 Motion for Protective Order* (Document 360) and *Plaintiffs' Offer to Compromise in Connection With Defendants' First October, 2007 Motion for Protective Order* (Document 361). Both filings offer in compromise almost exactly what the Defendants are seeking. In the first filing, the Plaintiffs attached greatly reduced requests for production of

---

1.      He also stated "Your October 20, 2007 letter concerning the Rule 30(b)(6) depositions is a litany of half-truths and overstatement which does not require a point-by-point reply." In reply, the undersigned Plaintiffs' counsel, by letter dated Monday, October 22, 2007, a copy of which is attached as **EXHIBIT L** hereto, requested that he identify the half-truths and overstatements at his earliest convenience. To date, he has failed to do so.

**Plaintiffs' Emergency Motion for Additional Time**                                    **Page 6**
***Tatum v. Pactiv Corporation, et al.,*** Civil Action No. 2:06cv83-LES
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

documents and just two requests for admissions. In the second, the Plaintiffs offered to accept the Defendants' 30(b)(6) topics, with the addition of just four more.

Nevertheless, neither Defendant has been willing to permit the Plaintiffs to take their Rule 30(b)(6) depositions on the currently scheduled dates – dates that the Defendants themselves selected – notwithstanding the Plaintiffs' willingness to give the Defendants almost exactly what they have asked this Court to order. It is in this context that the Court must consider Defendant Pactiv Corporation's refusal to agree to an extension that is tied to the completion of the Rule 30(b)(6) depositions.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Honorable Court will enter its order permitting the Plaintiffs to respond to *Defendant Pactiv Corporation's Motion for Summary Judgment and Memorandum of Law* (Document 350), filed on Friday, October 19, 2007, 10 days after the completion of all fact discovery, including the Rule 30(b)(6) depositions of both Defendants.

*/s/ Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Emergency Motion for Additional Time**                                    **Page 7**
*Tatum v. Pactiv Corporation, et al.*, Civil Action No. 2:06cv83-LES
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2007, I caused the foregoing *Plaintiffs' Emergency Motion for Additional Time* to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to send to the following:

| **For the Plaintiffs** | **For the Defendant Pactiv Corporation** | **For the Defendant Louisiana-Pacific Corporation** |
|:---:|:---:|:---:|
| Robert Leslie Palmer, Esq. | John C. Berghoff, Jr., Esq. | Dennis Ray Bailey, Esq. |
| Gregory Andrews Cade, Esq. | Matthew C. Sostrin, Esq. | R. Austin Huffaker, Esq. |
| H. Gregory Harp, Esq. | Mark R. Ter Molen, Esq. | Joshua L. Becker, Esq. |
| Mark L. Rowe, Esq. | H. Thomas Wells, Jr., Esq. | Orlyn O. Lockhard, III, Esq. |
| Fred R. DeLeon, Jr., Esq. | John Aaron Earnhardt, Esq. | Douglas Sheppard Arnold, Esq. |
| Wilbur O. Colom, Esq. | Edwin Bryan Nichols, Esq. | Bernard Taylor, Sr., Esq. |
| William Eason Mitchell, Esq. | Jaimy L. Hamburg, Esq. | Laura Ellison Proctor, Esq. |
| Edward L. Pleasants, III, Esq. | Roberta M. Wertman, Esq. | |
| Richard Elder Crum, Esq.[2] | | |

/s/ Robert Leslie Palmer
Of Counsel

---

2.    Richard Elder Crum does not represent all of the Plaintiffs but represents one estate and entered an appearance in order to receive all filings.

**Plaintiffs' Emergency Motion for Additional Time**                    **Page 8**
***Tatum v. Pactiv Corporation, et al.***, Civil Action No. 2:06cv83-LES
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**