

* Robert Leslie Palmer
Gregory A. Cade, MPH, REM
** Fred R. DeLeon, Jr., P.E., P.G.
*** Nedra M. Garrett
H. Gregory Harp
**** Cydney L. Harwood
Mark L. Rowe

* Also licensed in Texas and the District of Columbia
** Also licensed in the District of Columbia
*** Also licensed in Georgia and the District of Columbia
****Also licensed in Pennsylvania

Saturday, October 20, 2007

**<u>VIA E-MAIL TO ALL COUNSEL OF RECORD</u>**

Re:   Dates for Rule 30(b)(6) Depositions

Dear Counsel:

We have received Mr. Taylor's October 19, 2007 e-mail (copy attached) and must say that we are very disappointed. In addition, because no one representing Pactiv has responded to my October 19, 2007 letter, we are unsure (1) whether Pactiv is still available for its Rule 30(b)(6) deposition beginning on October 29, 2007 and (2) whether Pactiv and Louisiana-Pacific have both reneged on their prior agreement to make both sets of corporate representatives available during the same week and at the same location.

As you know, the Plaintiffs' *Notice of Taking Deposition of Defendants Pursuant to Rule 30(b)(5) and (6)* was served on August 10, 2007 and scheduled depositions of the Defendants' corporate representatives more than one month later, Pactiv commencing on Monday, September 24, 2007 and Louisiana-Pacific commencing on Wednesday, September 26, 2007. Then, by letter dated August 23, 2007, Eason Mitchell specifically advised you that mutually convenient dates and locations could be established, but **<u>you never responded</u>**.

One week before the scheduled depositions, having realized that you had failed either to indicate that the scheduled dates and location were acceptable or to provide alternate dates and locations for your clients' corporate representative depositions, Eason Mitchell contacted you in the latter part of the week preceding the scheduled depositions to determine whether your corporate representatives would be present for their depositions the following week, as noticed more than one month earlier. You then, for the first time, offered alternate dates, and by letter dated September 21, 2007, Eason Mitchell confirmed these dates **<u>even though it resulted in postponement of the depositions by more than one month</u>**.

A little more than two weeks after confirming that your clients would be available for their Rule 30(b)(6) depositions during the week of Monday, October 29, 2007, you began filing your unending stream of motions for protective orders, starting with *Defendant Louisiana-Pacific's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice* (Document 334) filed on

**STREET ADDRESS:**
3529 Seventh Avenue South
Birmingham, Alabama 35222

Telephone:  (205) 328-9200
Facsimile:  (205) 328-9456
Toll Free: 1-800-55-TOXIC
WWW.ELGLAW.COM

**MAILING ADDRESS:**
Post Office Box 550219
Birmingham, Alabama  35255

Monday, October 8, 2007, which Pactiv joined through *Defendant Pactiv Corporation's Joinder in Defendant Louisiana-Pacific Corporation's Motion for Protective Order Narrowing Plaintiffs' 30(b)(6) Notice* (Document No. 338) filed on Friday, October 12, 2007. Although these motions were not the subject of the telephone hearing this past Thursday, we understood from comments that Judge Coody made at that hearing that he expected the parties to agree both about the scope of the Rule 30(b)(6) depositions and about the related production requests. We did not understand that he authorized a continuance of the currently scheduled Rule 30(b)(6) depositions, nor have we agreed to such a continuance.

Perhaps more significantly, in light of Judge Coody's comments during the hearing, we are reviewing your proposals with respect to the deposition categories and the document requests and ***may well be willing to accept your suggestions without substantial changes if we can keep the currently scheduled deposition dates***. This, of course, would be unprecedented, for we would essentially be permitting you and your clients to define the scope of our discovery. But if we are willing to go to this extreme, accepting precisely what you asked the Court to grant, it seems very unlikely that the Court would permit you to unilaterally postpone – *for a second time* – depositions previously scheduled at your clients' convenience. Indeed, if we were to file an emergency motion specifically agreeing to the relief you requested in your motions regarding the deposition topics and related document production, conditioned on keeping the previously scheduled deposition dates, and you were to oppose that motion, it would become quite apparent that your real intent is simply to avoid the Rule 30(b)(6) depositions altogether. That, in turn, would weaken your demand for the relief you have requested, so that if we are required to postpone the depositions, you might well lose any chance at obtaining much relief at all.

We remain willing to work with you in trying to resolve all discovery disputes, but need to know immediately whether the Rule 30(b)(6) depositions are still scheduled for the week beginning on Monday, October 29, 2007. ***Please respond to this inquiry no later than Monday, October 22, 2007***. If you do not respond, or if you do not agree to the previously agreed deposition dates, we intend to seek emergency relief from the Court.

Thank you very much.

