IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) | CIVIL ACTION NO. 2:06cv83-LES: |
| ) PACTIV CORPORATION, et al., ) ) | |
| Defendants. ) ) | |

# PLAINTIFFS' SUPPLEMENT TO THEIR MOTION TO SCHEDULE ADDITIONAL TRIALS AND RESTRICT ACTIVITY

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and offer the following in further support of *Plaintiffs' Motion to Schedule Additional Trials and Restrict Activity* (Document 309), filed on August 24, 2007, and in response to *Defendants' Joint Response to Plaintiffs' Motion to Schedule Additional Trials and Restrict Activity* (Document 341), filed on October 15, 2007:

In paragraph 6 of *Defendants' Joint Response to Plaintiffs' Motion to Schedule Additional Trials and Restrict Activity* (Document 341), counsel for the Defendants baldly state "Defendants have not served a single discovery request on any non-trial Plaintiff to date." In paragraph 7 they state "Defendants served interrogatories and requests for production regarding

the claims of only the four initial trial Plaintiffs." Nine days after making these statements, the Defendants served on the counsel for Plaintiffs *Defendants' First Requests for Production to James Laird*, a copy of which is attached as **EXHIBIT A** hereto. ***Plaintiff James Laird is not one of the Trial Plaintiffs***.

In paragraph 5 of *Defendants' Joint Response to Plaintiffs' Motion to Schedule Additional Trials and Restrict Activity* (Document 341), counsel for the Defendants also state "Although Plaintiffs allude to 'numerous examples' of this so-called 'scorched earth policy' (*id.*), Plaintiffs fail to identify any such discovery request." But contrary to the Defendants' assertion, in their original motion the Plaintiffs have, in fact, given the Court an example of the Defendants' "scorched earth" policy, directing the Court's attention to *Defendants' Motion to Dismiss Unasserted Claims* (Document 276), filed long after the selection of the four Trial Plaintiffs and yet diverting attention to 750 other Plaintiffs.

Given the Defendants' recent propounding of *Defendants' First Requests for Production to James Laird*, even after telling this Court that they were not propounding discovery to Plaintiffs other than Trial Plaintiffs, it is apparent that the Defendants' "scorched earth" policy will continue unabated unless the Court takes action to focus the parties' efforts by restricting discovery to the cases actually scheduled for trial.

**Plaintiffs' Supplement to Their Motion to**     **Page 2**
**Schedule Additional Trials and Restrict Activity**
*M.C. v. Pactiv Corporation, et al.*, **Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

WHEREFORE, PREMISES CONSIDERED, the plaintiffs respectfully pray that this Honorable Court will (1) assign trial dates for all four of the selected trial plaintiffs and (2) restrict all activity in these cases to the plaintiffs whose cases are scheduled for trial.

/s/ *Robert Leslie Palmer*
Robert Leslie Palmer, State Court ID No. PAL007
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Supplement to Their Motion to**  Page 3
**Schedule Additional Trials and Restrict Activity**
*M.C. v. Pactiv Corporation, et al.*, **Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

      I hereby certify that on October 29, 2007, I caused the foregoing ***Plaintiffs' Supplement to Their Motion to Schedule Additional Trials and Restrict Activity*** to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to send to the following:

| **For the Plaintiffs (pdf only)** | **For the Defendant Pactiv Corporation** | **For the Defendant Louisiana-Pacific Corporation** |
|---|---|---|
| Robert Leslie Palmer, Esq. | John C. Berghoff, Jr., Esq. | Dennis Ray Bailey, Esq. |
| Gregory Andrews Cade, Esq. | Matthew C. Sostrin, Esq. | R. Austin Huffaker, Esq. |
| H. Gregory Harp, Esq. | Mark R. Ter Molen, Esq. | Joshua L. Becker, Esq. |
| Mark L. Rowe, Esq. | H. Thomas Wells, Jr., Esq. | Orlyn O. Lockhard, III, Esq. |
| Fred R. DeLeon, Jr., Esq. | John Aaron Earnhardt, Esq. | Douglas Sheppard Arnold, Esq. |
| Wilbur O. Colom, Esq. | Edwin Bryan Nichols, Esq. | Bernard Taylor, Sr., Esq. |
| William Eason Mitchell, Esq. | Jaimy L. Hamburg, Esq. | Laura Ellison Proctor, Esq. |
| Edward L. Pleasants, III, Esq. | Roberta M. Wertman, Esq. | |
| Richard Elder Crum, Esq.[1] | | |

                                  /s/ *Robert Leslie Palmer*
                                  Of Counsel

---

1.     Richard Elder Crum does not represent all of the Plaintiffs but represents one estate and entered an appearance in order to receive all filings.

**Plaintiffs' Supplement to Their Motion to**                         **Page 4**
**Schedule Additional Trials and Restrict Activity**
*M.C. v. Pactiv Corporation, et al.*, **Civil Action No. 2:06cv83-LES**
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**