IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GAIL BEDSOLE TATUM, as Mother and Administratrix of the Estate of Melanie Chambers, a Deceased Minor Child,<br><br>Plaintiff,<br><br>vs.<br><br>PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,<br><br>Defendants. | CASE NO. 2:06-cv-83-LES-CSC<br>(LEAD CASE) |

## DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
## TO JAMES LAIRD

Pursuant to Fed. R. Civ. P. 34, Defendants request Plaintiff James Laird to produce the following documents and things for inspection and copying at the offices of Alston & Bird LLP, One Atlantic Center, 1201 West Peachtree Street, Atlanta, Georgia 30309 on or before the 30th day following service of these requests.

### DEFINITIONS AND INSTRUCTIONS

1.

The duty to respond to these Requests for Production should be considered ongoing. You should supplement your responses if, at any time in the future, you obtain new or additional information or documents rendering your prior responses incomplete or inaccurate in any respect, or as may be otherwise required under the Federal Rules of Civil Procedure or any applicable law.

LEGAL02/30573028v1

2.

"Documents" means and includes all materials within the scope of Fed. R. Civ. P. 34(a), including but not limited to any written or graphic matter of whatsoever kind, including drafts, originals or copies, however produced or reproduced, now or formerly in your actual or constructive possession, custody or control, including, without limiting the generality of the foregoing, papers, books, letters, correspondence, telegrams, cables, telex and facsimile messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, microfilms, information created or stored in computer or other electronic format, and other things similar to the foregoing.

3.

If you withhold any documents otherwise responsive to one or more requests on the basis of any legal privilege or protection, please provide a written privilege log including the following information for each withheld document:

    a.    the title or other identifying designation, if any;

    b.    a description of the general type or nature of the document (*e.g.*, email, report, opinion of counsel, memorandum, letter);

    c.    a general description of the document's subject matter;

    d.    the name and current or last-known address, telephone number, and job title of (i) the document's author; each person who edited, corrected, revised, amended, or reviewed the document; (iii) each person who wrote any initials, comments, notations, or similar on the document; and (iv) each recipient of the document or a copy thereof;

    e.    the relationship between the author and each recipient of the document;

    f.    the basis for not producing the document or a copy thereof (*i.e.*, please state the specific privilege or reason claimed and the foundation for such privilege or reason).

4.

If you are aware of any document described in any interrogatory that was in your possession, custody or control but is no longer in your possession, custody or control, please state:

    a.    the date (or best approximate date) that the document was prepared;

    b.    the author(s) of the document;

    c.    the intended recipient(s) of the document;

    d.    all other persons know to have received or reviewed the document;

    e.    the general type of document (i.e. memo, letter, note, schedule, data printout, etc.);

    f.    the length of the document;

    g.    the identity of persons currently having possession, custody or control of said document; and

    h.    the basic contents of the document.

Additionally, please state whether the document is:

a. missing or lost;

b. destroyed;

c. transferred to others; or

d. otherwise disposed of, and in any such instance to set forth the surrounding circumstances of any authorization for such disposition and to state the approximate date of any such disposition, and, if known, the present location and custodian of such document.

LEGAL02/30573028v1

5.

"Laird Flying Service" refers to the business you described in your October 23, 2007 deposition, as well as any other businesses or entities affiliated with or in any way related to same.

6.

"Person" or "entity" includes, but is not limited to, an individual, a limited partnership, a corporation or other business association, a governmental agency or entity, or any other entity.

7.

"And" and "or" shall be construed either disjunctively or conjunctively, as necessary to within the scope of the request all responses which might otherwise be construed to be outside its scope. "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any."

## REQUESTS FOR PRODUCTION

1.

All documents referring or relating to Laird Flying Service.

2.

All documents identifying or referring to customers of Laird Flying Service.

3.

All documents identifying, referring to, or relating in any way to pesticides, fertilizers, or other chemicals used by Laird Flying Service.

LEGAL02/30573028v1

4.

All documents identifying or referring to any location within 100 miles of Lockhart, Alabama where Laird Flying Service applied pesticides, fertilizers, or other chemicals.

5.

All documents referring or relating to the "Ellis Flying Service" (or any similarly-named business) described during your October 23, 2007 deposition.

6.

All documents referring or relating to the "Eason Flying Service" (or any similarly-named business) described during your October 23, 2007 deposition.

7.

All documents referring or relating to any other person or entity that performed aerial applications of pesticides, fertilizers, or other chemicals at any location with 100 miles of Lockhart, Alabama.

Respectfully submitted this 24th day of October, 2007.

_____
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

*Counsel for Defendant Louisiana-Pacific Corporation*

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel: (334) 206-3100
Fax: (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee 37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

LEGAL02/30573028v1

*Matthew C. Sostrin (by [signature] with express permission)*
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

*Counsel for Defendant Pactiv Corporation*

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
E. Bryan Nichols
Alabama Bar No. NIC036
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com
bnichols@maynardcooper.com

*Additional counsel for Defendant*
  *Pactiv Corporation*

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GAIL BEDSOLE TATUM as Mother and Administratix of the Estate of MELANIE CHAMBERS, a Deceased Minor Child,<br><br>Plaintiff,<br><br>vs.<br><br>PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,<br><br>Defendants. | ) ) ) ) CASE NO. 2:06-cv-83-LES-CSC ) (LEAD CASE) ) ) ) ) ) ) ) ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24th, 2007, I served a true and correct copy of the foregoing via U.S. Mail with sufficient postage and addressed as follows:

W. Eason Mitchell, Esq.
The Colom Law Firm, LLC
406 3rd Avenue North
Columbus, MS 39703

*Counsel for Plaintiffs*

Gregory A. Cade, Esq.
Robert Leslie Palmer, Esq.
Fred R. DeLeon, Jr.
Mark L. Rowe, Esq.
Gregory Harp, Esq.
Environmental Litigation Group P.C.
3529 7th Avenue South
P.O. Box 550219
Birmingham, AL 35255

*Counsel for Plaintiffs*

Richard Elder Crum
Shealy, Crum & Pike, P.C.
PO Box 6346
Dothan, AL 36302-6346

*Counsel for Plaintiff Jessie Moore*

*/s/ Orlyn O. Lockard, III*
Orlyn O. Lockard, III

*Attorney for Defendant Louisiana-Pacific Corporation*

ALSTON & BIRD LLP
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3424
(404) 881-7000 (Telephone)
(404) 881-7777 (Facsimile)
skip.lockard@alston.com

LEGAL02/30573028v1