IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| M.C., who sues by and through her mother and next friend, GAIL TATUM, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.  2:06cv83-LES (LEAD CASE) |
| PACTIV CORPORATION, et al, | ) ) | |
| Defendants. | ) | |

**ORDER**

On October 19, 2007, the defendants filed a motion for summary judgment (doc. # 350). On October 25, 2007, the plaintiffs filed an emergency motion for additional time (doc. # 362). With the express permission of the District Judge assigned to this case, and for good cause, it is

ORDERED that the plaintiffs' Emergency Motion for Additional Time (doc. # 362) be and is hereby GRANTED to the extent that the motion for summary judgment is to be submitted on the motion, the pleadings, and any documents or other evidence the party seeking summary judgment has already filed or which the plaintiff may wish to file in response on or before **December 10, 2007.**[1]  Any documents or evidence filed after this date will not be considered by the court except in exceptional circumstances.  No reply briefs shall be submitted without leave of court.

In responding to a motion for summary judgment, the parties should make specific reference to the following provisions of FED. R. CIV. P. 56(e):

When a motion for summary judgment is made and supported as provided in this

---

[1] This submission is without oral argument.  Should the court determine that oral argument is necessary, a hearing date will be scheduled later.  This deadline is intended to accommodate the need of the plaintiffs to complete fact discovery before responses to the motion for summary judgment are due.  If filed prior to this deadline, the court will consider requests for further, brief extensions of time, but the court expects the parties to work diligently to complete their submissions in a timely manner.

2

rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided for in this rule, must set forth specific facts showing that there is a genuine issue for trial.

A party opposing a motion for summary judgment cannot rely only on the unsworn pleadings but must oppose the motion by filing sworn affidavits that set forth specific facts which demonstrate that there is a genuine issue of material fact for trial in this case.[2]  Failure to file sworn affidavits may result in this court accepting the moving party's evidence as the truth.[3]  If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in an order granting the motion and entry of final judgment in favor of the moving party without further proceedings.

Done this 29th day of October, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer.  The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[3] If the party opposing the motion is unable to present, by affidavit, facts essential to justify his opposition, then he must file a sworn statement as to why he is unable to do so.