IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM<br><br>Plaintiff,<br><br>vs.<br><br>PACTIV CORPORATION, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>) 2:06-CV-00083-LES-CSC<br>) (LEAD CASE)<br>)<br>)<br>)<br>) |

# PROTECTIVE ORDER

Plaintiffs and Defendants stipulate and agree to entry of this ORDER pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The Court has determined that it is appropriate to enter this Order for the purposes stated herein. It is therefore ORDERED:

1.  <u>Applicability of Order</u>. The Plaintiffs have requested from Defendant Louisiana-Pacific Corporation documents relating to the settlement of certain claims that Defendant Louisiana-Pacific Corporation asserted in the lawsuit styled as <u>Ketchikan Pulp Company and Louisiana-Pacific Corporation v. ACE Indemnity Insurance Company, Granite State Insurance Company, The Insurance Company of the State of Pennsylvania, and New Hampshire Insurance Company</u>, No. A01-223-CIV, filed on July 20, 2001 in the United States District Court for the District of Alaska. In addition, the Plaintiffs have served subpoenas on Defendant Louisiana-Pacific Corporation's insurers, Granite State Insurance Company, New Hampshire Insurance Company, The Insurance Company of the State of Pennsylvania, and Ace Indemnity Insurance Company seeking, inter alia, the same documents (hereinafter the "Insurance Settlement

1

Documents"). Defendant Louisiana-Pacific Corporation contends that the Insurance Settlement Documents are confidential and should be protected from disclosure outside of the prosecution of this case. This Order shall govern the handling, use, and disclosure of the Insurance Settlement Documents during these proceedings by any party or any third party who has expressly agreed in writing to be bound by the terms of this Order.[1]

    2.    <u>Marking of Insurance Settlement Documents</u>: Before production to the Plaintiffs the Insurance Settlement Documents shall be stamped "CONFIDENTIAL" on each page. For any of the Insurance Settlement Documents that are non-documentary in nature (for example, a diskette, tape, CD, DVD, physical exhibit, or thing), the designation shall be placed either on the physical exhibit or thing itself or on the case, container, or envelope containing the Insurance Settlement Documents.

    3.    <u>Designation of Deposition Testimony</u>. The following procedures shall be followed if any of the Insurance Settlement Documents is discussed or disclosed during the course of a deposition. Defendant Louisiana-Pacific Corporation shall have the right to exclude from attendance at the deposition, during such time as the Insurance Settlement Documents are to be discussed or disclosed, any person other than the deponent, the court reporter, and persons permitted access to the Insurance Settlement Documents under this Order. If Defendant Louisiana-Pacific Corporation so requests on the record during the deposition, the reporter shall

---

1.     This Order also applies to all Related Cases consolidated with *M.C. v. Pactiv Corp., et al.,* 2:06-cv-0083-LES for purposes of pre-trial proceedings, including *Phillips v. Pactiv Corp., et al.,* 2:06-cv-00084-LES; *Thompson v. Pactiv Corp., et al.*, 2:06-cv-00085-LES; *Edwards v. Pactiv Corp., et al.*, 2:06-cv-00086-LES; *Madden v. Pactiv Corp., et al.,* 2:06-cv-00186-LES; *Davis v. Pactiv Corp., et al.*, 2:06-cv-00187-LES; *Douglas v. Pactiv Corp., et al.*, 2:06-cv-00188-LES; *Thompson v. Pactiv Corp., et al.*, 2:06-cv-00189-LES; *Kelley v. Pactiv Corp., et al.*, 2:06-cv-00190-LES; *Cravey v. Pactiv Corp., et al.*, 2:06-cv-000191-LES; *Adams, et al., v. Pactiv Corp., et al.,* 2:06-cv-00660-LES; *Cassady, et al. v. Pactiv Corp., et al.*, 2:06-cv-00679-LES; *Brooks, et al. v. Pactiv Corp., et al.,* 2:06-cv-00680-LES; *Anderson et al., v. Pactiv Corp., et al.,* 2:06-cv-00739-LES; *Harrison, et al., v. Pactiv Corp., et al.,* 2:06-cv-00757-LES; *Lawrence, et al., v. Pactiv Corp., et al.,* 2:06-cv-00758-LES; *Hamilton v. Pactiv Corp., et al.,*

