IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M.C. who sues by and through her mother and next friend, GAIL TATUM | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIVIL ACTION NO. 2:06cv83-LES: ) |
| PACTIV CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

# PLAINTIFFS' SUPPLEMENTAL STATUS REPORT TO THE COURT

COME NOW the Plaintiffs in the above-styled action, by and through undersigned counsel of record, and supplement *Plaintiffs' Status Report to the Court* (Document 381), filed on November 14, 2007, by stating that what they reported to the Court is precisely what Defendant Pactiv Corporation's counsel stated on the record in a deposition one day earlier. Indeed, ***Plaintiffs' counsel used the precise terms used by counsel for Defendant Pactiv Corporation*** in that deposition – that the parties had reached an "agreement in principle" but that it was not yet "finalized." In *Plaintiffs' Status Report to the Court* (Document 381), counsel for the Plaintiffs stated:

> … that they have successfully mediated their claims against one Defendant, Pactiv Corporation, with whom a ***settlement agreement in principle*** has been reached. The Plaintiffs do not anticipate any difficulty in ***finalizing the details*** of the settlement agreement with Defendant Pactiv Corporation and once that has happened the Plaintiffs plan to dismiss Defendant Pactiv Corporation from this litigation.

*Emphasis added.*  ***Because of this settlement in principle, Defendant Pactiv Corporation is no longer participating in the ongoing depositions*.**  Consider the following dialogue at the beginning of the deposition of Roy Kenneth Ezell on Tuesday, November 13, 2007:

> MR. SOSTRIN:  And I think we have one other just stipulation or just a matter of Record.  Mr. Palmer, if you want to go ahead.
>
> MR. PALMER:  The Plaintiffs' action against Pactiv has been resolved.  The final paperwork has not been completed yet.  And Pactiv's Counsel is here with the express understanding that he will not raise any objections or say anything else on the Record.  He did ask whether he could wink to Counsel for Louisiana-Pacific, and I told him that was between him and Counsel for Louisiana-Pacific.
>
> MR. LOCKARD:  And I said no.
>
> MR. PALMER:  But in any event, he's here as a nonparticipant, and that's because of the resolution of the case against Pactiv.
>
> MR. SOSTRIN:  That is essentially our understanding.  ***We do have an agreement in principal to settle this litigation, but as Mr. Palmer said, it's not finalized yet***.  So that's why I'm still here today.  And I think we also have the understanding that nothing in this deposition would be used against Pactiv should something happen, you know, with that settlement were Pactiv not to be, you know, dismissed from the case.  Is that accurate?
>
> MR. PALMER:  That's correct.
>
> MR. SOSTRIN:  I think we're all set, then.

*Deposition of Roy Kenneth Ezell*, page 8, line 21 – page 10, line 9, *emphasis added*.  A complete copy of the transcript is attached as **EXHIBIT A** hereto.

Having repeated the very terms used by Pactiv's counsel, the undersigned counsel for the Plaintiffs is uncertain why Pactiv's counsel subsequently felt that it was necessary to file *Defendant Pactiv Corporation's Response to Plaintiffs' Status Report to the Court* (Document 383) and substitute the term "substantial progress" for the term "agreement in principle" uttered by Pactiv's own counsel just three days earlier:

> Pactiv confirms that ***substantial progress*** has been made with respect to a settlement between Plaintiffs and Pactiv.  However, the parties have not yet agreed on all terms necessary for a final

**Plaintiffs' Supplemental Status Report to the Court**                                                                              **Page 2**
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

> settlement structure. Discussions are ongoing with respect to unresolved terms and remain subject to approval by Pactiv's management.

*Emphasis added*.

Regardless of the semantics, Defendant Pactiv Corporation is sufficiently confident in the "agreement in principle" or "substantial progress" to cease participating in ongoing depositions in this case.

As counsel for Defendant Pactiv Corporation stated in *Defendant Pactiv Corporation's Response to Plaintiffs' Status Report to the Court* (Document 383), "the parties will update the Court immediately with respect to any further developments regarding this matter."

 /s/ Robert Leslie Palmer
Robert Leslie Palmer, State Court ID No. PAL007
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 1-205-328-9200
Facsimile: 1-205-328-9206

ATTORNEYS FOR THE PLAINTIFF

**Plaintiffs' Supplemental Status Report to the Court**                                      Page 3
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2007, I caused the foregoing ***Plaintiffs' Supplemental Status Report to the Court*** to be electronically filed with the Clerk of the Court using the ECF system and notification of such filing to send to all counsel of record.

                          */s/ Robert Leslie Palmer*
                          Of Counsel

**Plaintiffs' Supplemental Status Report to the Court**　　　　　　　　　　　　　　　　Page 4
*M.C. v. Pactiv Corporation, et al., Civil Action No. 2:06cv83-LES*
**In the United States District Court**
**For the Middle District of Alabama, Northern Division**