IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GAIL BEDSOLE TATUM as Mother and
Administratrix of the Estate of
MELANIE CHAMBERS, a Deceased
Minor Child,                                                                    PLAINTIFF

VERSUS                    CIVIL ACTION NO. 2:06-CV-00083-LES-CSC

(LEAD CASE)

PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,                          DEFENDANTS

AFFIDAVIT OF WILLIAM EASON MITCHELL

STATE OF ALABAMA

COUNTY OF TUSCALOOSA

    My name is William Eason Mitchell and I am an attorney licensed to practice law in the State of Alabama and the United States District Court for the Middle District of Alabama, as well as other courts. I began practicing law in this state in 1975. Most of my legal career has been involved with representing plaintiffs who claim personal injury, property damage, and contractual loses. I have acted as class counsel in class actions in State Courts and have represented plaintiffs in scores of multi-plaintiff cases resulting in litigation. I am familiar with the determination and amounts of reasonable attorneys' fees in the State of Alabama and the Middle District. I am familiar with the expected costs of case preparation typically charged to plaintiffs in litigation and environmental litigation. One of the best determinations of the reasonableness of costs is the cost to recovery ratio expressed as a percentage of recovery.

As a plaintiffs' attorney, I do not keep accurate time records; but I can state without any hesitation that I have spent over five thousand hours working on this case, beginning November, 2004.

Duties that I have performed myself, or with attorneys of the Colom Law Firm, include, but are not limited to:

1. Investigation and video interviews with witnesses resulting in a box of videotapes and DVD's.
2. Interviews and preparation of physicians and experts.
3. Research, discovery and pleading preparation.
4. Research, investigation and review of documents related to defendants' insurance claims and policies.
5. Reading, indexing and flow charting hundreds of thousands of documents produced by Defendants and gathered from regulatory agencies and other sources.
6. Obtaining and working on environmental testing of Plaintiffs' homes, attics and the community area on three different test parameters.
7. Reading, indexing and researching Plaintiffs' medical records.
8. Preparation of mediation material and attendance at mediation and settlement discussions.
9. Correspondence which included over two thousand emails.
10. Preparation of witnesses and attendance at depositions.
11. Preparation and attendance at hearings.
12. Travel and attendance at clients meetings since November, 2004.
13. General case development and dealing with medical, legal and factual issues.

Setting out duties that I performed is not intended to exclude the fact that attorneys from Plaintiffs' firm Environmental Litigation Group performed similar duties or that we frequently worked together.

The total expense to recovery ratio in this case is less than six percent (6%). As a general rule, a ratio of 10 percent (10%) is expected in a personal injury case settled during the discovery stage of litigation. A greater ratio is frequent and environmental cases would normally be as high as twenty percent (20%). In my opinion the expenses of $710,264.12, which includes Colom Law Firm expenses of

$508,013.07, are a reasonable case preparation expenses to be charged to plaintiffs, in addition to an attorneys' fee in a contingent fee case of this nature and they are in fact reasonable in this case.

A contingent fee of 40% of recovery is a fair and reasonable fee for legal services provided to plaintiffs in this case. The fee division between plaintiffs' law firms is fair and is supported by the fact that both firms did substantial work and expended substantial expense on the case. The fee division agreement is in writing and is not disputed. No clients have objected to an equal division of fees and the association of the Colom Law Firm to my knowledge.

It is also my opinion that application of the expense reimbursement to the plaintiffs' recovery on a pro rata basis is a fair and proper way to distribute expense of preparation to the individual cases. Pro rata is the best and I believe the fairest method to distribute expense, because no additional recovery was assigned to the trial plaintiffs, first filed plaintiffs, or plaintiffs subjected to discovery. All plaintiffs received equal benefit from preparation of the first trial cases.

_W. Eason Mitchell_
W. EASON MITCHELL

SWORN TO AND SUBSCRIBED before me this 15th day of July, 2008.

_Melody Lunsford_
NOTARY PUBLIC

My Commission Expires:

07-28-08