IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GAIL BEDSOLE TATUM as Mother and
Administratrix of the Estate of
MELANIE CHAMBERS, a Deceased
Minor Child,                                              PLAINTIFF

VERSUS                    CIVIL ACTION NO. 2:06-CV-00083-LES-CSC
                                                    (LEAD CASE)

PACTIV CORPORATION and
LOUISIANA-PACIFIC CORPORATION,              DEFENDANTS

**************************************************

## AFFIDAVIT OF ATTORNEY HUNTER LUNDY

My name is Hunter Lundy and I am a senior partner in the law firm of Lundy and Davis, LLP with offices in Lake Charles, Louisiana, Jackson, Mississippi, and Fayetteville, Arkansas. I am licensed to practice law in the states of Louisiana and Mississippi.

I have been asked to opine whether or not a contingency fee of forty (40%) percent of recovery, plus reimbursement of expenses, is reasonable for Plaintiff's attorneys in this case.

I have firsthand knowledge of the nature, extent, and difficulty of legal services rendered in environmental and toxic exposure cases. The factual and legal issues are complex and detailed in nature, and the extent of work necessary to adequately prepare such a case is both time consuming and labor intense. Our firm has litigated or settled toxic exposure cases in the past and is presently involved in litigation of an environmental case resulting from community toxic exposure to wood treatment chemicals. Our law firm has prosecuted, or assisted in prosecuting, civil actions for

recovery of damages caused by exposure to wood treatment chemicals in:

1. Columbus, Mississippi for approximately 6,000 claimants from September, 1999 to June, 2002;

2. Bossier City, Louisiana for approximately 3,000 claimants in 2002;

3. Avoca, Pennsylvania for approximately 1000 claimants from August, 2001 to June, 2003; and

4. Grenada, Mississippi for approximately 1000 claimants from December, 2002 (first trial is on appeal).

Additionally, relating to the reasonableness and necessity of fees and expenses in such cases, I am familiar with the following:

a. The degree of expertise required for attorneys who represent plaintiffs in environmental exposure cases;

b. Fees charged by other attorneys in similar litigation;

c. Normal and expected expenses incurred by attorneys in environmental litigation; and

d. The risk factor of attorneys who agree to represent plaintiffs in environmental cases on a contingency basis.

Some of the work product of the Colom Law Firm and Attorney Eason Mitchell, of which I am familiar with, advised of, and/or reviewed includes:

1. Indexing and reviewing of all documents produced by defendants;

2. Indexing and reviewing of all documents obtained from the ADEM and EPA;

3. Reviewing, researching, correlating and managing of documents related to medical causation and expert opinions;

4. Pleadings, briefs and research material;

5. Environmental testing and analyses;

6. Interviews of witnesses, former employees and community members; and

7.  Medical record reviews and summaries.

I am also familiar with some of the experts employed by plaintiffs' counsel and the volume of scientific, regulatory and other documents gathered and reviewed in this case.

I was advised that the expenses incurred by the Colom Law Firm were approximately $500,006.47 and that those expenses are approximately five-sevenths (5/7) of the expenses claimed and incurred in this case. Upon this advice and from my review of some of the material, and discussions with plaintiffs counsel, the case appeared to be thoroughly prepared. The expenses, however, are only a fraction of the amount that are normally and customarily required to prepare this type of case. It is apparent that expenses were substantially reduced because of the work done by the attorneys, with their staff as opposed to the delegation of work to other vendors, as is customarily done.

It is my opinion, based on the aforementioned, that the fees charged are reasonable and that the expenses incurred were reasonable.

_____
HUNTER W. LUNDY

SWORN TO AND SUBSCRIBED before me, this 2nd day of July, 2008.

_____
NOTARY PUBLIC

Printed Name: Diana V. Sanders

Notary ID No.: 82528

My Commission Expires:

at death