IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |  |
|---|---|---|
| M.C., who sues by and through her mother and next friend, GAIL TATUM, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:06CV83-LES (LEAD CASE) |
| v. | ) ) | |
| PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

**OPINION and ORDER**

This matter is before the Court on the parties' joint motion for order approving settlement agreement (Filing No. 447), joint motion for *pro ami* order (Filing No. 448) and joint motion to dismiss with prejudice (Filing No. 449). On September 24, 2008, the Magistrate Judge filed a Recommendation in this case to which no timely objections have been made (Filing No. 451). Upon an independent review of the file in this case and upon consideration of the Recommendation of the Magistrate Judge,

IT IS ORDERED that the Recommendation of the Magistrate Judge is hereby adopted and the joint motion for *pro ami* order (Filing No. 448) is hereby granted.

Plaintiffs collectively filed lawsuits styled *M.C. v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0083-LES-CSC; *Phillips v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0084-LES-CSC; *Thompson v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0085-LES-CSC; *Edwards v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0086-LES-CSC; *Madden v. Pactiv Corp., et al.*,

Civ. No. 2:06-CV-00186-LES-CSC; *Davis v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-00187-LES-CSC; *Douglas v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0188-LES-CSC; *Thompson v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0189-LES-CSC; *Kelley v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-00190-LES-CSC; *Cravey v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0191-LES-CSC; *Adams v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0660-LES-CSC; *Cassady v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0679-LES-CSC; *Brooks v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0680-LES-CSC; *Anderson v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0739-LES-CSC; *Harrison v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0757-LES-CSC; *Lawrence v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0758-LES-CSC; *Hamilton v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0759-LES-CSC; *K.C. v. Pactiv Corp., et al.*, Civ. No. 2:06-CV-0904-LES-CSC; *Vann v. Pactiv Corp., et al.*, Civ. No. 2:07-CV-0050-LES-CSC; and *Caver v. Pactiv Corp., et al.*, Civ. No. 2:07-CV-0051-LES-CSC (collectively the "Related Cases"), each of which has been pending for more than two years.

Plaintiffs assert numerous personal injury and/or property damage claims relating to activities at a lumber mill and wood treatment facility in Lockhart, Alabama, over a forty-plus year period dating back to at least the early 1960s. Plaintiffs' claims raise complex scientific and legal questions of exposure, causation, injury, liability, and damages as to each individual plaintiff.


Continuation of this litigation would be extremely costly for all parties, consume significant judicial resources, involve substantial and unavoidable uncertainties for all parties, and potentially delay the resolution of claims by most or all plaintiffs for an extended and indefinite period.

The parties have negotiated and agreed to an "Amended Settlement Agreement and Final Release of Claims," which has been filed with the Court under seal. All parties have been represented in connection with this litigation and the Amended Settlement Agreement by competent counsel of their own choosing. Moreover, all parties have been advised by their respective counsel that compromise and settlement of this litigation is in their best interests.

This Court appointed a guardian ad litem to represent and defend the interests of all minor plaintiffs and incompetent plaintiffs in this litigation. The guardian ad litem has determined that as to each minor and incompetent plaintiff, the settlement is fair, reasonable and in his or her best interest.

This Court is familiar with the pleadings, claims, and issues in this matter, and believes that settlement consistent with the Amended Settlement Agreement is in each party's best interest. The Amended Settlement Agreement is expressly conditioned upon this Court's approval and a determination that the settlement was reached in good faith. Based on the Court's interactions with the parties as well as all other available

information, this Court finds that the parties' settlement is the product of extensive, arms' length, good faith negotiations with duly zealous representation by all counsel.

It is the parties' intent that the Amended Settlement Agreement be deemed binding and enforceable, including as to each individual plaintiff. Accordingly,

IT IS ORDERED AND ADJUDGED:

1. That the joint motion for order approving settlement agreement (Filing No. 447) is hereby granted and the Court approves the Settlement Agreement, deems it as having been reached by all parties and counsel in good faith, and deems it binding and enforceable as to all parties.

2. That notwithstanding any dismissals in any Related Cases and/or the conclusion of this litigation, the Court shall retain jurisdiction over the settlement of these Related Cases, the Amended Settlement Agreement, and all claims and disputes arising with respect thereto, including all claims and disputes as to the Amended Settlement Agreement's enforceability or any of its terms.

3. That any violation of any terms of the Amended Settlement Agreement determined by this Court to have been in bad faith shall also be deemed an intentional violation of this Order. In that event, the violating party may be subject to such actions (including sanctions) as this Court, in its discretion, deems appropriate.

4. That this Order applies to this and all Related Cases.

      5.      That the parties' joint motion to dismiss with prejudice is granted and this case and the Related Cases are dismissed with prejudice (Filing No. 449). A final judgment will be entered this date.

      DATED this 3rd day of October, 2008.

      BY THE COURT:

      /s/ Lyle E. Strom

      _____
      LYLE E. STROM, Senior Judge
      United States District Court