Sincerely,

*[signature]*

Robert Leslie Palmer

### Robert L. Palmer

| | |
|---|---|
| **From:** | Taylor, Bernard [Bernard.Taylor@alston.com] |
| **Sent:** | Friday, October 19, 2007 5:44 PM |
| **To:** | Robert L. Palmer; Dennis Ray Bailey Esq. -- Rushton, Stakely, Johnston & Garrett, P.A.; Arnold, Doug; Edwin Bryan Nichols Esq. -- Maynard, Cooper & Gale, P.C.; Fred DeLeon; Greg Cade; H. Gregory Harp; H. Thomas Wells, Esq. -- Maynard, Cooper & Gale, P.C.; Jaimy L. Hamburg, Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; John Aaron Earnhardt, Esq. -- Maynard, Cooper & Gale, P.C.; John C. Berghoff Jr., Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; Becker, Joshua; Laura Ellison Proctor, Esq. -- Louisiana-Pacific Corporation; Mark Rowe; Mark R. Ter Molen Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; Matthew C. Sostrin Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; Lockard, Skip; R. Austin Huffaker, Jr., Esq. -- Rushton, Stakely, Johnston & Garrett, P.A.; Richard Elder Crum, Esq. -- Shealy, Crum & Pike, P.A.; Roberta M. Wertman, Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; W. Eason Mitchell -- The Colom Law Firm, L.L.C.; Wilbur O. Colom, Esq. -- The Colom Law Firm, L.L.C. |
| **Subject:** | RE: Attached Letter |

Bob:

Thanks for your message and letter.   Unfortunately, based upon the history of our inability to reach a resolution on the 30 (b) (5) and (6)  issues, and the need to ensure that our witnesses would be available to be deposed in November, we have already advised the LP witnesses that they could schedule other commitments during the week of October 29.   We have also solicited other deposition dates in November.  We will check to determine if the witnesses are still available during the week of Oct. 29.  If they are not available,  early next week, we  will be able to provide you with November  dates for the LP witnesses.  Please let us know, however, when you want to schedule a meet and confer session.  Like you, we also hope that the session will result in an agreement on the scope of the questions to be answered during the depositions.  bt

**From:** Robert L. Palmer [mailto:Bob@elglaw.com]
**Sent:** Friday, October 19, 2007 6:21 PM
**To:** Taylor, Bernard; Dennis Ray Bailey Esq. -- Rushton, Stakely, Johnston & Garrett, P.A.; Arnold, Doug; Edwin Bryan Nichols Esq. -- Maynard, Cooper & Gale, P.C.; Fred R. DeLeon, Jr., Esq. -- Environmental Litigation Group, P.C.; Gregory A. Cade -- Environmental Litigation Group, P.C.; H. Gregory Harp, Esq. -- Environmental Litigation Group, P.C.; H. Thomas Wells, Esq. -- Maynard, Cooper & Gale, P.C.; Jaimy L. Hamburg, Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; John Aaron Earnhardt, Esq. -- Maynard, Cooper & Gale, P.C.; John C. Berghoff Jr., Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; Becker, Joshua; Laura Ellison Proctor, Esq. -- Louisiana-Pacific Corporation; Mark L. Rowe, Esq -- Environmental Litigation Group, P.C.; Mark R. Ter Molen Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; Matthew C. Sostrin Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; Lockard, Skip; R. Austin Huffaker, Jr., Esq. -- Rushton, Stakely, Johnston & Garrett, P.A.; Richard Elder Crum, Esq. -- Shealy, Crum & Pike, P.A.; Robert Leslie Palmer, Esq. -- Environmental Litigation Group, P.C.; Roberta M. Wertman, Esq. -- Mayer, Brown, Rowe & Maw, L.L.P.; W. Eason Mitchell -- The Colom Law Firm, L.L.C.; Wilbur O. Colom, Esq. -- The Colom Law Firm, L.L.C.
**Subject:** Attached Letter

<<(2007-10-19) RLP -- to All Counsel of Record (Dates for Rule 30(b)(6) Depositions).pdf>>

**Robert Leslie Palmer**
**Environmental Litigation Group, P.C.**
**3529 Seventh Avenue South**
**Birmingham, Alabama 35222**

**Bob@elglaw.com (office e-mail)**
**WaveHoya@charter.net (personal e-mail)**

10/20/2007

**205-328-9200 (office telephone)**
**205-328-9456 (office facsimile)**
**205-873-2247 (cell telephone)**
**205-663-3137 (home telephone)**

# Tort Reform?  Consider the Scriptural View:

# "Do not deny justice to your poor people in their lawsuits." Exodus 23:6 (NIV).

```
***********************************************************
IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the
_____

NOTICE:  This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee.  If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited.  If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof.  Thank you.
_____
```

10/20/2007