indicate on the cover page of the transcript that the transcript contains CONFIDENTIAL information and additionally shall separately bind and identify as CONFIDENTIAL the portions of the transcript in which the Insurance Settlement Documents are discussed. The reporter shall not furnish copies of any such portion of the deposition testimony or exhibits, or disclose the information relating to the Insurance Settlement Documents, to any person other than outside counsel of record of any party in this action.

   4.  <u>Use of Insurance Settlement Documents Generally</u>. Persons obtaining access to the Insurance Settlement Documents under this Order shall use the information only for preparation and trial of the above-captioned civil action, including appeals (hereinafter the "Litigation"), and shall not use such information for any other purpose whatsoever.

   5.  <u>Permissible Disclosure</u>. Persons obtaining access to the Insurance Settlement Documents under the provisions of this Protective Order shall not further disclose or communicate the Insurance Settlement Documents except in accordance with the restrictions of this Protective Order. The Insurance Settlement Documents shall not be disclosed to anyone other than:

   a.  Counsel and outside counsel retained by any party for the purposes of this Litigation and such outside counsel's paralegals, legal assistants, secretaries, project assistants, and office personnel regularly or specially employed by such counsel and outside counsel and assigned to assist such counsel and outside counsel in this Litigation;

---

2:06-cv-00759-LES; *K.C. et al., v. Pactiv Corp., et al.*, 2:06-cv-00904-LES.

    b.    Outside copying, language translation, jury consultants and mock jurors retained by such consultants;

    c.    Outside persons assisting in document storage, production and coding; and outside graphics services personnel, all as reasonably necessary to perform such services under the supervision of counsel of record and outside counsel;

    d.    Retained experts and consultants, including persons directly employed by such experts and consultants (collectively "Experts"), but only to the extent necessary to perform their work in connection with this Litigation; and

    e.    The Court and court officials involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court).

6.    <u>Failure to Comply</u>.  Willful disclosure of the Insurance Settlement Documents other than in accordance with the terms of this Order may subject the disclosing person or party to such sanctions and remedies as the Court may deem appropriate.

7.    <u>Signed Acknowledgement</u>.  Before the Insurance Settlement Documents may be disclosed to persons in Paragraphs 5(b) through (d), the person to whom the Insurance Settlement Documents is to be disclosed must first agree to be bound by this Order by reading the Order and signing the acknowledgement form attached hereto as <u>Exhibit A</u>.  A copy of the signed acknowledgement shall be retained by counsel for the party making the disclosure.  Said counsel shall, upon request, make the signed acknowledgement available for inspection by the Court.

8. <u>Use of the Insurance Settlement Documents in Depositions</u>.  The Insurance Settlement Documents may be used during the deposition of any witness.  Prior to disclosing the Insurance Settlement Documents to the deponent, counsel for Louisiana-Pacific Corporation shall instruct the deponent that he or she is bound by this Protective Order.

9. <u>Use of the Insurance Settlement Documents in Court Proceedings.</u>  The Insurance Settlement Documents may be offered in evidence at trial or any court hearing.  Before such materials are disclosed, Defendant Louisiana-Pacific Corporation may move the Court for an order that the evidence initially be received *in camera* or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

10. <u>Use of the Insurance Settlement Documents in Filings with the Court.</u>  In the event a party wishes to use any the Insurance Settlement Documents as attachments to any pleading or document filed with the Court in this Litigation, the e-filed version of such pleading or document shall include otherwise blank pages bearing the words "Confidential Documents" in lieu of the Insurance Settlement Documents.  In that event, hard copies of the Insurance Settlement Documents shall be served on all counsel of record and filed with the Court under seal, until such time as the Court orders otherwise or denies permission to file under seal, and such pleading or document shall plainly state on the first page of any bound or stapled document "Confidential – Filed Under Seal" and shall be filed only in sealed envelopes (or other sealed containers) on which shall be endorsed the caption of this action, the title of each such pleading or document being filed, and a statement substantially in the following form:

<u>CONFIDENTIAL</u>

This envelope contains documents that are subject to a Protective
Order entered in this action. This envelope shall neither be opened
nor the contents revealed except by Order of the Court.

In addition, in the event a party files any pleading or document containing or making reference to the contents of any of the Insurance Settlement Documents, the e-filed version of such pleading or document shall include the bracketed words "[Confidential Documents Filed Under Seal]" in lieu of any substantive description of the contents. In that event, hard copies of such pleadings or document, including the desired substantive description, shall be served on all counsel of record and filed with the Court under seal in the same manner described above.

11. <u>Client Consultation</u>. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with this Litigation and, in the course thereof, relying generally on examination of The Insurance Settlement Documentss; provided, however, that in rendering such advice and otherwise communicating with clients regarding this Litigation, counsel shall not make specific disclosure of any item so designated except pursuant to this Protective Order.

12. <u>Non-Termination</u>. After the final termination of this Litigation, this Protective Order shall continue to be binding upon the parties hereto (including any non-parties who have agreed to be bound hereby) and upon all persons to whom the Insurance Settlement Documents have been disclosed or communicated, and this Court shall retain jurisdiction over the parties and such persons for enforcement of its provisions.

13. <u>Subpoenas by Other Courts or Agencies</u>. If another court or an administrative agency subpoenas or orders production of the Insurance Settlement Documents that a party has

obtained through discovery in this action, the party that has received the subpoena or order shall notify Defendant Louisiana-Pacific Corporation of the pendency of such subpoena or order within ten (10) business days of receiving the subpoena or order or within ten (10) business days before the date of production set forth in the subpoena or order, whichever comes first.

14. <u>Return or Destruction of the Insurance Settlement Documents</u>. Within ninety (90) days after receipt of the written request of Defendant Louisiana-Pacific Corporation, but no earlier than one-hundred twenty (120) days after the final conclusion of this Litigation, all parties shall destroy the Insurance Settlement Documents and all copies thereof (other than exhibits of record with the Court). Any attorney of record who has furnished copies of the Insurance Settlement Documents to any person described above in Paragraphs 5(b) through (d) is responsible for the retrieval, by reasonable measures, from any such person to whom disclosure is made of any of the Insurance Settlement Documents.

ENTERED: _____/_____/_____

_____
Judge
United States District Court
Middle District of Alabama

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM,   ) ) ) | |
| Plaintiff,   ) ) | |
| vs.   ) ) ) | CIVIL ACTION NO. 2:06-CV-00083-LES-CSC (LEAD CASE) |
| PACTIV CORPORATION, et al.,   ) ) | |
| Defendants.   ) ) | |

# AGREEMENT TO BE BOUND
# BY PROTECTIVE ORDER

I, _____, have read the foregoing *Protective Order* and agree to be bound by its terms with respect to any documents marked CONFIDENTIAL that are furnished to me as set forth in the *Protective Order*.

I further agree not to disclose to anyone any document marked CONFIDENTIAL other than as set forth in the *Protective Order* and not to make any copies of any documents marked CONFIDENTIAL furnished to me except in accordance with the *Protective Order*.

I hereby consent to the jurisdiction of the District Court for the Middle District of Alabama with regard to any proceedings to enforce the terms of the *Protective Order*.

I hereby agree that any documents, material, or information marked CONFIDENTIAL which are furnished to me will be used by me only for the purposes of the above-captioned civil

action and for no other purpose, and will not be imparted by me to any other person except in accordance with the *Protective Order*.

I hereby agree to return any documents, material, or information marked CONFIDENTIAL, including any work product I create that is derived from or reflects any information marked CONFIDENTIAL, to the attorney who furnished such documents, material, or information to me within sixty (60) days of receipt of a written request from that attorney or upon order of the Court.

Dated: _____

_____
Signature

_____
Printed Name

_____
Address Line 1

_____
Address Line 2